# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

FILED
U.S. BANKRUPTCY COURT
2017 FEB 16  P 1:49
S.D. OF N.Y.

**In Re:**

    Neelam T. Uppal,                  Case No.: 16-12356-jlg

        Debtor.                              Chapter: 13

V. *Health Law firm*
*George Indest*

## ADVERSARY PROCEEDING FOR VIOLATION OF AUTOMATIC STAY & *False Claim*

Debtor, Neelam Taneja, files sanctions for relief and affirms and states grounds as follows DEBTORS' COMPLAINT FOR VIOLATION OF THE AUTOMATIC STAY

1. Plaintiffs, , are Debtors in the underlying bankruptcy case and have principal business in NY.

2. Defendant, *George Indest* *Healthdaw firm*, is a _creditor_ with an office located at _1101 Douglas Ave, Altamonte Springs, FL_

3. Jurisdiction of this Court is proper pursuant to 28 U.S.C. § 157 (b)(1) in that this action arises under the Chapter 13 bankruptcy case In re Case 16-12356-jlg   Doc 1   Filed 08/15/2016 r filed in this district and division at docket 16-12356-jlg and is a core proceeding.

4. Plaintiffs filed their Chapter 13 case on August 15, 2016, thus triggering an automatic stay, pursuant to 11 U.S.C. § 362(a) of all debt collection against the Debtors.

## 1. JURISDICTION

This court has Jurisdiction under 28 USC1334 (a) COUNT I: AUTOMATIC STAY APPLIES TO THE DEFENDANT

11) Section 362 stays action to collect a debt. Specifically, § 362(a)(6) protects Defendant from creditors that are acting in any capacity to collect, assess, or recover a claim against him that arose before the commencement of the bankruptcy proceedings.

12) Defendant is enjoined by the automatic stay from creditor attempts to collect a debt, including having his account debited without any prior authorization.

13) The filing of a petition bankruptcy effectuates automatic of all proceedings against

debtor effective the date the petition is filed and actions taken in violation of stay are

void, even if there is no actual notice of the stay. (Personalized Air Conditioning, Inc.

v. C.M. Systems of Pinellas, 522 So.2d. 465 Fla.App. 4 Dist, 1988).

COUNT II: THE COLLECTION OF A DEBT BY DEFENDANT VIOLATES AUTOMATIC STAY

14) Once a creditor receives notice of a Chapter 7 bankruptcy filing, creditor has an

affirmative duty to undo its violations of automatic stay. (In re Keen, 301 B.R. 749

Bkrtcy. S.D. Fla. 2003).

15) There can be no doubt that the Defendant had knowledge of the Plaintiffs pending

bankruptcy case.

16) Defendant is listed as a creditor in Plaintiffs bankruptcy petition under Schedule F.

17) Defendant originally violated the automatic stay when, with knowledge of debtor's

Chapter 13 bankruptcy filing, ~~charged defendant $921 for~~ Filed Pleadings in Appellate court for collection of late fees and interest on his unlawfully obtained orders on his False Claims ~~revolving credit account.~~ A writ of Mandamamus was issued by Florida's Supreme Court

18) Plaintiff has made several good-faith attempts to have the ~~$921 returned to~~ fees issue resolved with him.

19) Defendant's actions of ~~charging his account and further refusing to return~~ objection to Automatic stay in his various motions to the Appellate court for collecting the fees are ~~ing~~

in direct violation of the automatic stay.

COUNT III: VIOLATION OF THE STAY WAS WILLFULL

20) Plaintiff has acted with blatant disregard to court rules and procedures.

21) Plaintiff was listed as a creditor on Defendants bankruptcy petition filing

and had

been advised on his pending bankruptcy.

22) Based on Defendants actions of deliberately ~~charging Plaintiff's account,~~ making false filings

and violating  the False Claims Act

~~what is supposed to be a private personal bank account,~~ Defendant has willfully

violated the automatic stay in place for the Plaintiff.

23) A willful violation of the automatic stay occurs when the creditor knew

that the stay

had been invoked and deliberately intended the action that violated the stay (In re

Hedetneimi 297 B.R. 837 Bkrtcy. M.D. Fla. 2003).

