**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x     Case No.: 16-bk-12356-jlg

In re:

                                                                   Chapter 13

NEELAM TANEJA,

       Debtor,

vs.

                                                                    Adversary Proceeding No.: 17-ap-01027-jlg

THE HEALTH LAW FIRM,

                                                                    **Motion for Summary Judgment**

       Creditor.

                                                                    **Dispositive Motion**

-------------------------------------------------------------x

# CREDITOR, THE HEALTH LAW FIRM'S AND GEORGE INDEST'S [SIC] MOTION FOR SUMMARY JUDGMENT AND ALTERNATE MOTION TO DISMISS NEELAM TANEJA'S ADVERSARY PROCEEDING

    Creditor/Defendant, The Health Law Firm, P.A., f/k/a George F. Indest III, P.A.-The Health Law Firm, a Florida professional service corporation, and George Indest [sic], by and through undersigned counsel, pursuant to Rules 7012, 7041, 7056, and 9018, Federal Rules of Bankruptcy Procedure, file this Motion for Summary Judgment and Alternative Motion to Dismiss Debtor Neelam Taneja's "Adversary Proceeding for Violation of Automatic Stay & False Claim [sic]," George Indest[1] appearing herein solely for the purpose of this response, and not consenting

---

[1] Debtor Neelam Taneja Uppal a/k/a Neelam Teneeja, does not appear to be able to distinguish between the law firm, a Florida professional service corporation which previously represented her, and which was known as "George F. Indest III, P.A.-The Health Law Firm," and the individual attorneys of the firm, confusing them in her pleading. George F. Indest III, P.A.-The Health Law Firm did business as "The Health Law Firm." It recently changed its corporate name with the Florida Secretary of State to "The Health Law Firm, P.A." The Creditor is the law firm and not "George Indest." All litigation and actions undertaken in the past to attempt to collect Debtor Uppal/Taneja's debts was taken by the firm. George Indest has not appeared as a party in this action, has not been properly served, is not a proper party, and contends the Court does not have jurisdiction over him as a party.

to jurisdiction of this Court, and state:

## BACKGROUND AND FACTS

1.  These Creditors/Defendants have not violated the automatic stay. On the other hand, Debtor Neelam Taneja Uppal has initiated court proceedings and made filings in court cases in violation of the stay.

2.  George Indest is not even a party to this action. See note 1 above. He has not personally appeared, he is not a creditor of Uppal/Taneja's, he has not been properly served in this action and this Court does not have jurisdiction over him. The law firm, formerly known as George F. Indest III, P.A.-The Health Law Firm, is a Creditor in this action. Mr. Indest makes a limited appearance herein, solely for the purpose of clarifying or challenging this matter, without waiving any objection or defense he may have.

3.  The Court is requested to dismiss George Indest, individually, from this matter with prejudice. Otherwise, all defenses and objections stated below are also stated for Mr. Indest.

4.  Debtor Neelam Taneja Uppal, a medical doctor, using the name Neelam Taneja[2] in this bankruptcy proceeding, is an abusive, prolific, serial pro se litigator. She is also a serial bankruptcy filer. She has, apparently, exhausted her credibility with Florida courts and is now starting over her abusive tactics in New York[3] (though she claims residency in Florida).

---

[2] Debtor Neelam Taneja Uppal has used a number of different aliases and variations of her name in the past, including in court filings.

[3] She has filed for bankruptcy at least three times in Florida; none resulted in discharges.

5.    Debtor Neelam Taneja Uppal files spurious, incoherent pleadings, including the present one, and lies with impunity, as she does in the present one, knowing that the courts will not discipline her. Her purpose is always to delay and confuse while attempting to hide her assets from her creditors.

6.    Examples of the Debtor's prior abusive litigation history are contained in Exhibits "2" and "3" and are incorporated herein by reference. The Florida Appellate Court granted the two motions attached as Exhibits "2" and "3."

7.    These Creditors also incorporate by reference the Opposition of Nationstar Mortgage to Debtor's Motion for Continuation of the Automatic Stay (Doc. # 77), in the present case, as it also sets forth a number of the Debtor's prior abuses.

8.    The facts relating to this Creditor's debt first arose in June 2012. Debtor Neelam Taneja Uppal hired Creditor, George F. Indest III, P.A.-The Health Law Firm ("The Health Law Firm" herein), a Florida professional service corporation, to represent her in defending her Florida Medical License against actions by the Florida Board of Medicine to revoke it.

9.    Debtor Neelam Taneja Uppal incurred attorneys fees and costs with The Health Law Firm from approximately June through December 2012.

