# Exhibit "1"

IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT
DAYTONA BEACH, FLORIDA

NEELAM UPPAL, M.D.,

      Appellant,

                           Case No.: 5D16-0180

GEORGE F. INDEST III, P.A., D/B/A
THE HEALTH LAW FIRM,

      Appellee.

_____/

## APPELLEE'S MOTION TO DISMISS APPEAL OR, ALTERNATIVELY,

## TO STRIKE APPELLANT'S BRIEF

Appellee moves the Court to dismiss the Appellant's appeal or, alternatively, to strike her appeal brief, pursuant to Rules 9.200, 9.300(a), 9.400 and 9.410, Florida Rules of Appellate Procedure, stating:

### SUMMARY OF CASE AND MOTION

Appellee is a law firm that represented the Appellant, a medical doctor, in an administrative case involving a complaint against her medical license. The case below is a case in which the Appellant law firm sued the Appellee for unpaid legal fees and costs she incurred in the legal representation. The Appellant is a prolific,

**THLF-002**

abusive <u>pro</u> <u>se</u> litigant, filing bankruptcy numerous times (all dismissed without discharge, except one long ago), frivolously appealing judgments entered against her and involved in numerous cases in both state and federal court. The present case is a frivolous, dilatory appeal of a Final Judgment entered against her by the lower court.

In the present appeal, Appellant Uppal has merely thrown together an unorganized hash of cases and arguments that appear to have been cut and pasted from her other <u>pro</u> <u>se</u> court filings, many in foreclosure cases, and most being irrelevant to the current proceedings.

## BACKGROUND AND FACTS

1.     Appellee, The Health Law Firm, is a Florida professional services corporation providing legal services to its clients located in Altamonte Springs, Florida.

2.     Appellant, Neelam T. Uppal, M.D., is a medical doctor licensed by the states of Florida and New York.

3.     Appellant Uppal retained the services of The Health Law Firm on or about June 5, 2012, to represent her in a matter involving a complaint filed against her Florida Medical license by the Florida Department of Health.

**THLF-003**

4.     The Appellee law firm took over representation after the Final
Administrative Hearing in the case had been completed by a different law firm.

5.     Appellant Uppal had originally been represented in the complaint against
her medical license and the formal administrative hearing by Michael R. D'Lugo,
Esquire, of Wicker, Smith, O'Hara, Mc Coy & Ford, P.A., in Orlando, Florida.  Mr.
D'Lugo represented her through a Final Administrative Hearing that was held before
an Administrative Law Judge (ALJ) of the Division of Administrative Hearings
(DOAH).

6.     This Final Administrative Hearing resulted in a Recommended Order by
the ALJ against Appellant Uppal being entered on September 4, 2012.  Mr. D'Lugo
desired to withdraw from representing Appellant Uppal.  Appellant Uppal contacted
attorney George F. Indest III, of the Appellee law firm to represent her in the case
post-hearing, to file exceptions (objections) to the ALJ's Recommended Order and to
argue these before the Florida Board of Medicine, all of which the Appellant law firm
did.

7.     However, during the course of the representation Appellee discovered
that Appellant Uppal had two (2) additional complaints against her Florida medical
license that were then pending which she failed to disclose.  Appellant Uppal
attempted to have the Appellee law firm represent her in these cases for an

**THLF-004**

unreasonably low fee and at one point asking for "pro bono" representation at another

point. Appellee law firm declined and terminated its representation of the Appellant.

8.     Appellee failed to pay the legal fees and costs she incurred with

Appellant law firm.

9.     Contrary to the false statements of Appellant Uppal in her Brief, the

Appellee law firm terminated her as a client on December 28, 2012, she did not

terminate it. (App. Doc. 1;  App. pg. 1)

10.     Appellant Uppal has since had a number of other disciplinary actions

taken against her Florida medical license. (App. Doc. 2;  App. pg. 4)

11.     Appellant was required to file suit for the fees and costs in The Health

Law Firm vs. Uppal, Eighteenth Judicial Circuit Court Case No. 13-CA-3790-15-K,

filed on or about October 24, 2013.

12.     The original amount of fees and costs that Appellant Uppal owed (the

"principal amount") was $27,705.77, as of December 8, 2014.  However, because of

Appellant Uppal's prolific and aggressive litigation, her obstruction and dilatory

tactics, the attorney's fees and costs of the litigation to collect the underlying amount

was an additional $23,356.70 as through December 8, 2014.

13.     Litigation proceeded for years with Appellant Uppal filing frivolous,

dilatory motions and objections.  She also filed for bankruptcy several times in the

**THLF-005**

U.S. Bankruptcy Court for the Middle District of Florida.[1] (See, e.g., App. Doc. 3; App pg. 5;  Rec. 289)  Each time her bankruptcy case was dismissed with no discharge of her debts.

14.    Judgment was entered by the Circuit Court in the case below after her last bankruptcy case was dismissed and her request for reconsideration was denied by the bankruptcy court. (App. Doc. 4;  App. pg. 10;  Rec. 302)

15.    In one of her last bankruptcy proceedings, an attorney for one of her creditors filed a motion detailing all of the assets that Appellant Uppal had fraudulently concealed from the court. (App. Doc. 5; App pg. 14) This bankruptcy was dismissed without discharging her debts.

16.    Appellant Uppal is a prolific, pro se litigator, filing meritless motions, defenses, complaints and appeals.  This appeal is one of them.

17.    The docket for the Clerk of Court for Pinellas County, Florida, contains 44 cases involving Appellant Uppal. (App. Doc. 6; App. pg. 36) The docket for the Clerk of Court for the Florida Second District Court of Appeal, shows 14 appeals

---

[1]    Despite her claiming to the Bankruptcy Court that she was living in Florida, it appears that Appellant may have fled the jurisdiction to avoid service of process by other creditors, including the mortgage holders on various homes she owned in Florida.  The Health Law Firm was able to locate Appellant in the State of New York where service was finally made on November 19, 2013, in the case below.

**THLF-006**

filed by Appellant Uppal in this one Florida District Court alone. (App. Doc. 7; App

pg. 41)   A Pacer listing shows 32 federal court cases involving Appellant Uppal in

Florida, New York and New Jersey. (App. Doc. 8; App. pg. 42)  Among those cases

were twelve (12) separate bankruptcy proceedings all of which were dismissed with

only one exception.  There are filings by her in many other state courts both in Florida

and in other states.

18.    The cases listed above are believed to be only a fraction of Appellant

Uppal's court cases.

19.    Appellant Uppal's official Medicare information on file with the National

Provider Information Registry shows her address in Florida as of April 4, 2016.

(App. Doc. 9; App pg. 43).

20.    Appellant Uppal attempted to mislead the lower court into thinking that

she had a bankruptcy pending.  (App. Doc. 10; App. pg. 45; Rec. 306)  However,

when the lower court entered its Final Judgment against her, her bankruptcy had been

dismissed (once again) and the bankruptcy proceedings concluded (App. Doc. 4;

App. pg. 10; Rec. 302).[2]

--------

[2]    In late 2015, Appellant appealed an order of the Middle District of Florida
in Case No. 8:15-cv-01886-MSS in which the court denied her a stay of proceedings
pending appeal of the dismissal of her most recent bankruptcy filing to the Eleventh
Circuit Court of Appeals.  By order dated December 14, 2015, the Middle District
held that the automatic stay of proceedings was unavailable because she could not

THLF-007

21.    The Appeal Brief, as well as the pleadings, motions and objections she

filed in the lower court are filled with baseless accusations of fraud and conspiracy.

Her filings routinely fail to recognize the facts and issues in a case and instead resort

to continuous repetition of irrelevant, scandalous, and impertinent material.

22.    The Court only needs to look at the trial court's record in the underlying

case to find further examples of the foregoing.

23.    The record in this case clearly supports the trial court's ruling. Appellant

Uppal has filed her appeal in bad faith and for no purpose other than delay.

## GROUNDS FOR DISMISSAL OF APPEAL

### A. <u>Appellant Uppal's Appeal is Frivolous.</u>

24.    Appellant Uppal's appeal is frivolous and filed solely for the purpose of

delaying the finality of the underlying judgment.  It is readily recognizable as devoid

of merit on its face.  Neither the facts of record nor the cases she cites provide any

grounds that support reversal of the lower court's action.

---

show a likelihood of success on the merits of her appeal.  Without the automatic stay,
Appellant's creditors, including Appellee, were free to move forward with their
collection efforts.  Finding herself exposed, Appellant filed the instant appeal to
further delay payment of her debt to Appellee.

**THLF-008**

25.     Many of the Appellant's statements and arguments make no sense and have no relationship whatsoever to do with the case below.  For example, in her "Issues Presented," Appellant Uppal states: "1.  Plaintiff filed the case beyond the statute of limitations FL [sic] 83.49(3)(a), as the security claim was made in 2008. (Tr.1, pg. 110, ln.116-117)"  (Appellant's Brief, pg. 6)

  a.     The statute of limitations was not at issue and was never raised in the underlying case.

  b.     The legal representation began in 2012 and suit against Appellant Uppal for her unpaid fees and costs was filed in 2013.

  c.     There was never any "security claim" at issue.

  d.     There was no trial transcript, in fact there were no transcripts of any of the proceedings.  Therefore, Appellant Uppal's reference to a non-existing trial transcript page and line is false and misleading.

  e.     It is clear on the face of the Appellant's Brief that she is merely cutting and pasting with absolutely no thought or attempt to be relevant.

26.     Another example, in her "Issues Presented," Appellant Uppal states:

Page 8 of 19

**THLF-009**

> 3. Judge [sic] did not abide by the "rule of
> evidence" [sic] of "best evidence" [sic] as
> plaintiff presented carbon copies of fake
> checks as proof of her payment of rent that
> she actually had not paid.  Timely objection
> was made.  (Tr.1, Pg. 88, Ln.1-5)"

(Appellant's Brief, pp. 6-7, all typographical errors in original.)   The complete

frivolousness of this "issue" can be seen because:

  a.   There was never any issue of evidence or the Best Evidence Rule
       in the case below nor raised at any time below.

  b.   No checks or copies of checks were ever presented or used in the
       proceedings below.

  c.   The underlying case had absolutely nothing to do with the
       payment or nonpayment of rent of any kind.

  d.   There was no trial transcript, in fact there were no transcripts of
       any of the proceedings.  Therefore, Appellant Uppal's reference
       to a non-existing trial transcript page and line is false and
       misleading.

  e.   It is clear on the face of the Appellant's Brief that she is merely
       cutting and pasting from a different case she probably had, with
       no attempt to relate it to the current case and issues.

THLF-010

27.     Still another example is shown in her "Issues Presented" where
Appellant Uppal states:

> 4.     Judge [sic] did not abide by the "rule of
> judgement" [sic] such that there was a pre-
> trial order for the Plaintiff to provide all
> exhibits to the defendant, which he [sic] did
> not.    Timely objection was made.(Tr.1,
> pg.107, ln. 11&12)

(Appellant's Brief, pg. 7, all typographical errors in original.)    The complete
frivolousness of this "issue" can be seen because:

a.     There was no trial scheduled and no pretrial order entered.  The
case was decided by the lower court on a motion for summary
judgment.

b.     There was no such objection made by Defendant/Appellant
Uppal.

c.     Appellant Uppal falsely cites to a nonexistent trial transcript page
and line.

d.     It is clear on the face of the Appellant's Brief that she is merely
cutting and pasting issues from a different unrelated case.

28.     Yet another example is shown in her "Issues Presented" where Appellant
Uppal states: "5. The attorney had a fee agreement based on contingency [sic] basis

THLF-011

which is 33 1/3 % of the final judgment.(R.)"   (Appellant's Brief, pg. 7, all typographical errors in original).  This is a completely false and frivolous statement.

    a.    The Appellee law firm represented Appellant Uppal in an <u>administrative</u> action by the Florida Department of Health to discipline or revoke her medical license.  There was never any type of "final judgment" that could be had in such a case.  There was never any type of monetary judgment that was possible or could be contemplated in such a case.  Like so many of her other statements throughout her Appellant's Brief, the statement is ludicrous.

    b.    Furthermore, this statement is contradicted in other portions of the brief.  See for example, Appellant's Brief, pg. 8.[3]

    c.    This is yet another issue that was never raised or argued below, because it is simply non-existent.

    d.    Once again, it is clear on the face of the Appellant's Brief that she is merely parroting statements from other briefs that have nothing to do with this case.

---

[3]    Although Appellant's "Statement of Facts" at Appellant's Brief, pg. 8, contains false statements, as well, nevertheless it contradicts her earlier statement that this was a contingency fee case.

THLF-012

29.    Still another example is shown in her "Issues Presented" where
Appellant Uppal states: "6. The attorney agreed to do the case without any money
on a pro bono basis such the [sic] plaintiff did not pay any money to the attorney. (Tr.
2)" (Appellant's Brief, pg. 7, typographical errors in original.)  The falseness of this
"issue" is shown by:

      a.    Appellant argues elsewhere in her Brief that she paid $9,000 for
the legal services and, contradicting that, she had a contingency
fee agreement for "33 1/3%" of the "final judgment."  Now she
contradicts herself again by arguing that the legal services were
actually supposed to be provided on a pro bono basis.

      b.    This is yet another issue that was never raised or argued below,
because it is simply non-existent.

      c.    Appellant Uppal falsely cites to a nonexistent trial transcript page
and line to support her statement.

30.    The same issues above are again argued later in the Appeal Brief by
Appellant Uppal.  See Appellant's Brief, pp. 15-16 and 24.

THLF-013

**B. Appellant Did not Obtain any Transcripts of Any Proceedings.**

31.    Appellant Uppal failed to obtain any transcripts of any hearings below or to have these filed with the Court. The Appellant has the burden of establishing reversible error by the lower Court to overcome the presumption of correctness afforded to the trial court's decision. All American Soup & Salad, Inc. vs. Colonial Promenade, 652 So. 2d 911, 912 (Fla. 5th DCA 1995).

32.    In the absence of transcripts of the proceedings, there is nothing for an appellate court to review. All American Soup & Salad, Inc., 652 So. 2d 912 (citing Applegate vs. Barnett Bank of Tallahassee, 377 So. 2d 1150 (Fla. 1979)).

33.    The trial court is presumed to have ruled correctly absent a record that demonstrates error. Polling vs. Palm Coast Abstract & Title, Inc., 882 So. 2d 483, 485 (Fla. 5th DCA 2004).

**C. Appellant Uppal Merely Attempts to Relitigate her Case.**

34.    The appeal brief is nothing more than another argument of her position by Appellant Uppal. Most of the arguments she makes have already been presented to the lower court and decided by the lower court. It is impermissible for the Appellant to attempt to relitigate them in this appeal.

