# Exhibit "2"

**THLF-077**

RECEIVED, 6/22/2016 6:34 PM, Joanne P. Simmons, Fifth District Court of Appeal

IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT
DAYTONA BEACH, FLORIDA

NEELAM UPPAL, M.D.,

        Appellant,

                                     Case No.: 5D16-0180

THE HEALTH LAW FIRM,

        Appellee.

_____/

### APPELLEE'S MOTION FOR ATTORNEY'S FEES AND SANCTIONS

### PURSUANT TO SECT. 57.105, FLORIDA STATUTES, AND RULE 9.410,

### FLORIDA RULES OF APPELLATE PROCEDURE

Appellee, The Health Law Firm, respectfully requests that the Court enter an Order imposing sanctions against Appellant for filing a frivolous and dilatory appeal, pursuant to Section 57.105, Florida Statutes, and Rule 9.410, Florida Rules of Appellate Procedure stating:

### BACKGROUND AND FACTS

1.     Appellee, The Health Law Firm, is a Florida professional services corporation providing legal services to its clients.

2.     Appellant, Neelam T. Uppal, M.D., is a medical doctor licensed by the states of Florida and New York.

**THLF-078**

3.     Appellant retained the services of The Health Law Firm on or about June

5, 2012.

4.     The Health Law Firm performed considerable work on behalf of

Appellant, for which Appellant failed to pay.

5.     After extensive efforts to collect on the overdue balance on Appellant's

account with The Health Law Firm, suit was filed in the Eighteenth Judicial Circuit

Court in and for Seminole County.  The case number was: 13-CA-3790-15-K.

6.     Appellant is believed to have fled the jurisdiction to avoid service of

process in the action below.  The Health Law Firm was able to locate Appellant in the

State of New York where service was finally made on November 19, 2013.

7.     Appellant has a long and storied history of vexatious litigation in the

federal and state court systems.  Below is merely a sample of some of the cases and

results:

a.     Case No.: 8:13-bk-05601 - Bankruptcy, Middle District of

Florida, dismissed for fraud/concealment on September 17, 2013;

b.     Case No.: 8:12-bk-18946 - Bankruptcy, Middle District of

Florida, dismissed for failure to file information on January 11,

2013;

c.     Case No.: 8:02-ap-00157 - Bankruptcy, Middle District of

**THLF-079**

Florida, dismissed on October 18, 2002;

d.      Case No.: 8:00-bk-09734 - Bankruptcy, Middle District of Florida, discharged on July 21, 2003;

e.      Case No.: 8:15-ap-213-CPM - Bankruptcy, Middle District of Florida, dismissed September 25, 2015;

f.      Case No.: 2D14-4191 - Florida Second District Court of Appeal, pending;

g.      Case No.: 8:10-cv-2566-T-23AEP - Civil, Middle District of Florida, dismissed with threat of sanctions June 23, 2011;

h.      Case No.: A-5975-12T4 - Superior Court of New Jersey, Appellate Division, affirmed against Appellant November 20, 2014;

i.      Case No.: C-574 - Supreme Court of New Jersey, Petition for Certiorari denied with costs February 7, 2001;

j.      Case No.: C-708 - Supreme Court of New Jersey, Petition for Certiorari denied with costs March 12, 2003;

k.      Case No.: 11-001130-CI - Sixth Judicial Circuit in and for Pinellas County Florida, dismissing Appellant's counterclaim April 8, 2015;

**THLF-080**

8.    The cases listed above are only a fraction of Appellant's exploits in the courts. A review of the Pinellas County Clerk of Court's Civil Docket reveals at least thirty-two (32) cases initiated by or against Appellant since 2000. She was sued at least thirteen (13) times for failure to pay amounts due. She was the plaintiff in no fewer than thirteen (13) other cases, many of which were frivolous claims for domestic violence injunctions which she failed to prosecute. Four (4) cases were unsuccessful appeals of other cases she lost in Pinellas County Small Claims Court.

9.    Additionally, a review of Appellant's history in the PACER system revealed no less than thirty-four (34) cases since 1998. Among those cases were twelve (12) separate bankruptcy proceedings all of which were dismissed with only one exception. Eighteen (18) civil cases were filed by Appellant as the plaintiff or as bankruptcy appeals. Appellant also filed four (4) separate appeals to the Eleventh Circuit Court of Appeals, all of which she lost, including the published opinion Uppal v. Hosp. Corp. of Am., 482 Fed. Appx. 394 (11th Cir. 2012).

10.    Appellant did not contain her frivolous litigation to Pinellas County and the federal courts. Since 2011, Appellant filed thirteen (13) appeals in the Second District Court of Appeal. Of the seven (7) cases that are closed, Appellant lost six (6) and the one other case was returned to the lower tribunal without opinion or assignment of error. Of the six (6) remaining cases, five (5) of them were repeated

**THLF-081**

appeals from the same Pinellas County Circuit Court foreclosure case, 2011-CA-001130-CI.

11.     Appellant also has a considerable history in New Jersey state courts with numerous cases and appeals. These cases primarily dealt with a divorce during which she harassed her ex-husband with innumerable motions and papers accusing him of physical violence, mental abuse, child abuse, and other vile crimes, none of which appear to have ever been substantiated.

