**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x   Case No.: 16-bk-12356-jlg

In re:

Chapter 13

NEELAM TANEJA,

    Debtor,

vs.

Adversary Proceeding No.: 17-ap-01027-jlg

THE HEALTH LAW FIRM,

**Motion for Summary Judgment**

    Creditor.

**Dispositive Motion**

---------------------------------------------------------------x

## CREDITOR, THE HEALTH LAW FIRM'S AND GEORGE INDEST'S [SIC]

## MEMORANDUM OF LAW IN SUPPORT OF

## MOTION FOR SUMMARY JUDGMENT AND ALTERNATE MOTION TO DISMISS

## NEELAM TANEJA'S ADVERSARY PROCEEDING

Creditor/Defendant, The Health Law Firm, P.A., f/k/a George F. Indest III, P.A.-The Health Law Firm, a Florida professional service corporation, and George Indest [sic], by and through undersigned counsel, pursuant to Rules 7012, 7041, 7056, and 9018, Federal Rules of Bankruptcy Procedure, file this Memorandum of Law in Support of Their Motion for Summary Judgment and Alternative Motion to Dismiss Debtor Neelam Taneja's "Adversary Proceeding for Violation of Automatic Stay & False Claim [sic]," George Indest[1] appearing herein solely for the

---

[1] Debtor Neelam Taneja Uppal a/k/a Neelam Teneeja, does not appear to be able to distinguish between the law firm, a Florida professional service corporation which previously represented her, and which was known as "George F. Indest III, P.A.-The Health Law Firm," and the individual attorneys of the firm, confusing them in her pleading. George F. Indest III, P.A.-The Health Law Firm did business as "The Health Law Firm." It recently changed its corporate name with the Florida Secretary of State to "The Health Law Firm, P.A." The Creditor is the law firm and not "George Indest." All litigation and actions undertaken in the past to attempt to collect Debtor

purpose of this response, and not consenting to jurisdiction of this Court, and state:

## BACKGROUND AND FACTS

The Background and Facts for this Memorandum of Law are set forth in the contemporaneously filed Motion for Summary Judgment and Alternative Motion to Dismiss Debtor Neelam Taneja's "Adversary Proceeding for Violation of Automatic Stay & False Claim [sic]," incorporated herein by reference.

## LEGAL AUTHORITY AND ARGUMENT

### I. Summary Judgment Should be Granted In Favor of Creditor The Health Law Firm

#### A. Legal Standard for Summary Judgment

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Of course, a requirement that there be no "genuine issue as to any material fact" does not mean that summary judgment is inappropriate if there is some dispute as to any fact.

As stated by the Supreme Court in Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986):

> By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise

---

Uppal/Taneja's debts was taken by the firm. George Indest has not appeared as a party in this action, has not been properly served, is not a proper party, and contends the Court does not have jurisdiction over him as a party.

> properly supported motion for summary judgment;
> the requirement is that there be no genuine issue of
> material fact.

Accord, Celotex Corp. v. Catrett, 477 U.S. 317, 322-323, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

### B. Documents and Affidavit Attached Show No Genuine Issue of Material Fact Exists

Here, given the pleading defects in the Debtor's Adversary Proceeding pleading, an examination of the pleadings and evidence presented demonstrates that there is no genuine issue as to any material fact. This Creditor is entitled to judgment as a matter of law.

Rule 56, Federal Rules of Civil Procedure, provides that a summary judgment should be sustained if there are no material issues of material fact or law that would support a party's claim. Summary judgment is appropriate if the pleadings and discovery, together with the affidavits filed when viewed in the light most favorable to the non-moving party, show that there is no genuine issue as to any material fact. Chaplin v. Nations Credit Corp., 307 F.3d 368, 371-72 (5th Cir. 2002) (quoting Anderson v. Liberty Lobby, supra).

A genuine issue of material fact exists only when there is evidence sufficient for a rational trier of fact to find for the non-movant. See Perez v. Region 20 Educ. Serv. Cir., 307 F.3d 318, 323 (5th Cir. 2002).

