**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x

In re:

       NEELAM TANEJA,

              Debtor/Plaintiff,

vs.

       THE HEALTH LAW FIRM,

              Creditor/Defendant.

-----------------------------------------------------------------x

**Adversary Proceeding No.:**
**17-ap-01027-cgm**

Chapter 13 Case No.:
16-bk-12356-cgm

**Motion for Judicial Notice**

## CREDITOR/DEFENDANT THE HEALTH LAW FIRM'S MOTION TO TAKE JUDICIAL NOTICE IN CHAPTER 13 BANKRUPTCY ADVERSARY PROCEEDING WITH SUPPORTING MEMORANDUM OF LAW

**COMES NOW**, Creditor/Defendant, The Health Law Firm, and George Indest, an attorney employed by The Health Law Firm, by and through their undersigned counsel, the aforesaid George Indest appearing for limited purposes only and not waiving any right, objection or defense he may have, and moves this Court to take judicial notice in the above-referenced Adversary Proceeding, pursuant to Rule 201, Federal Rules of Evidence, of the following, all documents filed in the main bankruptcy proceedings of this Court, 16-bk-12356-cgm:

    1.    Trustee's Status Report, filed March 21, 2017, by Jody L. Java, Esq., Law Offices of Jeffrey L. Sapir, Esq., in the U.S. Bankruptcy Court, Southern District of New York, Case No.: 16-12356-JLG (Doc. 144) (attached as Exhibit 1), according to Jeffrey L. Sapir, Trustee:

        a.    Fact:  As of the date of the report, that there was no automatic stay in place.

        b.    Fact:  Debtor/Plaintiff Neelam Taneja Uppal is ineligible for Chapter 13.

        c.     Fact:  The Trustee will be moving for dismissal.

2.     Order of the Honorable James L. Garrity, Jr., entered April 24, 2017 (Doc. 151) (attached as Exhibit 2), showing:

        a.     Fact:  The foregoing shows that all eight (8) objections to claims filed by Debtor/Plaintiff Neelam Taneja Uppal pro se, have been withdrawn as of April 21, 2017, once she retained counsel on the case, thus showing that Debtor Uppal routinely files frivolous and unsupportable objections.

        b.     Fact:  One of the objections withdrawn by Debtor Uppal was Doc. No. 101, the Debtor's Notice of Objection and Objection to the Proof of Claim of The Health Law Firm, thus providing proof that The Health Law Firm has filed a credible, supported, non-objectionable claim.

3.     Debtor Neelam Taneja Uppal's Notice of Objection and Objection that have been withdrawn (Doc. No. 101) (attached as Exhibit 3), showing:

        a.     Fact:  Debtor Neelam Taneja Uppal's Objection that is now withdrawn included the following: "4.  The claim is Fraudulent [sic].  Florida statute [sic] allows for triple the damages as compensation."  This now becomes the law of the case on this issue.

4.     The Status Report filed by Debtor's counsel, Arlene Gordon-Oliver, Esquire, on May 18, 2017 (Doc. No. 158) (attached as Exhibit 4), for the following:

        a.     Fact:  Once the Debtor retained counsel on the case she dismissed two of the five adversarial proceedings she had filed, thus showing that Debtor Neelam Taneja Uppal routinely files frivolous and unsupportable adversarial proceedings.

        b.     Fact:  Although representing Debtor in the main bankruptcy action, Attorney Arlene Gordon-Oliver is not representing the Debtor in this Adversary Proceeding;  Debtor Neelam Taneja Uppal is proceeding pro se in this Adversarial Proceeding.

5.     Opposition of Nationstar Mortgage LLC to Debtor's Motion for Continuation of the Automatic Stay of January 13, 2017 (Doc. No. 77 in main Bankruptcy Case).

6.     Creditor The Health Law Firm's Verified Opposition to Debtor Neelam Taneja's "Motion for Sanction Willful Violation of Stay [sic]" of December 15, 2016 (Doc. No. 64 in main Bankruptcy Case).

7.      Objection of Nationstar Mortgage LLC, to (1) Debtor's Motion for Sanctions for Violations of Automatic Stay, etc., of 12/29/2016 (Doc. No. 65 in main Bankruptcy Case).

**WHEREFORE**, Creditor/Defendants The Health Law Firm and George Indest request this Court to take judicial notice of the foregoing facts and admit as exhibits in Adversary Proceeding number 17-ap-01027-cgm and the seven (7) documents attached to this motion as exhibits, pursuant to Rule 201, Federal Rules of Evidence.

## SUPPORTING MEMORANDUM OF LAW

Rule 9017, Federal Rules of Bankruptcy Procedure, states:  "The Federal Rules of Evidence . . . apply in cases under the Code."

