# EXHIBIT (5)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION
IN RE:

| | |
|---|---|
| NEELAM TANEJA, AKA NEELAM UPPAL, | CHAPTER 13 |
| | CASE NO. 16-12356 |
| DEBTOR. | JUDGE: James L. Garrity, Jr. |

## OPPOSITION OF NATIONSTAR MORTGAGE LLC TO DEBTOR'S MOTION FOR CONTINUATION OF THE AUTOMATIC STAY

Nationstar Mortgage LLC ("Nationstar"), by and through its attorneys, Shapiro, DiCaro & Barak, LLC, submits the instant Opposition to Debtor's Motion for Continuation of the Automatic Stay (the "Motion"), and respectfully states:

1. The Debtor's Motion to Extend the Automatic Stay should be denied because the Debtor did not file this case in good faith.

2. The presumption of bad faith arises pursuant to Section 362(c), and the Debtor fails to rebut the presumption with clear and convincing evidence.

3. The Debtor asserts in the Motion that the debt to Wells Fargo has been satisfied.

4. Upon information and belief, none of the debts to Wells Fargo have been satisfied, and all currently remain outstanding.

5. The Debtor has provided no support for the assertion that the Debt has been satisfied, and Wells Fargo has continued actively participating in the Debtor's bankruptcy filings.

6. In addition the Motion asserts that the Debtor's income has increased.

7. This assertion is clearly contradicted by the record of the Debtor's prior filings.

8. Further, any argument that the petition was filed in good faith is belied by the fact that the Debtor is a serial bankruptcy filer and vexatious litigant.

## BACKGROUND

9. On August 15, 2016, debtor Neelam Taneja, aka Neelam Uppal (the "Debtor") filed a Voluntary Petition in this Bankruptcy Case under Chapter 13 of the Bankruptcy Code.

10. The instant case is the fifth bankruptcy filing by the Debtor. The Debtor has previously filed four bankruptcy petitions in the Middle District of Florida.

11. The first case was filed in the Bankruptcy Court for the Middle District of Florida as Chapter 7 (subsequently converted to Chapter 13) Case No. 8:00-bk-09734-TEB on June 21, 2000 (the "First Case"). The First Case was thereafter closed following the Debtor's discharge by Order entered July 21, 2003 as ECF Doc. No. 142.

12. The second case was filed, pro se, in the Bankruptcy Court for the Middle District of Florida as Chapter 13 Case No. 8:12-bk-18946-CPM on December 19, 2012 (the "Second Case"). The Second Case was thereafter dismissed under 11 U.S.C. § 521(i) for the Debtor's failure to file information required, as under 11 U.S.C. § 521(a)(1), and a dismissal Order was entered on January 11, 2013 as ECF Doc. No. 15. Subsequently the Debtor filed Motions to Impose the Automatic Stay and for Reconsideration of Dismissal, both of which were denied.

13. The third case was filed in the Bankruptcy Court for the Middle District of Florida as Chapter 13 Case No. 8:13-bk-05601-CPM on April 29, 2013 (the "Third Case"). The Third Case was dismissed due to a failure to satisfy the statutory requirements of 11 U.S.C. § 109(e) and a demonstrated lack of good faith by Order entered September 17, 2013 as ECF Doc. No. 81. The Third Case is currently still active through a number of ongoing Motions, and importantly, has not been closed.

14. The fourth case was filed, pro se, in the Bankruptcy Court for the Middle District of Florida as Chapter 13 Case No. 8:15-bk-00594-CPM on January 22, 2015 (the "Fourth

Case"). The Fourth Case was similarly a barebones filing, without any schedules. The Fourth Case was thereafter dismissed again by a failure to satisfy the statutory requirements of 11 U.S.C. § 109(e) and a demonstrated lack of good faith by Order entered September 1, 2015 as ECF Doc. No. 231. The Fourth Case was thereafter closed on March 22, 2016.

15. The fifth and instant case was filed in the Bankruptcy Court for the Southern District of New York as Chapter 13 Case No. 16-12356-jlg on August 15, 2016 (the "Fifth Case" or "Instant Case"). The Fifth Case was similarly a barebones filing.

## DISCUSSION

16. Nationstar contends that the Debtor's Third and Fourth Cases were pending within the prior year, and the automatic stay would therefore would not have gone into effect pursuant to 11 U.S.C. § 362(c)(4)(A)(i).

