**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
In re:                                                                                  **Adversary Proceeding No.:**
                                                                                                **17-ap-01027-cgm**
        NEELAM TANEJA,
                                                                                                Chapter 13 Case No.:
            Debtor/Plaintiff,                                  16-bk-12356-cgm

vs.

        THE HEALTH LAW FIRM,
                                                                                                **Second Motion for Judicial Notice**
            Creditor/Defendant.
---------------------------------------------------------------x

## CREDITOR/DEFENDANT THE HEALTH LAW FIRM'S SECOND MOTION TO TAKE JUDICIAL NOTICE WITH SUPPORTING MEMORANDUM OF LAW

**COMES NOW**, Creditor/Defendant, The Health Law Firm, and George Indest, an attorney employed by The Health Law Firm, by and through their undersigned counsel, the aforesaid George Indest appearing for limited purposes only and not waiving any right, objection or defense he may have, and moves this Court to take judicial notice in the above-referenced Adversary Proceeding, pursuant to Rule 201, Federal Rules of Evidence, of the following documents filed in the main bankruptcy proceedings of this Court, 16-bk-12356-cgm, and admit the same:

    1.    The status report filed by Debtor's counsel Arlene Gordon-Oliver, Esquire, on April 25, 2017, (Doc. No. 152) (attached as Exhibit 1).

    2.    Creditor's/Defendant's Objection and Reply in Opposition to Debtor/Plaintiff Neelam Taneja Uppal's Request for Adjournment and Request for Other Relief, filed on April 25, 2017, (Doc. No. 153) (attached as Exhibit 2).

    3.    Debtor Neelam Taneja Uppal's Notice of Writ of Certoriari [sic] to the U.S. Supreme Court, served on April 20, 2017, to show that at the time Counsel claimed

she was unable to meet with Debtor Neelam Taneja Uppal due to medical reasons, Debtor Neelam Taneja Uppal found time to file a frivolous "Notice of Writ of Certoriari [sic]" with the United States Supreme Court against "Healthaw Firm [sic]."

**WHEREFORE**, Creditor/Defendants The Health Law Firm and George Indest request this Court to take judicial notice of the foregoing facts and admit as exhibits in Adversary Proceeding number 17-ap-01027-cgm and the three (3) documents attached to this motion as exhibits, pursuant to Rule 201, Federal Rules of Evidence.

### SUPPORTING MEMORANDUM OF LAW

Rule 9017, Federal Rules of Bankruptcy Procedure, states: "The Federal Rules of Evidence . . . apply in cases under the Code."

Rule 201 of the Federal Rules of Evidence states:

> **Judicial Notice of Adjudicative Facts**
>
> **1.(a) Scope.** This rule governs judicial notice of an adjudicative fact only, not a legislative fact.
>
> **(b) Kinds of Facts That May Be Judicially Noticed.** The court may judicially notice a fact that is not subject to reasonable dispute because it:
>
>> (1)  is generally known within the trial court's territorial jurisdiction; or
>> (2)  can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.
>
> **(c) Taking Notice**. The court:
>
>> (1)  may take judicial notice on its own;

>   or
> (2) must take judicial notice if a party requests it and the court is supplied with the necessary information.
>
> **(d) Timing.** The court may take judicial notice at any stage of the proceeding. . . .

Rule 201 of the Federal Rules of Evidence is applicable in bankruptcy cases pursuant to Rule 9017, Federal Rules of Bankruptcy Procedure; a bankruptcy court properly takes judicial notice of the contents of the debtor's petition, schedules, statement of affairs, and related documents filed in the bankruptcy. Clark v. Reed (In re Reed), 293 B.R. 65, 2003 Bankr. LEXIS 812, (Bankr. D. Kan. 2003).

Where a bankruptcy debtor filed an action against creditors, arguing that the creditors' actions had violated state law as an unlawful distribution, and the creditor moved to dismiss, it was permissible for the curt to take judicial notice under Fed. R. Evid. 201(b)(2) of extrinsic facts about the debtor. Enron Corp. v. Bear, Stearns Int'l Ltd. (In re Enron Corp.), 323 B.R. 857, 2005 Bankr. LEXIS 701 (Bankr. S.D.N.Y. 2005).

Therefore, in the present case, all of the filings in the main bankruptcy proceeding may be judicially noticed by this Court.

Where the Trustee alleged that limited liability company debtor's chapter 11 petition should have been dismissed on ground that member had no authority to file case, the bankruptcy court properly took judicial notice of its files and records in member's chapter 7 bankruptcy case, pursuant to Fed. R. Evid. 201. In re A-Z Elecs., LLC, 350 B.R. 886, 2006 Bankr. LEXIS 2105 (Bankr. D. Idaho 2006).

Accordingly, the Bankruptcy Court in the present proceeding may take judicial notice of

the Trustees similar recommendation in this case contained in his report.

The bankruptcy court can take judicial notice, pursuant to Rule 201(b)(2) and (c)(1), Federal Rules of Evidence, of state court records. In re Sas, 488 B.R. 178, 2013 Bankr. LEXIS 1223 (Bankr. D. Nev. 2013). Therefore, this Court may take judicial notice of the many prior frivolous filings of the Debtor in various state court proceedings.

**WHEREFORE**, Creditor/Defendants The Health Law Firm and George Indest request this Court to take judicial notice of the foregoing facts and admit as exhibits in Adversary Proceeding number 17-ap-01027-cgm and the three (3) documents attached to this motion as exhibits, pursuant to Rule 201, Federal Rules of Evidence.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will automatically serve each party that is a registered CM/ECF user for this adversary proceeding, including Debtor Neelam Taneja Uppal (pro se). I further certify that I have also served a copy of the foregoing via U.S. mail, postage prepaid, to the following: Bankruptcy Trustee Jeffrey L. Sapir, Esquire/Jody L. Kava, Esquire, at 399 Knollwood Road, Suite 102, White Plains, New York 10603, and electronically at info@sapirch13tr.com; I have also served a copy of the foregoing via U.S. mail, postage prepaid, to Debtor Neelam Taneja Uppal (pro se); on this 27th day of May 2017.

/s/ George F. Indest III

_____
**GEORGE F. INDEST III, J.D., M.P.A., LL.M.**
Florida Bar No.: 382426
(Admitted Pro Hac Vice)
Primary e-mail: GIndest@TheHealthLawFirm.com
Secondary e-mail: CourtFilings@TheHealthLawFirm.com
**THE HEALTH LAW FIRM**
1101 Douglas Avenue
Altamonte Springs, Florida 32714
Telephone: (407) 331-6620
Telefax: (407) 331-3030

**ATTORNEYS FOR CREDITOR/DEFENDANT,
THE HEALTH LAW FIRM, P.A.**

Attachment(s):

INDEX OF EXHIBITS

Exhibits "1" through "3"

GFI/tm
S:\Collections\1516-Uppal, Neelam, MD\006-BR NY\Pleadings-Drafts\Second Motion to Take Judicial Notice.wpd