**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x    Case No.: 16-bk-12356-jlg

In re:
                                                        Chapter 13

NEELAM TANEJA,

       Debtor,

vs.
                                                         Adversary Proceeding No.: 17-ap-01027-jlg

THE HEALTH LAW FIRM,
                                                         **Objection to Debtor's Request for**
       Creditor.                                      **Adjournment**

-----------------------------------------------------------x

## CREDITOR'S/DEFENDANT'S OBJECTION AND REPLY IN OPPOSITION TO DEBTOR/PLAINTIFF NEELAM TANEJA UPPAL'S REQUEST FOR ADJOURNMENT AND REQUEST FOR OTHER RELIEF

      **COME NOW**, Creditor/Defendant, The Health Law Firm and Defendant George Indest (the latter of which appears solely for the limited purpose of defending himself and does not waive any right, defense or objection he has, including to jurisdiction or venue) appearing through undersigned counsel, and objects to Debtor/Plaintiff Neelam Taneja Uppal's ("Debtor's") Request for Adjournment of all matters scheduled before the Court on May 4, 2017, stating:

      1.      On April 25, 2017, attorney Arlene Gordon-Oliver, Esquire, Counsel for Debtor, sent a letter addressed to the Honorable James L. Garrity, styling itself as a "status report and a request for an adjournment of all matters scheduled before the Court on May 4, 2017." (Doc. No. 152.) It should be noted that Ms. Gordon-Oliver has not filed a Notice or Appearance in any of the adversary proceedings and so does not have standing to make such a request regarding the adversary proceedings.

Page 1 of 5



2. This Creditor/Defendant contends it is improper for Debtor to attempt to, by merely sending the Judge a short letter in the main bankruptcy proceeding, to attempt to affect five (5) different adversary proceedings, without appearing in each and filing a valid motion in each, giving each Creditor/Defendant the opportunity to oppose it.

3. In the letter dated April 25, 2017, Debtor's counsel claims that the Debtor was "recently released" from the hospital after being admitted for "several weeks" after "the last hearing."

4. The last hearing in this matter was held in front of Honorable James L. Garrity, Jr. on March 22, 2017.

5. However, directly contradicting the insinuations made by Debtor's counsel regarding the Debtor's alleged inability to meet with or assist her, is the attached pleading served pro se by Debtor Neelam Taneja Uppal herself on April 20, 2017. Exhibit "1."

6. This document served by Debtor Neelam Taneja Uppal appears on its face to be a pleading filed with the U.S. Supreme Court against this Debtor on April 20, 2017, styled as a "Notice of Writ of Certoriari [sic]." Exhibit "1." However, the language of the pleading is largely unintelligible jibberish and the case numbers garbled.

7. This shows that despite the contentions of counsel, Debtor Neelam Taneja Uppal is well-enough and has the time, ability and financial resources to continue her routine activity of generating dilatory, frivolous pleadings.

8. The Debtor herself caused five (5) different adversarial proceedings to be commenced in this bankruptcy case, making similar false and slanderous allegations against creditors in each one and, apparently, paying a $350 filing fee to file each one, paying a total of

$1,550 for no purpose other than filing dilatory and spurious actions.

9. On February 2, the Court set a hearing on these for May 4, 2017.

10. Debtor's counsel has not consulted nor coordinated with undersigned counsel prior to sending her letter to the Judge.

11. These parties have already purchased non-refundable round trip airline tickets to attend the hearing on May 4, 2017, and rescheduled conflicting matters in order to attend.

12. Meanwhile, the letter sent by Debtor's counsel provided no specific dates, times, locations, facts, nor any supporting documentation such as medical reports for the claims it makes.

13. Although attorney Arlene Gordon-Oliver was not officially retained by her client, Debtor Neelam Taneja, until March 21, 2017, she also filed a status report and hearing adjournment request on behalf of the Debtor on March 13, 2017.  (Doc. Nos. 134 & 145)

14. Since Debtor and her counsel have been in contact with each other regarding this bankruptcy matter since at least March 13, 2017, then according to Debtor's counsel, she has been unable to meet with her client for over forty days.  This equates to more time than the "several weeks" for which the Debtor was purportedly hospitalized.

15. Counsel for Debtor states that she has a meeting with her client, Debtor Neelam Taneja Uppal, on April 25, 2017.  This should allow ample preparation time for matters that Debtor initiated herself.  If the Debtor was not ready to go forward with these proceedings, she should not have initiated them.

