UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

In re:                                               **Adversary Proceeding No.:**
                                                     **17-ap-01027-cgm**

    NEELAM TANEJA,
                                                     Chapter 13 Case No.:
        Debtor/Plaintiff,           16-bk-12356-cgm

vs.

    THE HEALTH LAW FIRM,
                                                     **Third Motion for Judicial Notice**
        Creditor/Defendant.
---------------------------------------------------------------x

# CREDITOR/DEFENDANT THE HEALTH LAW FIRM'S THIRD MOTION TO TAKE

# JUDICIAL NOTICE WITH SUPPORTING MEMORANDUM OF LAW

**COMES NOW**, Creditor/Defendant, The Health Law Firm, and George Indest, an attorney employed by The Health Law Firm, by and through their undersigned counsel, the aforesaid George Indest appearing for limited purposes only and not waiving any right, objection or defense he may have, and moves this Court to take judicial notice in the above-referenced Adversary Proceeding, pursuant to Rule 201, Federal Rules of Evidence, of the following documents filed in the Florida Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida, Case No. 13-CA-3790-15-K, styled <u>The Health Law Firm v. Neelam T. Uppal, etc.</u>, and admit the same in the present case:

    1.    Summons and Verified Complaint in the case showing that suit in Florida trial court was suit for unpaid attorneys fees and costs Debtor Neelam Taneja Uppal owed The Health Law Firm filed on October 24, 2013. Exhibit 1.

    2.    Debtor Neelam Taneja Uppal's Motion to Dismiss the Complaint filed December 2, 2013, alleging, <u>inter alia</u>, that the Plaintiff/Creditor's attorney's fees bills were fraudulent stating "he [sic] has created a Fraudulent [sic] excessive bill pursuant to

        Florida statute 817.034 [sic]."  Exhibit 2, Para. 4.

3.     Debtor Neelam Taneja Uppal's Answer and Objections to Plaintiff's Objection filed on filed Jul 4, 2014, in which she alleged once again that the bills she was being sued upon were fraudulent stating:  "Mr. Indest has filed fraudulent bills. . . ."  Exhibit 3, Para. 5.

4.     Debtor Neelam Taneja Uppal's Objections to Plaintiff's Motion for Summary Judgment [sic] filed on filed September 22, 2014, in which she alleged once again that the bills she was being sued upon were fraudulent stating:  "Mr. Indest has filed fraudulent bills. . . ."  Exhibit 4, Para. 5.

5.     The Health Law Firm's Notice of Filing on June 17, 2015, of the Order of Bankruptcy Court dated June 3, 2015, Granting Trustee's Motion to Dismiss, in the U.S. Bankruptcy Court, Middle District of Florida, <u>In re: Neelam Taneja Uppal, Debtor</u>, Case No.: 8: 15-bk-594-CPM6/17/2015.  Exhibit 5.

6.     Final Judgment entered against Debtor/Defendant Neelam Taneja Uppal on December 22, 2015.  Exhibit 6.

**The foregoing documents show the fact that the issue of false and fraudulent bills for attorney's fees and costs have been previously raised and litigated to finality in the trial court, through final judgment on the merits, by Debtor Neelam Taneja Uppal.**

**Accordingly these issues are subject to the doctrines of <u>res</u> <u>adjudicata</u> and collateral estoppel and may not be raised again by the Debtor.**

**WHEREFORE**, Creditor/Defendants The Health Law Firm and George Indest request this Court to take judicial notice of the foregoing facts and admit as exhibits in Adversary Proceeding number 17-ap-01027-cgm and the three (3) documents attached to this motion as exhibits, pursuant to Rule 201, Federal Rules of Evidence.

### SUPPORTING MEMORANDUM OF LAW

Rule 9017, Federal Rules of Bankruptcy Procedure, states:  "The Federal Rules of Evidence . . . apply in cases under the Code."

Rule 201 of the Federal Rules of Evidence states:

**Judicial Notice of Adjudicative Facts**

**1.(a) Scope.** This rule governs judicial notice of an adjudicative fact only, not a legislative fact.

**(b) Kinds of Facts That May Be Judicially Noticed.** The court may judicially notice a fact that is not subject to reasonable dispute because it:

(1) is generally known within the trial court's territorial jurisdiction; or
(2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

**(c) Taking Notice**. The court:

(1) may take judicial notice on its own; or
(2) must take judicial notice if a party requests it and the court is supplied with the necessary information.

