IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT IN AND
FOR SEMINOLE COUNTY, FLORIDA

THE HEALTH LAW FIRM,

    Plaintiff,

v.                         CASE NO.:   *13-CA-3700-15 K*

NEELAM T. UPPAL, M.D.,

    Defendant.

_____/

## SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this Summons and a copy of the Verified Complaint in this action on Defendant:

        Neelam T. Uppal, M.D.
        5840 Park Boulevard
        Pinellas Park, Florida 33781

      Each defendant is required to serve written defenses to the Verified Complaint on Plaintiff's attorney:

        George F. Indest III, Esquire
        THE HEALTH LAW FIRM
        1101 Douglas Avenue
        Altamonte Springs, Florida 32714

within twenty (20) days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Verified Complaint.

      DATED on _____*Oct 24*_____, 2013.

                        MARYANNE MORSE
                        As Clerk of the Court

                        By: _____
                        Deputy Clerk

**EXHIBIT**

**1**

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT IN AND
FOR SEMINOLE COUNTY, FLORIDA

THE HEALTH LAW FIRM,

        Plaintiff,

                            CASE NO:  13-CA-3790-15-K

v.

                            Div.:

NEELAM T. UPPAL, M.D.,

        Defendant.

_____/

## VERIFIED COMPLAINT

        COMES NOW, Plaintiff, The Health Law Firm, a/k/a George F. Indest III, P.A. - The
Health Law Firm (d/b/a The Health Law Firm), a Florida corporation, by and through its
undersigned counsel, and files this Verified Complaint, and sues Defendant, Neelam T.Uppal,
M.D., alleging as follows:

### PARTIES, JURISDICTION AND VENUE

    1.      This is an action for damages of more than $15,000.

    2.      Plaintiff, George F. Indest III, P.A. - The Health Law Firm, d/b/a The Health Law
Firm (the "Firm"), is a Florida professional service corporation (or "professional association"),
providing legal services to clients and authorized to transact business in the State of Florida.  At
all times material hereto, the Firm kept offices in and regularly conducted business and having its
main office located at 1101 Douglas Avenue, Altamonte Springs, Seminole County, Florida
32714.

    3.      Defendant, Neelam T. Uppal is a medical doctor (M.D.) licensed by the State of
Florida.  Defendant's office or residence is located at 5840 Park Boulevard, Pinellas Park,

Florida, 33781.

4.      The Firm was retained by Defendant and performed its duties and obligations by
the Defendant on or about June 5, 2012.

5.      Jurisdiction is proper under Section 48.193, Florida Statutes, in that Defendant has
operated, conducted, engaged in, or carried on a business or business venture in this State, has an
office or agency in this State, resides in this state, and Defendant has breached the contract in this
State by failing to pay for attorney's fees required under the Contract to be performed in Florida.

6.      Venue is proper in Seminole County, Florida, in that the Firm at all material times
hereto, had an office in Seminole County, Florida and conducted business there;  this cause of
action, in whole or in part, accrued in Seminole County, Florida;  the Contract that is the subject
of this suit was to be performed in Seminole County, Florida;  Defendant retained the Firm to
perform the duties of the retainer agreement contract in Seminole County, Florida;  and Defendant
was to make all payments due under the Contract to the Firm in Seminole County, Florida.

7.      Furthermore, all clients retain the services of The Health Law Firm pursuant to its
"Standard Terms Applicable to All Retainer and Fee Agreements with and All Representation by
The Health Law Firm and Its Attorneys" which is published on its website ("Standard Terms").
Exhibit "1."

8.      All conditions precedent to the filing of this action have been met, have been
performed or have been waived.  Demand payments have been sent to the Defendant but payment
has not been received.

## GENERAL ALLEGATIONS

9.      Plaintiff has routinely performed legal services for the Defendant and has routinely

-2-

and regularly mailed invoices to the Defendant for those services.  A copy of the invoices mailed
to the Defendant is contained in Exhibit "2."

      10.     The Firm at all times satisfactorily fulfilled all of its obligations as set forth in said
"Standard Terms."  Exhibit "1."

      11.     In exchange for legal services rendered on its behalf, Defendant agreed to pay the
Firm at the firm's regular rates as set forth in the "Standard Terms."  Exhibit "1."

      12.     At all relevant times, Defendant profited from the Firm's activities as described
herein.

      13.     To date, the total unpaid amounts owed by the Defendant to the Firm as shown by
the invoices, Exhibit "2," as of October 2, 2013, are:

      For case number 1516/001 amount $16,161.58;

      For case number 1516/002 amount $6,368.71; and

      The total amount is $22,530.29.

