IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT IN AND
FOR SEMINOLE COUNTY, FLORIDA

THE HEALTH LAW FIRM,

    Plaintiff,

v.                                            CASE NO: 13-CA-3790-15-K

NEELAM T. UPPAL, M.D.,

    Defendant.
_____/

## PLAINTIFF THE HEALTH LAW FIRM'S

## NOTICE OF FILING OF DISMISSAL OF DEFENDANT UPPAL'S

## CHAPTER 13 BANKRUPTCY

**COMES NOW**, Plaintiff, The Health Law Firm, by and through its undersigned counsel, and gives notice of filing the attached Order by the U.S. Bankruptcy Court, Middle District of Florida, <u>dismissing</u> Defendant Uppal's Bankruptcy case without discharging any debtors, as follows:

> **Order dated June 3, 2015, Granting Trustee's Motion to Dismiss, in by the U.S. Bankruptcy Court, Middle District of Florida, Case No.: 8:15-bk-594-CPM.**

This Order is also proof that Defendant is currently using a different name, "Neelam Taneja."

This Order is also further proof that Defendant has filed a number of prior bankruptcy cases, solely for the purpose of delay, all of which have been dismissed without discharging any debtors.



## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been served via U.S. mail, postage prepaid, to Neelam T. Uppal, P.O. Box 1002, Largo, Florida 33779, on this 17th day of June 2015.

/George F. Indest III/
GEORGE F. INDEST III, ESQUIRE
Certified by the Florida Bar in Health Law
Florida Bar No.: 382426
Primary E-mail: GIndest@TheHealthLawFirm.com
Secondary E-mail: CourtFilings@TheHealthLawFirm.com
**THE HEALTH LAW FIRM**
1101 Douglas Avenue
Altamonte Springs, Florida 32714
Telephone: (407) 331-6620
Telefax: (407) 331-3030
**COUNSEL FOR THE PLAINTIFF,
THE HEALTH LAW FIRM**

**Attachment:** Order dated June 3, 2015, Granting Trustee's Motion to Dismiss, Case No.: 8:15-bk-594-CPM

GFI/ms
S:\Collections\1516\003\Pleadings-Drafts\Notice of Filing-Dismiss Bktcy.wpd

ORDERED.

Dated: June 03, 2015

*Catherine M. McEwen*

Catherine Peek McEwen
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In Re:                                                      Case No. 8:15-bk-00594-CPM
                                                          Chapter 13

Neelam Taneja

      Debtor.[1]
_____/

## ORDER GRANTING TRUSTEE'S MOTION TO DISMISS
## (EFFECTIVE DATE OF THIS ORDER IS 14 DAYS FROM THE DATE OF ENTRY)

THIS CASE came on for consideration for the purpose of the entry of an appropriate order following the entry of an Order Reserving Ruling on Trustee's Motion to Dismiss for Failure to Comply with First Day Order of One or More Deficiencies and Rescheduling §341 Meeting of Creditors entered on March 26, 2015 (Docket No. 54). By submission of this order the court is advised that the Debtor failed to comply with the Order. Accordingly, it is

---

[1] All references to "Debtor" include and refer to both of the Debtors in a case filed jointly by two individuals.

17-01027-cgm    Doc 10-6    Filed 05/30/17    Entered 05/30/17 14:37:56    Exhibit Ex 5 -
Case No. 15-bk-00594-ORM Doc 132 Filed 06/03/15 Page 2 of 3
Notice of Filing-Order Dismissing Bankruptcy    Pg 4 of 4

**ORDERED:**

1. The Trustee's Motion to Dismiss Chapter 13 Case for Debtor's Failure to Comply with First Day Order of One or More Deficiencies and Failure to Provide All Required Documentation as Required by Order Establishing Duties is hereby GRANTED.

2. This case is DISMISSED without prejudice.

3. The Trustee shall deduct his normal percentage thereof as necessary costs and expenses from sums collected pursuant to 11 U.S.C. §1326(a)(2)[2], together with any fee, charge, or amount required under 28 U.S.C. §586(e)(2).

4. The Trustee shall disburse all Trust Fund monies held as adequate protection and for administrative expenses, as provided for in this Court's Order Establishing Duties of Trustee and Debtor etc., as follows:

   a. The Trustee shall disburse the Trust Fund monies to the secured creditors who have filed proofs of claim prior to the claims bar date or within 14 days after the entry of this Order, whichever date is earlier, in the total amount due for adequate protection or, if Trust Fund monies prove insufficient, pro rata.

   b. Any attorney fees due Debtor's counsel shall be paid pursuant to the Order Establishing Presumptively Reasonable Debtor's Attorney Fee in Chapter 13 Cases entered on August 31, 2007 in Miscellaneous Proceeding No. 07-mp-00002-MGW.

2

---

[2] Unless otherwise stated, all statutory references are to the United States Bankruptcy Code, 11 U.S.C. § 101, et. Seq.