COUNT IV: PLAINTIFF WAS INJURED BY DEFENDANTS CREDITOR MISCONDUCT

24) Defendant deliberately charged Plaintiff's account with the willful intent to injure Plaintiff.

25) Plaintiff filed for bankruptcy and believed he was relieved from the pressure and harassment from creditors seeking to collect their claims.

26) However, Defendant has failed to abide by the automatic stay and has collected a debt and has left Plaintiff suffering from emotional distress.

27) Plaintiff has been injured by Defendants actions to collect the debt.

DAMAGES

WHEREFORE, Section 362(k)(1) provides that the court shall award an individual his costs and attorneys fees, in addition to actual damages. The debtor's damages include:

a) Plaintiff's out-of-pocket expenses to cover the filing fee.

b) ~~The $922 Charged to Plaintiff by the Defendant.~~ The creditor is charging $10,000.00 for his attorney fees for one court appearance

c) Plaintiff's reasonable Attorney's Fees.

d) Additionally, the debtor has lost precious time from his personal and professional life while attempting to recuperate his funds taken from him by the Defendant.

e) Lastly, the debtor has suffered interruption, annoyance, and continuing anxiety as he proceeds with his Chapter7 bankruptcy filing.

Since actions taken in violation of the automatic stay are void, the court is urged to find Regions bank in violation of the automatic stay and damages should be awarded to the Plaintiff.

**STATEMENT OF FACTS-SEE ATTACHED ORIGINAL FILING**

## MEMORANDUM OF LAW

What Acts Constitute Violations?

Section 362 requires all collection efforts to cease immediately cease upon the filing of a voluntary or involuntary bankruptcy petition. Section 362(a) of the Bankruptcy Code provides that the filing of a bankruptcy petition operates as a stay against the following activities:

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title; (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate; (4) any act to create, perfect, or enforce any lien against property of the estate; (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title; (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title; (7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and (8) the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor.2

What is the Standard for a "Willful" Violation of Section 362(h)?

Those violating the automatic stay may be found liable for damages under section 362(h) of the Bankruptcy Code if their violation was "willful."40  Section 362(h) provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorney's fees and, in appropriate circumstances, may recover punitive damages."41

Courts have held that a "willful violation" of the automatic stay occurs when a creditor acts intentionally with knowledge of the automatic stay42 or knowledge of the bankruptcy in general.43 However, one commentator points out that "the courts do not disagree on the event

about which the creditor must be aware because 'knowledge of the bankruptcy filing is the legal equivalent of knowledge of the stay.'"44 Even if the creditor acted in ignorance of the

bankruptcy, it will be deemed to have committed a willful violation if it "thereafter acquired

actual knowledge of the debtor's bankruptcy and failed to take steps to undo and correct the result."45

40 11.U.S.C. § 362(h). 41 Id. 42 See In re Atlantic Business and Community Corp., 901 F.2d 325, 329 (3d Cir. 1990) ("[W]illful" means "an intentional or deliberate act done with knowledge that the act is in violation of the stay."); In re Carroll, 903 F.2d 1266, 1272 (9th Cir. 1990); In re Crysen/Montenay Energy Co., 902 F.2d 1098, 1105 2d 224, 227 (9th Cir. 1989); In re Karash Travel, Inc., 102 B.R. 778, 780 (N.D. Cal. 1989) appeal dism'd, vac'd in part as moot, 942 F.2d 792 (9th Cir. 1991); In re DaShiell, 124 B.R. 242, 251 (Bankr. N.D. Ohio 1990); In re Perry, 124 B.R. 50, 52 (Bankr. N.D. Ohio 1990). 43 See e.g., In re Knaus, 889 F.2d 773, 775 (8th Cir. 1989) ("A willful violation of the automatic stay occurs when the creditor acts deliberately with knowledge of the bankruptcy petition."); In re Taylor, 884 F.2d 478, 482-83 (9th Cir. 1989); In re Abrams, 127 B.R. 239, 243 (9th Cir. 1991); Chateaugay Corp., 112 B.R. at 529-30; Homer Nat'l Bank v. Namie, 96 B.R. 652, 654 (W.D. La. 1989) (willful is acting with knowledge of the bankruptcy.); In re B. Cohen & Sons Caterers, Inc., 108 B.R. 482, 485 (E.D. Pa. 1989); H&H Beverage Distributors, Inc. v. Department of Revenue, 79 B.R. 205, 208 (E.D. Pa. 1987), rev'd in part on other grounds, 850 F2d 165 (3d Cir. 1988), cert. denied, 488 U.S. 94, 109 S. Ct. 560, 102 L.Ed.2d 586 (1988) (willful is a violation with knowledge of the bankruptcy petition.); In re Coons, 123 B.R. 649, 652 (Bankr. N.D. Ill. 1990); In re AP Industries, Inc., 117 B.R. 789, 803 (Bankr. S.D.N.Y 1990). 44 Epstein et al. at 364, quoting In re Wagner, 74 B.R. 898, 904 (Bankr. E.D. Pa. 1987). 45 In re Bunch, 119 B.R. 77, 80 (Bankr. D.S.C. 1990).