10.    A lien for unpaid attorney's fees and costs in amount of $18,118.82 was recorded in February 7, 2013. Exhibit "3."

11.    Creditor The Health Law Firm brought suit against Debtor Neelam Taneja Uppal in the Florida Circuit Court for the Eighteenth Judicial Circuit, Seminole County, Florida, to collect the attorney's fees and costs owed on October 23, 2013.

12.    A Final Judgment was entered against Debtor on December 22, 2015, Florida

Circuit Court for the Eighteenth Judicial Circuit, Seminole County, Florida.

13.    Debtor Neelam Taneja Uppal filed an Appeal in the Florida Appellate Court and has attempted to keep it going. If anyone has violated the automatic stay, it is she. She is attempting to use the automatic stay as both as sword and a shield, which is impermissible under the Bankruptcy Rules.

14.    On January 15, 2016, <u>Debtor Neelam filed a Notice of Appeal</u> of the trial court's Final Judgment entered against her for attorney's fees and costs she owed this firm (which she refers to in her pleading in the present case).

15.    On June 21, 2016, this Creditor, The Health Law Firm, filed a Motion to Dismiss the Debtor's appeal, incorporated herein by reference. Exhibit "1."

16.    On June 22, 2016, this Creditor, The Health Law Firm, filed a Motion for Attorney's Fees and Sanctions, Pursuant to Section 57.105, Florida Statutes,[4] against the Debtor in the Florida Appeal, incorporated herein by reference. Exhibit "2."

17.    On August 15, 2016, according to her own pleading, the Debtor filed her Bankruptcy action in this Court, thus initiating the automatic stay, while her own Florida Appeal was proceeding.

18.    However, Debtor Uppal did not provide any notice to the Florida Appellate Court nor file a Suggestion of Bankruptcy with the Florida Appellate Court when she filed her New York Bankruptcy. Additionally she used a different name on her New York Bankruptcy than she was using in her Florida Appeal.

---

[4]    Section 57.105, Florida Statutes, is modeled after and comparable to Rule 11, Federal Rules of Civil Procedure.

19.     This Creditor took no actions and initiated no proceedings against Debtor Neelam Taneja Uppal after July 18, 2017.

20.     Exhibit "4" is a certified copy of the Florida Supreme Court's docket in <u>Neelam Uppal v. The Health Law Firm</u>, Florida Supreme Court Case No. SC16-2037, incorporated herein by reference.

21.     On November 7, 2016, Debtor Uppal filed a "Petition for Writ of Certiorari" (which the Court treated as a Petition for a Writ of Mandamus) with the Florida Supreme Court.

22.     <u>The Florida Supreme Court never issued a Petition for Writ of Mandamus, contrary to the false statements that Debtor Neelam Taneja Uppal has made to this Court.</u>  See Exhibits "4" & "5."

23.     On March 1, 2017, the Florida Supreme Court issued a decision denying Debtor Neelam Taneja Uppal's request for a petition for writ of mandamus.  Exhibits "5" and "6."

24.     This Creditor's original suit against Debtor Neelam Taneja Uppal was to attempt to collect unpaid attorney's fees and costs from her for its representation of her in action by the Florida Board of Medicine to revoke her Florida Medical License.  It has only been because of the Debtor's contumacious and meritless litigation throughout every forum she could access (and now this Court), that has increased the total amount she owes this Creditor.

**GROUNDS FOR SUMMARY JUDGMENT AND, ALTERNATIVELY, DISMISSAL**

25.     Creditor requests the Court enter summary judgment in its favor and against Debtor Neelam Taneja Uppal on the following grounds.

26.     The Debtor's Complaint is a form Complaint, obviously previously used by either

her or someone else for some other purpose. It has handwritten changes and additions to it (in violation of the Court's Rules), portions crossed out, and is not even specifically nor correctly addressed to any alleged wrong doing of this Creditor. She even addresses herself as "he," "him" or "his" in a number of places.

27. There is no allegation made as to any specific act taken by this Creditor that violates any stay of this Court. Debtor Neelam Taneja Uppal states no specific date any act took place, just making general, vague, false allegations impossible to answer. This Creditor's Affidavit, Exhibit "9," as well as the other attached documents, shows that there has been no violation.

28. Allegations made by Debtor Neelam Taneja Uppal, as to "false claims" and "false bills" lack the specificity required by Rule 9(b), Federal Rules of Civil Procedure and Rule 7009, Federal Rules of Bankruptcy Procedure. She also fails to allege any special damages with the specificity required by Rule 9(g), Federal Rules of Civil Procedure.