Page 13 of 19

**THLF-014**

### D. Falsely Cites to Transcript Pages that do Not Exist.

35.     Appellant has place false citations to transcript pages and lines in her Brief. There were no transcripts and no transcripts are contained in the record. This is an attempted deception on the part of the Appellant.

### E. Appellant's Cases Are Inapposite and, Apparently, from a Different Brief.

36.     Appellant Uppal argues a number of different cases in her Brief. However, on the face of it, these appear to be cut and pasted from a different brief not relevant to the actual issues in this case.

37.     For example, on page 21 of the brief Appellant cites "Jerman v. Carlisle, 130 S.Ct. at 1606-' [sic] which allegedly addresses zealous advocacy in an "FDCPA" case.[4]

38.     Immediately following this discussion in Appellant's brief is an incomplete citation and a sentence fragment:  "Hartman v. Great Seneca financial group [sic] " which the Appellant has sitting alone by itself. (Appellant's Brief, pg. 21)

---

[4]     Not only is the case citation incomplete, but there is no explanation given by Appellant Uppal as to what "FDCPA" is nor how Jerman might be relevant to the issues in the present case.

Page 14 of 19

**THLF-015**

39.     On the following page, Appellant has cut and pasted discussion of landlord tenant cases and the required notice for termination of a lease.  It seems pretty apparent that Appellant must have had an eviction case pending against her and merely cut and pasted portions of her brief in that case into her present Brief.

40.     Following, at the bottom of page 22 of her Brief, Appellant argues: "9. Landlord's failure to properly claim the security deposit does not preclude an independent action for damages. . . ."  (Appellant's Brief, pg. 22)  Again, just gibberish in the context of the present case.  The argument has nothing to do with the facts or the law of the present case.

### F.  Uppal's Appeal Is Frivolous and Should Be Dismissed.

41.     Appeals filed for no other reason than to "delay compliance with the . . . final judgment of the trial court" are frivolous, not taken in good faith, and should be dismissed.  Askew v. Gables by the Sea, Inc., 258 So. 2d 822, 822 (Fla. 1st DCA 1972).  There are no valid legal issues for this Court to review and the Brief shows on its face it is frivolous and fails to comply with the Rules of Appellate Procedure.

**THLF-016**

## CONCLUSION

42.    Appellant Uppal's conduct as a pro se litigant is prolific and approaches

that of one of Florida's most famously abusive pro se parties, Anthony Martin. See

Martin v. State, 747 So. 2d 386 (Fla. 2000).    In Martin, the pro se party had

previously filed hundreds of lawsuits, motions, and miscellaneous pleadings in courts

in several jurisdictions. Id. at 390.    Appellant's conduct, although not yet as prolific

as Mr. Martin's, is essentially the same–a long series of abusive, dilatory, and

pointless proceedings and papers serving no other purpose than to satisfy the whims

of one individual.

43.    The Florida Supreme Court stated it best in Martin, saying: "This Court

has the authority, perhaps even the duty, to stop litigants like Martin from abusing it

and the people, as the Second Circuit put it, 'who have unluckily crossed his path.'"

Martin, 747 So. 2d at 391 (quoting In re Martin-Trigona, 737 F.2d 1254, 1254 (2d

Cir. 1984).    This rationale is equally applicable to Appellant Uppal.

44.    This Court should take up the standard and put an end to Appellant's

misfeasance. She has dragged numerous innocent people into court and tied them up

in years of litigation costing untold amounts of money and personal anguish as well

as unduly burdening the legal system.

**THLF-017**

45.    The Supreme Court stated: "The resources of our court system are finite and must be reserved for the resolution of genuine disputes." <u>Rivera v. State</u>, 728 So. 2d 1165, 1166 (Fla. 1998). Appellant Uppal's steady stream of <u>pro</u> <u>se</u> filings are not subject to the financial considerations that deter other litigants from filing frivolous suits, appeals, and papers. Consequently, the ordinary checks and balances associated with qualified, paid representation are absent and Appellant's abuse of the system, and her abuse of the individuals she feels have wronged, her flows unchecked. The imposition of sanctions perhaps, including a future bar on filing <u>pro</u> <u>se</u> appeals is necessary to dissuade Appellant Uppal from continued misuse of the legal system.

46.    Appellee intends to file contemporaneously herewith a separate motion for sanctions that it previously served on Appellant Uppal, along with the required certificates of service and filing the rules require. Appellee certifies it has served such a motion on the Appellant at least 21 days prior to this date in accordance with Section 57.105, Florida Statutes and Rule 9.410, Florida Rules of Appellate Procedure, and asks that it be incorporated herein by reference.

## RELIEF REQUESTED

Appellee The Health Law Firm requests the Court to enter an Order finding:

A.    That Appellant's appeal is frivolous and dismisses it, pursuant to

Page 17 of 19

**THLF-018**

the Florida Rules of Appellate Procedure;

B.    Awards Appellee The Health Law Firm its attorney's fees and

costs on this appeal pursuant to Section 57.105, Florida Statutes,

and Rules 9.400 and 9.410, Florida Rules of Appellate Procedure;

C.    Bars Appellant from filing any further paper, documents pleading

or cause against Appellee without counsel and an order from this

Court permitting such;  and

D.    Awarding any other relief it considers appropriate under the

circumstances.

## CERTIFICATE OF SERVICE

I certify that I have served a copy of this document on pro se Appellant,

Neelam Uppal, M.D., by U.S. mail, postage prepaid, to P.O. Box 1002, Largo, Florida

33779, and to 5840 Park Boulevard, Pinellas Park, FL 33781, and via e-mail to

nneelu123@aol.com, and have filed the same on this 21st day of June 2016.


/s/  George F. Indest III

**GEORGE F. INDEST III, ESQUIRE**
Certified by The Florida Bar in Health Law
Florida Bar No.:  382426
Primary E-mail:  GIndest@TheHealthLawFirm.com


Page 18 of 19


**THLF-019**

Secondary E-mail: CourtFilings@TheHealthLawFirm.com

**LANCE O. LEIDER, ESQUIRE**

Florida Bar No.: 96408

Primary E-mail: LLeider@TheHealthLawFirm.com

Secondary E-mail: CourtFilings@TheHealthLawFirm.com

**THE HEALTH LAW FIRM**

1101 Douglas Avenue

Altamonte Springs, Florida 32714

Telephone: (407) 331-6620

Facsimile: (407) 331-3030

**ATTORNEYS FOR APPELLANT,**

**THE HEALTH LAW FIRM**

GFI/mw
S:\Collections\1516\004\410-Pleadings-Drafts\Motion to Dismiss & Strike-Final.wpd

**THLF-020**

**IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA**
**FIFTH DISTRICT**
**DAYTONA BEACH, FLORIDA**

NEELAM UPPAL, M.D.,

      Appellant,

                             Case No.: 5D16-0180

GEORGE F. INDEST III, P.A., D/B/A
THE HEALTH LAW FIRM,

      Appellee.

_____/

**APPELLEE'S APPENDIX TO MOTION**

**THLF-021**

<u>**APPELLEE'S APPENDIX TO MOTION**</u>

<u>**INDEX**</u>

| <u>**App.**</u><br><u>**Doc.**</u> | <u>**DESCRIPTION**</u> | <u>**App.**</u> |
|---|---|---|
| 1. | Letter from The Health Law Firm dated December 28, 2012, terminating Appellant Uppal | 1 |
| 2. | Division of Administrative Hearings search results for Neelam T. Uppal, M.D. | 4 |
| 3. | Plaintiff, The Health Law Firm's Notice of Filing of Dismissal of Defendant Uppal's Chapter 13 Bankruptcy | 5 |
| 4. | Notice of Filing Order Denying Motion for Reconsideration of Dismissal of Defendant Uppal's Chapter 13 Bankruptcy | 10 |
| 5. | Motion to Dismiss Chapter 13 Bankruptcy Case filed by Charlene Rodriguez, in case number 8:15-bk-00594-CPM, on June 26, 2015 | 14 |
| 6. | Clerk of Court public access record search results of Neelam Uppal, from Pinellas County, Hillsborough County and Florida Fifth District Court of Appeal | 36 |
| 7. | Public Access record search results for Neelam Uppal, from Florida Second District Court of Appeal | 41 |
| 8. | PACER case locator search results for Neelam Uppal | 42 |
| 9. | National Provider Identification (NPI) record for Neelam Taneja, M.D., also known as Neelam Uppal, dated April 4, 2016 | 43 |
| 10. | Objection to Hearing and Motion for Sanction for Violation of Automatic Stay & Injunctive Relief | 45 |

GFI/mw  S:\Collections\1516\004\410-Pleadings-Drafts\Appendix to Motion.wpd

**THLF-022**

**GEORGE F. INDEST III**
LICENSED IN FLORIDA, LOUISIANA
AND THE DISTRICT OF COLUMBIA
BOARD CERTIFIED BY THE FLORIDA
BAR IN HEALTH LAW

**MICHAEL L. SMITH, J.D.**
LICENSED IN FLORIDA
REGISTERED RESPIRATORY THERAPIST
BOARD CERTIFIED BY THE FLORIDA
BAR IN HEALTH LAW



HEALTH LAW



**THE HEALTH LAW FIRM®**

*"THE PHYSICIAN'S ADVOCATES"*
**RESPOND ONLY TO MAIN OFFICE:**
**1101 DOUGLAS AVENUE**
**ALTAMONTE SPRINGS, FLORIDA 32714**
**TELEPHONE: (407) 331-6620**
**TELEFAX: (407) 331-3030**
www.THEHEALTHLAWFIRM.com

**BRANCH OFFICE**
37 N. ORANGE AVENUE, SUITE 500
ORLANDO, FLORIDA 32801

**BRANCH OFFICE**
201 E. GOVERNMENT STREET
PENSACOLA, FLORIDA 32501
TELEPHONE: (850) 439-1001

December 28, 2012

**JOANNE KENNA, R.N., J.D.**
LICENSED IN FLORIDA
REGISTERED NURSE
(ILLINOIS)

**CHRISTOPHER E. BROWN, J.D.**
LICENSED IN FLORIDA

**LANCE O. LEIDER, J.D.**
LICENSED IN FLORIDA

**DANIELLE M. MURRAY, J.D.**
LICENSED IN FLORIDA

**MARISSA A. SMEYNE, J.D.**
LICENSED IN FLORIDA AND CALIFORNIA
(OF COUNSEL)

**MATTHEW R. GROSS, J.D., P.A.**
LICENSED IN FLORIDA
(OF COUNSEL)



**VIA E-MAIL & STANDARD U.S. MAIL**

Neelam Uppal, M.D.
5840 Park Boulevard
Pinellas Park, Florida 33781

     Re:    **Department of Health v. Neelam Uppal, M.D.**
           **DOH Case Nos.: 22006-38711 and 2011-06111**
           **Our File Nos.: 1516/001 and 1516/002**
           **NOTICE OF TERMINATION OF LEGAL REPRESENTATION**

Dear Dr. Uppal:

     This letter will serve to advise you that The Health Law Firm is terminating its
representation of you in the above referenced matters, effective immediately.

                    Sincerely,

                    **THE HEALTH LAW FIRM, by:**

                    *George F. Indest*

                    **GEORGE F. INDEST III, J.D., M.P.A., LL.M.**
                    Board Certified by The Florida Bar
                    in the Specialty of Health Law

GFI/lr
S:\1516\001-DOAH Hearing\310-Letters-Drafts\Uppal-10.wpd

App. Doc. 1             App. p. 1

THE HEALTH LAW FIRM IS CERTIFIED AS A SERVICE-DISABLED VETERAN OWNED BUSINESS AND A CERTIFIED BUSINESS ENTERPRISE BY THE FLORIDA OFFICE OF SUPPLIER DIVERSITY.
THE HEALTH LAW FIRM IS CERTIFIED AS A SERVICE-DISABLED VETERAN OWNED SMALL BUSINESS BY THE U.S. DEPARTMENT OF VETERANS AFFAIRS.

**THLF-023**

file:///C|/Users/lriley/Desktop/RE%20December%2027%202012%20Letter%20(Our%20File%20Nos.%201516001%201516002).htm

**From:** Lynda A. Riley
**Sent:** Friday, December 28, 2012 1:04 PM
**To:** 'Neelam Uppal'
**Subject:** RE: December 27, 2012 Letter (Our File Nos. 1516/001, 1516/002)

**Attachments:** Ltr to Uppal re termination of representation-12_28_12.pdf
Dr. Uppal,

Please see attached letter, dated December 28, 2012.

*Lynda Riley*
Lynda Riley
Paralegal
The Health Law Firm
1101 Douglas Avenue
Altamonte Springs, Florida 32714
Phone: (407) 331-6620
Fax:    (407) 331-3030
E-mail:  LRiley@TheHealthLawFirm.com

Website | Blog | Facebook | Twitter

This communication is privileged and confidential. It is intended only for the person(s) to whom it is directed. It may contain information that is sensitive, private and covered by the attorney-client privilege, the attorney work-product privilege, the medical peer review privilege, the medical risk management privilege or other privileges. If you have received this by mistake, please do not read it or copy it. Please delete it immediately and notify the undersigned at the address and telephone number indicated (including your e-mail address so that we may correct any erroneous information we may have). We do not provide legal advice over the internet or in e-mails, nor will we agree to represent a party through e-mail.

**From:** Neelam Uppal [mailto:nneelu123@aol.com]
**Sent:** Thursday, December 27, 2012 7:31 PM
**To:** Lynda A. Riley
**Subject:** Re: December 27, 2012 Letter (Our File Nos. 1516/001, 1516/002)

You are contradicting your previous letters. Do you think I am stupid?

-----Original Message-----
From: Lynda A. Riley <lriley@thehealthlawfirm.com>
To: nneelu123 <nneelu123@aol.com>
Sent: Thu, Dec 27, 2012 2:34 pm
Subject: December 27, 2012 Letter (Our File Nos. 1516/001, 1516/002)

Dr. Uppal,

*App. P. 2*

**THLF-024**

file:///C|/Users/lriley/Desktop/RE%20December%2027%202012%20Letter%20(Our%20File%20Nos.%201516001%201516002).htm

**Please see attached letter, dated December 27, 2012.**

*Lynda Riley*
Lynda Riley
Paralegal
The Health Law Firm
1101 Douglas Avenue
Altamonte Springs, Florida 32714
Phone: (407) 331-6620
Fax:    (407) 331-3030
E-mail: LRiley@TheHealthLawFirm.com

Website | Blog | Facebook | Twitter

This communication is privileged and confidential. It is intended only for the person(s) to whom it is directed. It may contain information that is sensitive, private and covered by the attorney-client privilege, the attorney work-product privilege, the medical peer review privilege, the medical risk management privilege or other privileges. If you have received this by mistake, please do not read it or copy it. Please delete it immediately and notify the undersigned at the address and telephone number indicated (including your e-mail address so that we may correct any erroneous information we may have). We do not provide legal advice over the Internet or in e-mails, nor will we agree to represent a party through e-mail.