12.     Appellant's insults and scurrilous accusations are not confined to her ex-husband. She made numerous accusations of collusion and conspiracy against the Appellant, the United States District Court, the Middle District of Florida Bankruptcy Court, the Circuit Court for Pinellas County, and other individuals and entities in the papers she filed with the courts.

13.     In nearly all of these cases, Appellant was pro se. She routinely filed frivolous motions and "orders." Nearly all of her pleadings are nonsensical and rife with typographical and grammatical errors which belie Appellant's training and education as a physician. The papers she filed are also filled with baseless accusations of fraud and conspiracy. Her filings routinely fail to recognize the record facts in a case and instead resort to continuous repetition of irrelevant, scandalous, and impertinent material.

**THLF-082**

14.     The Court only needs to look at the trial court's record in this case to find that Appellant is divorced from reality and will do anything, including abusing the judicial system, to avoid paying her just debts.

15.     Appellant fails to see and recognize what is going on around her or to understand the consequences of her own actions. Instead of internalizing her conduct and answering for it, she lashes out and accuses everyone else of conspiring to get her. In the lower court, she accused the undersigned of conspiring with another one of her creditors in the following papers:

      a.    Answer and Objection to Plaintiff's Objection, Docket No. 6;

      b.    Objection to Plaintiff's Motion for Summary Judgment, Docket No. 9; and

      c.    Objection to Final Order of Summary Judgment, Docket No. 18.

16.     Appellant made baseless accusations of fraud against The Health Law Firm in every paper she filed, but never offered a single fact in support thereof.

17.     Failing to present evidence of any kind was a common theme for Appellant. She filed numerous papers and oppositions, but never offered any documents or testimony to support her position.

18.     To the contrary, The Health Law Firm presented documentary evidence and sworn testimony to support summary judgment on all counts.

THLF-083

19.   The record in this case clearly supports the trial court's ruling. Appellant filed her appeal for no purpose other than harassment and to assuage her own delusional thoughts of being wronged by yet another person.

20.   Appellee The Health Law Firm certifies that it served a copy of this Motion for Sanctions on Appellant Uppal on April 27, 2016, as shown in Exhibit "1" and "2," more than 21 days prior to filing it with this Court. Appellant has failed to correct the perceived deficiencies for which this Motion seeks sanctions, attorney's fees and costs.

## ARGUMENT IN SUPPORT

**I.**   **Appellant's Appeal is a Sham and was Filed for Improper Purposes**

A court should find a pleading or paper to be a sham when it is patently false or for an improper purpose, and from the plain or conceded facts of the case, the filing party knew or should have known it to be as much. Rhea v. Hackney, 157 So. 190, 193 (Fla. 1934). Appellant filed the instant appeal for no other purpose than to delay collection of a just debt. There exist no justiciable issues on appeal. The law is immeasurably clear in this case, and Appellant, even though pro se, knew or should have known from the circumstances of the case below, that there is no good faith basis for an extension or change in the law which would have allowed her to be

**THLF-084**

successful on appeal.  Pleading a matter known by the party to be false and for the purpose of delay or some other unworthy purpose, has always been considered an abuse of the justice system and subjects the party to censure and summary set aside with costs. Rhea v. Hackney, 157 So. at 193.

As the Court is undoubtedly familiar, the standard for summary judgment in Florida is that once the moving party establishes that there are no disputed issues of material fact, the party opposing a motion for summary judgment must then present evidence, not simply legal argument or unsubstantiated denials, demonstrating the existence of a disputed issue of material fact in order to prevent summary judgment from being entered. Woodruff v. Gov't Emps. Ins. Co., 669 So. 2d 1114, 1115 (Fla. 1st DCA 1996).  The non-moving party may not carry its burden by merely asserting that a particular issue is in dispute. Harvey Bldg., Inc. v. Haley, 175 So. 2d 780, 783 (Fla. 1965).

The issues below were simple.  Appellant signed a contract for legal services. Appellant requested legal services to be performed by The Health Law Firm.  The Health Law Firm provided such legal services.  Then, Appellant refused to pay for services rendered and action was initiated to collect the debt.

Without hyperbole or exaggeration, Appellant failed to offer even a scintilla of evidence which placed any material fact in dispute.  Instead, her pleadings (those

**THLF-085**

that she actually signed) were nothing more than a series of non-sensical ramblings, conspiratorial theories, and false accusations of fraud and collusion.

Appellant's appeal is also improper because it was filed for dilatory reasons. Given Appellant's frequent bankruptcy filings and the loss of her most recent appeal of the bankruptcy court's decision to the Middle District of Florida,[1] the undersigned believes this appeal is merely a delay tactic so that she can prepare and again file for bankruptcy.

Appeals filed for no other reason than to "delay compliance with the . . . final judgment of the trial court" are frivolous, not taken in good faith, and should be dismissed. Askew v. Gables by the Sea, Inc., 258 So. 2d 822, 822 (Fla. 1st DCA 1972). There are no legal issues for this Court to review. Appellant utterly failed to raise any dispute of material fact or valid objection to the Motion for Summary Judgment filed below.

---

[1]   In late 2015, Appellant appealed an order of the U.S. District Court for the Middle District of Florida in Case No.: 8:15-cv-01886-MSS denying a stay of proceedings pending appeal of the dismissal of her most recent bankruptcy filing to the Eleventh Circuit Court of Appeals. By order dated December 14, 2015, the District Court held that the automatic stay of proceedings was unavailable because she could not show a likelihood of success on the merits of her appeal. Without the automatic stay, Appellant's creditors, including Appellee, were free to move forward with their collection efforts. Finding herself exposed, Appellant filed the instant appeal to further delay payment of her debt to Appellee.