"When the non-moving party bears the burden of proof on a claim, the moving party may obtain summary judgment without providing evidence that negates the non-moving party's claim." Perez, 307 F.3d at 323. Further, if the moving party establishes that there is no genuine issue, "the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue

for trial" Diamond Offshore Co. v. A&B Builders, Inc., 302 F.3d 531, 540 (5th Cir. 2002).

> [Where] the summary judgment evidence establishes that one of the essential elements of the plaintiffs cause of action does not exist as a matter of law . . . all other contested issues of fact are rendered immaterial.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Summary judgment mirrors the standard for a directed verdict under Rule 50(a), Federal Rule of Civil Procedure, "which is that the trial judge must render verdict if there can be but one reasonable conclusion as to the outcome." Anderson v. Liberty Lobby, Inc., 477 US 250-51.

Additionally, the doctrine of "unclean hands" bars relief for the Debtor in a bankruptcy case. Rosefielde v. Toledano (In re: Toledano), 2005 U.S. Dist. LEXIS 3422 (S.D.N.Y. Mar. 4, 2005); see also, Aris Isotoner Inc. v. Berkshire Fashions, Inc., 924 F.2d 465, 465-66 (2d Cir. 1991); In re: Gucci, 309 B.R. 679, 684-86 (S.D.N.Y. 2004); In re: Cassani, 214 B.R. 459, 462-63 (D.Vt. 1997).

When the pleadings in the present case are taken together with the documents and affidavit attached to the present motion, then it should be apparent to the Court that there is no genuine issue of material fact. It should also be apparent to the Court that there can be but one reasonable outcome regarding the Debtor's claims.

Thus this Court should rule in favor of this Creditor and grant it summary judgment against the Debtor.

## II. Dismissal or Striking Is Required under Rules 7012, 9011, and 9018, Federal Rules of Bankruptcy Procedure, and Rule 12, Federal Rules of Civil Procedure

Rule 7012, Federal Rules of Bankruptcy Procedure, incorporating Rule 12, Federal Rules of Civil Procedure, by reference, allows for defenses to adversary proceedings to be raised by motions, including a motion for judgment on the pleadings. R. 12(c), Fed. R. Civ. P.

While a Federal Rule of Civil Procedure, Rule 12 (b) Motion to dismiss for failure to state a claim is directed solely toward the facts of the Plaintiff's claim for relief, without concern for the merits of the controversy, a Rule 12(c) Motion for judgment on the pleadings at least theoretically requires some scrutiny of merits of the controversy. Creditor contends that even without considering the merits, the Debtor's pleading is so deficient as to require dismissal.

Rule 9, Federal Rules of Civil Procedure, states in relevant part:

> **Rule 9. Pleading Special Matters**
>
> **(b) Fraud or Mistake; Conditions of Mind.** In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.
>
> \*   \*   \*
>
> **(f) Time and Place.** An allegation of time or place is material when testing the sufficiency of a pleading.
>
> **(g) Special Damages.** If an item of special damage is claimed, it must be specifically stated.

Rule 7009, Federal Rules of Bankruptcy Procedure specifically incorporates Rule 9 quoted above.

In her Adversary Proceeding pleading, Debtor Neelam Taneja Uppal has violated each of the subsections of Rule 9 quoted above. She has failed to provide any specifics at all regarding

any acts of fraud, fraudulent proceedings or false claims. She gives no time, place, date, location or method by which any violation of Bankruptcy Rules or statutes took place.

Special damages must be specific monetary losses resulting from the alleged wrongful conduct. Rule 9(g), Federal Rules of Civil Procedure. The Plaintiff cannot identify any special damages she sustained.

Her pleading is deficient and it should be dismissed for failure to plead with the specificity required by Rule 7009, Federal Rules of Bankruptcy Procedure, and Rule 9, Federal Rules of Civil Procedure, alone.