Rule 201 of the Federal Rules of Evidence states:

**Judicial Notice of Adjudicative Facts**

**1.(a)  Scope.**  This rule governs judicial notice of an adjudicative fact only, not a legislative fact.

**(b)    Kinds of Facts That May Be Judicially Noticed.** The court may judicially notice a fact that is not subject to reasonable dispute because it:

(1)      is generally known within the trial court's territorial jurisdiction; or

(2)      can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

**(c)  Taking Notice**.  The court:

(1)      may take judicial notice on its own; or

(2)      must take judicial notice if a party

> requests it and the court is supplied
> with the necessary information.

> **(d) Timing.** The court may take judicial notice at
> any stage of the proceeding. . . .

Rule 201 of the Federal Rules of Evidence is applicable in bankruptcy cases pursuant to Rule 9017, Federal Rules of Bankruptcy Procedure;  a bankruptcy court properly takes judicial notice of the contents of the debtor's petition, schedules, statement of affairs, and related documents filed in the bankruptcy. Clark v. Reed (In re Reed), 293 B.R. 65, 2003 Bankr. LEXIS 812, (Bankr. D. Kan. 2003).

Where a bankruptcy debtor filed an action against creditors, arguing that the creditors' actions had violated state law as an unlawful distribution, and the creditor moved to dismiss, it was permissible for the curt to take judicial notice under Fed. R. Evid. 201(b)(2) of extrinsic facts about the debtor.  Enron Corp. v. Bear, Stearns Int'l Ltd. (In re Enron Corp.), 323 B.R. 857, 2005 Bankr. LEXIS 701 (Bankr. S.D.N.Y. 2005).

Therefore, in the present case, all of the filings in the main bankruptcy proceeding may be judicially noticed by this Court.

Where the Trustee alleged that limited liability company debtor's chapter 11 petition should have been dismissed on ground that member had no authority to file case, the bankruptcy court properly took judicial notice of its files and records in member's chapter 7 bankruptcy case, pursuant to Fed. R. Evid. 201.  In re A-Z Elecs., LLC, 350 B.R. 886, 2006 Bankr. LEXIS 2105 (Bankr. D. Idaho 2006).

Accordingly, the Bankruptcy Court in the present proceeding may take judicial notice of the Trustees similar recommendation in this case contained in his report.

The bankruptcy court can take judicial notice, pursuant to Rule 201(b)(2) and (c)(1),

Federal Rules of Evidence, of state court records.  In re Sas, 488 B.R. 178, 2013 Bankr. LEXIS

1223 (Bankr. D. Nev. 2013).  Therefore, this Court may take judicial notice of the many prior

frivolous filings of the Debtor in various state court proceedings.

**WHEREFORE**, Creditor/Defendants The Health Law Firm and George Indest request this

Court to take judicial notice of the foregoing facts and admit as exhibits in Adversary Proceeding

number 17-ap-01027-cgm and the seven (7) documents attached to this motion as exhibits,

pursuant to Rule 201, Federal Rules of Evidence.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that I have electronically filed the foregoing with the Clerk of
Court using the CM/ECF System, which will automatically serve each party that is a registered
CM/ECF user for this adversary proceeding, including Debtor Neelam Taneja Uppal (pro se).
I further certify that I have also served a copy of the foregoing via U.S. mail, postage prepaid, to
the following:  Bankruptcy Trustee Jeffrey L. Sapir, Esquire/Jody L. Kava, Esquire, at 399
Knollwood Road, Suite 102, White Plains, New York 10603, and electronically at
info@sapirch13tr.com;  I have also served a copy of the foregoing via U.S. mail, postage prepaid,
to Debtor Neelam Taneja Uppal (pro se);  on this 22nd day of May 2017.


/s/  George F. Indest III

_____
**GEORGE F. INDEST III, J.D., M.P.A., LL.M.**
Florida Bar No.:  382426
(Admitted Pro Hac Vice)
Primary e-mail:  GIndest@TheHealthLawFirm.com
Secondary e-mail: CourtFilings@TheHealthLawFirm.com
**THE HEALTH LAW FIRM**
1101 Douglas Avenue
Altamonte Springs, Florida 32714
Telephone:  (407) 331-6620
Telefax:  (407) 331-3030
**ATTORNEYS FOR CREDITOR/DEFENDANT,**
**THE HEALTH LAW FIRM, P.A.**

Attachment(s):

INDEX OF EXHIBITS

Exhibits "1" through "7"

GFI/ch
S:\Collections\1516-Uppal, Neelam, MD\006-BR NY\PLEADINGS-Vol I-Adversary\Motion to Take Judicial Notice-Final.wpd