<u>The Debtor's Instant Bankruptcy Case was not filed in Good Faith</u>

17. The Debtor's Third AND Fourth cases were dismissed for being over the Debt Limits imposed by Section 109(e).

18. The Debtor knew or should have known that she remained over the debt limits when filing the instant case. The Instant filing is therefore not in good faith as the Debtor knew she did not qualify as a Chapter 13 debtor.

19. In the Motion, the Debtor seeks to rebut the presumption that the instant case was not filed in good faith by clear and convincing evidence.

20. The Debtor asserts that the case was filed in good faith because the Debtor has had a substantial change in circumstances, and provides two arguments in support of the assertion, both of which are directly contradicted by the record.

21. The first justification is that the Debtor claims that the Debt owed to Wells Fargo has been satisfied.

22. The Debtor has not provided any support whatsoever for the assertion that the debt has been satisfied, and Wells Fargo has continued to actively participate in the Debtor's bankruptcy filings.

23. Upon information and belief, the debt to Wells Fargo has not been satisfied, and the Debtor is untruthful in the assertion that it has.

24. Since the Debtor knew that the Debt to Wells Fargo had not been satisfied, the Debtor should have known that she was over the debt limits imposed by 11 U.S.C. Section 109(e).

25. Therefore, the Debtor's filing under Chapter 13 while the Debtor was aware that she did not qualify to be a Chapter 13 Debtor could not have been in good faith.

26. The second justification that the Debtor relies on as evidence that there has been a material change in circumstances is that the Debtor has "obtained employment that allows sufficient income to meet the financial demand of a Chapter 13 plan".

27. In the Instant Case, the Debtor's Schedule J lists income of $5,440.00 per month. A copy of the Debtor's Schedule J from the Instant Case is attached hereto as **Exhibit "A"**.

28. In the Third Case, the Debtor listed an income of $9,316.66 per month in the amended Schedule I filed on July 1, 2013. A copy of the Debtor's Amended Schedule I from the Third Case is attached hereto as **Exhibit "B"**.

29. In the Fourth Case, the Debtor listed an income of $5,440.00 per month on February 4, 2015. A copy of the Debtor's Schedule I from the Fourth Case is attached hereto as **Exhibit "C"**.

30. The Debtor's income has not changed since the Fourth Case, and is materially lower than it was in the Third Case.

31. The Debtor's indication in the Motion that her income has increased is not supported by the record, and thus falls short of the clear and convincing evidence that the Debtor's circumstances have changed materially.

<u>Even if the Debtor is able to Show that her Circumstances Have Changed Materially, The Case is Still in Bad Faith</u>

32. Even if the court finds that the circumstances have changed materially, the Debtor cannot show by clear and convincing evidence that the Instant Filing was filed in good faith.

33. The Debtor is a serial filer and a vexatious litigant. In addition to the Five Bankruptcy cases referenced hereinabove, she has participated in seventeen Florida Second District Court of Appeals cases, frequently as the Plaintiff. Additionally, she has been a party in 11 Middle District of Florida federal cases, frequently as the Plaintiff. Copies of docket searches for the Debtor in these two courts are attached as **Exhibit "D."** Many of these cases appear to relate to frivolous foreclosure appeals, including appeals against Movant regarding the Property.

34. This is the Debtor's fifth bankruptcy filing intended only to forestall foreclosure action in what constitutes a scheme to hinder delay and defraud creditors.

35. The Debtor is not utilizing the automatic stay for legitimately seeking a fresh start. Rather, the multiple bankruptcy filings of the Debtor are an abuse of the automatic stay and the bankruptcy system, used to thwart creditors' efforts to enforce their state law rights in their collateral.

36. The Debtor has filed repeated numerous unsupported motions seeking to deprive the secured creditors, including Nationstar, of the benefit of their security interest in the Debtor's various properties in both the instant filing and in the prior filings in Florida.

37. The Debtor has not filed a plan in any of the various filing that attempts to cure the arrears due to the secured creditors.

38. Even if the Debtor's circumstances have materially changed, that does not provide clear and convincing evidence that this case was filed in good faith.

## CONCLUSION

39. The presumption of bad faith arises, and both of the explanations that the Debtor looks to in her effort to support her assertion that there has been a material change in circumstances are demonstrably untrue.