16. Debtor and her counsel are requesting an adjournment for a hearing that the Debtor has known about for over three (3) months.

17. Granting of the Debtor's request for adjournment would present an undue burden

against this Creditor and the incurring of additional expenses unnecessarily.

18.    It is believed that the request of the Debtor is made solely for the purpose of improperly delaying these proceedings and without any valid cause.

19.    It is important for this Court to treat this matter with some expediency so the Creditors may obtain relief in the face of the Debtor's numerous dilatory, spurious filings

20.    Furthermore, undersigned counsel contends that it is improper for counsel for Debtor to send unilateral and unsolicited ex parte letters and "status reports" to the Judge in the case. Such ex parte communications should not be allowed.

21.    Rule 7, Federal Rules of Civil Procedure, and Rule 7007, Federal Rules of Bankruptcy Procedure, require applications to the Court for orders and other relief to be in the form of a motion. Counsel for Debtor apparently routinely ignores these Rules.

**WHEREFORE,** this Creditor and these Defendants request the Court to:

A.    Deny the Debtor's request for a postponement entering a ruling that Counsel for Debtor must file a notice of appearance in each adversary proceeding to have standing to file and litigate in that adversary proceeding;

B.    Prohibit counsel for Debtor from sending unilateral ex parte letters to the Judge in this litigation and require compliance with Rule 7, Federal Rules of Civil Procedure, and Rule 7007, Federal Rules of Bankruptcy Procedure; and

C.    Alternatively, should the Court Order a postponement ,that it proceed with deciding any motions currently pending in the adversary proceedings and also require Debtor to reimburse Creditor for any expenses incurred as a result of such postponement.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will automatically serve each party that is a registered CM/ECF user; I further certify that I have also served a copy of the foregoing via U.S. mail, postage prepaid, to the following: Bankruptcy Trustee Jeffrey L. Sapir at 399 Knollwood Road, Suite 102, White Plains, New York 10603 and electronically at info@sapirch13tr.com; and all other persons on the Creditor Matrix, on this 25th day of April 2017.

/s/  George F. Indest III
_____

**GEORGE F. INDEST III, J.D., M.P.A., LL.M.**
Florida Bar No.: 382426
(Admitted Pro Hac Vice)
Primary e-mail:  GIndest@TheHealthLawFirm.com
Secondary e-mail: CourtFilings@TheHealthLawFirm.com
**THE HEALTH LAW FIRM**
1101 Douglas Avenue
Altamonte Springs, Florida 32714
Telephone:  (407) 331-6620
Telefax:  (407) 331-3030
**ATTORNEYS FOR CREDITOR,
THE HEALTH LAW FIRM, P.A.**

Exhibit "1"    Debtor Neelam Taneja Uppal's pro se "Notice of Writ of Certoriari [sic]" filed with U.S. Supreme Court dated April 20, 2017

GFI/ch
S:\Collections\1516-Uppal, Neelam, MD\006-BR NY\Pleadings-Final\Objection to Req for Adjournment.wpd

# U. S. SUPREME COURT
# WASHINGTON, DC

**STATE COURT NO.: SC2016-2037**
**APPEAL CASE NO:- 2D16-180**
**L.T. No.:- :13-CA-3790-15- K**

**NEELAM T. UPPAL, et al**

    **Appellant / Defendant**

V.

**HEALTHAW FIRM**

    **Appellee/ Plaintiff**

_____/

## NOTICE OF WRIT OF CERTORIARI

1. NOTICE IS HEREBY GIVEN that the defendant Neelam Uppal,

appeals from the Final judgment order of Judge Thomas Minkoff for denial of

recusal and foreclosure sale

entered in this proceeding

on the 1/4/2016 and 1/7/ 2016 and all prior orders as Writ of Certiorari in 90 days



EXHIBIT 1

NEELAM UPPAL, PRO, SE
P.O BOX 1002.
LARGO, FL-33779
PH. - (727)-403-0022
E-mail- nneelu123@aol.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by

1. on ___20___ day of __April__, 2017 to:
2. Health law firm, George Indest, 1101 Douglas Ave, Altamonte springs, FL

_____

NEELAM UPPAL, PRO, SE
P.O BOX 1002.
LARGO, FL-33779
PH. - (727)-403-0022
E-mail- nneelu123@aol.com