**(d) Timing.** The court may take judicial notice at any stage of the proceeding. . . .

Rule 201 of the Federal Rules of Evidence is applicable in bankruptcy cases pursuant to Rule 9017, Federal Rules of Bankruptcy Procedure; a bankruptcy court properly takes judicial notice of the contents of the debtor's petition, schedules, statement of affairs, and related documents filed in the bankruptcy. Clark v. Reed (In re Reed), 293 B.R. 65, 2003 Bankr. LEXIS 812, (Bankr. D. Kan. 2003).

Where a bankruptcy debtor filed an action against creditors, arguing that the creditors' actions had violated state law as an unlawful distribution, and the creditor moved to dismiss, it was

permissible for the curt to take judicial notice, under Rule 201(b)(2), Federal Rules of Evidence, of extrinsic facts about the debtor.  <u>Enron Corp. v. Bear, Stearns Int'l Ltd. (In re Enron Corp.)</u>, 323 B.R. 857, 2005 Bankr. LEXIS 701 (Bankr. S.D.N.Y. 2005).

The bankruptcy court can take judicial notice, pursuant to Rule 201(b)(2) and (c)(1), Federal Rules of Evidence, of state court records.  <u>In re Sas</u>, 488 B.R. 178, 2013 Bankr. LEXIS 1223 (Bankr. D. Nev. 2013).  Therefore, this Court may take judicial notice of the many prior frivolous filings of the Debtor in various state court proceedings, as well as all of the filings in the state court case that gave rise to the claim that the Debtor is challenging herein.

Additionally, at least one of these documents, Exhibit 5, is an Order of a Florida Bankruptcy Court granting the Trustee's Motion to Dismiss, a different bankruptcy action commenced by Debtor Neelam Taneja Uppal.

Where the Trustee alleged that limited liability company debtor's chapter 11 petition should have been dismissed on ground that member had no authority to file case, the bankruptcy court properly took judicial notice of its files and records in member's chapter 7 bankruptcy case, pursuant to Fed. R. Evid. 201.  <u>In re A-Z Elecs., LLC</u>, 350 B.R. 886, 2006 Bankr. LEXIS 2105 (Bankr. D. Idaho 2006).

Accordingly, the Bankruptcy Court in the present proceeding may take judicial notice of other Bankruptcy cases filed by this Debtor and other Bankruptcy Court proceedings involving her.

**WHEREFORE**, Creditor/Defendants The Health Law Firm and George Indest request this Court to take judicial notice of the foregoing facts and admit as exhibits in Adversary Proceeding number 17-ap-01027-cgm and the six (6) documents attached to this motion as exhibits, pursuant

3

to Rule 201, Federal Rules of Evidence.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will automatically serve Debtor Neelam Taneja Uppal (pro se). I further certify that I have also served a copy of the foregoing via U.S. mail, postage prepaid, to the following: Bankruptcy Trustee Jeffrey L. Sapir, Esquire/Jody L. Kava, Esquire, at 399 Knollwood Road, Suite 102, White Plains, New York 10603, and electronically at info@sapirch13tr.com; I have also served a copy of the foregoing via electronic (e-mail) and via U.S. mail, postage prepaid, to Debtor Neelam Taneja Uppal (pro se); on this 30th day of May 2017.

/s/ George F. Indest III

_____
**GEORGE F. INDEST III, J.D., M.P.A., LL.M.**
Florida Bar No.: 382426
(Admitted Pro Hac Vice)
Primary e-mail: GIndest@TheHealthLawFirm.com
Secondary e-mail: CourtFilings@TheHealthLawFirm.com
**THE HEALTH LAW FIRM**
1101 Douglas Avenue
Altamonte Springs, Florida 32714
Telephone: (407) 331-6620
Telefax: (407) 331-3030
**ATTORNEYS FOR CREDITOR/DEFENDANT,
THE HEALTH LAW FIRM, P.A.**

Attachment(s):

    INDEX OF EXHIBITS

    Exhibits "1" through "6"

GFI/tm
S:\Collections\1516-Uppal, Neelam, MD\006-BR NY\Pleadings-Final\Judicial Notice-Third\Motion to Take Judicial Notice, Third.wpd