      14.     Plaintiff has mailed one or more demands to the Defendant for payment of the
amounts due.  Exhibit "3."  Defendant has failed to pay the amounts owed.

      15.     The Standard Terms also contained a provision requiring the payment of attorney's
fees and costs, Exhibit "1," at page 3, stating in pertinent part:

> We will render invoices to you regularly for legal services, expenses
> and other charges.  Our invoices are payable upon receipt and are
> considered overdue if not paid within twenty-one (21) days.  We
> may assess a service charge on overdue invoices and interest at the
> rate of one percent (1%) per month on any amounts not paid when
> due.  You further agree that the interest rate of one percent (1%) per
> month will apply postjudgment to any judgments or decrees
> obtained against you from money owed to the firm or monies owed
> pursuant to this agreement.  You agree to pay all attorney's fees and

-3-

costs associated with any collection efforts that may be required in
connection with these fees, costs and charges, including those for
appeals as well as prejudgment interest on the same. You further
agree that the attorney's fees and costs associated with proving the
amount of attorney's fees and costs to which we might be entitled,
to collect any fee to which we might be entitled, or associated with
our attempts to withdraw as your counsel under this agreement shall
likewise be payable by you as set forth in this paragraph. You
further agree that we have a lien on any property of yours located
anywhere in Florida, whether in our possession or not, for any
amounts owed and remaining unpaid under this agreement.

16.     The Standard Terms also contained a provision requiring the payment of attorney's

fees and costs, Exhibit "1," at page 8, stating in pertinent part:

Further, you agree that in the event of any law suit or arbitration as
a result of any provision of this agreement or for the interpretation
of this agreement or otherwise arising out of this agreement or our
relationship as attorney and client, if we are the substantially
prevailing parties, then we shall be entitled to collect from you all
costs and expenses incurred by us in the litigation/arbitration against
you, including attorney's fees and cost, as well as attorney's fees
and costs associated with attempts to collect the foregoing and, in
addition, the attorney's fees and costs for proving the amount of the
attorney's fees and costs to which we may be entitled.

17.     The Standard Terms also contained a provision on an agreed rate of interest,

including interest on judgments for attorney's fees, Exhibit "1," at page 3, stating in pertinent part:

You further agree that the interest rate of one percent (1%) per
month will apply postjudgment to any judgments or decrees
obtained against you for money owed to the Firm or monies owed
pursuant to this agreement.

## COUNT I

## ACTION FOR UNPAID MONEY OWED

18.     This is a cause of action by the Plaintiff against the Defendant for unpaid money

owed, within the jurisdiction of this Court, pleaded in the alternative to and in addition to all other

-4-

counts pleaded herein.

19.     The Firm incorporates all allegations in Paragraphs 2 through 17 above.

20.     As a direct and proximate cause of Defendant's failure to pay the Firm the money owed, the Firm has been forced to bring this action to protect its interests, incurring additional attorney's fees and costs.

21.     Pursuant to page 3 of the "Standard Terms," Exhibit "1," the Firm is entitled to an award of its attorney's fees and costs of this action.  Exhibit "1."

22.     The Firm is also entitled to prejudgment interest on the liquidated amounts due as indicated above, and post-judgment interest, at the rate set forth in the Standard Terms.  Exhibit "1."

## COUNT II

## ACTION FOR BREACH OF CONTRACT

23.     This is a cause of action by the Plaintiff against the Defendant for breach of contract, within the jurisdiction of this Court, pleaded in the alternative to and in addition to all other counts pleaded herein.

24.     The Firm incorporates all allegations in Paragraphs 2 through 17 above.

25.     The Firm has complied fully with all terms and conditions of the Contract and has not breached it.

26.     Defendant owes the Firm $22,530.29 plus attorney's fees, costs and interest thereon in accordance with the Contract.  Exhibit "1."

27.     Defendant has breached the Contract with the Firm by failing to pay the amounts owed to it when due and when demanded

28.     The Firm has made demand for such payment and Defendant has still refused to pay.

## COUNT III

## OPEN ACCOUNT

29.     This is a cause of action by the Plaintiff against the Defendant for open account, within the jurisdiction of this Court, pleaded in the alternative to and in addition to all other counts pleaded herein.

30.     The Firm incorporates all allegations in Paragraphs 2 through 17 above.

31.     Defendant owes the Plaintiff the amount indicated above that is due, with prejudgment interest, according to the attached accounting invoices, which are incorporated herein by reference.