12

Intent is not a consideration for determining whether a creditor violated the automatic stay.46 Rather "it is enough that the creditor knows of the bankruptcy filing engages in deliberate conduct that, it so happens, is a violation of the stay."47 Furthermore, "[wh]ere there is actual notice of the bankruptcy it must be presumed that the violation was deliberate or intentional."48

Thus, proving that a creditor violated the automatic stay means proving that a creditor

had knowledge of either the bankruptcy or the automatic stay when it committed the violation.

In that case, a form of strict liability is created by section 362(h), which only additionally

requires damages to be proved in order to take effect. Specifically, courts have held that liability is not dependent on proving a request and refusal to quit the violation49 or on establishing civil contempt.50 This standard encourages would-be violators to obtain declaratory judgments before

seeking to vindicate their interests in violation of an automatic stay, and thereby protects debtors' estates from incurring potentially unnecessary legal expenses in prosecuting stay violations.51

The same rationale explains why good faith is not a defense to a "willful violation" and is irrelevant to liability.52 Specifically, "[w]hether the party believes in good faith that it had a right

46 In re Sharon, 234 B.R. 676, 687 (6th Cir. 1999); In re Goodman, 991 F.2d 613, 618 (9th Cir. 1993); In re Bloom, 875 F.2d 224, 227 (9th Cir. 1989); see also In re Atlantic Business and Community Corp., 901 F.2d 325, 329 (Cir. 1990) (quoting Bloom); In re Bulson, 117 B.R. 537, 539 (9th Cir. BAP 1990) (quoting Bloom); Chateaugay Corp., 112 B.R. at 530. 47 Epstein et al. at 364. 48 Namie, 96 B.R. at 654. 49 Chateaugay Corp., 112 B.R. at 530, rev'd on other grounds, 920 F.2d 183 (2d Cir. 1990). 50 Budget Service Co. v. Better Homes of Virginia, Inc., 804 F.2d 289, 293 (4th Cir. 1986); In re Karsh Travel, Inc., 102 B.R. 778, 780-81 (N.D. Cal. 1989), appeal dism'd, vac'd in part, 942 F.2d 792 (9th Cir. 1990); In re Alberto, 119 B.R. 985, 993-94 (Bankr. N.D. Ill. 1990) ("[T]he damage remedies afforded by section 362(h) are neither sanctions nor based on contempt of court."). 51 Crysen, 902 F.2d at 1105. 52 Atlantic Business, 901 F.2d at 329; compare In re Drexel Burnham Lambert Group Inc., 120 B.R. 724, 738-39 (Bankr. S.D.N.Y. 1990) (though it is true that it is not a defense that violative of stay, damages are not appropriate where debtor repeatedly assured defendants that their conduct was not violative of the stay).

to the property is not relevant to whether the act was 'willful.'" "Not even a 'good faith'

mistake of law or a 'legitimate dispute' as to legal rights relieve a willful violator of the consequences of the act." Likewise, even good faith reliance on an attorney's advice will not serve as a defense to a "willful violation." On the other hand, inadvertence has been held to be a valid defense to a "willful violation" if it negates a creditor's intent to act.56 Inadvertence,

however, may not be used to prove innocence if there is already a "willful violation" and may also not be a valid defense if there is a pattern of inattentiveness.