29. Additionally, the allegations made by Debtor Neelam Taneja Uppal, as to "false claims" (paragraph 17 of Complaint for Adversary Proceeding), "deliberately making false filings" (paragraph 22 of Complaint for Adversary Proceeding), and "violating the False Claims Act (paragraph 22 of Complaint for Adversary Proceeding)," and other allegations of wrongdoing by this Creditor, have previously been raised and litigated in the Florida courts, trial and appellate. These are completely false allegations. Regardless, the doctrines of res judicata and collateral estoppel bar their being raised again and litigated again in this Court.

30. Debtor Neelam Taneja Uppal's pleading contains a number of brazen lies making the entire pleading incredible. Examples of her false statements include but are not limited to:

      a.    In paragraph 12 on the second page[5] of her pleading, Debtor alleges that she had her[6] "account debited without any prior authorization." This is a totally false statement. No account of the Debtor's has been "debited" by this Creditor.

      b.    In paragraph 17, amended in handwritten script at the top of the fourth page of her pleading, Debtor states: "A Writ of Mandamus was issued by Florida Supreme Court." This is a totally false statement as shown by Exhibits "6" "7" and "8." No such Writ was ever issued by the Florida Supreme Court.

      c.    In the first paragraph at the top of the fourth page of her pleading, and her paragraphs 17-19, although largely indecipherable, Debtor Neelam Taneja Uppal has made handwritten comments alleging that Creditor filed pleadings in her appellate case while the automatic stay was in place. This is not true. All motions and pleadings were filed prior to August 15, 2016. Exhibits "1" and "2."

      d.    In paragraph 22 on the fourth page of her pleading, Debtor Neelam Taneja Uppal falsely alleges that Defendant [Creditor] has violated "the False Claims Act." Yet Debtor Neelam Taneja Uppal, a medical doctor, knows that there have been no claims presented to the government in the underlying case. Nor does the Debtor make any specific allegation of any kind to even attempt to support this vague, unfounded conclusion of law.

      e.    In paragraph 26 on the fifth page of her pleading, Debtor Neelam Taneja Uppal falsely states: "Defendant [referring to this Creditor] has . . . collected a debt." This

---

    [5]    Debtor Neelam Taneja Uppal's "Adversary Proceeding" pleading contains no page numbers, also in violation of the Court's Rules, thus making exact references difficult.

    [6]    Debtor actually used the word "his" in this paragraph, referring to herself.

statement is false. This Creditor has collected no part of the debt owed by Debtor Neelam Taneja Uppal from the trial court's Final Judgment in the case, nor any attorney's fees, costs or sanctions imposed against her by any court.

      f.      In her paragraph "b)" on the sixth page of her pleading, Debtor Neelam Taneja Uppal falsely states: "The Creditor is charging $10,000.00 for his attorney's fees for one court appearance." This statement is just made out of whole cloth and is fiction meant to inflame the Court. It is another false statement made by Debtor.

      g.      In her paragraph "d)" on the sixth page of her pleading, Debtor Neelam Taneja Uppal falsely alleges that there have been "funds taken from him [sic] by Defendant." There have been no funds of any kind taken from Debtor Neelam Taneja Uppal, since the litigation began in 2013.

      31.      Debtor Neelam Taneja Uppal's false and defamatory statements are also scandalous. They violate Rule 9018, Federal Rules of Bankruptcy Procedure. The Court should strike the entire pleading and seal it to protect this Creditor.

      32.      As shown, in part, by Exhibits "4," "5" and "6," it is Debtor Neelam Taneja Uppal who has committed misconduct and wrongful acts, violated the stay, and who should be disciplined by this Court.

      33.      Debtor Neelam Taneja Uppal's pleading is inconsistent, incomprehensible and does not even request relief against this Creditor. Instead at the bottom of the sixth page Debtor prays for relief as follows:

> Since actions taken in violation of the automatic stay
> are void, the court is urged to find

>    Regions bank [sic] in violation of the automatic stay
>    and damages should be awarded to Plaintiff [sic].

Thus it fails to even request relief against this Creditor.

34.  In addition to the foregoing, Debtor Neelam Taneja Uppal's pleading inconsistently goes back and forth between claiming this is a Chapter 7 Bankruptcy proceeding (see, e.g., paragraphs 14 & "e)" on her sixth page) and a Chapter 13 proceeding (paragraphs 3, 4 & 17).