*App. p. 3*

**THLF-025**

6/21/2016

Home
Contact Us
Case Search
Recent Decisions
eALJ Electronic Filing
Intercom List
Representing Yourself
Statutes and Rules
Agency Indexed Orders
ALJ Services
Agency Organization
Reports
Agency Regulatory Plan
Forms
Downloads
Video Hearings
Public Records Request
OJCC Website

411

First | Prev 10 | Prev | 1 | Next | Next 10 | Last

View for Printing

## Results for Search

Page: 1 of 1 — Results 1 thru 5 of 5

14-000515PL
DEPARTMENT OF HEALTH, BOARD OF MEDICINE
vs.
NEELAM T. UPPAL, M.D
Status: Closed
Summary: Petitioner proved by clear & convincing evidence that Respondent violated 458.331(l) (m), (q) & (t). Recommended 6 months suspension, followed by 2 years probation, CME in record keeping & professional responsibility & ethics, $10,000. admin fine & costs.

14-000514PL
DEPARTMENT OF HEALTH, BOARD OF MEDICINE
vs.
NEELAM T. UPPAL, M.D
Status: Closed
Summary: Petitioner proved by clear & convincing evidence that Respondent violated 458.331(l) (m), (q) & (t). Recommended 6 months suspension, followed by 2 years probation, CME in record keeping & professional responsibility & ethics, $10,000. admin fine & costs.

13-000595PL
DEPARTMENT OF HEALTH, BOARD OF MEDICINE
vs.
NEELAM TANEJA UPPAL, M.D.
Status: Closed
Summary: Petitioner proved by clear & convincing evidence that Respondent violated 458.331(l) (m), (q) & (t). Recommended 6 months suspension, followed by 2 years probation, CME in record keeping & professional responsibility & ethics, $10,000. admin fine & costs.

12-000667PL
DEPARTMENT OF HEALTH, BOARD OF MEDICINE
vs.
NEELAM T. UPPAL, M.D.
Status: Closed

12-000666PL
DEPARTMENT OF HEALTH, BOARD OF MEDICINE
vs.
NEELAM T. UPPAL, M.D.
Status: Closed
Summary: One charge of practice in unsanitary conditions sustained; other charges regarding storage of medications not proven. Recommend letter of concern and $1,000 fine.

First | Prev 10 | Prev | 1 | Next | Next 10 | Last

App. Doc. 2 App. p. 4

Filing # 28613900 E-Filed 06/17/2015 03:47:05 PM

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT IN AND
FOR SEMINOLE COUNTY, FLORIDA

THE HEALTH LAW FIRM,

      Plaintiff,

v.                            CASE NO:  13-CA-3790-15-K

NEELAM T. UPPAL, M.D.,

      Defendant.

_____/

## PLAINTIFF THE HEALTH LAW FIRM'S

## NOTICE OF FILING OF DISMISSAL OF DEFENDANT UPPAL'S

## CHAPTER 13 BANKRUPTCY

    **COMES NOW**, Plaintiff, The Health Law Firm, by and through its undersigned counsel,

and gives notice of filing the attached Order by the U.S. Bankruptcy Court, Middle District of

Florida, dismissing Defendant Uppal's Bankruptcy case without discharging any debtors, as

follows:

> **Order dated June 3, 2015, Granting Trustee's
> Motion to Dismiss, in by the U.S. Bankruptcy
> Court, Middle District of Florida, Case No.: 8:15-
> bk-594-CPM.**

    This Order is also proof that Defendant is currently using a different name, "Neelam

Taneja."

    This Order is also further proof that Defendant has filed a number of prior bankruptcy

cases, solely for the purpose of delay, all of which have been dismissed without discharging any

debtors.

*App. Doc. 3*                            *App. p. 5*

*** E-FILED: MARYANNE MORSE, CLERK OF CIRCUIT COURT SEMINOLE COUNTY, FL ****

**THLF-027**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been served via U.S. mail, postage

prepaid, to Neelam T. Uppal, P.O. Box 1002, Largo, Florida 33779, on this 17th day of June

2015.

George F. Indest III

**GEORGE F. INDEST III, ESQUIRE**
Certified by the Florida Bar in Health Law
Florida Bar No.: 382426
Primary E-mail: GIndest@TheHealthLawFirm.com
Secondary E-mail: CourtFilings@TheHealthLawFirm.com
**THE HEALTH LAW FIRM**
1101 Douglas Avenue
Altamonte Springs, Florida 32714
Telephone: (407) 331-6620
Telefax: (407) 331-3030
**COUNSEL FOR THE PLAINTIFF,**
**THE HEALTH LAW FIRM**

**Attachment:** Order dated June 3, 2015, Granting Trustee's Motion to Dismiss, Case No.: 8:15-
bk-594-CPM

GFI/ms
S:\Collections\1516\003\Pleadings-Drafts\Notice of Filing-Dismiss Bktcy.wpd

-2-

App. p. 6

**THLF-028**

ORDERED.

**Dated:  June 03, 2015**

Catherine Peek McEwen
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION
### www.flmb.uscourts.gov

In Re:

Neelam Taneja

      Debtor.[1]

_____/

Case No. 8:15-bk-00594-CPM
Chapter 13

## ORDER GRANTING TRUSTEE'S MOTION TO DISMISS
### (EFFECTIVE DATE OF THIS ORDER IS 14 DAYS FROM THE DATE OF ENTRY)

      THIS CASE came on for consideration for the purpose of the entry of an appropriate

order following the entry of an Order Reserving Ruling on Trustee's Motion to Dismiss for

Failure to Comply with First Day Order of One or More Deficiencies and Rescheduling §341

Meeting of Creditors entered on March 26, 2015 (Docket No. 54).  By submission of this order

the court is advised that the Debtor failed to comply with the Order.  Accordingly, it is

_____

[1] All references to "Debtor" include and refer to both of the Debtors in a case filed jointly by two individuals.

App. P. 7

**THLF-029**

**ORDERED:**

1.      The Trustee's Motion to Dismiss Chapter 13 Case for Debtor's Failure to Comply with First Day Order of One or More Deficiencies and Failure to Provide All Required Documentation as Required by Order Establishing Duties is hereby GRANTED.

2.      This case is DISMISSED without prejudice.

3.      The Trustee shall deduct his normal percentage thereof as necessary costs and expenses from sums collected pursuant to 11 U.S.C. §1326(a)(2)[2], together with any fee, charge, or amount required under 28 U.S.C. §586(e)(2).

4.      The Trustee shall disburse all Trust Fund monies held as adequate protection and for administrative expenses, as provided for in this Court's Order Establishing Duties of Trustee and Debtor etc., as follows:

      a.      The Trustee shall disburse the Trust Fund monies to the secured creditors who have filed proofs of claim prior to the claims bar date or within 14 days after the entry of this Order, whichever date is earlier, in the total amount due for adequate protection or, if Trust Fund monies prove insufficient, pro rata.

      b.      Any attorney fees due Debtor's counsel shall be paid pursuant to the Order Establishing Presumptively Reasonable Debtor's Attorney Fee in Chapter 13 Cases entered on August 31, 2007 in Miscellaneous Proceeding No. 07-mp-00002-MGW.

2

---

[2]   Unless otherwise stated, all statutory references are to the United States Bankruptcy Code, 11 U.S.C. § 101, et. Seq.

App. p. 8

THLF-030

5.      The Trustee shall return to the Debtor any monies not previously

disbursed, including those monies otherwise due secured creditors who failed to file

proofs of claim prior to the claims bar date or within 14 days from the date of this Order,

whichever date is earlier, and shall thereafter file his final report and upon which filing he

will be discharged of his duties as Trustee.

6.      All pending hearings are canceled.

Trustee Jon M. Waage, is directed to serve a copy of this Order on interested parties and
file a proof of service within three (3) days of entry of the Order.

JMW/ADT/phl                         C13T 06/02/15

3

App. p. 9

**THLF-031**

Filing # 34514039 E-Filed 11/16/2015 05:07:38 PM

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT IN AND
FOR SEMINOLE COUNTY, FLORIDA

THE HEALTH LAW FIRM,

     Plaintiff,

v.                                CASE NO:  13-CA-3790-15-K

NEELAM T. UPPAL, M.D.,
a/k/a NEELAM TANEJA, M.D.,
a/k/a NEELAM T. TANEJA-UPPAL, M.D.,
a/k/a NEELAM UPPAL TANEJA, M.D.,
a/k/a NEELAM TANEJA UPPAL, M.D.,

     Defendant.

_____/

## NOTICE OF FILING ORDER DENYING MOTION FOR RECONSIDERATION OF

## DISMISSAL OF DEFENDANT UPPAL'S CHAPTER 13 BANKRUPTCY

COMES NOW, Plaintiff, The Health Law Firm, by and through its undersigned counsel,

and gives notice of filing the attached Order by the U.S. Bankruptcy Court, Middle District of

Florida, DENYING the Motion for Reconsideration of Dismissal of Defendant Uppal's

Bankruptcy case without discharging any debtors, as follows:

                      **Order dated October 26, 2015, Denying
                      Defendant's Motion for Reconsideration of
                      Dismissal, in by the U.S. Bankruptcy Court,
                      Middle District of Florida, Case No.: 8:15-bk-594-
                      CPM.**

Based upon the dismissal by the Bankruptcy Court, this Court is free to go forward and

resolve the current case.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been served via U.S. mail, postage

App. Doc. 4                  302               App. p. 10

**THLF-032**

prepaid, to Neelam T. Uppal, P.O. Box 1002, Largo, Florida 33779, and Neelam Uppal, M.D., 7352 Sawgrass Point Drive, Pinellas Park, Florida 33782, on this _____16th_____ day of November 2015.

_George F. Indest III_

**GEORGE F. INDEST III, ESQUIRE**
Certified by the Florida Bar in Health Law
Florida Bar No.: 382426
Primary E-mail: GIndest@TheHealthLawFirm.com
Secondary E-mail: CourtFilings@TheHealthLawFirm.com
**THE HEALTH LAW FIRM**
1101 Douglas Avenue
Altamonte Springs, Florida 32714
Telephone: (407) 331-6620
Telefax: (407) 331-3030
**COUNSEL FOR THE PLAINTIFF,**
**THE HEALTH LAW FIRM**

**Attachment:** Order dated October 26, 2015, Denying Defendant's Motion for Reconsideration of Dismissal, U.S. Bankruptcy Court, Middle District of Fla., Case No.: 8:15-bk-594-CPM

GFI/ms
S:\Collections\1516\003\Pleadings-Drafts\Notice of Filing-Deny Recon Dismiss Bktcy.wpd

-2-

303

App. p. 11

THLF-033

[Jiffyord] [Bench Order]

ORDERED.

Dated: October 26, 2015

Catherine Peek McEwen
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                          Case No. 8:15–bk–00594–CPM
                                                Chapter 13
Neelam Taneja
aka Neelam Uppal

_____ Debtor* _____  /

*ORDER DENYING MOTION FOR RECONSIDERATION OF DISMISSAL*

THIS CASE came on for hearing on  October 21, 2015 , for consideration of the
☐ Emergency   ☑ Motion   ☐ Objection   ☐ Application   ☐ Order to Show Cause

*for Reconsideration of Dismissal* (Doc. 237 ), filed by *the Debtor* .

For the reasons stated orally and recorded in open court, the
☐ Emergency   ☑ Motion   ☐ Objection   ☐ Application   ☐ Order to Show Cause
is
☑ Denied   ☐ Denied as Moot   ☐ Overruled   ☐ Sustained   ☐ Granted
☐ Approved   ☐ Disapproved   ☐ Discharged Favorably

☑ *based on the pendancy of the appeal pursuant to 8008(a)(2)*

The Court in its discretion may file written findings of facts and conclusions of law at a later date.

Service Instructions:

☐ Attorney Enter Attorney to Serve is directed to serve a copy of this order on interested
non–CM/ECF users and file a proof of service within three (3) days of entry of the order.

App. p. 12

055393

**THLF-034**

☐ Attorney Enter Attorney to Serve is directed to serve a copy of this order on: Enter Who to Serve and file a proof of service within three (3) days of entry of the order.

☑ The Clerk's office is directed to serve a copy of this order on interested non–CM/ECF users.

☐ To CM/ECF users by CM/ECF only.

☑ Approved for entry.

*All references to "Debtor" shall include and refer to both of the debtors in a case filed jointly by two individuals.

App. p. 43

THLF-035

**U.S. Bankruptcy Court**
**Middle District of Florida (Tampa Division)**
**Case No. 8:15-bk-00594-CPM**

In re:  Neelam Taneja
　　　　a/k/a Neelam Taneja-Uppal, Debtor
_____/

### Motion to Dismiss Chapter 13 Bankruptcy Case

Now comes, Creditor, CHARLENE RODRIGUEZ, by and through her undersigned

attorney, and hereby moves this court for dismissal of the Chapter 13 Bankruptcy Case filed

by the Debtor, NEELAM TANEJA a/k/a NEELAM TANEJA-UPPAL ("Uppal"), based

upon the Debtor's failure to satisfy the statutory requirements of 11 U.S.C. §109(e), and the

Debtor's demonstrated lack of good faith and alleges as follows:

### BACKGROUND FACTS

1.　Debtor has filed the following prior bankruptcy cases:

a.　Case Number 00-09734, Chapter 13 filed in Florida Middle District
　　Bankruptcy Court 06/21/2000, Discharge on 07/21/2003 ("*Uppal I*");

b.　Case Number 12-18946, Chapter 13 filed in Florida Middle District
　　Bankruptcy Court on 12/19/2012, Dismissed for Failure to File Information on
　　01/11/2013 ("*Uppal II*"); and

c.　Case Number 13-05601, Chapter 13 filed in Florida Middle Bankruptcy Court
　　on 04/29/2013 , Dismissed for Other Reason on 09/17/2013 ("*Uppal III*").