**THLF-086**

Appellant failed to place any of the material facts of the case in dispute through presentation of testimony, affidavits, or documents.  Instead, just as in her many, many other cases, she filed sham pleadings and this meritless appeal in a desperate, yet transparent, attempt to avoid paying the money she owes.

## II.    Appellant's History of Abuse of the Legal System Warrants Dismissal and Sanctions

The Court need look no further than Appellant's incredibly litigious history and the language used in her filings below to see that her modus operandi is to abuse the legal system and make frivolous filing after frivolous filing.

Courts in at least three different jurisdictions have warned and sanctioned Appellant for abuse of the legal process. The Fifth District Court of Appeal should not stand for Appellant's antics or permit her to waste the Court's time and resources on her frivolous cases.

Appellant's conduct as a pro se litigant is prolific and approaches that of one of Florida's most famously abusive pro se parties, Anthony Martin. See Martin v. State, 747 So. 2d 386 (Fla. 2000).  In Martin, the pro se party had previously filed hundreds of lawsuits, motions, and miscellaneous pleadings in courts in several jurisdictions. Id. at 390.  Appellant's conduct, although not yet as prolific as Mr.

**THLF-087**

Martin's, is essentially the same–a long series of abusive, dilatory, and pointless proceedings and papers serving no other purpose than to satisfy the whims of one individual.

The Florida Supreme Court stated it best in <u>Martin</u>, saying: "This Court has the authority, perhaps even the duty, to stop litigants like Martin from abusing it and the people, as the Second Circuit put it, 'who have unluckily crossed his path.'" <u>Id.</u> at 391 (quoting <u>In re Martin-Trigona</u>, 737 F.2d 1254, 1254 (2d Cir. 1984)).  This sentiment is equally applicable to Appellant and this Court should take up the standard and put an end to her misfeasance.  Appellant has dragged numerous innocent people into court and tied them up in years of litigation costing untold amounts of money and personal anguish as well as unduly burdening the legal system.

"The resources of our court system are finite and must be reserved for the resolution of genuine disputes." <u>Rivera v. State</u>, 728 So. 2d 1165, 1166 (Fla. 1998). Appellant's steady stream of <u>pro</u> <u>se</u> filings are not subject to the financial considerations that deter other litigants from filing frivolous suits, appeals, and papers.  Consequently, the ordinary checks and balances associated with qualified, paid representation are absent and Appellant's abuse of the system and those she feels have wronged her flows unchecked.  The imposition of sanctions, perhaps including a future bar on filing <u>pro</u> <u>se</u> appeals, is necessary to dissuade Appellant from

THLF-088

continued misuse of the legal system.

## **CONCLUSION**

Appellant's resume of judicial abuse and the lack of merit of her appeal are ample reasons for the Court to dismiss this action and impose sanctions against her. It is plain from even the most cursory inspection of the papers Appellant filed below there is no justiciable issue on appeal, and that she filed her appeal to delay enforcement of the lower court's judgment. Allowing this case to progress to full briefing and potential oral argument will only serve to reinforce Appellant's belief that she appropriately uses the legal system and will prejudice Appellee by forcing it to incur additional costs and expense briefing the case.

THLF-089

## RELIEF REQUESTED

Appellee, The Health Law Firm, respectfully requests the Court enter an Order against Appellant Uppal and in favor of Appellee granting the following relief:

A.    Dismissal of the instant appeal with prejudice;

B.    An award of Appellee's attorneys' fees and costs for:

   i.    Defending this appeal;

   ii.    Preparing and filing this Motion pursuant to Section 57.105, Florida Statutes, and Rule 9.410, Florida Rules of Appellate Procedure; and

   iii.    Preparing and filing its Motion to Dismiss Appeal and Alternative Motion to Strike Appellant's Brief;

C.    Barring Appellant from filing any further paper or cause against Appellee without counsel and only after the proper motion is made to this Court and an Order issued by it authorizing the same; and

D.    Any other relief the Court may deem just and proper.

THLF-090

## CERTIFICATE OF INITIAL SERVICE PRIOR TO FILING

I certify that I initially served a copy of this motion on pro se Appellant,

Neelam Uppal, M.D., by U.S. mail, postage prepaid, to P.O. Box 1002, Largo, Florida

33779, and to 5840 Park Boulevard, Pinellas Park, FL 33781, and via e-mail to

nneelu123@aol.com, as shown in Exhibit "1," originally on the 27th day of April

2016, more than 21 days before filing it with this Court.

## CERTIFICATE OF SERVICE

I certify that I have served a copy of this document on pro se Appellant,

Neelam Uppal, M.D., by U.S. mail, postage prepaid, to P.O. Box 1002, Largo, Florida

33779, and to 5840 Park Boulevard, Pinellas Park, FL 33781, and via e-mail to

nneelu123@aol.com, and I have also filed it electronically through eDCA on this

22nd day of June 2016.