Debtor Neelam Taneja Uppal's false and defamatory statements are also scandalous. They violate Rule 9018, Federal Rules of Bankruptcy Procedure. The Court should dismiss or strike the entire pleading and seal it to protect this Creditor.

Additionally, Rule 9011, Federal Rules of Bankruptcy Procedure, is virtually identical to Rule 11, Federal Rules of Civil Procedure. It provides, in relevant part:

> **Rule 9011. Signing of Papers; Representations to the Court; Sanctions; Verification and Copies of Papers**
>
> \* \* \*
>
> **(b) Representations to the Court.** By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—
>
> > (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase

in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

**(c) Sanctions.** If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

**(1) How Initiated.**

\*   \*   \*

**(B) On Court's Initiative.** On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto. . . .

The Debtor has filed an Adversary Proceeding pleading containing false statements of fact.

It violates Rule 11, Federal Rules of Civil Procedure, and Rule 9011, Federal Rules of Bankruptcy

Procedure.

With regard to the Creditor's alternative motion for summary judgment, the Courts have considered summary judgment a salutary procedural device, the utilization of which in all appropriate cases should be encouraged rather than discouraged by the Federal Courts. Northwestern Nat'l Ins. Co. v. Corley, 503 F2d 224 (7th Cir. 1974).

However, if the Court does not grant Creditor's motion for summary judgment, it should, nevertheless, strike the offensive, defamatory and scandalous portions of Debtor's pleading and dismiss the remainder of her pleading.

### RELIEF REQUESTED

This Creditor/Defendant, The Health Law Firm, requests the Court to enter an Order:

- A. Dismissing "George Indest," individually, as a party in this matter, with prejudice.

- B. Entering Summary Judgment in its favor and against the Debtor Neelam Taneja, a/k/a Neelam Taneja Uppal in the Adversary Proceeding.

- C. Alternately, striking or dismissing Debtor's Adversary Proceeding, in accordance with Rules 7012, 9018, and 9011, Federal Rules of Bankruptcy Procedure, and sealing the same.

- D. Awarding this Creditor Attorney's fees, costs and sanctions against Debtor Neelam Taneja, a/k/a Neelam Taneja Uppal, pursuant to Rules 11 and 54, Federal Rules of Civil Procedure, and Rules 7054 and 9011, Federal Rules of Bankruptcy Procedure.

E.  Prohibiting Debtor Neelam Taneja, a/k/a Neelam Taneja Uppal, from filing any further bankruptcy actions again for at least three (3) years.

F.  Prohibiting Debtor Neelam Taneja, a/k/a Neelam Taneja Uppal, from filing any further motions, pleadings or other documents against this Creditor without first filing a motion requesting permission from this Court to do so, with a copy of her proposed filing attached and obtaining authority from this Court to do so.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will automatically serve each party that is a registered CM/ECF user;  I further certify that I have also served a copy of the foregoing via U.S. mail, postage prepaid, to the following:  Bankruptcy Trustee Jeffrey L. Sapir at 399 Knollwood Road, Suite 102, White Plains, New York 10603 and electronically at info@sapirch13tr.com;  Debtor, Neelam Taneja Uppal, at 1370 Broadway #504, New York, New York 10018;  and all other persons on the Creditor Matrix;  on this 20th day of March 2017.

/s/  George F. Indest III

_____
**GEORGE F. INDEST III, J.D., M.P.A., LL.M.**
Florida Bar No.:  382426
(Admitted Pro Hac Vice)
Primary e-mail:  GIndest@TheHealthLawFirm.com
Secondary e-mail:  CourtFilings@TheHealthLawFirm.com
**THE HEALTH LAW FIRM**
1101 Douglas Avenue

         Altamonte Springs, Florida 32714
         Telephone:  (407) 331-6620
         Telefax:  (407) 331-3030
         **ATTORNEYS FOR CREDITOR,**
         **THE HEALTH LAW FIRM, P.A.**

GFI/mw
S:\Collections\1516-Uppal, Neelam, MD\006\Pleadings-Drafts\MSJ & MTD Memo of Law.wpd