40. The Debtor can show no evidence that any debt to Wells Fargo has been satisfied.

41. The Debtor claims that her income has increased, but her income from her Schedule I is exactly identical to the income from her Schedule I from her prior filing, and is thousands of dollars less a month than her income was in the Third filing.

42. Even if the Debtor were to show that her circumstances have changed materially, this is still not sufficient to show that her case is in good faith because the Debtor is a vexatious litigant and serial filer who filed the Instant Case as part of a pattern of conduct that includes numerous prior bankruptcy filings, federal cases and state court appeals, all with the intent of delaying Movant and other secured creditors from recovering their security interests.

**WHEREFORE**, Nationstar respectfully requests that the Court deny the Debtor's Motion, or for such other relief as the Court finds just and proper.

Dated: January 13, 2016
      Melville, New York

                        Respectfully submitted,

                        /s/ Robert W. Griswold
                        Robert W. Griswold
                        Bankruptcy Attorney
                        Shapiro, DiCaro & Barak, LLC
                        Attorneys for Nationstar Mortgage LLC as Servicer
                        for The Bank of New York Mellon f/k/a The Bank of
                        New York as Trustee for Home Equity Loan Trust
                        2007-FRE1
                        One Huntington Quadrangle, Suite 3N05
                        Melville, NY 11747
                        Telephone: (631) 844-9611
                        Fax: (631) 844-9525

# Exhibit "A"

17-01027-cgm    Doc 7-6    Filed 05/22/17    Entered 05/22/17 18:37:15    Exhibit Ex 5
Doc 77 Opposition    Pg 1/03/12 16:33:15    Exhibit A -
16-12356-jlg    Doc 77-1    Filed 01/13/17    Entered 01/13/17
Schedule J    Pg 2 of 2

16-12356-jlg    Doc 18    Filed 09/14/16    Entered 09/15/16 14:04:04    Main Document
Pg 29 of 41

B6J (Official Form 6J) (12/07)
IN RE: Neelam T. Uppal    Case No. _____
(if known)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---|
| 1. Rent or home mortgage payment (include lot rented for mobile home)<br>a. Are real estate taxes included?    ☐ Yes  ☒ No<br>b. Is property insurance included?    ☐ Yes  ☒ No | |
| 2. Utilities: a. Electricity and heating fuel | $250.00 |
| b. Water and sewer | $175.00 |
| c. Telephone | |
| d. Other: Cable, Internet, Phone | $150.00 |
| 3. Home maintenance (repairs and upkeep) | $150.00 |
| 4. Food | $350.00 |
| 5. Clothing | $50.00 |
| 6. Laundry and dry cleaning | $80.00 |
| 7. Medical and dental expenses | $150.00 |
| 8. Transportation (not including car payments) | $320.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $100.00 |
| 10. Charitable contributions | $100.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments)<br>a. Homeowner's or renter's<br>b. Life<br>c. Health<br>d. Auto<br>e. Other: | <br><br>$201.00<br>$500.00<br>$150.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments)<br>Specify: | |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan)<br>a. Auto:<br>b. Other: Investment Property Mtg<br>c. Other:<br>d. Other: | <br><br>$4,807.00<br> |
| 14. Alimony, maintenance, and support paid to others:    Child Support<br>15. Payments for support of add'l dependents not living at your home:<br>16. Regular expenses from operation of business, profession, or farm (attach detailed statement)<br>17.a. Other:<br>17.b. Other: | $840.00<br><br><br><br>3566.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $. |
| 19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document: None. | |

20. STATEMENT OF MONTHLY NET INCOME
a. Average monthly income from Line 15 of Schedule I    5440.00
b. Average monthly expenses from Line 18 above    3566.00
c. Monthly net income (a. minus b.)    1874.00

# Exhibit "B"

17-01027-cgm Doc 7-6 Filed 05/22/17 Entered 05/22/17 18:37:15 Exhibit Ex 5
16-12356-jlg Doc 77-2 Filed 01/13/17 Entered 01/13/17 16:33:15 Exhibit B - Schedule I Pg 2 of 2
Doc 77 Opposition Pg 12 of 20
Case 8:13-bk-05601-CPM Doc 47 Filed 07/01/13 Page 19 of 32

B6I (Official Form 6I) (12/07)