32.     Plaintiff provided services to the Defendant at the Defendant's request.

33.     Plaintiff provided timely bills and invoices to the Plaintiff for the services it provided each month.

34.     Defendant now owes the amount set forth above on her accounts with Plaintiff.

35.     Defendant also owes interest on her accounts.

36.     Plaintiff has made demands upon Defendant to pay the accounts, but Defendant has failed to do so.

## COUNT IV

## ACCOUNT STATED

37.     This is a cause of action by the Plaintiff against the Defendant for account stated, within the jurisdiction of this Court, pleaded in the alternative to and in addition to all other counts

pleaded herein.

38.     The Firm incorporates all allegations in Paragraphs 2 through 17 above.

39.     Before the institution of this action, Plaintiff and Defendant had a business transaction between and on the dates reflected on the attached statements and invoices, marked as Exhibit "2," which is incorporated herein by reference, and agreed to resulting balances.

40.     Plaintiff rendered statements and invoices to Defendant, copies of which are attached hereto and marked as a composite Exhibit "2," and Defendant did not object to the said statements and invoices.

41.     Defendant owes Plaintiff the amount indicated above on Defendant's accounts with Plaintiff as stated.

## COUNT V

## ACTION FOR QUANTUM MERUIT

42.     This is a cause of action by the Plaintiff against the Defendant for quantum meruit, within the jurisdiction of this Court, pleaded in the alternative to and in addition to all other counts pleaded herein.

43.     The Firm incorporates all allegations in Paragraphs 2 through 3, 5 through 7, 9 through 10, 13 through 15, and 20 through 22 above.

44.     In the event the Court determines that there is no contract applicable to this matter or the services detailed herein, then Plaintiff pleads entitlement to compensation from Defendant under the doctrine of quantum meruit.

45.     Plaintiff furnished services to Defendant at Defendant's request.

46.     The services furnished to Defendant by Plaintiff were for Defendant's benefit.

47.    The services furnished were reasonable and necessary.

48.    Plaintiff is entitled to compensation for the services furnished to Defendant in the amount indicated above.

## RELIEF AND DAMAGES REQUESTED

**WHEREFORE**, Plaintiff respectfully requests this Court to:

A.    Award Plaintiff damages in the amount of $22,530.29 due from Defendant;

B.    Award Plaintiff all attorney's fees and costs associated with this action, including attorney's fees and costs for appeals and for any associated any required collection efforts, including any attorney's fees and costs associated with proving the amount of attorney's fees and costs to which Plaintiff might be entitled (all as specifically agreed to in the Contract);

C.    Prejudgment interest on the amount due at the rate agreed to in the Contract;

D.    Post-judgment interest at the amount agreed to in the Contract;  and

E.    Any other relief to which Plaintiff may be entitled in law or equity.

## VERIFICATION

I, the undersigned, having been duly sworn, do hereby depose and state, the facts stated above are true and correct and the documents attached are true and correct copies of the originals.

_George F. Indest_

**GEORGE F. INDEST III, ESQUIRE**

-8-

## NOTARIZATION

STATE OF FLORIDA          )

COUNTY OF SEMINOLE  )

     SWORN TO AND SUBSCRIBED before me this __23rd__ day of October, 2013, by

the person signing above, who is personally known to me and was made under oath.

SEAL

SHANNON GENTRY
Notary Public - State of Florida
My Comm. Expires Sep 9, 2014
Commission # EE 24766

NOTARY SIGNATURE
NAME: Shannon Gentry
LICENSE NO.: EE 24766
EXPIRATION: 9-9-14

**DATED:** this __23rd__ day of October, 2013.

GEORGE F. INDEST III, ESQUIRE
Certified by the Florida Bar in Health Law
Florida Bar No.: 382426
THE HEALTH LAW FIRM
1101 Douglas Avenue
Altamonte Springs, Florida 32714
Telephone:  (407) 331-6620
Telefax:  (407) 331-3030
**COUNSEL FOR THE PLAINTIFF,
THE HEALTH LAW FIRM**

Attachments:
    Exhibit  "1"   Standard Terms Applicable to All Retainer and Fee Agreements
    Exhibit  "2"   Invoices sent to Defendant
    Exhibit  "3"   Letters to Defendant

GFI/ms
S:\Collections\1516\003\Pleadings-Drafts\Verified Complaint - No Retainer - 01.wpd