VI. Remedy for Violations of Sections 362(h) and 1301.

The damages that are recoverable under section 362(h) include actual damages, such as costs and attorneys' fees.58 Under section 362(h), actual damages are based on "losses actually suffered" as a result of the violation59 and are not awarded unless they are based on sufficient proof.

**Penalties for Violations**

Subsection 362(h) describes the penalties that can be assessed for violations of the Automatic Stay. It reads as follows:

(h) An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

Note that subsection (h) only refers to individuals, **Moratzka v. Visa U.S.A.**, 159 B.R. 247 (Bankr. D. Minn. 1993); corporations which find that they are victims of stay violations must resort to the general contempt powers of the Bankruptcy Court under 11 U.S.C. Section 105 to obtain relief. See **In re Chateaugay Corp.**, 920 F. 2d 183 (2nd Cir. N.Y. 1990); **Jove Eng'g v. I.R.S.**, 92 F. 3d 1539 (11th Cir. Ala. 1996). It is also important to recognize that subsection 362(h) is considered as an additional right for debtors and not foreclosing other remedies that might be available to debtors. 130 Cong. Record 6504 (House March 26, 1984).

This subsection has been interpreted to have a restriction built into the remedies available: the violation must be "willful" in order for damages and attorneys' fees to be awarded. An example of how "willful" has been defined some courts is contained in **Atkins v. Martinez**, 176 B.R. 1008 (Bankr. D. Minn. 1994): "The element of deliberation that is contemplated here, of course, is the specific intent to proceed with an act, knowing that it is proscribed by a court order".

Recently, the First Circuit decided **Fleet Mortgage Group, Inc. v. Kaneb**, 1999 WL 1006329 (1st. Cir.) and described how "willful" will be defined in this circuit. The Court concluded that a willful violation does not require a specific intent to violate the stay. The standard under Subsection 362(h) is met if there is knowledge of the stay and the defendant intended the actions which constituted the violation. **Kaneb**, supra. at 2. Further, where the creditor received actual notice of the automatic stay, courts must presume that the violation was deliberate. **Kaneb**, at 2. Finally, the First Circuit gave guidance as to the burden of proof in stay violation actions. "The debtor has the burden of providing the creditor with actual notice. Once the creditor receives actual notice, the burden shifts to the creditor to present violations of the automatic stay." **Kaneb**, at 2.

**The Harm Caused by a Violation**

Also of interest in the **Kaneb** case is that the debtor was awarded damages in the sum of $25,000 for emotional distress and $18,200.68 in attorneys' fees and costs of appeal. The emotional distress damages were deemed appropriate, in part, due to the specificity with which the debtor was able to describe the harm he suffered as a result of the bank's stay violations. Counsel should carefully read this decision to learn what to do (and not to do) in prosecuting and defending stay violation actions under subsection 362(h).

The report of case against Nationstar with similar violation is attached.

The report of case against Nationstar with similar violation is attached.

Dated  2/16 , 2017

*N. Uppal*
**NEELAM UPPAL, PRO, SE**
*1370 Broadway, # 504*
*New York, NY -10018*
*PH. - (646)-740-9141*
*E-mail-* nneelu123@aol.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by

on 16 day of Feb , 2017 to:

TO: Health law Firm, George Indest
all Creditor via email or USPS mail
1101 Douglas Ave
Altamonte Springs, FL-32714

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

**In Re:**

    **Neelam T. Uppal,**                               Case No.:16-12356-jlg
            **Debtor.**                                    Chapter: 13

**v.**

HEALTH LAW FIRM

GEORGE INDEST

_____/

**NOTICE**

PLEASE TAKE NOTICE, that upon application Debtor neelam taneja shall move this Court for a motion/Objection states grounds as stated in the attached AFFIDAVIT.

This motion / Objection shall be heard at the United States bankruptcy Court, Southern District of New York, One Bowling Green, New York, New York-10004 on _____ 2017 at _____ p.m.

PLEASE TAKE FURTHER NOTICE, that answering affidavits, if any, must be served on the party proposing the action or order so as to be received at least 7 days prior to the date set for the hearing.