35.  Debtor also refers to herself as "he," "his" or "him" further showing she has just copied someone else's pleading without taking any appropriate steps to ensure that it was accurate or that it correctly stated any claims against this Creditor.  For example, see paragraphs 11 ("him"), 12 ("his"), 17 ("his"), 25 ("he"), top of sixth page ("his"), paragraph "d)" on sixth page ("his"), and paragraph "e)" on sixth page ("he").

36.  The Debtors pleading contains numerous conclusions of law without factual support being alleged to support any of them.

37.  In addition to the foregoing grounds, Debtor has failed to include the statement required by Rule 7008, Federal Rules of Bankruptcy Procedure.

38.  Debtor's disregard for the legal process, her disrespect for the courts and attorneys, and her abuse of litigation for the sole purpose of delaying and harassing her creditors is shown again by her recent filings in the Florida Supreme Court.  The Florida Supreme Court's Order of March 1, 2017, denying her Petition for a Writ of Mandamus, specifically advised Debtor:  "No rehearing will be entertained by this Court." Exhibit "5."  Despite this, Debtor filed one, anyway.  The Florida Supreme Court, on March 17, 2017, struck it as "unauthorized.  Exhibit "6."

39. Because of the Debtor's continuous abusive, dilatory acts and her false statements in her pleadings, Debtor has "unclean hands." Thus the legal doctrine of "unclean hands" bars the Debtor from any recovery in this situation.

40. The Affidavit of George F. Indest III, the President of The Health Law Firm, P.A., attesting as to the history of these proceedings, the absence of any violations of the stay, and the false statements made by the Debtor, is attached as Exhibit "7."

41. Plaintiff's many bankruptcy filings in the Middle District of Florida are shown in Exhibit "8."

42. Documentation on several of the prior Adversary Proceedings filed by this Debtor in bankruptcy actions, all of which were dismissed, is contained in Exhibit "9."

43. This Creditor relies on the documents and affidavit attached to support its motion for summary judgment.

44. Creditor has contemporaneously filed a Memorandum of Law in support of this motion.

## RELIEF REQUESTED

This Creditor/Defendant, The Health Law Firm, requests the Court to enter an Order:

    A. Dismissing "George Indest," individually, as a party in this matter, with prejudice.

    B. Entering Summary Judgment in its favor and against the Debtor Neelam Taneja, a/k/a Neelam Taneja Uppal in the Adversary Proceeding.

    C. Alternately, striking or dismissing Debtor's Adversary Proceeding, in

        accordance with Rules 7012, 9018, and 9011, Federal Rules of Bankruptcy Procedure, and sealing the same.

D.    Awarding this Creditor Attorney's fees, costs and sanctions against Debtor Neelam Taneja, a/k/a Neelam Taneja Uppal, pursuant to Rules 11 and 54, Federal Rules of Civil Procedure, and Rules 7054 and 9011, Federal Rules of Bankruptcy Procedure.

E.    Prohibiting Debtor Neelam Taneja, a/k/a Neelam Taneja Uppal, from filing any further bankruptcy actions again for at least three (3) years.

F.    Prohibiting Debtor Neelam Taneja, a/k/a Neelam Taneja Uppal, from filing any further motions, pleadings or other documents against this Creditor without first filing a motion requesting permission from this Court to do so, with a copy of her proposed filing attached and obtaining authority from this Court to do so.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will automatically serve each party that is a registered CM/ECF user; I further certify that I have also served a copy of the foregoing via U.S. mail, postage prepaid, to the following: Bankruptcy Trustee Jeffrey L. Sapir at 399 Knollwood Road, Suite 102, White Plains, New York 10603 and electronically at info@sapirch13tr.com; Debtor, Neelam Taneja Uppal, at 1370 Broadway #504, New York, New York 10018; and all other persons on the Creditor Matrix; on this 20th day of March 2017.

/s/ George F. Indest III
_____
**GEORGE F. INDEST III, J.D., M.P.A., LL.M.**
Florida Bar No.: 382426
(Admitted Pro Hac Vice)
Primary e-mail: GIndest@TheHealthLawFirm.com
Secondary e-mail: CourtFilings@TheHealthLawFirm.com
**THE HEALTH LAW FIRM**
1101 Douglas Avenue
Altamonte Springs, Florida 32714
Telephone: (407) 331-6620
Telefax: (407) 331-3030
**ATTORNEYS FOR CREDITOR,**
**THE HEALTH LAW FIRM, P.A.**

Attachment(s):

    INDEX OF EXHIBITS

    Exhibits "1" through "9"

GFI/mw
S:\Collections\1516-Uppal, Neelam, MD\006\Pleadings-Drafts\MSJ & MTD on NY Adv Compl-Final.wpd