2.　The Debtor filed the subject Chapter 13 case on 01/22/2015 ("*Uppal IV*").

3.　On Schedule "F" of the Debtor's Petition, Uppal listed Wilkinson & Sadorf,

P.A., as collector for Charlene Rodriguez as an **unsecured** creditor with the amount of claim

listed as **unknown and disputed**.

4.　In reality, Debtor is certainly aware that Charlene Rodriguez ("Rodriguez") is

App. Doc. 5

App. p. 14

**THLF-036**

U.S. Bankruptcy Court, Middle District of Florida (Tampa), Case No. 8:15-bk-000594-CPM
In re: Neelam Taneja a/k/a Neelam Taneja-Uppal, Debtor
Motion to Dismiss Chapter 13 Bankruptcy Case

a secured judgment creditor of Uppal; and G. Barry Wilkinson, P.A., f/k/a Wilkinson &

Sadorf, P.A., and G. Barry Wilkinson, Esquire, serve as the legal counsel for Rodriguez since

2010. Rodriguez and Uppal have been involved in an active litigation controversy in Pinellas

County, Florida, Case Number 10-4509-SC for nearly five (5) years involving a small claims

court landlord and tenant rent deposit of Nine Hundred Dollars ($900.00) and damage

counterclaim controversy and the associated costs and legal fees awarded against Uppal in

favor of Rodriguez.

     5.    The **three (3) different Final Judgments** awarded to Rodriguez against Uppal

in the landlord and tenant controversy are described as follows:

     a.    FINAL JUDGMENT **dated November 22, 2010, for $900.00, plus interest**
on the unpaid balance;

     b.    ORDER CLARIFYING FINAL JUDGMENT OF ATTORNEY'S FEES AND
COSTS AND AMENDING FINAL JUDGMENT TO INCLUDE EXPERT
WITNESS FEES **dated MAY 17, 2011, for $7,803.50, plus interest** on the
unpaid balance; and

     c.    FINAL JUDGMENT OF PLAINTIFF/APPELLEE'S ATTORNEY'S FEES
dated **November 16, 2012, for $17,479.03, plus interest** on the unpaid
balance.

     6.    Creditor obtained and properly served TWO (2) separate Writs of Garnishment

on Bank of America to enforce the TWO (2) FINAL JUDGMENTS against Creditor.

     7.    There are two (2) separate Writs of Garnishment pending in this action in

Florida State Court in the amounts of $7,914.40 (6/9/2011) and $17,479.03 (1/9/2013),

App. p. 15

**THLF-037**

U.S. Bankruptcy Court, Middle District of Florida (Tampa), Case No. 8:15-bk-000594-CPM
In re: Neelam Taneja a/k/a Neelam Taneja-Uppal, Debtor
Motion to Dismiss Chapter 13 Bankruptcy Case

respectively, and the Bank of America (the "BOA") has filed two (2) separate answers

thereto, and answered that the BOA is holding Bank Property in several accounts related to

Defendant, NEELAM TANEJA-UPPAL, as set forth herein:

a.    Answer of Garnishee BOA dated June 15, 2011 (Writ Issued 06/09/2011):

| | Account Number | Amount Held |
|---|---|---|
| i. | #xxxx-xxxx-4206-C.D. | $ 8,838.20 |
| ii. | #xxxx-xxxx-6790 | $ 1,797.31 |
| iii. | #xxxx-xxxx-7376 | $ 1,184.72 |
| iv. | #xxxx-xxxx-4442 | $     51.37 |
| v. | Total | $11,871.60 |

b.    Answer of Garnishee BOA dated Jan. 16, 2013 (Writ Issued 01/09/2013):

| | Account Number | Amount Held ** |
|---|---|---|
| i. | #xxxxxxxx3035 | $     .02 |
| ii. | #xxxxxxxx1977 | $ 8,948.47 |
| iii. | #xxxxxxxx4206 | $   192.45 |
| iv. | #xxxxxxxx6790 | $ 1,383.44 |
| v. | #xxxxxxxx7376 | $     .07 |
| vi. | #xxxxxxxx4248 | $   20.00 |
| vii. | #xxxxxxxx1025 | *BOX HELD |
| viii. | #xxxxxxxx3504 | *BOX HELD |
| ix. | #xxxxxxxx3698 | *BOX HELD |
| x. | Total | $10,544.45 |

c.    COMBINED TOTAL FUNDS HELD        $20,416.05
      PLUS THREE (3) SAFE DEPOSIT BOXES
per BOA:    * = $150.00 fee for drilling BOX if no key is produced; and
            ** = funds also held in connection with prior garnishment writ issued in this
            action.

8.    Copies of the BOA Answers to Garnishment are attached hereto as Exhibit

"AA" and "BB", respectively, and are incorporated herein. These Exhibits were previously

filed with the Rodriguez Response to Debtor's Motion for Allocation of Bank of America

App. p. 16

THLF-038

U.S. Bankruptcy Court, Middle District of Florida (Tampa), Case No. 8:15-bk-000594-CPM
In re: Neelam Taneja a/k/a Neelam Taneja-Uppal, Debtor
Motion to Dismiss Chapter 13 Bankruptcy Case

Garnished Funds & Surety Bond [Doc 77].

### JUDICIAL NOTICE OF PINELLAS COUNTY, FLORIDA CASE #10-4509SC

9.      Pursuant to Federal Rules of Bankruptcy Procedure Rule 9017, and Federal

Rules of Evidence Rule 201, Judicial Notice of Adjudicative Facts, Creditor respectfully

requests that this court take judicial notice of the documents filed in Florida Case #10-

4509SC against the Debtor, the orders rendered by the Florida Court, the testimony of the

Debtor, and the related proceedings therein.

10.      At the time of filing the instant Petition filing by Uppal on 1/22/2015, there

were numerous matters scheduled to be heard involving Florida Case Number 10-4509-SC

and the two (2) pending Rodriguez Writs of Garnishment and various motions filed by Uppal

involving claims of exemption and applications for costs and fees.

11.      Rodriguez suggests all of these matters filed by Uppal in each of these cases

are transparent attempts to delay and hinder collection of the final judgments awarded against

Uppal in favor of Rodriguez.

12.      Rodriguez asserts that recording the certified copy of the Judgments against

Uppal creates a perfected lien against any and all real property interests owned by Uppal

located in Pinellas County, Florida, pursuant to Florida Statute §55.10.

13.      There are also the two (2) unsatisfied Writs of Garnishment now pending in

the Case Number 10-4509-SC pending against Bank of America which are still unresolved,

App. p. 17

THLF-039

U.S. Bankruptcy Court, Middle District of Florida (Tampa), Case No. 8:15-bk-000594-CPM
In re: Neelam Taneja a/k/a Neelam Taneja-Uppal, Debtor
Motion to Dismiss Chapter 13 Bankruptcy Case

as follows:

    a.    The Writ of Garnishment dated June 09, 2011, in the amount of $7,914.40, but a final judgment has not yet been entered for the garnishment costs incurred; and

    b.    The Writ of Garnishment dated January 9, 2013, in the amount of $17,479.03.

14.    Rodriguez filed an Electronic Judgment Lien Certificate J13000333782 on February 11, 2013, in the amount of $17,479.03, plus interest at 4.75% per annum in Small Claims Pinellas County Case Number 10-004509-SC against Neelam Uppal. Rodriguez asserts that filing this Certificate perfects her lien against any personal property owned by Uppal in the State of Florida pursuant to Florida Statute §§55.201 et seq.

15.    Rodriguez filed a Proof of Claim [Claim #20] in the instant case which includes attached copies of the following documents:

    a.    Affidavit of Judgment Creditor and certified copy of Final Judgment of Plaintiff/Appellee's Attorneys Fees entered by Pinellas County, Florida, County Court dated 11/16/2012;
    b.    Execution dated December 17, 2012 $17,479.03, plus 4.75% interest per year;
    c.    Writ of Garnishment dated June 09, 2011;
    d.    Writ of Garnishment dated January 9, 2013;
    e.    Electronic Lien Certificate J13000333782; and
    f.    Schedule of Real Property Interest of Debtor [eleven (11) parcels].

The Proof of Claim filed by Rodriguez is hereby incorporated herein. [Claim #20]

### Chapter 13 Eligibility Requirements

16.    Rodriguez asserts that the Debtor is not eligible to file a case under Chapter 13 of the Bankruptcy Code because the Debtor has unsecured debt in excess of the statutory

App. p. 18

U.S. Bankruptcy Court, Middle District of Florida (Tampa), Case No. 8:15-bk-000594-CPM
In re: Neelam Taneja a/k/a Neelam Taneja-Uppal, Debtor
Motion to Dismiss Chapter 13 Bankruptcy Case

limit for Debtors under Chapter 13 and because Debtor does not have a regular income from

wages in any amount whatsoever. 11 U.S.C. §109(e).

17.    Rodriguez asserts that the Debtor is not eligible to file a case under Chapter 13

of the Bankruptcy Code because the Debtor has SECURED debt in excess of the statutory

limit for Debtors under Chapter 13 and because Debtor does not have a regular income from

wages in any amount whatsoever. 11 U.S.C. §109(e).

18.    Debtor's Petition, in Schedule "I" Current Income of Individual Debtor(s),

states that Debtor is a physician, who IS UNEMPLOYED, and that her monthly gross

**INCOME** IS equal to $1,640.00 per month.

19.    On the *Uppal IV* Petition date, 11 U.S.C. §109(e) provides in pertinent part:

**11 U.S.C. §109.  Who may be a debtor**

(e) Only an individual with regular income that owes, on the date of the filing
of the petition, noncontingent, liquidated, unsecured debts of less than
$383,175 and noncontingent, liquidated, secured debts of less than $1,149,525
... may be a debtor under Chapter 13 of this title.

20.    Debtor's Petition, Schedule "D" - Creditors holding secured claims, lists three

mortgages in the combined amount of $1,473,224.83, of which there is an unsecured portion

amounting to the combined aggregate sum of $756,458.83.

21.    Certain creditors have filed Proofs of Claim showing secured debt substantially

in excess of the statutory maximums, as follows:

a.    Claim #17 - Wells Fargo Bank - Secured Claim $1,073,923.10;

App. p. 19

THLF-041

17-01027-cgm   Doc 3-2   Filed 03/20/17   Entered 03/20/17 16:56:17   Exhibit Exhibit
1 - Motion to Dismiss or   Alternately   To Strike Appellant   Pg 42 of 76

Case 8:15-bk-00594-CPM   Doc 171   Filed 06/26/15   Page 7 of 16

U.S. Bankruptcy Court, Middle District of Florida (Tampa), Case No. 8:15-bk-000594-CPM
In re: Neelam Taneja a/k/a Neelam Taneja-Uppal, Debtor
Motion to Dismiss Chapter 13 Bankruptcy Case

  b.  Claim #20 - Charlene Rodriguez - Secured Claim $19,861.44;

  c.  Claim #22 - BONY Mellon - Secured Claim $757,884.06;

  d.  Claim #23 - Los Palmas Condo. Assoc. - Secured Claim $7,196.79;

  e.  Claim #24 - Wells Fargo Bank - Secured Claim $244,013.92; and

  f.  These five (5) secured claims amount to approximately $2,098,000.00, which

is well above the §109(e) limits for a Chapter 13 Debtor.

  22.  Debtor's Petition, [Amended] Schedule "F" - Creditors holding unsecured

nonpriority claims lists debts in the combined amount of $273,741, approximately.

  23.  The unsecured portion of the Schedule "D" claims of $756,458.83 must be

combined with the unsecured claims on Schedule "F" of $273,741 to determine the total

amount of unsecured debts shown on the Debtor's Petition in the amount of $1,030,199.83.

  24.  Rodriguez suggests that the unsecured debts of the Debtor shown on the

Petition in the amount of $1,030,199.83 greatly exceed the statutory limit of $383,175.  11

U.S.C. §109(e).

  25.  Rodriguez suggests that the SECURED debt proofs of claims filed herein of

$2,098,000 greatly exceed the statutory limit of $1,149,525.  11 U.S.C. §109(e).

### Lack of Good Faith

  26.  Debtor's Petition and Schedules in *Uppal IV* include a substantial number of

material factual misstatements and omissions.  *Uppal II* and *Uppal III* were also materially

App. p. 20

**THLF-042**

U.S. Bankruptcy Court, Middle District of Florida (Tampa), Case No. 8:15-bk-000594-CPM
In re: Neelam Taneja a/k/a Neelam Taneja-Uppal, Debtor
Motion to Dismiss Chapter 13 Bankruptcy Case

inaccurate, and both were dismissed by the Court.

     27.    Debtor's Petition, Schedule B - Personal Property, Item 2, Checking, savings

or other financial accounts, shows **Bank of America** Checking Acct in the amount of

**Unknown**.

     28.    Debtor's Petition, Schedule C - Property Claimed as Exempt, Item 3, shows

**Bank of America** Checking Acct in the amount of **Unknown**.

     29.    In fact, Rodriguez suggests that Debtor has been involved in a controversy with

Rodriguez involving Bank of America Writs of Garnishment for several years, in which

Bank of America has identified several bank accounts as follows:

     a.    Garnishee, Bank of America, Answer to Writ dated 6/15/2011 advises that

        Garnishee has set aside the following sums:

| | | |
|---|---|---|
| i. | 4206-C.D. | $8,838.20 |
| ii. | 6790 | $1,797.31 |
| iii. | 7376 | $1,184.72 |
| iv. | 4442 | $51.37 |

     b.    Garnishee, Bank of America, Amended Answer to Writ dated 1/16/2013

        advises that Garnishee has set aside the following sums:

| | | |
|---|---|---|
| i. | 3035 | $0.02 |
| ii. | 1977 | $8,948.47 |
| iii. | 4206 | $192.45 |
| iv. | 6790 | $1,383.44 |
| v. | 7376 | $0.07 |
| vi. | 4248 | $20.00 |
| vii. | 1025 | BOX HELD |

App. p. 21

**THLF-043**

U.S. Bankruptcy Court, Middle District of Florida (Tampa), Case No. 8:15-bk-000594-CPM
In re: Neelam Taneja a/k/a Neelam Taneja-Uppal, Debtor
Motion to Dismiss Chapter 13 Bankruptcy Case

| | | | |
|---|---|---|---|
| viii. | 3504 | | BOX HELD |
| ix. | 3698 | | BOX HELD |

30.     Debtor's Petition, Schedule B - Personal Property, Item 12, Interests in IRA,

Erisa, Keogh, or other pension or profit sharing plans originally showed the response "X" in

the "**None**" column, and now shows Bank of America, Wells Fargo, Openheimer - under

corp, but insufficient detail to even investigate the claim of exemption.