/s/  George F. Indest III

**GEORGE F. INDEST III, ESQUIRE**
Certified by The Florida Bar in Health Law
Florida Bar No.: 382426
Primary E-mail: GIndest@TheHealthLawFirm.com
Secondary E-mail: CourtFilings@TheHealthLawFirm.com
**LANCE O. LEIDER, ESQUIRE**
Florida Bar No.: 96408
Primary E-mail: LLeider@TheHealthLawFirm.com
Secondary E-mail: CourtFilings@TheHealthLawFirm.com
**THE HEALTH LAW FIRM**

THLF-091

1101 Douglas Avenue
Altamonte Springs, Florida 32714
Telephone:  (407) 331-6620
Facsimile:  (407) 331-3030
**ATTORNEYS FOR APPELLEE,
THE HEALTH LAW FIRM**

## ATTACHED:  APPENDIX TO MOTION

GFI/LOL
S:\Collections\1516\004\410-Pleadings-Final\Motion for Sanctions-57-105-Final.wpd

Page 15 of 15

**THLF-092**

RECEIVED, 6/22/2016 6:36 PM, Joanne P. Simmons, Fifth District Court of Appeal

IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT
DAYTONA BEACH, FLORIDA

NEELAM UPPAL, M.D.,

     Appellant,

                            Case No.: 5D16-0180

THE HEALTH LAW FIRM,

     Appellee.

_____/

## APPELLEE'S APPENDIX TO MOTION

## INDEX

| Doc. | Description | Page |
|------|-------------|------|
| 1. | Letter from George F. Indest III, to Appellant Uppal Dated April 27, 2016, serving copy of Motion for Sanctions in present case ................................ | 1 |

**THLF-093**

BY APPOINTMENT:
37 N. ORANGE AVENUE, SUITE 500
ORLANDO, FLORIDA 32801

BY APPOINTMENT:
201 E. GOVERNMENT STREET
PENSACOLA, FLORIDA 32502
TELEPHONE: (850) 439-1001

BY APPOINTMENT:
155 E. BOARDWALK DRIVE, SUITE 424
FORT COLLINS, COLORADO 80525
TELEPHONE: (970) 416-7456
TELEFAX: (866) 203-1464



THE
HEALTH LAW FIRM®

"REPRESENTING HEALTHCARE PROVIDERS"
RESPOND ONLY TO MAIN OFFICE:
**1101 DOUGLAS AVENUE**
**ALTAMONTE SPRINGS, FLORIDA 32714**
TELEPHONE: (407) 331-6620
TELEFAX: (407) 331-3030

WWW.THEHEALTHLAWFIRM.COM

GEORGE F. INDEST III, J.D., M.P.A., LL.M.
FLORIDA, LOUISIANA, AND D.C.
BOARD CERTIFIED BY THE FLORIDA
BAR IN HEALTH LAW

MICHAEL L. SMITH, J.D.
FLORIDA
REGISTERED RESPIRATORY THERAPIST
BOARD CERTIFIED BY THE FLORIDA
BAR IN HEALTH LAW

JOANNE KENNA, R.N., J.D.
FLORIDA
REGISTERED NURSE (ILLINOIS)

CAROLE C. SCHRIEFER, R.N., J.D.
FLORIDA, COLORADO, AND VIRGINIA
REGISTERED NURSE (COLORADO)

CHRISTOPHER E. BROWN, J.D.
FLORIDA

LANCE O. LEIDER, J.D.
FLORIDA

LENIS L. ARCHER, J.D., M.P.H.
FLORIDA AND TEXAS

JUSTIN A. GREEN, J.D., LL.M.
FLORIDA

MATTHEW R. GROSS, J.D., P.A.
FLORIDA
(OF COUNSEL)

April 27, 2016

<ins>VIA E-MAIL AND STANDARD U.S. MAIL</ins>

Neelam Y. Uppal, M.D.                    Neelam Y. Uppal, M.D.
5840 Park Boulevard                      P.O. Box1002
Pinellas Park, Florida 33781             Largo, Florida 33779

E-mail: nneelu123@aol.com

Re:   <ins>Neelam Uppal, M.D., et al. v. The Health Law Firm</ins>
      <ins>Seminole County Case No.: 2013-CA-3790-15-K</ins>
      DCA Case No.: TBD
      Our File No.: 1516/004
      NOTICE OF INTENT TO SEEK ATTORNEY'S FEES AND SANCTIONS &
      SERVICE OF PROPOSED MOTION TO DISMISS AND FOR SANCTIONS
      AND ATTORNEY'S FEES PURSUANT TO SECTION 57.105, FLORIDA
      STATUTES, AND RULE 9.410, FLORIDA RULES OF APPELLATE
      PROCEDURE

Dear Dr. Uppal:

      As you know, I represent George F. Indest III, P.A., d/b/a The Health Law Firm, in the
above-referenced case.

      This letter is to place you on notice that we intend to seek sanctions against you, including
attorney's fees and costs, pursuant to Section 57.105, Florida Statutes, and Rule 9.410, Florida
Rules of Appellate Procedure.

App. Doc. 1                               App. pg. 1

THLF-094

Neelam Y. Uppal, M.D.
April 27, 2016
- Page 2 -

_____

On January 14, 2016, you filed a Notice of Appeal with the Fifth District Court of Appeal in Florida. Your appeal is knowingly frivolous and without merit and will not be successful. Your appeal is completely devoid of merit on the face of the record on appeal such that there is little, if any, prospect that it can ever succeed. You know or should know that there is no good faith basis to argue that you adequately placed any material facts in dispute in the lower court which would warrant an assignment of legal error to Judge Recksiedler. Moreover, there is no good faith basis for you to argue a change in the law governing the case. It is our belief that you are aware the foregoing is accurate and your filing is in bad faith and only to delay collection of your debt to the firm.