In re **Neelam T. Uppal**            Case No. **8:13-bk-05601-CPM**
                                                                                                                                                                                            (if known)

## *AMENDED*
## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | Dependents of Debtor and Spouse | | | |
|---|---|---|---|---|
| Single | Relationship(s): | Age(s): | Relationship(s): | Age(s): |

| Employment: | Debtor | Spouse |
|---|---|---|
| Occupation | Physician | |
| Name of Employer | Independent Contractor | |
| How Long Employed | 3 months | |
| Address of Employer | 7352 Sawgrass Point Dr. Pinellas Park, FL 33782 | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $8,666.66 | |
| 2. Estimate monthly overtime | $0.00 | |
| 3. SUBTOTAL | $8,666.66 | |
| 4. LESS PAYROLL DEDUCTIONS | | |
|     a. Payroll taxes (includes social security tax if b. is zero) | $1,200.00 | |
|     b. Social Security Tax | $450.00 | |
|     c. Medicare | $300.00 | |
|     d. Insurance | $0.00 | |
|     e. Union dues | $0.00 | |
|     f. Retirement | $0.00 | |
|     g. Other (Specify) _____ | $0.00 | |
|     h. Other (Specify) _____ | $0.00 | |
|     i. Other (Specify) _____ | $0.00 | |
|     j. Other (Specify) _____ | $0.00 | |
|     k. Other (Specify) _____ | $0.00 | |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $1,950.00 | |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $6,716.66 | |
| 7. Regular income from operation of business or profession or farm (Attach detailed stmt) | $0.00 | |
| 8. Income from real property | $2,600.00 | |
| 9. Interest and dividends | $0.00 | |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $0.00 | |
| 11. Social security or government assistance (Specify): _____ | $0.00 | |
| 12. Pension or retirement income | $0.00 | |
| 13. Other monthly income (Specify): | | |
|     a. _____ | $0.00 | |
|     b. _____ | $0.00 | |
|     c. _____ | $0.00 | |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $2,600.00 | |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $9,316.66 | |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $9,316.66 | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
**Debtor is anticipating moving from contract to employee in July 2013.**

# Exhibit "C"

17-01027-cgm    Doc 7-6    Filed 05/22/17    Entered 05/22/17 18:37:15    Exhibit Ex 5
16-12356-jlg    Doc 77-3    Filed 01/13/17    Entered 01/13/17 16:33:15    Exhibit C -
Doc 77 Opposition    Pg 14 of 20
Schedule I    Pg 2 of 2

Case 8:15-bk-00594-CPM    Doc 15    Filed 02/04/15    Page 25 of 26

B6I (Official Form 6I) (12/07)

In re _____,    Case No. _____
                 Debtor                                               (If known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP(S): | AGE(S): |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | PHYSICIAN | |
| Name of Employer | unemployed | |
| How long employed | 1 month | |
| Address of Employer | | |

|  | DEBTOR | SPOUSE |
|---|---|---|
| INCOME: (Estimate of average or projected monthly income at time case filed) | | |
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ 1640 | $ |
| 2. Estimate monthly overtime | $ 0.00 | $ |
| 3. SUBTOTAL | $ 0.00 | $ |
| 4. LESS PAYROLL DEDUCTIONS | | |
|    a. Payroll taxes and social security | $ 0.00 | $ |
|    b. Insurance | $ 0.00 | $ |
|    c. Union dues | $ 0.00 | $ |
|    d. Other (Specify): _____ | $ 0.00 | $ |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | $ |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | $ |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ Projected 10000 | $ |
| 8. Income from real property | $ 2800 | $ |
| 9. Interest and dividends | $ 00.00 | $ |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ 0.00 | $ |
| 11. Social security or government assistance (Specify): _____ | $ Pending | $ |
| 12. Pension or retirement income | $ | $ |
| 13. Other monthly income (Specify): _____ | $ | $ |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ 1640 | $ |
| 15. AVERAGE MONTHLY INCOME (Add amounts on lines 6 and 14) | $ 2800 / 5440.00 | $ |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ 5440.00 | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

_____

# Exhibit "D"

10/18/2016                                   Second District Court of Appeal Party Search Results