31.     In fact, Rodriguez asserts that Debtor has an interest in that certain **Bay Area**

**Infectious Disease Center Defined Benefit Plan f/b/o Neelam Taneja-Uppal as a trustee**

**and as a beneficiary**. Rodriguez has located two (2) parcels of real property located in

Pinellas County, Florida, which were transferred by the Debtor to the said Defined Benefit

Plan, as follows:

a.     1521 S Missouri Ave, Clearwater, FL 33756; SALL'S SUB Lot 4; Warranty
Deed dated 10/3/2011 in favor of *Neelam Taneja-Uppal, Trustee of the Bay
Area Infectious Disease Center Defined Benefit Plan FBO Neelam Taneja-
Uppal* recorded at O.R. Book 17371, Page 768 ; Pinellas County Parcel No.
22/29/15/78480/004/0040; and

b.     1407 Gulf to Bay Blvd, Clearwater, FL 33755; BOULEVARD HEIGHTS;
Special Warranty Deed dated 4/21/2010 in favor of *Bay Area Infectious
Disease Center Defined Benefit Plan FBO Neelam Uppal* recorded at O.R.
Book 16907, Page 895; Pinellas County Parcel No. 14/29/15/10476/003/0010.

32.     Debtor's Petition, Schedule B - Personal Property, Item 13, Stock and interests

in incorporated and unincorporated businesses, shows the response "X" in the "**None**"

column.

App. p. 22

**THLF-044**

U.S. Bankruptcy Court, Middle District of Florida (Tampa), Case No. 8:15-bk-000594-CPM
In re: Neelam Taneja a/k/a Neelam Taneja-Uppal, Debtor
Motion to Dismiss Chapter 13 Bankruptcy Case

33.   In fact, Rodriguez has learned that Debtor has an interest in several

incorporated and unincorporated business as follows:

a.   GULF COAST OCCUPATIONAL & WELLNESS CENTER, LLC, 1407
Gulf to Bay Blvd, Clearwater, FL 33755;

b.   ULTRA-MED, LLC, 3501 First Avenue South, St. Petersburg, Florida 33711-1303;

c.   NEELAM UPPAL, M.D., a sole proprietorship, 5840 Park Blvd., · Pinellas
Park, FL 33781; and

d.   BAY AREA INFECTIOUS DISEASES, a sole proprietorship, 5840 Park
Blvd., Pinellas Park, FL 33781.

34.   Debtor's Petition, Schedule B - Personal Property, Item 19, Equitable or future

interests, life estates, and rights or powers exercisable for the befit of the debtor other than

those listed in Schedule A - Real property, shows the response "X" in the "**None**" column.

35.   In fact, Rodriguez has learned· that Debtor created and maintained two (2)

separate **revocable living trusts dated 8/14/2002 and 3/23/2004, respectively, where the**

**Debtor is named as trustee and as beneficiary.** At the very minimum, six (6) parcels of

real property located in Pinellas County, Florida, appear to have been transferred by the

Debtor to the said Debtor's revocable living trusts, as follows:

a.   7069 Key Haven Road #205, Seminole, FL 33777; SEMINOLE ISLE
CONDO; Special Warranty Deed dated 6/28/2007 recorded at O.R. Book
15873, Page 1632 in favor of *Neelam Taneja Uppal, Trustee of the Sheena
Living Trust· dated August 14, 2002*; Pinellas County Parcel No.
26/30/15/79835/014/2050;

b.   7645 Sun Island Dr S #207, South Pasadena, FL 33707; BAY ISLAND
GROUP NO. 8; Warranty Deed dated 2/2/2010 recorded at O.R. Book 16824,
Page 1804 in favor of *The Sheena Living Trust dated August 14,2002 - -
Neelam Taneja Uppal as Trustee*; Pinellas County Parcel No.

App. p. 23

**THLF-045**

U.S. Bankruptcy Court, Middle District of Florida (Tampa), Case No. 8:15-bk-000594-CPM
In re: Neelam Taneja a/k/a Neelam Taneja-Uppal, Debtor
Motion to Dismiss Chapter 13 Bankruptcy Case

30/31/16/03619/000/2070;

c.  5840 Park Blvd., Pinellas Park FL 33781; PINELLAS PARK; Warranty Deed
dated 3/23/2003 recorded at O.R. Book 12776, Page 2159 in favor of *Neelam
Taneja-Uppal, Trustee of the Sheena Trust dated 8/14/02*; Pinellas County
Parcel No. 28/30/16/71064/022/0030;

d.  Park Blvd. Vacant Land, Pinellas Park FL 33781; PINELLAS PARK;
Warranty Deed dated 3/23/2003 recorded at O.R. Book 12776, Page 2159 in
favor of *Neelam Taneja-Uppal, Trustee of the Sheena Trust dated 8/14/02*;
Pinellas County Parcel No. 29/30/16/71154/000/0020;

e.  Park Blvd. Vacant Land, Pinellas Park FL 33781; PINELLAS PARK;
Warranty Deed dated 3/23/2003 recorded at O.R. Book 12776, Page 2159 in
favor of *Neelam Taneja-Uppal, Trustee of the Sheena Trust dated 8/14/02*;
Pinellas County Parcel No. 28/30/16/71064/022/0040; and

f.  1527 S Missouri Ave, Clearwater, FL 33756; SALL'S SUB Lot 5; Warranty
Deed dated 10/3/2011 in favor of *Neelam Taneja-Uppal, Trustee of the
Sheena Investment Living Trust UTD 3/23/04* recorded at O.R. Book 17371,
Page 766 ; Pinellas County Parcel No. 22/29/15/78480/004/0050.

36.    Rodriguez suggests that the eight (8) parcels of real property located in Pinellas

County, Florida, having a substantial ASSESSED value in excess of Six Hundred Eighty

Thousand Dollars ($680,000) have been intentionally omitted from the Debtor's Petition and

should be deemed to show a lack of good faith on the Debtor's part. A copy of the Schedule

of Real Property Interests owned by the Debtor is attached to Creditor Claim #20.

37.    Rodriguez suggests that Debtor does not earn any wage income.

38.    Debtor's Schedule I - Current Income of Individual Debtors, Line 7, shows

income from operation of business or profession or farm, where a detailed statement is

App. p. 24

THLF-046

U.S. Bankruptcy Court, Middle District of Florida (Tampa), Case No. 8:15-bk-000594-CPM
In re: Neelam Taneja a/k/a Neelam Taneja-Uppal, Debtor
Motion to Dismiss Chapter 13 Bankruptcy Case

required, but none is filed.

39.    Rodriguez suggests that Debtor earns her entire income from the operation of the several businesses identified herein.   And no detailed profit and loss statements whatsoever have been attached to the Petition.

40.    Debtor's Schedule I - Current Income of Individual Debtors, Line 8, shows $2,800.00 as income from real property, and no income statements are attached.

41.    Rodriguez suggests that Debtor has substantially understated the income from real property of the $680,000 plus of real property controlled by Debtor.

42.    Debtor filed her Statement of Financial Affiars (the "SFA") as part of her Petition.

43.    Debtor's SFA, Item 1, Income from employment or operation of business, shows the box checked **none**.

44.    Rodriguez suggests that Debtor has made an intentional misrepresentation by this omission.

45.    Rodriguez suggests that Debtor has made an intentional misrepresentation by this omission of the real property rental business.

46.    Debtor's SFA, Item 10, Other transfers, shows the box checked **none** in sub-paragraph b., list all property transferred by the debtor within TEN YEARS immediately preceding the commencement of this case to a self-settled trust or similar devise of which the

App. p. 25

THLF-047

U.S. Bankruptcy Court, Middle District of Florida (Tampa), Case No. 8:15-bk-000594-CPM
In re: Neelam Taneja a/k/a Neelam Taneja-Uppal, Debtor
Motion to Dismiss Chapter 13 Bankruptcy Case

debtor is a beneficiary.

47.    Rodriguez suggests that Debtor has made an intentional misrepresentation by this omission. Five (5) of the eight (8) parcels of real property transferred by Debtor to her self-settled trusts and her defined benefit plan were all transferred within TEN YEARS of the Debtor's Petition date.

48.    Debtor filed each of the Petition documents under the penalty of perjury.

49.    Assuming that Debtor's disclosures are somewhat accurate, there is no reasonably possible Chapter 13 Plan that could possibly be proposed and confirmed by Debtor. The Debtor should be required to live by the assertions made in the Petition.

50.    Rodriguez suggests that the Debtor's Petition conclusively shows that the *Uppal IV* Petition was not filed in good faith.

**Presumption of Bad Faith Applies**

51.    In the event that the Court does not dismiss the instant Chapter 13 Case for eligibility violations, Rodriguez respectfully requests that the court determine the automatic stay is terminated as to Rodriguez on July 22, 2015 [Six (6) months post-petition], as to assets and income of the Debtor and of the Estate; and that the Debtor and Rodriguez be permitted to litigate the state court claims involving the two judgments, the two Writs of Garnishment, and Debtor's numerous claims of exemption and claims of abuse by a creditor.

52.    Alternatively, in the event that the Court does dismiss the instant Chapter 13

App. p. 26

THLF-048

U.S. Bankruptcy Court, Middle District of Florida (Tampa), Case No. 8:15-bk-000594-CPM
In re: Neelam Taneja a/k/a Neelam Taneja-Uppal, Debtor
Motion to Dismiss Chapter 13 Bankruptcy Case

Case for eligibility violations, and the Court permits the Debtor to convert her case to a

Chapter 7 or a Chapter 11 case, Rodriguez respectfully requests that the court determine the

automatic stay is terminated as to Rodriguez on July 22, 2015 [Six (6) months post-petition]

as to assets and income of the Debtor and of the Estate; and that the Debtor and Rodriguez

be permitted to litigate the state court claims involving the two judgments, the two Writs of

Garnishment, and Debtor's numerous claims of exemption and claims of abuse by a creditor.

53.     Rodriguez asserts that a presumption of bad faith applies in this case because

Debtor's situation has not changed since *Uppal II* and *Uppal III*, and Rodriguez asserts

Debtor is unlikely to confirm a plan in the new bankruptcy case, *Uppal IV*.

54.     Bankruptcy Code provides, pursuant to 11 U.S.C. §362(e)(3)(A), that for

*repeat filers* the automatic stay "shall terminate with respect to the debtor" automatically

thirty (30) days after the petition date - - or February 22, 2015 in this case at bar.  Four (4)

Chapter 13 Cases by Debtor should be deemed to be a repeat filer.

55.     A Chapter 13 filing is presumed to be not in good faith as to all creditors when

the debtor's financial or personal affairs have not substantially changed, and there is no other

reason to conclude the case will result in a confirmed plan.   See 11 U.S.C.

§362(c)(3)(C)(i)(III) and (III)(bb).

56.     Rodriguez suggests that because Debtor has not presented any evidence that

her situation has substantially changed, the court should determine the rebuttable

App. p. 27

THLF-049

U.S. Bankruptcy Court, Middle District of Florida (Tampa), Case No. 8:15-bk-000594-CPM
In re: Neelam Taneja a/k/a Neelam Taneja-Uppal, Debtor
Motion to Dismiss Chapter 13 Bankruptcy Case

presumption that *Uppal IV* was not filed in good faith applies.

57.    Rodriguez suggests that Debtor must rebut that presumption with "clear and

convincing" evidence that the new petition was filed in good faith.

58.    If the Chapter 13 case is not dismissed, Rodriguez suggests the court should

determine that a Chapter 13 plan is not reasonably likely to be confirmed and the automatic

stay should be allowed to terminate automatically 30-days after the petition date.

59.    Rodriguez respectfully requests that his Motion to Dismiss Chapter 13

Bankruptcy Case should be considered by the court at an evidentiary hearing; that the case

should be dismissed; and if the case is not dismissed, that the automatic stay shall expire on

July 22, 2015 [Six (6) months post-petition], or such date as the court determines.

60.    Alternatively, if the case is converted to a Chapter 7 case or a Chapter 11 case,

the Court should determine that the automatic stay shall expire on July 22, 2015 [Six (6)

months post-petition], or such date as the court determines.

Respectfully submitted.

Dated: June 26, 2015.

        /s/ G. Barry Wilkinson
        G. BARRY WILKINSON of
        G. Barry Wilkinson, P.A.
        P.O. Box 8102
        Madeira Beach, FL 33738-8102
        (727) 823-1514; Telefax (727) 823-0328
        Florida Bar No. 0749230
        Primary Email: gbarryw@tampabay.rr.com
        Secondary Email: mfoster21@tampabay.rr.com

App. p. 28

**THLF-050**

U.S. Bankruptcy Court, Middle District of Florida (Tampa), Case No. 8:15-bk-000594-CPM
In re: Neelam Taneja a/k/a Neelam Taneja-Uppal, Debtor
Motion to Dismiss Chapter 13 Bankruptcy Case

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been
furnished to:

    U.S. Trustee, by e-service USTPRegion21.TP.ECF@USDOJ.GOV , 801 N.
Florida Avenue, Tampa, FL 33602; Kimberly McIntyre, for Jon Waage, Trustee, by
e-service Taxreturns@tampa13.com, 501 East Polk Street, Suite 1200, Tampa, FL
33602-3945; L. Jill McDonald, Esq.,The Law Offices of Jill McDonald, by e-service
jill@jillmcdonald.com, and Notices@jillmcdonald.com 25400 US 19 North, Ste. 252,
Clearwater, FL 33763; Tara J. Scott, Esquire, by e-service tscott@tscottlaw.com,
8950 9th Street North, Suite 130, St. Petersburg, FL 33702; and Neelam T. Uppal,
Debtor, by U.S. Mail, P.O. Box 1002, Largo, FL 33779, and by U.S. Mail to other
persons shown on the Matrix, this 26th day of June, 2015.

            /s/ G. Barry Wilkinson

            G. BARRY WILKINSON of
            G. Barry Wilkinson, P.A.
            P.O. Box 8102
            Madeira Beach, FL 33738-8102
            (727) 823-1514; Telefax (727) 823-0328
            Florida Bar No. 0749230
            Primary Email: gbarryw@tampabay.rr.com
            Secondary Email: mfoster21@tampabay.rr.com

App. p. 29

THLF-051

## EXHIBIT "AA"

JUN 26 2011

CHARLENE RODRIGUEZ,
         Plaintiff,

vs.