You should carefully consider your position in this matter and immediately withdraw your Notice of Appeal within (21) twenty-one days of the date of this letter. Otherwise, we will file the attached motion and seek an award of sanctions and attorney's fees from the Fifth District Court of Appeal. You should also know that the retainer agreement you signed with the firm makes you liable for the cost of defending your appeal. Forcing the case to move forward will only serve to increase the amount of money you owe to the firm.

A copy of the motion we intend to file (or one substantially similar to it) is attached.

Sincerely,

THE HEALTH LAW FIRM by:

George F. Indest

GEORGE F. INDEST III, J.D., M.P.A., LL.M.
Board Certified by The Florida Bar
in the Specialty of Health Law
**PRESIDENT & MANAGING PARTNER**

encl:  Proposed Motion to Dismiss and for Sanctions Pursuant to Section 57.105, Florida Statutes, and Rule 9.410, Florida Rules of Appellate Procedure

LOL
S:\Collections\1516\004\310-Letters-Final\Uppal-1-Notice to Seek Sanctions.wpd

App. 2

## Tina Mesibov

| | |
|---|---|
| **From:** | Tina Mesibov |
| **Sent:** | Wednesday, April 27, 2016 5:43 PM |
| **To:** | nneelu123@aol.com |
| **Cc:** | Lance O. Leider; Michelle Soto; Tina Mesibov |
| **Subject:** | Uppal - Our File No.: 1516/004 |
| **Attachments:** | 2016-04-27-Uppal-1-Notice to Seek Sanctions.pdf |

Dear Dr. Uppal,

Attached please find correspondence from George F. Indest III, Esquire, dated April 27, 2016.


Tina Mesibov
Paralegal/Legal Assistant
The Health Law Firm
1101 Douglas Avenue
Altamonte Springs, FL 32714
Phone: (407) 331-6620
Fax:     (407) 331-3030
E-mail: tmesibov@thehealthlawfirm.com



Website | Blog | Facebook | Twitter


This communication is privileged and confidential. It is intended only for the person(s) to whom it is
directed. It may contain information that is sensitive, private and covered by the attorney-client privilege, the
attorney work-product privilege, the medical peer review privilege, the medical risk management privilege or
other privileges. If you have received this by mistake, please do not read it or copy it. Please delete it
immediately and notify the undersigned at the address and telephone number indicated (including your e-mail
address so that we may correct any erroneous information we may have). We do not provide legal advice
over the internet or in e-mails, nor will be agree to represent a party through e-mail.

1

*App. 3*

**THLF-096**

IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT
DAYTONA BEACH, FLORIDA

NEELAM UPPAL, M.D.,

        Appellant,

                          Case No.: 5D16-0180

GEORGE F. INDEST III, P.A., D/B/A
THE HEALTH LAW FIRM,

        Appellee.
_____/

## APPELLEE'S MOTION TO DISMISS AND FOR SANCTIONS PURSUANT TO SECTION 57.105, FLORIDA STATUTES, AND RULE 9.410, FLORIDA RULES OF APPELLATE PROCEDURE

       Appellee, George F. Indest III, P.A., d/b/a/ The Health Law Firm, respectfully

requests that the Court dismiss Appellant Neelam Uppal, M.D.'s, appeal and enter an

order imposing sanctions against her for filing a frivolous paper intended solely to

delay payment of a fair and just debt for services. Appellee believes dismissal and

sanctions are appropriate relief based upon the facts and circumstances of the case

below and Appellant's history of abusing the legal system. In addition to the

authority cited below, Appellee relies upon Section 57.105, Florida Statutes, and

Rules 9.410, Florida Rules of Appellate Procedure.

*App. 4*

**THLF-097**

## BACKGROUND AND FACTS

1.    Appellee, The Health Law Firm, is a Florida professional services corporation providing legal services to its clients.

2.    Appellant, Neelam T. Uppal, M.D., is a medical doctor licensed by the states of Florida and New York.

3.    Appellant retained the services of The Health Law Firm on or about June 5, 2012.

4.    The Health Law Firm performed considerable work on behalf of Appellant, for which Appellant failed to pay.

5.    After extensive efforts to collect on the overdue balance on Appellant's account with The Health Law Firm, suit was filed in the Eighteenth Judicial Circuit Court in and for Seminole County.  The case number was: 13-CA-3790-15-K.

6.    Appellant fled the jurisdiction to avoid service of process in the action below.  The Health Law Firm was able to locate Appellant hiding out in the State of New York where service was finally made on November 19, 2013.