# Florida State Courts

| Courts | Opinions | New Query | Help |

*Florida Second District Court of Appeal Docket*

# Party Search Results
## Last name contains "uppal"
## First name contains "neelam"

[Printer Friendly View]

| Last Name | First Name | Middle Name | Bar or Prisoner Number | Current Address | Phone | No. of Cases |
|-----------|------------|-------------|------------------------|-----------------|-------|--------------|
| UPPAL | NEELAM | | | P.O. Box 1002<br>Largo FL 33779 | | 17 |

[Printer Friendly View]

10/18/2016                    Second District Court of Appeal Cases for Party UPPAL, NEELAM

# *Second District Court of Appeal Cases for Party UPPAL, NEELAM*
10/18/2016 04:01

| Case No. | Filed | Case Style | County | Lower Tribunal Case | Disposed |
|---|---|---|---|---|---|
| 11-4976 | 09/28/2011 | BAY AREA INFECTIOUS v. C L S BILLING SERVICES, | Pinellas | 09-12260-CI | 01/23/2012 |
| 12-479 | 10/19/2011 | BAY AREA INFECTIOUS v. C L S BILLING SERVICES, | Pinellas | 09-012260-CI-08 | 03/16/2012 |
| 12-4974 | 10/02/2012 | NEELAM UPPAL v. CHARLENE RODRIGUEZ | Pinellas | 11-000034AP-88B | 10/31/2012 |
| 13-2 | 01/02/2013 | NEELAM UPPAL v. DEPARTMENT OF HEALTH | Pinellas | 2006-38711, more | 01/10/2014 |
| 13-477 | 01/28/2013 | NEELAM UPPAL v. CHARLENE RODRIGUEZ | Pinellas | 10-4509-SC | 03/22/2013 |
| 14-706 | 02/13/2014 | NEELAM T. UPPAL v. CHARLENE RODRIGUEZ | Pinellas | 10-4509SC | 03/20/2014 |
| 14-4191 | 09/05/2014 | NEELAM T. UPPAL v. WELLS FARGO | Pinellas | 2011CA001130XXDIDI | 04/29/2016 |
| 15-6 | 01/02/2015 | NEELAM T. UPPAL v. BOARD OF MEDICINE, DEPT. | Pinellas | 13-595 | 05/11/2016 |
| 15-5367 | 12/09/2015 | NEELAM UPPAL v. WELLS FARGO BANK | Pinellas | 12-014890-CI | 02/10/2016 |
| 15-5753 | 12/09/2015 | NEELAM UPPAL v. WELLS FARGO | Pinellas | 11-01130-CI | 04/28/2016 |
| 16-810 | 02/16/2016 | NEELAM UPPAL v. WELLS FARGO BANK, N.A. | Pinellas | 2011-CA-001130XXCICI | |
| 16-1022 | 02/22/2016 | NEELAM UPPAL v. WELLS FARGO BANK, N A | Pinellas | 11-01130-CI | |
| 16-1240 | 03/21/2016 | NEELAM UPPAL v. WELLS FARGO, N. A. | Pinellas | 11-001130-CI | |
| 16-2356 | 05/26/2016 | NEELAM UPPAL v. WELLS FARGO BANK, N.A. | Pinellas | 11-01130-CI | |
| 16-3310 | 07/19/2016 | NEELAM UPPAL v. NATIONSTAR MORTGAGE, L L C | Pinellas | 2013-CA-010045XXCICI | |
| 16-3830 | 08/16/2016 | NEELAM UPPAL v. NATIONSTAR MORTGAGE L L C | Pinellas | 2013CA010045XXCICI | |
| 16-3916 | 08/31/2016 | NEELAM UPPAL v. NATIONSTAR MORTGAGE L L C | Pinellas | 2013CA010045XXCICI | |
| *Total Cases 17* | | | | | |

10/18/2016     PACER Case Locator - View



**PACER Case Locator**

Browse Aloud

Civil Party Search
Tue Oct 18 15:03:27 2016
13 records found

User: sk0007
Client:
Search: Civil Party Search Name uppal, neelam Florida Middle Page: 1