NEELAM TANEJA-UPPAL,
         Defendant,

and
BANK OF AMERICA, N.A.,
         Garnishee

_____/

IN THE COUNTY COURT OF THE
6TH JUDICIAL CIRCUIT IN AND FOR
PINELLAS COUNTY, FLORIDA

SMALL CLAIMS DIVISION
CASE NO.:   10-4509-SC-44

ANSWER OF GARNISHEE AND
DEMAND FOR PAYMENT
OF ATTORNEY'S FEES

Garnishee, BANK OF AMERICA, N.A., by its undersigned attorney, Answers the Writ
of Garnishment served on it, as follows:

1.     At the time of the service of the Writ of Garnishment, plus sufficient time not to
exceed one business day for Garnishee to act expeditiously on the Writ,  and at the time of its
Answer and at all times between service and its Answer, Garnishee's records reflect the following
account(s) which may be subject to the Writ of Garnishment:

| Account Number(s) | Name on Account |
|---|---|
| xxxx-xxxx-4206-C.D. | Neelam Taneja-Uppal |
| (Maturity Date: 01/24/12, | ITF   Manik Uppal |
| and subject to penalty | 7352 Sawgrass Point Dr. |
| for early redemption.) | Pinellas Park, FL   33782-4204 |
| | |
| xxxx-xxxx-6790 | Neelam Taneja-Uppal |
| | 7352 Sawgrass Point Dr. |
| | Pinellas Park, FL   33782-4204 |
| | |
| xxxx-xxxx-7376 | Neelam Taneja-Uppal |
| | ITF   Manik Uppal |
| | 7352 Sawgrass Point Dr. |
| | Pinellas Park, FL   33782-4204 |
| | |
| xxxx-xxxx-4442 | Neelam Taneja-Uppal |
| | ITF   Manik Uppal |
| | 7352 Sawgrass Point Dr. |
| | Pinellas Park, FL   33782-4204 |

2.     Pursuant to provisions of Sections 77.06 (2) and (3) of Florida Statutes, and
subject to Court determination of the proper disposition of proceeds of the above account(s),

App. p. 30

THLF-052

Garnishee has in good faith set aside the following sums:

| Account Number(s) | Amount Set Aside |
|---|---|
| xxxx-xxxx-4206-C.D. | $8,838.20 |
| xxxx-xxxx-6790 | $1,797.31 |
| xxxx-xxxx-7376 | $1,184.72 |
| xxxx-xxxx-4442 | $51.37 |

3.    Under its deposit agreement/contract with its customer, Garnishee has a contractual right of setoff and it hereby claims this right. Specifically, Garnishee is authorized to offset, among its other rights, a bank processing fee in the amount of $100.00. Said sum has been taken from the funds in paragraph 2 above and the amount shown reflects the reduced sum held after offset. As such, this is the sum available for garnishment herein.

4.    Garnishee has no obligation to make, and has not made, a factual determination whether the property of the Defendant(s) in its possession or control is subject to any exemption provided to the Defendant(s) by State or Federal Law.

5.    Garnishee knows of no other person indebted to Defendant(s) or any other person who may have any effects, goods, money or chattels of the said Defendant(s), nor did Garnishee have in its possession or control any other tangible or intangible personal property of the Defendant(s).

6.    Having fully answered the Writ of Garnishment served upon it, Garnishee demands that the sums deposited into the registry of the Court to secure this Writ be paid to Garnishee's attorney as reimbursement for costs expended in responding to this Writ of Garnishment.

WHEREFORE, Garnishee prays this Court enter its judgment determining proper disposition of any funds held pursuant to the Writ of Garnishment. Garnishee hereby **demands** payment of statutory garnishment fees to be made **payable directly to Ana Diaz Noa, P.A.,** Garnishee's attorney.

ANA DIAZ NOA, P.A.
Attorney(s) for Garnishee
P. O. Box 652112
Miami, Florida 33265
Telephone: (305)567-0516
Facsimile: (305)559-3611

By: _____
[✓] ANA DIAZ NOA, ESQ.
    FLORIDA BAR # 729299
[ ] JOSEPH A. NOA, JR., ESQ.
    FLORIDA BAR # 81984

App. p. 31

I HEREBY CERTIFY that a true copy of the foregoing Answer of Garnishee and Demand for Payment was furnished by mail this 15th day of ___June___, 2011, to G. BARRY WILKINSON, ESQ., ATTORNEY(S) FOR PLAINTIFF(S), 696 1st Avenue North, Suite 201, St. Petersburg, Florida 33701.

By: _____

ANA DIAZ NOA, P.A.
Attorney for Garnishee

App. p. 32

THLF-054

**EXHIBIT "BB"**



IN THE COUNTY COURT
IN AND FOR PINELLAS COUNTY, FLORIDA

JAN 22 2013

CHARLENE RODRIGUEZ,         CASE NO. 10-4509 SC 44

       Plaintiff,

vs.

NEELAM TANEJA-UPPAL,         **AMENDMENT**
       **ANSWER TO WRIT OF**
       Defendant,         **GARNISHMENT SERVED**
       **JANUARY 11, 2013 AND DEMAND**
and         **FOR ATTORNEYS' FEES**

BANK OF AMERICA, N.A.,

       Garnishee.

_____/

      Garnishee, BANK OF AMERICA, N.A. , files an Amendment to Answer in Garnishment

and says:

      1.  This Amendment to Answer to Writ of Garnishment amends the Answer to Writ of

Garnishment served by Garnishee on January 15, 2013 by clarifying the allegations pertaining to

Garnishee's indebtedness to Defendant between the time of service of the Writ and Garnishee's

Answer.

      2.  Garnishee was not indebted and has not had any goods, monies, chattels or effects of

Defendant(s), at the time of service of the Writ of Garnishment served upon the Garnishee (plus

sufficient time not to exceed one business day for Garnishee to act expeditiously on the Writ) and at

the time of its answer and at all times between service and its answer, except for:

| ACCOUNT NUMBER | NAME AND ADDRESS | AMT. HELD** |
|---|---|---|
| xxxxxxxx3035 | Neelam Taneja-Uppal DBA | $0.02 |

App. p. 33

**THLF-055**

17-01027-cgm   Doc 3-2   Filed 03/20/17   Entered 03/20/17 16:56:17   Exhibit Exhibit
1 - Motion to Dismiss or   Alternately   To Strike Appellant   Pg 56 of 76

Case 8:15-bk-00594-CPM   Doc 171-2   Filed 06/26/15   Page 2 of 3

|  | Bay Area Infectious Disease Ctr.<br>Escrow Account<br>7352 Sawgrass Point Dr. N<br>Pinellas Park, FL 33782-4204 |  |
| xxxxxxxx1977 | Neelam T. Uppal M.D. DBA<br>Bay Area Infectious Disease Center<br>P.O. Box   1002<br>Largo, FL 33779-1002 | $8,948.47 |
| xxxxxxxx4206 | Neelam Taneja-Uppal ITF<br>Manik Uppal<br>7352 Sawgrass Point Dr. N<br>Pinellas Park, FL 33782-4204 | $192.45 |
| xxxxxxxx6790 | Neelam Taneja-Uppal<br>7352 Sawgrass Point Dr. N<br>Pinellas Park, FL 33782-4204 | $1,383.44 |
| xxxxxxxx7376 | Neelam Taneja-Uppal ITF<br>Manik Uppal<br>7352 Sawgrass Point Dr. N<br>Pinellas Park, FL 33782-4204 | $0.07 |
| xxxxxxxx4248 | Neelam Taneja-Uppal<br>7352 Sawgrass Point Dr. N<br>Pinellas Park, FL 33782-4204 | $20.00 |
| xxxxxxxx1025 | Usha Taneja or<br>7352 Sawgrass Point Dr. N<br>Pinellas Park, FL 33782-4204 | *BOX HELD |
| xxxxxxxx3504 | Neelam Taneja-Uppal<br>7352 Sawgrass Point Dr. N<br>Pinellas Park, FL 33782-4204 | *BOX HELD |
| xxxxxxxx3698 | Bay Area Infectious Disease Ctr.<br>7352 Sawgrass Point Dr. N<br>Pinellas Park, FL 33782-4204 | *BOX HELD |

*In the event the Defendant does not produce its key there is a $150.00 drilling fee.

**Bank of America is holding funds pursuant to a prior Writ of Garnishment issued in this action.

App. p. 34

THLF-056

3. The Garnishee has no duty or obligation to make, and has not made, a determination

whether the property of the Defendant(s), in its possession or control is subject to any defenses or

exemption provided to the Defendant(s), by State or Federal Law.

CERTIFICATE OF SERVICE OF DESIGNATION OF PRIMARY E-MAIL ADDRESSES

Pursuant to Rule 2.516(b)(1)(B), Florida Rules of Judicial Procedure, the following primary
and secondary e-mail addresses are designed for service of pleadings and documents in the above
styled matter.

PRIMARY:     ajhones@hsaalegal.com
SECONDARY:   jthaley@hsaalegal.com

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 16th day
of January, 2013 to: G. Barry Wilkinson, Esquire, 696 1st Avenue, North, Suite 201, St. Petersburg,
Florida  33701.

HALEY & JHONES, P.A.
Attorneys for Garnishee
1500 San Remo Avenue, Suite 222
Coral Gables, FL  33146
Phone:  (305) 661-4637
Fax:    (305) 661-4640

By:     _____
ANA M. JHONES, ESQUIRE
FBN: 771170
J. T. HALEY, ESQUIRE
FBN: 131633

**GARNISHEE'S STATUTORY DEMAND TO CLERK
FOR ATTORNEYS' FEES DEPOSIT
(FLORIDA STATUTES, SECTION 77.28)**

Garnishee has employed the services of the undersigned law firm to represent Garnishee
in these garnishment proceedings. Garnishee **DEMANDS** the statutory partial deposit from the Clerk
of the court payable to **Haley & Jhones, P.A.**, as compensation to be applied towards Garnishee's
reasonable attorneys' fee.

By:     _____
ANA M. JHONES, ESQUIRE
FBN: 771170
J. T. HALEY, ESQUIRE
FBN: 131633

P:\Garnishments-70.342\Answers-2013\AMEND 13-034.wpd

**App. p. 35**

17-01027-cgm   Doc 3-2   Filed 03/20/17   Entered 03/20/17 16:56:17   Exhibit Exhibit
1 - Motion to Dismiss or   Alternately   To Strike Appellant   Pg 58 of 76

Page 1 of 3

<u>Skip to Main Content</u> · <u>Logout</u>   <u>My Account</u>   <u>Search Menu</u>   <u>Refine</u>   Location : Pinellas County   <u>Help</u>
<u>Search</u>

**Record Count: 45**
Search By: Party   Exact Name: on   Party Search Mode: Name   Last Name: Uppai   First Name: Neelam   Sort By: Filed Date Rev

| Case Number | Citation Number | Style/Defendant | Filed/Location/Ju Officer | Type | Charge(s) |
|---|---|---|---|---|---|
| 15-002439-CO | | NEELAM UPPAL, et al Vs. JABASCO SELF, et al | 04/02/2015 Section 39 FULLERTON, WALT | DELINQUENT TENA | |
| 15-001911-FD | | NOELLE DOMINIQUE SELF Vs. NEELAM UPPAL | 02/27/2015 Section 25 MUSCARELLA, PAT | DOMESTIC - STALK | |
| 15-001758-FD | | NEELAM UPPAL Vs. JABASCO SELF | 02/24/2015 Section 24 RAMSBERGER, THC | DOMESTIC - STALK | |
| 14-008764-CI | | NEELAM UPPAL Vs. BOARD OF MEDICINE, et al | 11/26/2014 Section 20 SCHAEFER, JOHN / | INJUNCTION - CIRC | |
| 14-005972-CO | | LAS PALMAS CONDOMINIUM ASSOCIATION INC Vs. NEELAM T UPPAL, et al | 07/24/2014 Section 40 JAGGER, EDWIN | OTHER CIVIL - COU | |
| 13-000082-AP | | NEELAM UPPAL Vs. CHARLENE RODRIGUEZ | 12/17/2013 Section 88A ALLAN, LINDA R | APPEAL | |
| 13-000074-AP | | UPPAL, NEELAM Vs. RODRIGUEZ, CHARLENE | 11/08/2013 Section 88A ALLAN, LINDA R | APPEAL | |
| 13-010045-CI | | NATIONSTAR MORTGAGE LLC Vs. NEELAM T UPPAL, et al | 10/28/2013 Section 13 NEWTON, CYNTHIA | REAL PROP - NON- | |
| 13009239WBN | 9239WBN | UPPAL, NEELAM 04/03/1960 | 02/22/2013 North County VACCARO, DOROTI | TRAFFIC INFRACTI | RED LIGHT VIOLATION |
| 13009240WBN | 9240WBN | UPPAL, NEELAM 04/03/1960 | 02/22/2013 North County VACCARO, DOROTI | TRAFFIC INFRACTI | REGISTRATION REQUIRED |
| 13-000111-SC | | J M STEWART CORPORATION, DOING BUSINESS AS STEWART SIGNS Vs. NEELAM T UPPAL, DOING BUSINESS AS BAY AREA INFECTIOUS DISEASE CENTER | 01/04/2013 North SMALL CLAIMS JUC | SMALL CLAIMS 3 - $ | |
| 12009820RWX | 9820RWX | UPPAL, NEELAM 04/03/1960 | 12/17/2012 North County VACCARO, DOROTI | TRAFFIC INFRACTI | IMPROPER CHANGE OF LANE |
| 12-014890-CI | | WELLS FARGO BANK N A Vs. NEELAM TANEJA - UPPAL, et al | 12/13/2012 Section 7 BOYER, BRUCE | REAL PROP - NON- | |
| 12-009994-CO | | NEELAM UPPAL Vs. MICHAEL BLACK, et al | 10/29/2012 Section 42 CARASSAS, JOHN | DELINQUENT TENA | |

App. Doc. 6

App. p. 36

17-01027-cgm   Doc 3-2   Filed 03/20/17   Entered 03/20/17 16:56:17   Exhibit Exhibit 1 - Motion to Dismiss or   Alternately   To Strike Appellant   Pg 59 of 76