7.    Appellant has a long and storied history of vexatious litigation in the federal and state court systems.  Below is merely a sample of some of the cases and results:

App. 5

THLF-098

a.    Case No.: 8:13-bk-05601 - Bankruptcy, Middle District of Florida, dismissed for fraud/concealment on September 17, 2013;

b.    Case No.: 8:12-bk-18946 - Bankruptcy, Middle District of Florida, dismissed for failure to file information on January 11, 2013;

c.    Case No.: 8:02-ap-00157 - Bankruptcy, Middle District of Florida, dismissed on October 18, 2002;

d.    Case No.: 8:00-bk-09734 - Bankruptcy, Middle District of Florida, discharged on July 21, 2003;

e.    Case No.: 8:15-ap-213-CPM - Bankruptcy, Middle District of Florida, dismissed September 25, 2015;

f.    Case No.: 2D14-4191 - Florida Second District Court of Appeal, pending;

g.    Case No.: 8:10-cv-2566-T-23AEP - Civil, Middle District of Florida, dismissed with threat of sanctions June 23, 2011;

h.    Case No.: A-5975-12T4 - Superior Court of New Jersey, Appellate Division, affirmed against Dr. Uppal November 20, 2014;

App. 6

THLF-099

i.    Case No.: C-574 - Supreme Court of New Jersey, Petition for Certiorari denied with costs February 7, 2001;

j.    Case No.: C-708 - Supreme Court of New Jersey, Petition for Certiorari denied with costs March 12, 2003;

k.    Case No.: 11-001130-CI - Sixth Judicial Circuit in and for Pinellas County Florida, dismissing Dr. Uppal's counterclaim April 8, 2015;

8.    The cases listed above are only a fraction of Dr. Uppal's exploits in the courts. A review of the Pinellas County Clerk of Court's Civil Docket reveals at least thirty-two (32) cases initiated by or against Dr. Uppal since 2000. She was sued at least thirteen (13) times for failure to pay amounts due. She was the plaintiff in no fewer than thirteen (13) other cases, many of which were frivolous claims for domestic violence injunctions which she failed to prosecute. Four (4) cases were unsuccessful appeals of other cases she lost in Pinellas County Small Claims Court.

9.    Additionally, a review of Dr. Uppal's history in the PACER system revealed no less than thirty-four (34) cases since 1998. Among those cases were twelve (12) separate bankruptcy proceedings all of which were dismissed with only one exception. Eighteen (18) civil cases were filed by Dr. Uppal as the plaintiff or as bankruptcy appeals. Dr. Uppal also filed four (4) separate appeals to the Eleventh

App. 7

THLF-100

Circuit Court of Appeals, all of which she lost, including the published opinion Uppal
v. Hosp. Corp. of Am., 482 Fed. Appx. 394 (11th Cir. 2012).

10.     Dr. Uppal did not contain her frivolous litigation to Pinellas County and
the federal courts. Since 2011, Dr. Uppal filed thirteen appeals in the Second District
Court of Appeals. Of the seven (7) cases that are closed, Dr. Uppal lost six (6) and
the one other case was returned to the lower tribunal without opinion or assignment
of error. Of the six remaining cases, five (5) of them were repeated appeals from the
same Pinellas County Circuit Court foreclosure case, 2011-CA-001130-CI.

11.     Dr. Uppal also has a considerable history in New Jersey state courts with
numerous cases and appeals. These cases primarily dealt with a divorce during which
she harassed her ex-husband with innumerable motions and papers accusing him of
physical violence, mental abuse, child abuse, and other vile crimes, none of which
appear to have ever been substantiated.

12.     Dr. Uppal's insults and scurrilous accusations are not confined to her ex-
husband. She made numerous accusations of collusion and conspiracy against the
Appellant, the United States District Court, the Middle District of Florida Bankruptcy
Court, the Circuit Court for Pinellas County, and other individuals in the papers she
filed in the respective courts.

App. 8

**THLF-101**

13.     In nearly all of these cases, Dr. Uppal was pro se.  She routinely filed frivolous motions and "orders."  Nearly all of her pleadings are nonsensical and rife with typographical and grammatical errors which belie Dr. Uppal's training and education as a physician.   The papers she filed are also filled with baseless accusations of fraud and conspiracy. Her filings routinely fail to recognize the record facts in a case and instead resort to continuous repetition of irrelevant, scandalous, and impertinent material.

14.     The Court only needs to look at the trial court's record in this case to find that Dr. Uppal is divorced from reality and will do anything, including abusing the judicial system, to avoid paying her just debts.

15.     Dr. Uppal fails to see and recognize what is going on around her or to understand the consequences of her own actions. Instead of internalizing her conduct and answering for it, she lashes out and accuses everyone else of conspiring to get her. In the lower court, she accused the undersigned of conspiring with another one of her creditors in the following papers:

a.     Answer and Objection to Plaintiff's Objection, Docket No. 6;

b.     Objection to Plaintiff's Motion for Summary Judgment, Docket No. 9; and

App. 9

**THLF-102**

        c.     Objection to Final Order of Summary Judgment, Docket

        &middot; No. 18.

16.    Dr. Uppal made baseless accusations of fraud against The Health Law

Firm in every paper she filed, but never offered a single fact in support thereof.

17.    Failing to present evidence of any kind was a common theme for Dr.

Uppal. She filed numerous papers and oppositions, but never offered any documents

or testimony to support her position.

18.    To the contrary, The Health Law Firm presented documentary evidence

and sworn testimony to support summary judgment on all counts.

19.    The record in this case clearly supports the trial court's ruling. Dr. Uppal

filed her appeal for no purpose other than harassment and to assuage her own

delusional thoughts of being wronged by yet another person.


**Memorandum of Law**

**I.**    **Appellant's Appeal is a Sham and was Filed for Improper Purposes**

A court should find a pleading or paper to be a sham when it is patently false

or for an improper purpose, and from the plain or conceded facts of the case, the

filing party knew or should have known it to be as much. Rhea v. Hackney, 157 So.