| Party Name | Court | Case | NOS | Date Filed | Date Closed |
|---|---|---|---|---|---|
| 1 Uppal, Neelam T. (pla) | flmdce | 8:2015-cv-00068 | 430 | 01/13/2015 | 05/27/2015 |
| 2 Uppal, Neelam T. (a) | flmdce | 8:2015-cv-01886 | 422 | 08/14/2015 | 01/25/2016 |
| 3 Uppal, Neelam T. (inre) | flmdce | 8:2015-cv-00794 | 422 | 04/03/2015 | 05/01/2015 |
| 4 Uppal, Neelam (pla) | flmdce | 8:2010-cv-02625 | 442 | 11/22/2010 | 06/10/2011 |
| 5 Uppal, Neelam T. (a) | flmdce | 8:2015-cv-00794 | 422 | 04/03/2015 | 05/01/2015 |
| 6 Uppal, Neelam (pla) | flmdce | 8:2015-cv-01796 | 440 | 08/03/2015 | |
| 7 Uppal, Neelam (pla) | flmdce | 8:2009-cv-00634 | 442 | 04/06/2009 | 07/06/2011 |
| 8 Uppal, Neelam (inre) | flmdce | 8:2015-cv-01886 | 422 | 08/14/2015 | 01/25/2016 |
| 9 Uppal, Neelam (pla) | flmdce | 8:2015-cv-00072 | 440 | 01/13/2015 | 01/06/2016 |
| 10 Uppal, Neelam (pla) | flmdce | 8:2004-cv-01755 | 362 | 07/29/2004 | 03/18/2005 |
| 11 Uppal, Neelam (pla) | flmdce | 8:2003-cv-00967 | 440 | 05/20/2003 | 07/22/2003 |
| 12 Uppal, Neelam (pla) | flmdce | 8:2010-cv-02566 | 440 | 11/15/2010 | 06/23/2011 |
| 13 Uppal, Neelam (pla) | flmdce | 8:2003-cv-02715 | 440 | 12/29/2003 | 10/05/2004 |

Receipt 10/18/2016 15:03:2
User sk0007
Client
Description Civil Party Search
Name uppal, neelam Florida Middle Page: 1
Pages 1 ($0.10)

17-01027-cgm    Doc 7-6    Filed 05/22/17    Entered 05/22/17 18:37:15    Exhibit Ex 5
16-12356-jlg    Doc 77-5    Filed 01/13/17    Entered 01/13/17 16:33:15    Affidavit of
Service    Pg 1 of 2

Doc 77 Opposition    Pg 19 of 30

**SHAPIRO, DICARO & BARAK, LLC**
Attorneys for Nationstar Mortgage LLC as Servicer for
The Bank of New York Mellon f/k/a The Bank of New
York as Trustee for Home Equity Loan Trust 2007-FRE1
One Huntington Quadrangle, Suite 3N05
Melville, NY 11747
Telephone: (631) 844-9611, Fax: (631) 844-9525
**Robert W. Griswold**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION

| IN RE: | CHAPTER 13 |
|---|---|
| NEELAM TANEJA, AKA NEELAM UPPAL, | CASE NO. 16-12356 |
| DEBTOR. | |

### AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                     )ss:
COUNTY OF MONROE     )

I, Ariane B. Drew, being sworn, say, I am not a party to this action; I am over 18 years of age, I reside in Rochester, New York.

On January 13, 2017 I served the within Opposition of Nationstar Mortgage LLC to Debtor's Motion for Continuation of the Automatic Stay

upon:

TO:    Debtor Appearing Pro Se
       Neelam Taneja
       1370 Broadway
       #504
       New York, NY 10018

16-057256                                    8

Trustee
Jeffrey L. Sapir
As Chapter 13 and 12 Trustee
399 Knollwood Road
Suite 102
White Plains, NY 10603

U.S. Trustee
U.S. Federal Office Building
201 Varick Street, Room 1006
New York, NY 10014

at the addresses designated by the foregoing individuals for that purpose by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of Federal Express within the State of New York.

*Ariane B. Drew*
Ariane B. Drew
Bankruptcy Assistant
Shapiro, DiCaro & Barak, LLC
Attorneys for Nationstar Mortgage LLC as
Servicer for The Bank of New York Mellon
f/k/a The Bank of New York as Trustee for
Home Equity Loan Trust 2007-FRE1
175 Mile Crossing Boulevard
Rochester, New York 14624
Telephone: (585) 247-9000
Fax: (585) 247-7380

Sworn to before me this
13 day of January, 2017

*Notary signature*
Notary Public

MARY JANE MERICA
Notary Public, State of New York
No. 01ME6176432
Qualified in Monroe County
Commission Expires Oct. 28, 2019

16-057256                                                         9