Page 2 of 3

| Case Number | Alt Number | Parties | Date / Section / Judge | Case Type |
|---|---|---|---|---|
| 12-004114-SC | | SEMINOLE ISLE CONDOMINIUM ASSOCIATION INC vs. NEELAM TANEJA UPPAL | 07/05/2012 Section 45 FULLERTON, WALT | SMALL CLAIMS |
| 12-003155-CO | | NEELAM UPPAL vs. SYLVIA DILBER | 04/11/2012 Section 40 JAGGER, EDWIN | DELINQUENT TENA |
| 12-003722-CI | | NEELAM UPPAL vs. SPECTRUM AESTHETIC SOLUTION LC, et al | 03/27/2012 Section 13 RONDOLINO, ANTH | CONTRACTS AND I |
| 12-001145-SC | | GUTTER MAN OF TAMPA BAY LLC vs. NEELAM UPPAL MD | 02/08/2012 Section 48 CARASSAS, JOHN | SMALL CLAIMS |
| 11-009466-CO | | NEELAM UPPAL MD vs. SPECTRUM AESTHETIC SOLUTION LC, et al | 10/04/2011 Section 54 HESSINGER, KATHI | CONTRACTS AND I |
| 11004852LAY | 4852LAY | UPPAL, NEELAM 04/03/1960 | 06/30/2011 South County OVERTON, WILLIAM | TRAFFIC INFRACTI RED LIGHT VIOLATION/CAMERA |
| 11-000034-AP | | NEELAM UPPAL vs. CHARLENE RODRIGUEZ | 06/22/2011 Section 88B WILLIAMS, AMY M | APPEAL |
| 11-000010-AP | | NEELAM UPPAL vs. CHARLENE RODRIGUEZ | 02/28/2011 Section 88A ALLAN, LINDA R | APPEAL |
| 11-001130-CI | | WELLS FARGO BANK N A vs. NEELAM T UPPAL, et al | 02/07/2011 Section 8 MINKOFF, THOMAS | REAL PROP - HOME |
| 10007020RUI | 7020RUI | UPPAL, NEELAM 04/03/1960 | 10/13/2010 South County Overton, William H. | TRAFFIC INFRACTI UNLAWFUL SPEED |
| 10-004509-SC | | CHARLENE RODRIGUEZ vs. NEELAM TANEIA UPPAL | 08/30/2010 Section 45 KELLY, LORRAINE | SMALL CLAIMS |
| 10-007849-CI | | WELLS FARGO BANK N A vs. NEELAM T UPPAL, et al | 05/18/2010 Section 8 DEMERS, DAVID A | REAL PROP - NON- |
| 10-004200-CO | | NEELAM UPPAL vs. BRUCE BERGERON, et al | 05/07/2010 Section 54 HESSINGER, KATHI | DELINQUENT TENA |
| 08007371RJN | 7371RJN | UPPAL, NEELAM 04/03/1960 | 12/19/2008 South County OVERTON, WILLIAM | TRAFFIC INFRACTI UNLAWFUL SPEED |
| 08-010409-CO | | NEELAM UPPAL vs. DAVID CHAIKA, et al | 10/16/2008 Section 39 FULLERTON, WALT | DELINQUENT TENA |
| 08-009004-SC | | SMARTEQUITY INVESTMENTS LLC vs. BAY AREA INFECTIOUS DISEASE AND INFUSION CENTER, et al | 09/29/2008 Section 45 FULLERTON, WALT | SMALL CLAIMS |
| 08-008019-CO | | NEELAM UPPAL vs. SANDRA CASH, et al | 08/08/2008 Section 54 HESSINGER, KATHI | DELINQUENT TENA |
| 08-000905-FD | | | 01/24/2008 Section 12 | DOMESTIC VIOLEN |

App. p. 37

THLF-059

Page 3 of 3

| | | NEELAM UPPAL vs. JOHN SCHAFFNER | LENDERMAN, JOHN | |
|---|---|---|---|---|
| 07000616FKP | 0616FKP | UPPAL, NEELAM 04/03/1960 | 09/05/2007 South County OVERTON, WILLIAM | TRAFFIC INFRACTI UNLAWFUL SPEED |
| 07003764FDC | 3764FDC | UPPAL, NEELAM 04/03/1960 | 08/23/2007 North County CARASSAS, JOHN | TRAFFIC INFRACTI UNLAWFUL SPEED |
| 07-002493-CO | | RAJENDRA PRASAD vs. NEELAM UPPAL | 03/15/2007 Section 40 JAGGER, EDWIN | CONTRACTS AND I |
| 06-005761-CI | | J STANFORD PA MORSE vs. JAMES C PARAVE, et al | 08/17/2006 Section 11 McGRADY, J THOM | INTERPLEADER - C |
| 05003980SAR | 3980SAR | UPPAL, NEELAM 04/03/1960 | 06/13/2005 South County OVERTON, WILLIAM | TRAFFIC INFRACTI UNLAWFUL SPEED |
| 05-001371-FD | | NEELAM UPPAL vs. RAJIV UPPAL | 02/03/2005 Section 12 LENDERMAN, JOHN | ENFORCE FOREIGI |
| 03-007555-SC | | ERMINA SENDIJAREVIC vs. NEELAM UPPAL | 08/26/2003 Section 44 GRUBE, KARL B | SMALL CLAIMS |
| 03-008513-FD | | RAJIV UPPAL, et al vs. NEELAM UPPAL | 08/08/2003 Section 23 KHOUZAM, NELLY I | FOREIGN JUDGMEI |
| 02-006521-CI | | AMERICAN FAMILY AND GERIATRIC CARE PA vs. NEELAM UPPAL MD | 08/15/2002 Section 21 CASE, JAMES R | CONTRACTS AND I |
| 00-006667-FD | | NEELAM TANEJA UPPAL vs. RAJIV UPPAL | 06/21/2000 Section 25 SCHAEFER, JOHN / | DOMESTIC VIOLEN |
| 00-006673-FD | | NEELAM T UPPAL vs. JEROME D BOWERS | 06/21/2000 Section 25 SCHAEFER, JOHN / | DOMESTIC - REPE/ |
| 9900259895E | 259895E | UPPAL, NEELAM 04/03/1960 | 04/05/1999 South County JUDGE, DEFAULT C | TRAFFIC INFRACTI FAIL/YIELD/FROM/ALLEY/DRIVE |
| 9900259897E | 259897E | UPPAL, NEELAM 04/03/1960 | 04/05/1999 South County JUDGE, DEFAULT C | TRAFFIC INFRACTI OPERATING VEHICLE W/OUT IN |

App. p. 38

**THLF-060**

# All Court / Case Types

Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search     Location : Hillsborough County, FL   Help

Record Count:  3
Search By: Party   Exact Name: on   Party Search Mode: Name   Last Name: Uppal   First Name: Neelam   All All   Sort By: Filed Date

| Case Number | Citation Number | Style/Defendant Info | Filed/Location/Judicial Officer | Type/Status | Charge(s) |
|---|---|---|---|---|---|
| 97-CF-019264-A | | UPPAL, NEELAM 04/03/1960 | 11/25/1997 Tampa | FELONY OTHER FELONY CLOSED | 3 FUGITIVE WARRANT |
| 98-CC-003861 | | RELATED SERVICES GROUP VS UPPAL;NEELAM | 03/05/1998 Division I Berkowitz, Herbert Mattis | LT Delinquent Tenant Closed | |
| 06-TR-083696 | 5626-EKD | UPPAL, NEELAM 04/03/1960 | 03/27/2006 Division P McNeil, Artemeus | TRAFFIC INFRACTION Closed | 316.187(2)(b) - 575 SPEED-FLA TURNPIKE |

App. p. 39

**THLF-061**

Fifth District Court of Appeal Cases for Party UPPAL, NEELAM                Page 1 of 1

## Florida State Courts | Courts | Opinions | New Query | Help

**Florida Fifth District Court of Appeal Docket**

## Cases for Party UPPAL, NEELAM

Printer Friendly View

| Case No. | Filed | Case Style | County | Lower Tribunal Case | Disposed |
|----------|-------|-----------|--------|---------------------|----------|
| 16-180 | 01/15/2016 | NEELAM UPPAL v. HEALTH LAW FIRM | Seminole | 13-CA-3790-15-K | 02/10/2016 |
| *Total Cases 1* | | | | | |

Printer Friendly View

App. p. 40

**THLF-062**

Second District Court of Appeal Cases for Party UPPAL, NEELAM                    Page 1 of 1



*Florida Second District Court of Appeal Docket*

## Cases for Party UPPAL, NEELAM

Printer Friendly View

| Case No. | Filed | Case Style | County | Lower Tribunal Case | Disposed |
|---|---|---|---|---|---|
| 11-4976 | 09/28/2011 | BAY AREA INFECTIOUS v. C L S BILLING SERVICES, | Pinellas | 09-12260-CI | 01/23/2012 |
| 12-479 | 10/19/2011 | BAY AREA INFECTIOUS v. C L S BILLING SERVICES, | Pinellas | 09-012260-CI-08 | 03/16/2012 |
| 12-4974 | 10/02/2012 | NEELAM UPPAL v. CHARLENE RODRIGUEZ | Pinellas | 11-000034AP-88B | 10/31/2012 |
| 13-2 | 01/02/2013 | NEELAM UPPAL v. DEPARTMENT OF HEALTH | Pinellas | 2006-38711, more | 01/10/2014 |
| 13-477 | 01/28/2013 | NEELAM UPPAL v. CHARLENE RODRIGUEZ | Pinellas | 10-4509-SC | 03/22/2013 |
| 14-706 | 02/13/2014 | NEELAM T. UPPAL v. CHARLENE RODRIGUEZ | Pinellas | 10-4509SC | 03/20/2014 |
| 14-4191 | 09/05/2014 | NEELAM T. UPPAL v. WELLS FARGO | Pinellas | 2011CA001130XXDIDI | 04/29/2016 |
| 15-6 | 01/02/2015 | NEELAM T. UPPAL v. BOARD OF MEDICINE, DEPT. | Pinellas | 13-595 | 05/11/2016 |
| 15-5367 | 12/09/2015 | NEELAM UPPAL v. WELLS FARGO BANK | Pinellas | 12-014890-CI | 02/10/2016 |
| 15-5753 | 12/09/2015 | NEELAM UPPAL v. WELLS FARGO | Pinellas | 11-01130-CI | 04/28/2016 |
| 16-810 | 02/16/2016 | NEELAM UPPAL v. WELLS FARGO BANK, N. A. | Pinellas | 2011-CA-001130XXCICI | |
| 16-1022 | 02/22/2016 | NEELAM UPPAL v. WELLS FARGO BANK. N A | Pinellas | 11-01130-CI | |
| 16-1240 | 03/21/2016 | NEELAM UPPAL v. WELLS FARGO, N. A. | Pinellas | 11-001130-CI | |
| 16-2356 | 05/26/2016 | NEELAM UPPAL v. WELLS FARGO BANK, N. A. | Pinellas | 11-01130-CI | |
| **Total Cases 14** | | | | | |

Printer Friendly View

APP. Doc. 7                                                          App. p. 41

**THLF-063**

PACER Case Locator - View                                                  Page 1 of 1



*Uppal - Federal Court Only*

**PACER** Case Locator

🔊 Browse Aloud

All Court Types Party Search
Thu May 26 15:21:50 2016
35 records found

User: th1932
Client: Uppal
Search: All Court Types Party Search Name Uppal, Neelam All Courts Page: 1

### Bankruptcy Results

| Party Name ▼ | Court | Case | Ch | Date Filed | Date Closed | Disposition |
|---|---|---|---|---|---|---|
| 1 Uppal, Neelam T. (pla) | flmbke | 8:15-ap-00213 | | 02/18/2015 | 03/22/2016 | Dismissed or Settled Without Entry of Judgment |
| 2 Uppal, Neelam (cr) | njbke | 3:98-bk-31540 | 11 | 02/09/1998 | 11/02/2001 | Discharge Not Applicable |
| 3 Uppal, Neelam Taneja (db) | flmbke | 8:13-bk-05801 | 13 | 04/29/2013 | | Dismissed for Other Reason 09/17/2013 |
| 4 Uppal, Neelam T. (pla) | flmbke | 8:13-ap-00130 | | 02/07/2013 | 05/28/2013 | Other 05/07/2013 |
| 5 Uppal, Neelam T. (db) | flmbke | 8:13-bk-05801 | 13 | 04/29/2013 | | Dismissed for Other Reason 09/17/2013 |
| 6 Uppal, Neelam T. (db) | flmbke | 8:12-bk-18945 | 13 | 12/19/2012 | 07/03/2013 | Dismissed for Failure to File Information 01/11/2013 |
| 7 Uppal, Neelam (pla) | flmbke | 8:02-ap-00157 | | 02/28/2002 | 10/18/2002 | Dismissed for Want of Prosecution |
| 8 Uppal, Neelam (db) | njbke | 3:98-ap-03300 | | 06/15/1998 | 11/02/2001 | Dismissed or Settled Without Entry of Judgment |
| 9 Uppal, Neelam (dft) | flmbke | 8:00-ap-00481 | | 08/07/2000 | 11/14/2003 | Other |
| 10 Uppal, Neelam (intp) | flmbke | 8:13-bk-05801 | 13 | 04/29/2013 | | Dismissed for Other Reason 09/17/2013 |
| 11 Uppal, Neelam (db) | flmbke | 8:00-bk-09734 | 13 | 08/21/2000 | 01/28/2004 | Standard Discharge 07/21/2003 |
| 12 Uppal, Neelam (db) | flmbke | 8:15-bk-00594 | 13 | 01/22/2015 | 03/22/2016 | Dismissed for Other Reason 09/01/2015 |

### Civil Results

| Party Name ▼ | Court | Case | NOS | Date Filed | Date Closed |
|---|---|---|---|---|---|
| 13 Uppal, Neelam (inre) | flmdce | 8:2015-cv-00794 | 422 | 04/03/2015 | 05/01/2015 |
| 14 Uppal, Neelam T. (a) | flmdce | 8:2015-cv-00794 | 422 | 04/03/2015 | 05/01/2015 |
| 15 Uppal, Neelam (pla) | nysdce | 1:2015-cv-03038 | 950 | 04/25/2016 | |
| 16 Uppal, Neelam T. (e) | flmdce | 8:2015-cv-01886 | 422 | 08/14/2015 | 01/25/2016 |
| 17 Uppal, Neelam (pla) | nysdce | 1:2014-cv-09024 | 440 | 11/12/2014 | 01/05/2016 |
| 18 Uppal, Neelam (pla) | flmdce | 8:2010-cv-02625 | 442 | 11/22/2010 | 06/10/2011 |
| 19 UPPAL, NEELAM (pla) | njdce | 3:2005-cv-02849 | 440 | 06/03/2005 | 12/13/2005 |
| 20 UPPAL, NEELAM (e) | njdce | 3:2001-cv-03748 | 422 | 08/06/2001 | 10/31/2001 |
| 21 Uppal, Neelam (pla) | flmdce | 8:2009-cv-00634 | 442 | 04/06/2009 | 07/06/2011 |
| 22 Uppal, Neelam (pla) | flmdce | 8:2015-cv-00072 | 440 | 01/13/2015 | 01/06/2016 |
| 23 Uppal, Neelam (pla) | flmdce | 8:2015-cv-01796 | 440 | 08/03/2015 | |
| 24 Uppal, Neelam (pla) | flmdce | 8:2010-cv-02568 | 440 | 11/16/2010 | 06/23/2011 |
| 25 Uppal, Neelam (pla) | nysdce | 1:2015-cv-09978 | 350 | 12/22/2015 | |
| 26 Uppal, Neelam (inre) | flmdce | 8:2015-cv-01886 | 422 | 08/14/2015 | 01/25/2016 |
| 27 Uppal, Neelam T. (pla) | flmdce | 8:2015-cv-00068 | 430 | 01/13/2015 | 05/27/2015 |
| 28 UPPAL, NEELAM (e) | njdce | 3:2000-cv-05291 | 422 | 10/27/2000 | 11/30/2000 |
| 29 Uppal, Neelam (pla) | flmdce | 8:2003-cv-02715 | 440 | 12/29/2003 | 10/05/2004 |
| 30 Uppal, Neelam (pla) | flmdce | 8:2004-cv-01755 | 362 | 07/29/2004 | 03/18/2005 |
| 31 Uppal, Neelam (pla) | flmdce | 8:2003-cv-00987 | 440 | 05/20/2003 | 07/22/2003 |