190, 193 (Fla. 1934). Appellant filed the instant appeal for no other purpose than to

App. 10

**THLF-103**

delay collection of a just debt. There exist no justiciable issues on appeal. The law
is immeasurably clear in this case, and Appellant, even though pro se, knew or should
have known from the circumstances of the case below, that there is no good faith
basis for an extension or change in the law to which would have allowed her to be
successful on appeal. Pleading a matter known by the party to be false and for the
purpose of delay or some other unworthy purpose, has always been considered an
abuse of the justice system and subjects the party to censure and summary set aside
with costs. Id.

As the Court is undoubtedly familiar, the standard for summary judgment in
Florida is that once the moving party establishes that there are no disputed issues of
material fact, the party opposing a motion for summary judgment must then present
evidence, not simply legal argument or unsubstantiated denials, demonstrating the
existence of a disputed issue of material fact in order to prevent summary judgment
from being entered. Woodruff v. Gov't Emps. Ins. Co., 669 So. 2d 1114, 1115
(Fla. 1st DCA 1996). The non-moving party may not carry its burden by merely
asserting that a particular issue is in dispute. Harvey Bldg., Inc. v. Haley, 175 So.
2d 780, 783 (Fla. 1965).

The issues below were simple. Appellant signed a contract for legal services.
Appellant requested legal services to be performed by The Health Law Firm. The

App. 11

THLF-104

Health Law Firm provided such legal services. Then, Appellant refused to pay for services rendered and action was initiated to collect the debt.

Without hyperbole or exaggeration, Appellant failed to offer even a scintilla of evidence which placed any material fact in dispute. Instead, her pleadings (those that she actually signed) were nothing more than a series of non-sensical ramblings, conspiratorial theories, and false accusations of fraud and collusion.

Appellant's appeal is also improper because it was filed for dilatory reasons. Given Appellant's frequent bankruptcy filings and the loss of her most recent appeal of the bankruptcy court's decision to the Middle District of Florida,[1] the undersigned believes this appeal is merely a delay tactic so that she can prepare and again file for bankruptcy.

Appeals filed for no other reason than to "delay compliance with the . . . final judgment of the trial court" are frivolous, not taken in good faith, and should be dismissed. Askew v. Gables By The Sea, Inc., 258 So. 2d 822, 822 (Fla. 1st DCA

---

[1] In late 2015, Appellant appealed an order of the Middle District of Florida in Case No.: 8:15-cv-01886-MSS denying a stay of proceedings pending appeal of the dismissal of her most recent bankruptcy filing to the Eleventh Circuit Court of Appeals. By order dated December 14, 2015, the Middle District held that the automatic stay of proceedings was unavailable because she could not show a likelihood of success on the merits of her appeal. Without the automatic stay, Appellant's creditors, including Appellee, were free to move forward with their collection efforts. Finding herself exposed, Appellant filed the instant appeal to further delay payment of her debt to Appellee.

App. 12

**THLF-105**

1972). There are no legal issues for this Court to review. Appellant utterly failed to

raise any dispute of material fact or valid objection to the Motion for Summary

Judgment filed below.

Appellant failed to place any of the material facts of the case in dispute through

presentation of testimony, affidavits, or documents. Instead, just as in her many,

many other cases, she filed sham pleadings and this meritless appeal in a desperate,

yet transparent, attempt to avoid paying the money she owes.

## II.  Appellant's History of Abuse of the Legal System Warrants Dismissal and Sanctions

The Court need look no further than Appellant's incredibly litigious history and

the language used in her filings below to see that her modus operandi is to abuse the

legal system and make frivolous filing after frivolous filing.

Courts in at least three different jurisdictions have warned and sanctioned

Appellant for abuse of the legal process. The Fifth District Court of Appeal should

not stand for Appellant's antics or permit her to waste the Court's time and resources

on her frivolous cases.

Appellant's conduct as a pro se litigant is prolific and approaches that of one

of Florida's most famously abusive pro se parties, Anthony Martin. See Martin v.

State, 747 So. 2d 386 (Fla. 2000). In Martin, the pro se party had previously filed

hundreds of lawsuits, motions, and miscellaneous pleadings in courts in several

App. 13

THLF-106

jurisdictions. Id. at 390. Appellant's conduct, although not yet as prolific as Mr. Martin's, is essentially the same–a long series of abusive, dilatory, and pointless proceedings and papers serving no other purpose than to satisfy the whims of one individual.

The Florida Supreme Court stated it best in Martin, saying: "This Court has the authority, perhaps even the duty, to stop litigants like Martin from abusing it and the people, as the Second Circuit put it, 'who have unluckily crossed his path.'" Martin, 747 So. 2d at 391 (quoting In re Martin-Trigona, 737 F.2d 1254, 1254 (2d Cir. 1984). This sentiment is equally applicable to Appellant and this Court should take up the standard and put an end to Appellant's misfeasance. She has dragged numerous innocent people into court and tied them up in years of litigation costing untold amounts of money and personal anguish as well as unduly burdening the legal system.

"The resources of our court system are finite and must be reserved for the resolution of genuine disputes." Rivera v. State, 728 So. 2d 1165, 1166 (Fla. 1998). Appellant's steady stream of pro se filings are not subject to the financial considerations that deter other litigants from filing frivolous suits, appeals, and papers. Consequently, the ordinary checks and balances associated with qualified, paid representation are absent and Appellant's abuse of the system and those she feels have wronged her flows unchecked. The imposition of sanctions perhaps including

Page 11 of 13

App. 14

a future bar on filing pro se appeals is necessary to dissuade Appellant from continued misuse of the legal system.