### Appellate Results

| Party Name ▼ | Court | Case | NOS | Date Filed | Date Closed |
|---|---|---|---|---|---|
| 32 Uppal, Neelam (pty) | 11cae | 11-12944 | 3442 | 05/29/2011 | 09/13/2011 |
| 33 Uppal, Neelam (pty) | 11cae | 11-13614 | 3442 | 08/10/2011 | 08/13/2012 |
| 34 Uppal, Neelam T. (pty) | 11cae | 15-11555 | 3430 | 04/10/2015 | 05/06/2015 |
| 35 Uppal, Neelam T. (pty) | 11cae | 15-15736 | 3422 | 12/29/2015 | 01/19/2016 |

Receipt 05/26/2016 15:21:51 227945306

User th1932
Client Uppal
Description All Court Types Party Search
  Name Uppal, Neelam All Courts Page: 1
Pages 1 ($0.10)

App. Doc. 8                                              App. p. 42

THLF-064

4/4/2016                                NPPES NPI Registry

# Provider Information for 1952490559

Search (/registry/)  /  Back to Results  /  NPI View

## DR. NEELAM TANEJA M.D

Other Name: NEELAM UPPAL
Gender: FEMALE

NPI: 1952490559

Last Updated: 2013-10-29

# Details

| Name | Value |
|------|-------|
| NPI | 1952490559 |
| Enumeration Date | 2006-10-12 |
| NPI Type | 1 - Individual |
| Sole Proprietor | NO |
| Status | Active |
| Mailing Address | PO BOX 1002 LARGO, FL 33779-1002 United States |

App. Doc.9   Phone: 727-547-5232 | Fax: 727-547-5233    App.p.43

View Map (/registry/map-view?q=PO BOX 1002, LARGO, FL, 337791002, United

**THLF-065**

4/4/2016                                      NPPES NPI Registry

States) 🗗

| Primary Practice Address | 5840 PARK BLVD<br>PINELLAS PARK, FL 33781-3250<br>United States<br><br>Phone: 727-547-5232 \| Fax: 727-547-5233<br>View Map (/registry/map-view?q=5840 PARK BLVD, PINELLAS PARK, FL, 337813250, United States) 🗗 |
| --- | --- |

Taxonomy

| Primary Taxonomy | Selected Taxonomy | State | License Number |
| --- | --- | --- | --- |
| Yes | 207R00000X - Internal Medicine | FL | ME59800 |

Other Identifiers

| Issuer | State | Number |
| --- | --- | --- |
| MEDICARE PIN | FL | E0867 |
| MEDICARE UPIN | | F30049 |
| MEDICAID | FL | 251201700 |
| MEDICARE UPIN | FL | E0867 |



A federal government website managed by the
(http://hhs.gov) U.S. Centers for Medicare & Medicaid Services (http://cms.hhs.gov)
7500 Security Boulevard, Baltimore, MD 21244

App. p. 44

**THLF-066**

IN THE CIRCUIT COURT OF EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR SEMINOLE COUNTY, FLORIDA

THE HEALTHLAWFIRM,
GEORGE INDEST

                                Case No.: 13-CA-3790-15-K

       Plaintiff

V.

NEELAM T. UPPAL, et al

       Defendant

_____/

## OBJECTION TO HEARING AND MOTION FOR SANCTION FOR VIOLATION OF AUTOMATIC STAY & INJUNCTIVE RELIEF

Defendant, Neelam Uppal, Pro se files a motion against the Defendant's

attorney , and all other affiliated individuals, entities or corporations party to

the cause of the motion and states her grounds as follows:

1. Pursuant to 11 USC 362( C ) (2) (a), The automatic stay in bankruptcy

   *continues until the case is closed.* The defendant filed the appeal on

   09/28/2015. The motion for re-consideration was denied because of

   the appeal pending pursuant to rule 8008, without prejudice. The

   appeal is still pending.

APP. DOC. 10          306          APP. p. 45

THLF-067

2. The attorney has filed the notices for collection with harassing threats of unlawful actions, despite the fact, that he is in possession of the Bankruptcy orders clearly stating that the case is on appeal. The attorney is unetheical as per Florida bar rule. 4.1 (2) (a) by intentionally deceiving my tenant by giving partial information to mislead them in violation of Florida bar rule 4-8.3(a) by using deceptive tactics.

3. The paintiff is threatening and harassing me on the disputed debt that is under Automatic Stay of the Open bankruptcy case.

4. Other violations are 4.1 (4) and 4.16. he has committed malpractice.

5. Civil Fraud   F.S. 817.234(3) (3)   Any attorney who knowingly and willfully assists, conspires with, or urges any claimant to fraudulently violate any of the provisions of this section or part XI of chapter 627, or any person who, due to such assistance, conspiracy, or urging on such attorney's part, knowingly and willfully benefits from the proceeds derived from the use of such fraud, commits insurance fraud, punishable as provided in subsection (11).

6.   772.11   Civil remedy for theft or exploitation.—

(1)   Any person who proves by clear and convincing evidence that he or she has been injured in any fashion by reason of any violation of ss.

App. p. 46

THLF-068

812.012–812.037 or s. 825.103(1) has a cause of action for threefold

the actual damages sustained and, in any such action, is entitled to

minimum damages in the amount of $200, and reasonable attorney's

fees and court costs in the trial and appellate courts

Wherefore, the defendant prays that her debt be dismissed and be

compensated treble the damages and any further INJUNCTIVE and other

relief be grant as the court deems fit and proper.

**NEELAM UPPAL, PRO, SE**
**P.O BOX 1002.**
**LARGO, FL-33779**
**PH. - (727)-403-0022**
**E-mail- nneelu123@aol.com**

## CERTIFICATE OF SERVICE

308

App. p. 47

**THLF-069**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been

served by

on _____10_____ day of _____Dec_____, 2015 to:

TO: HEALTHIAWfIRM, George Indest

**NEELAM UPPAL, PRO, SE**
*P.O BOX 1002.*
*LARGO, FL-33779*
*PH. - (727)-403-0022*
*E-mail- nneelu123@aol.com*

App. p. 48

**THLF-070**

**IN THE CIRCUIT COURT OF EIGHTEENTH JUDICIAL CIRCUIT**

**IN AND FOR SEMINOLE COUNTY, FLORIDA**

THE HEALTHLAWFIRM,
GEORGE INDEST

Case No.: 13-CA-3790-15-K

v.

NEELAM UPPAL
_____/

NOTICE OF FILING

1. Pursuant to 11 USC 362( C ) (2) (a), The automatic stay in bankruptcy *continues until*

   *'the case is closed'*. The defendant filed the appeal on 09/28/2015. The

   motion for re-consideration was denied because of the appeal pending

   pursuant to rule 8008, without prejudice. The appeal is still pending.

_____
**NEELAM UPPAL, PRO, SE**
*P.O BOX 1002.*
*LARGO, FL-33779*
*PH. - (727)-403-0022*
*E-mail- nneelu123@aol.com*

310

App. p. 49

THLF-071

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been

served by

1. on ____ 1ᵒ ____ day of ___Dec___ , 2015 to: Healthlaw firm
   1101 Douglas Ave.
   Altamonte Springs, FL-32714

*NEELAM UPPAL, PRO, SE*
*P.O BOX 1002.*
*LARGO, FL-33779*
*PH. - (727)-403-0022*
*E-mail- nneelu123@aol.com*

311

App. p. 50

**THLF-072**

Case 8:15-bk-00594-CPM    Doc 229    Filed 08/24/15    Page 1 of 10

**FILED VIA MAIL**

**AUG 24 2015**

THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLERK, U S. ... . . . . . T COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE: Neelam Taneja                CASE NO.: 15-bk-00594-CPM
       Debtor                          Chapter 13

_____/

**AMENDED NOTICE OF APPEAL**

Notice is hereby given that Neelam Taneja, Debtor amends the Notice filed on July 21,
2015 and appeals under 28 U.S.C. sec. 158 to the District Court from the
orders and judgements entered as follows:
1. Order of July  , 2015 on the issue of 2004 exam
2. Order on the Motion for Re-Consideration entered on 7/16/2015
3. Order on Dismissal of Chapter 13, entered in the proceeding on 08/12/2015

The parties are:
1. Adversary proceeding against Charlene Rodriguez, Barry Wilkinson, and Wilkinson
& Sadorf.
2. Adversary proceeding against Wells Fargo
3. Adversary processing against Las Palmas
4. Adversary proceeding against Nationstar
5. All creditors against whom Objections were filed
6. And to the final dismissal Judgement are all creditors.

The Debtor elects the Appeal to be heard in the District Court.

Neelam Taneja, Debtor
P.O. Box 1002
Largo, FL-33779
(727)-403-0022

312

App. p. 51

**THLF-073**

**Tina Mesibov**

| | |
|---|---|
| **From:** | Tina Mesibov |
| **Sent:** | Tuesday, June 21, 2016 6:57 PM |
| **To:** | nneelu123@aol.com |
| **Cc:** | Michelle Soto; Tina Mesibov |
| **Subject:** | SERVICE OF COURT DOCUMENT - Case No. 5D16-0180 |
| **Attachments:** | Motion to Dismiss & Strike-Final.pdf; Appendix final.pdf |

| | |
|---|---|
| **COURT** | District Court of Appeal of the State of Florida, Fifth District, Daytona Beach, Florida |
| **CASE NUMBER** | 5D16-0108 |
| **APPELLANT** | Neelam Uppal, M.D. |
| **APPELLEE** | George F. Indest III, P.A., D/B/A The Health Law Firm |
| **DOCUMENT(S)** | Appellee's Motion to Dismiss Appeal or, Alternatively, to Strike Appellant's Brief and Appendix |
| **SENDER** | George F. Indest III, Esquire<br>THE HEALTH LAW FIRM<br>Attorney for George F. Indest III, P.A., D/B/A The Health Law Firm<br>Telephone Number: (407) 331-6620 |

Please note: This Document was e-filed with the Clerk of the above named Court on this date.

Tina Mesibov
Paralegal/Legal Assistant
The Health Law Firm
1101 Douglas Avenue
Altamonte Springs, FL 32714
Phone: (407) 331-6620
Fax:     (407) 331-3030
E-mail: tmesibov@thehealthlawfirm.com



THE
HEALTH LAW FIRM®
Website | Blog | Facebook | Twitter

This communication is privileged and confidential. It is intended only for the person(s) to whom it is directed. It may contain information that is sensitive, private and covered by the attorney-client privilege, the attorney work-product privilege, the medical peer review privilege, the medical risk management privilege or other privileges. If you have received this by mistake, please do not read it or copy it. Please delete it immediately and notify the undersigned at the address and telephone number indicated (including your e-mail address so that we may correct any erroneous information we may have). We do not provide legal advice over the internet or in e-mails, nor will be agree to represent a party through e-mail.

1

**THLF-074**

Confirmation Page                                                    Page 1 of 1



### Fifth District Court of Appeal



| Case List | Case | Docket | File Document | Pending Filings | Rejected Filings | My Notifications | My Profile | Logoff | Briefs in Other Cases | Help & Support |
|---|---|---|---|---|---|---|---|---|---|---|

## eFiling Confirmation
Your Document has been received.
The Clerk of the Court will process the document during regular business hours. Once processed you will be notified via email.
You may print this page for your records.

**16-0180**

**NEELAM UPPAL**
vs
**HEALTH LAW FIRM**

### Joanne P. Simmons, Clerk

| | |
|---|---|
| Filer: | George Indest |
| Bar No.: | 0382426 |
| EMail: | gindest@thehealthlawfirm.com |
| Type: | **Motion** |
| Document: | **Motion To Dismiss** |
| Title: | **Appellee's Motion to Dismiss Appeal or, Alternatively to Strike Appellant's Brief** |
| On Behalf of: | Appellee |
| Date Filed: | 06/21/2016 |
| Time Filed: | 06:27 |

**NOTE: The clerk's office is not currently serving a
copy of your document to the other parties. It is
your responsibility to continue to serve a copy to
all parties.**

A copy of the filed document may be
obtained from the 'Pending Filings' page
for service to the other parties.

**THLF-075**

Confirmation Page                                                Page 1 of 1





### Fifth District Court of Appeal

| Case List | Case | Docket | File Document | Pending Filings | Rejected Filings | My Notifications | My Profile | Logoff | Briefs in Other Cases | Help & Support |
|---|---|---|---|---|---|---|---|---|---|---|

## eFiling Confirmation

Your Document has been received.
The Clerk of the Court will process the document during regular business hours. Once processed you will be
notified via email.
You may print this page for your records.

**16-0180**

**NEELAM UPPAL**
vs
**HEALTH LAW FIRM**

### Joanne P. Simmons, Clerk

| | |
|---|---|
| Filer: | George Indest |
| Bar No.: | 0382426 |
| EMail: | gindest@thehealthlawfirm.com |
| Type: | **Brief/Record** |
| Document: | **Appendix** |
| Title: | Appendix to Motion to Dismiss |
| On Behalf of: | Appellee |
| Date Filed: | 06/21/2016 |
| Time Filed: | 06:29 |

**NOTE: The clerk's office is not currently serving a
copy of your document to the other parties. It is
your responsibility to continue to serve a copy to
all parties.**

**A copy of the filed document may be
obtained from the 'Pending Filings' page
for service to the other parties.**

**THLF-076**