### Conclusion

Appellant's resume of judicial abuse and the lack of merit of her appeal are ample reasons for the Court to dismiss this action and impose sanctions against her. It is plain from even the most cursory inspection of the papers Appellant filed below there is no justiciable issue on appeal, and that she filed her appeal to delay enforcement of the lower court's judgment. Allowing this case to progress to briefs will only serve to reinforce Appellant's belief that she appropriately uses the legal system and will prejudice Appellee by forcing it to incur additional costs and expense briefing the case.

**WHEREFORE,** Appellee, George F. Indest III, P.A., d/b/a The Health Law Firm, respectfully requests the Court enter an order granting the following relief:

    A.    Dismiss the instant appeal with prejudice;

    B.    Enter an order awarding Appellee its attorneys' fees for defending this appeal and preparing and filing this Motion pursuant to Section 57.105, Florida Statutes, and Rule 9.410, Florida Rules of Appellate Procedure;

App. 15

**THLF-108**

C.   Barring Appellant from filing any further paper or cause against

Appellee without counsel; and

D.   Any other relief the Court may deem just and proper.

## CERTIFICATE OF SERVICE

I certify that I initially served a copy of this draft motion on pro se Appellant, Neelam Uppal, M.D., by U.S. mail, postage prepaid, to P.O. Box 1002, Largo, Florida 33779, and to 5840 Park Boulevard, Pinellas Park, FL 33781, and via e-mail to nneelu123@aol.com, on this 27th day of April 2016.

**GEORGE F. INDEST III, ESQUIRE**
Certified by The Florida Bar in Health Law
Florida Bar No.: 382426
Primary E-mail: GIndest@TheHealthLawFirm.com
Secondary E-mail: CourtFilings@TheHealthLawFirm.com
**LANCE O. LEIDER, ESQUIRE**
Florida Bar No.: 96408
Primary E-mail: LLeider@TheHealthLawFirm.com
Secondary E-mail: CourtFilings@TheHealthLawFirm.com
**THE HEALTH LAW FIRM**
1101 Douglas Avenue
Altamonte Springs, Florida 32714
Telephone: (407) 331-6620
Facsimile: (407) 331-3030
**ATTORNEYS FOR APPELLANT,**
**GEORGE F. INDEST III, P.A.**

GFI/gi   S:\Collections\1516\004\410-Pleadings-Drafts\Motion to Dismiss and for Sanctions-1a-Draft.wpd

Page 13 of 13

App. 16

**THLF-109**

## Tina Mesibov

| | |
|---|---|
| **From:** | eFile5DCA@FLCourts.org |
| **Sent:** | Thursday, June 23, 2016 9:55 AM |
| **To:** | George F. Indest; CourtFilings |
| **Subject:** | Pleading Accepted On Case: 16-0180 |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Your Motion For Attorney's Fees on case 16-0180 has been accepted and is now on the docket.

DCA Case No: 16-0180
Case Name : NEELAM UPPAL  v HEALTH LAW FIRM LT Case No : 13-CA-3790-15-K

1

**THLF-110**

**Tina Mesibov**

| | |
|---|---|
| **From:** | eFile5DCA@FLCourts.org |
| **Sent:** | Thursday, June 23, 2016 9:55 AM |
| **To:** | Lance O. Leider; CourtFilings |
| **Subject:** | CaseMail: A Document(Motion For Attorney's Fees) has been filed in case: 16-0180 (Category: Other) |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

DCA Case No: 16-0180
Case Name : NEELAM UPPAL v HEALTH LAW FIRM
LT Case No : 13-CA-3790-15-K

A document has been filed in the above referenced case. You may use the link below to view the document or you can log on eDCA to access the document.
https://edca.5dca.org/eNotice.aspx?id=30444-4321-791798-134335

Please DO NOT respond to this email. It was sent from an unattended mailbox.



1

**THLF-111**

**Tina Mesibov**

| | |
|---|---|
| **From:** | eFile5DCA@FLCourts.org |
| **Sent:** | Thursday, June 23, 2016 9:55 AM |
| **To:** | George F. Indest; CourtFilings |
| **Subject:** | Pleading Accepted On Case: 16-0180 |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

Your Appendix on case 16-0180 has been accepted and is now on the docket.

DCA Case No: 16-0180
Case Name  : NEELAM UPPAL  v HEALTH LAW FIRM LT Case No : 13-CA-3790-15-K

1

**THLF-112**

**Tina Mesibov**

| | |
|---|---|
| **From:** | eFile5DCA@FLCourts.org |
| **Sent:** | Thursday, June 23, 2016 9:55 AM |
| **To:** | Lance O. Leider; CourtFilings |
| **Subject:** | CaseMail: A Document(Appendix) has been filed in case: 16-0180 (Category: Other) |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

DCA Case No: 16-0180
Case Name : NEELAM UPPAL v HEALTH LAW FIRM
LT Case No : 13-CA-3790-15-K

A document has been filed in the above referenced case. You may use the link below to view the document or you can log on eDCA to access the document.
https://edca.5dca.org/eNotice.aspx?id=30444-4321-791799-134335

Please DO NOT respond to this email. It was sent from an unattended mailbox.



Please DO NOT respond to this email. It was sent from an unattended mailbox.

THLF-113