# Exhibit "8"

THLF-128

3/20/2017                     Middle District of Florida Live Database

# U.S. Bankruptcy Court
# Middle District of Florida (Tampa)
# Adversary Proceeding #: 8:02-ap-00157-TEB

*Assigned to:* Thomas E. Baynes Jr.                         *Date Filed:* 02/28/02
*Lead BK Case:* 00-09734                                    *Date Terminated:* 10/18/02
*Lead BK Title:* Neelam Uppal
*Lead BK Chapter:* 13
*Demand:* 0

*Nature[s] of Suit:* 426 Determine the Dischargeability of a Debt pursuant to 11 U.S.C. Section 523

*Plaintiff*
-----------------------
**Neelam Uppal**                                            represented by

V.

*Defendant*
-----------------------
**Apy Paras, & Rei**                                        represented by **Bernard J Morse**
                                                            Morse Law Firm, PA
                                                            P.O. Box 6537
                                                            Brandon, FL 33508
                                                            813-341-8400
                                                            Fax : 813-463-1807
                                                            Email: bmorse@morselawyers.com

| Filing Date | # | Docket Text |
|---|---|---|
| 02/28/2002 | 1 | COMPLAINT to Determine the Dischargeability of a Debt pursuant to 11 U.S.C. Sec. 523 , [NT ], ORIGINAL NIBS DOCKET ENTRY #1 (Entered: 03/06/2002) |
| 03/15/2002 | 2 | ORDER of Conditional Dismissal [cured], [NT ], ORIGINAL NIBS DOCKET ENTRY #2 (Entered: 03/15/2002) |
| 04/05/2002 | 3 | SUMMONS Issued Peter Paras Re: Item # 1 , [NT ], ORIGINAL NIBS DOCKET ENTRY #3 (Entered: 04/05/2002) |
| 05/06/2002 | 4 | CERTIFICATE of Service re: Re: Item # 3 , [NT ], ORIGINAL NIBS DOCKET ENTRY #4 (Entered: 05/07/2002) |
| 09/27/2002 | 5 | ORDER to Show Cause and ORDER of Conditional Dismissal , [NT ], ORIGINAL NIBS DOCKET ENTRY #5 (Entered: 09/27/2002) |
| 10/18/2002 | 6 | ADVERSARY PROCEEDING CLOSED , [NT ], ORIGINAL NIBS DOCKET ENTRY #6 (Entered: 10/18/2002) |

**THLF-129**

3/20/2017                          Middle District of Florida Live Database

                                                                                              **CLOSED**

## U.S. Bankruptcy Court
## Middle District of Florida (Tampa)
### Adversary Proceeding #: 8:00-ap-00481-TEB

*Assigned to:* Thomas E. Baynes Jr.                     *Date Filed:* 08/07/00
*Lead BK Case:* 00-09734                                 *Date Terminated:* 11/14/03
*Lead BK Title:* Neelam Uppal
*Lead BK Chapter:* 13
*Demand:* 0

*Nature[s] of Suit:*  424 Object or Revoke a Discharge pursuant to 11 U.S.C. Section 727

*Plaintiff*
-----------------------
**Apy & Reiss Paras, p.c.**                              represented by **Bernard J Morse**
2 Bridge Ave., Bldg. 6/the Galleria                                      Morse Law Firm, PA
Redbank, NJ 07701                                                        P.O. Box 6537
(732)219-9000                                                            Brandon, FL 33508
                                                                         813-341-8400
                                                                         Fax : 813-463-1807
                                                                         Email: bmorse@morselawyers.com

V.

*Defendant*
-----------------------
**Neelam Uppal**                                         represented by

| Filing Date | # | Docket Text |
|---|---|---|
| 08/07/2000 | 1 | COMPLAINT to Determine Dischg Sec. 727 & 523, [CP ], ORIGINAL NIBS DOCKET ENTRY #1 (Entered: 08/10/2000) |
| 08/10/2000 | 2 | SUMMONS Issued , [CP ], ORIGINAL NIBS DOCKET ENTRY #2 (Entered: 08/10/2000) |
| 08/22/2000 | 3 | WRITTEN DESIGNATION & Consent to Act the law firm of Morse, Berman & Gomez, P.A., by Pltf, [CP ], ORIGINAL NIBS DOCKET ENTRY #3 (Entered: 08/24/2000) |
| 08/23/2000 | 4 | NOTICE of Appearance and Request for Service by Angela Stathopoulos, Esq. for Pltf, [CP ], ORIGINAL NIBS DOCKET ENTRY #4 (Entered: 08/24/2000) |
| 08/24/2000 | 5 | SUMMONS Issued [Alias], [CP ], ORIGINAL NIBS DOCKET ENTRY #5 (Entered: 08/24/2000) |

**THLF-130**

3/20/2017  Middle District of Florida Live Database

| Date | # | Description |
|---|---|---|
| 09/14/2000 | 6 | CERTIFICATE of Service re: Re: Item # 5 , [CP ], ORIGINAL NIBS DOCKET ENTRY #6 (Entered: 09/19/2000) |
| 09/19/2000 | 7 | MOTION to Dismiss by Dfdt - not original Sign, [CP ], ORIGINAL NIBS DOCKET ENTRY #7 (Entered: 09/27/2000) |
| 09/19/2000 | 8 | NOTICE of M/Dismissal - no signatures Re: Item # 7 , [CP ], ORIGINAL NIBS DOCKET ENTRY #8 (Entered: 09/27/2000) |
| 09/27/2000 | 9 | NOTICE of Deficient Document Re: Item # 7 , [CP ], ORIGINAL NIBS DOCKET ENTRY #9 (Entered: 09/27/2000) |
| 09/27/2000 | 10 | ANSWER by Defendant , [CP ], ORIGINAL NIBS DOCKET ENTRY #10 (Entered: 10/03/2000) |
| 10/27/2000 | 11 | ORDER Striking Re: Item # 7 , [CP ], ORIGINAL NIBS DOCKET ENTRY #11 (Entered: 10/27/2000) |
| 12/04/2000 | 12 | PRETRIAL and Discovery Conference Order on 01/08/2001 at 9:00 a.m. at Courtroom 8B, Sam M. Gibbons U.S. Courthouse, 801 N. Florida Avenue, Tampa, FL, [CP ], ORIGINAL NIBS DOCKET ENTRY #12 (Entered: 12/04/2000) |
| 01/04/2001 | 13 | Plaintiff's Pretrial & Discovery Conference Report, [MK ], ORIGINAL NIBS DOCKET ENTRY #13 (Entered: 01/05/2001) |
| 01/08/2001 | 14 | Debtor/Def Pretrial and Discovery Conf. Report, [MK ], ORIGINAL NIBS DOCKET ENTRY #14 (Entered: 01/18/2001) |
| 01/23/2001 | 15 | ORDER Abating Adversary Proceeding[if general case reconverts to ch. 7, reset Pretrial and Discovery Conference], [MK ], ORIGINAL NIBS DOCKET ENTRY #15 (Entered: 01/23/2001) |
| 10/11/2002 | 16 | RESPONSE to Order to Show Cause and Order of Conditional Dismissal of Adversary Proceeding filed by Plaintiff, [NT ], ORIGINAL NIBS DOCKET ENTRY #16 (Entered: 10/16/2002) |
| 10/30/2002 | 17 | ORDER Striking [incorrectly filed in A.P. #00-481 instead of A.P. #02-157] Re: Item # 16 , [NT ], ORIGINAL NIBS DOCKET ENTRY #17 (Entered: 10/30/2002) |
| 11/14/2003 | | Adversary Case 00-481 Closed. (NUZZO, COLLEEN) (Entered: 11/14/2003) |

**PACER Service Center**

THLF-131

| | |
|---|---|
| 3/20/2017 | Middle District of Florida Live Database |

ADV, CLOSED, DISMISSED

# U.S. Bankruptcy Court
## Middle District of Florida (Tampa)
### Adversary Proceeding #: 8:13-ap-00130-CPM

*Assigned to:* Catherine Peek McEwen
*Lead BK Case:* 12-18946
*Lead BK Title:* Neelam T. Uppal
*Lead BK Chapter:* 13
*Demand:*

*Date Filed:* 02/07/13
*Date Terminated:* 05/28/13
*Date Dismissed:* 05/07/13

*Nature[s] of Suit:* 72 Injunctive relief - other

*Plaintiff*
-----------------------
**Neelam T. Uppal**
7352 Sawgrass Pt Dr
Pinellas Park, FL 33782
727-403-0022
SSN / ITIN: xxx-xx-3845

represented by **Neelam T. Uppal**
PRO SE

V.

*Defendant*
-----------------------
**Charlene Rodriquez**

represented by **G Barry Wilkinson**
G. Barry Wilkinson, P.A.
Post Office 8102
Madeira Beach, FL 33738-8102
727-823-1514
Fax : 727-823-0328
Email: gbarryw@tampabay.rr.com
*LEAD ATTORNEY*

*Defendant*
-----------------------
**Bank of America, NA**
C/O Anna M. Jones
1500 San Remo Avenue
Suite 222
Coral Gables, FL 33146

represented by **Bank of America, NA**
PRO SE

| Filing Date | # | Docket Text |
|---|---|---|
| 02/07/2013 | 1 (9 pgs) | Complaint by Neelam T. Uppal against Charlene Rodriquez, Bank of America, NA. Filing Fee Not Required. Nature of Suit: [72 (Injunctive |

**THLF-132**

3/20/2017             Middle District of Florida Live Database

| | | |
|---|---|---|
| | | relief - other)]. (Nita) . (Entered: 02/13/2013) |
| 02/07/2013 | 2 | Summons Issued on Charlene Rodriquez . Answer Due 03/11/2013; Bank of America, NA . Answer Due 03/11/2013. If one or more defendants are the United States or an officer or agency thereof, add an additional five days to the Answer Due date. (Nita) . Modified on 2/14/2013 (Nita). (Entered: 02/13/2013) |
| 02/14/2013 | | Issued Summons forwarded to Attorney for Plaintiff or pro se Plaintiff for service *(with copy of complaint)* (related document(s)1). (Nita) (Entered: 02/14/2013) |
| 05/07/2013 | 3 (1 pg) | Order Dismissing Adversary *(General Case Dismissed)* (related document(s)1). (Nita) . (Entered: 05/07/2013) |
| 05/09/2013 | 4 (3 pgs) | BNC Certificate of Mailing - Order (related document(s) (Related Doc # 3)). Notice Date 05/09/2013. (Admin.) (Entered: 05/10/2013) |
| 05/28/2013 | | Adversary Case 8:13-ap-130 Closed. (Carla) (Entered: 05/28/2013) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 03/20/2017 13:11:08 | | | |
| **PACER Login:** | MRGPacer:3427722:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 8:13-ap-00130-CPM Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

THLF-133

[8advdismd] [ORDER DISMISSING ADVERSARY PROCEEDING]

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:  Case No. 8:12–bk–18946–CPM
Chapter 13

Neelam T. Uppal

_____Debtor(s)_____/

Neelam T. Uppal

Plaintiff(s)
Adv. Pro. No. 8:13–ap–00130–CPM

vs.

Charlene Rodriquez

Bankof America, NA

_____Defendant(s)_____/

ORDER DISMISSING ADVERSARY PROCEEDING

THIS ADVERSARY PROCEEDING came on for consideration, without a hearing, for the purpose of considering the entry of an appropriate order disposing of the above–captioned adversary proceeding. The Court considered the record and finds that on February 7, 2013 the plaintiff filed a complaint during the pendency of the Chapter 13 case; that on January 11, 2013 this Court dismissed the Chapter 13 case. Accordingly, it is

**ORDERED:**

1. That the above–captioned adversary proceeding be, and the same is hereby, dismissed.
2. All pending hearings are hereby cancelled.

BY THE COURT

Dated: May 7, 2013

*/s/ Catherine M. McEwen*

Catherine Peek McEwen
United States Bankruptcy Judge

THLF-134

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

NEELAM TANEJA,  Case No. 8:14-bk-00594-CPM
a/k/a NEELAM UPPAL,  Chapter 13

        Debtor.

---

NEELAM UPPAL,

        Plaintiff,

vs.  Adv. Case No. 8:15-ap-00213-CPM

WELLS FARGO BANK, N.A.,

        Defendant.

---

### DEFENDANT'S MOTION TO DISMISS ADVERSARIAL PROCEEDING AGAINST FORECLOSURE, OR IN THE ALTERNATIVE, MOTION FOR ABSTENTION

Defendant Wells Fargo Bank, N.A. ("Defendant") moves to dismiss Plaintiff Neelam Uppal's ("Plaintiff") Adversarial Proceeding Against Foreclosure (the "Complaint"), and states:

### INTRODUCTION

1. Plaintiff filed the instant Complaint purporting to bring claims against Defendant for alleged deceptive lending practices. However, these "claims" have all already been brought by Plaintiff in a five count counterclaim[1] to an action brought by Defendant to foreclose a residential mortgage (the "Foreclosure Action") in the Circuit

---

[1] The five count counterclaim (the "Counterclaim") is attached to but not referenced in the Complaint.

Court for the Sixth Judicial Circuit, in and for Pinellas County, Florida (the "State Court").

2.  Notwithstanding that all of these claims are currently pending in another forum, the Complaint violates basic pleading requirements and fails to state any cognizable claim against Defendant as a matter of law. Therefore, this action must be dismissed with prejudice.

3.  More specifically, Plaintiff's Complaint violates federal pleading requirements under Rule 8, made applicable in this Adversary Proceeding by Rule 7008 of the Federal Rules of Bankruptcy Procedure, because it fails to provide sufficient notice as to the basis of the claims asserted, rendering it impossible for Defendant to form a responsive pleading.

4.  To wit, Plaintiff purports to bring a claim for deceptive lending practices for: (i) violations of 15 U.S.C. § 1650, which prevents unfair and deceptive private educational lending practices; (ii) violations under the federal Truth-in-Lending Act ("TILA") (15 U.S.C. §§ 1601 et seq.); and (iii) violation of 15 U.S.C. § 1601, titled "Congressional findings and declaration of purpose." Complaint, ¶¶ 1-7. Plaintiff fails to plead any facts to support this claim. Further, even if facts were pled, the claim fails as a matter of law and must be dismissed with prejudice.

5.  In the alternative, Defendant requests that the court exercise discretionary abstention. As stated by this Court in the Order Confirming No Automatic Stay Exists as To Certain Issues on Appeal to Florida's Second DCA and Modifying the Stay as to Remaining Issues on Appeal,[2] entered in the Plaintiff's main bankruptcy case, the Court has taken judicial notice that a Uniform Final Judgment of Foreclosure was entered in

---

[2] Doc. 28, 8:15-00594-CPM.

2

**THLF-136**

favor of Defendant in the Foreclosure Action.[3] This Court has also taken judicial notice of the Appeal, Case No. 2D14-4191 (the "Appeal"), pending before Florida's Second District Court of Appeal (the "Second DCA"). As this Court stated:

> [T]o the extent that the Appeal involves issues raised by the Debtor/Appellant in the nature of counterclaims (even if not expressly identified as counterclaims), such as any request to invalidate the mortgage, the Appeal is not stayed by [11 U.S.C.] § 362(a). To the extent that the Appeal involves issues raised by Wells Fargo/Appellee in the underlying foreclosure action, the Court finds that it should modify the stay to allow the Second DCA to consider the Appeal in its entirety for the sake of judicial economy and because resolution of the Appeal will assist in the efficient administration of the Debtor's bankruptcy case.[4]

6. Because the automatic stay has been modified by this Court so that the Second DCA can proceed with the same claims raised by Plaintiff in this Adversary Proceeding and consider the Foreclosure Action in its entirety, Defendant respectfully requests that this Court abstain from this matter.

## PROCEDURAL AND FACTUAL BACKGROUND

7. Defendant commenced the Foreclosure Action in 2011 to foreclose a residential mortgage.

8. On August 6, 2014, a Uniform Final Judgment of Foreclosure was entered in the Foreclosure Action and a judicial sale was scheduled for November 4, 2014.

9. On August 22, 2014, Plaintiff filed the Counterclaim in the Foreclosure Action. Plaintiff attached the Counterclaim to the Complaint filed here.

10. On August 29, 2014, Plaintiff filed the Appeal currently pending before the Second DCA, again raising the same claims argued in the Complaint here and in the Counterclaim.

---

[3] Doc. 28 at 1, 8:15-00594-CPM.
[4] Doc. 28 at 2, 8:15-00594-CPM.

3

THLF-137

11. On September 16, 2014, in the Foreclosure Action, Plaintiff filed an Emergency Motion to Stay the Foreclosure Sale Pending the Appeal. That motion was denied by the State Court on September 29, 2014. Despite the denial of the motion, the sale was canceled and has not yet been rescheduled.

12. On October 16, 2014, in the Foreclosure Action, Defendant filed a motion to dismiss Plaintiff's Counterclaim.

13. On January 22, 2015, Plaintiff filed her voluntary petition for Chapter 13 relief. On February 18, 2015, this Court entered the Order Confirming No Automatic Stay Exists as To Certain Issues on Appeal to Florida's Second DCA and Modifying the Stay as to Remaining Issues on Appeal.

14. On March 5, 2015, the Second DCA entered an order stating:

> In light of the United States Bankruptcy Court for the Middle District of Florida's February 18, 2015 Order, this appeal shall proceed. Appellant's emergency motion to stay and cancel foreclosure sale is treated as a motion to review the circuit court's order denying appellant's motion to cacnel sale and is granted only to the extent that this court has reviewed the circuit court's order. We approve the order. Appellee shall serve the answer brief within 30 days of the date of this order.

15. Defendant's motion to dismiss the Counterclaim in the Foreclosure Action is still pending and has been set for hearing on April 8, 2015.

16. Despite the proceedings in front of the Second DCA and State Court, on February 18, 2015, Plaintiff filed the instant Complaint.

4

THLF-138

# ARGUMENT

## I. ALL CLAIMS RAISED IN THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CAUSE OF ACTION

### A. *Plaintiff's Complaint is Incomprehensible and Fails to State a Cause of Action*

17. Plaintiff fails to state a cause of action because the Complaint is incomprehensible, insufficiently pled, and alleges nothing more than unsupported legal conclusions. Accordingly, her Complaint must be dismissed.

18. Rule 8 requires that each complaint must provide "a short and plain statement of a claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must rise above mere speculation and be plausible on its face. *Bell Atlantic Corp. v. Twombly (Twombly)*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1974 (2007) (citations omitted). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal (Iqbal)*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citations omitted). Further, "a plaintiff's obligation to provide grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1974 (citations omitted).

19. Plaintiff's Complaint is completely void of any factual allegations. Even accepting Plaintiff's claims of deceptive and unfair lending practices as true here, Plaintiff has no valid claim that can be asserted and is not entitled to relief. For this reason alone, dismissal is warranted.

5

THLF-139

B. *Plaintiff Has Not Established a Cause of Action for Deceptive Lending Practices*

20. Plaintiff cites multiple statutes and regulations which she contends were violated. However, none set forth a cause of action. Plaintiff contends Defendant is in violation of 15 U.S.C § 1650 and Federal Trade Commission Act, Section 5 for "deceptive and unfair lending practices." At the outset, 15 U.S.C. § 1650 applies to **educational lending practices** not mortgage loans. This statute is inapplicable to Plaintiff's claims here.

21. Further, there is no private cause of action under the Federal Trade Commission Act. See *Deutsche Bank Nat'l Trust Co. v. Foxx*, 971 F. Supp. 2d 1106, 1119 (M.D. Fla. 2013) (dismissing with prejudice claim that mortgagee and loan servicer's deceptive acts and practices violated § 5(a) of the Federal Trade Commission Act, 15 USC § 45(a) because there is no private cause of action).

22. Plaintiff also contends Defendant is in violation of 15 U.S.C. § 1601 and 12 C.F.R. 226 for "predatory lending." First, 15 U.S.C. § 1601 sets forth the Congressional Findings and Declaration of Purpose regarding the informed use of credit. It does not establish a cause of action. Second, 12 C.F.R. 226 is Regulation Z of the Truth in Lending Act ("TILA"). Plaintiff fails to cite which section of the Truth in Lending Act she contends Defendant violated or set forth any facts to show an alleged violation.

23. Regardless, any attempt to amend and set forth a claim for a TILA violation would be futile, because any claim Plaintiff may attempt to assert for violation of Truth in Lending Act is barred by the statute of limitations on the face of the Complaint. Pursuant to 15 U.S.C. § 640(e), there is a three year statute of limitations

6

**THLF-140**

for violations of 15 U.S.C. §§ 1639-1639(h) and a one year statute of limitations for all other alleged violations of TILA. The TILA statute of limitations begins to run upon the closing of the mortgage loan. *See Madura v. Countrywide Home Loans, Inc.*, No. 8:06-cv-2073, 2008 WL 2856813, at *8 (M.D. Fla. July 22, 2008); *Dixon v. Countrywide Home Loans, Inc.*, 710 F.Supp.2d 1325, 1333 (S.D. Fla. 2010). Plaintiff alleged that the Mortgage was written in 2005. As a result, all claims for violation of TILA are barred by the statute of limitations. Plaintiff's claims should be dismissed with prejudice.

## II. IN THE ALTERNATIVE, THE COURT SHOULD EXERCISE DISCRETIONARY ABSTENTION OVER THE ISSUES BROUGHT IN THE COMPLAINT

24.  If the Court is not inclined to dismiss the Complaint with prejudice, this Court should abstain from hearing this proceeding in the interests of justice, comity with state courts, and out of respect of state law.

25.  Federal law allows the Court to abstain from hearing an action if doing so furthers the interests of justice, comity with state courts, and respect for state law. 28 U.S.C. § 1334(c)(1). The discretionary abstention has been used by other bankruptcy courts to abstain from hearing issues related to mortgage foreclosure proceedings. *See, e.g., In re Laddusire*, 494 B.R. 383 (Bankr. W.D. Wis. 2013); *In re Canton*, 2009 WL 981114 (Bankr. D. Mont. 2009); *In re Chapman*, 132 B.R. 153 (Bankr. N.D. Ill. 1991).

26.  Factors that courts have considered in determining whether discretionary abstention is proper include: (i) the extent to which state law issues predominate over bankruptcy issues; (ii) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (iii) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (iv) the burden of the bankruptcy court's docket; and (v) the likelihood that

7

THLF-141

commencement of the proceeding in bankruptcy involves forum shopping by one of the parties. *In re Chapman,* 132 B.R. 157-58.

27. All of the claims brought in Plaintiff's Complaint are currently pending before the State Court and the Second DCA. Further, "in mortgage foreclosure proceedings state law issues clearly predominate and issues unique to bankruptcy court do not arise." *Id.* at 158.

28. Additionally, Plaintiff's filing of the Complaint in this Court is a clear attempt to forum shop. Plaintiff is attempting to get *three* bites at the proverbial apple because as it currently stands, the issues raised in the Complaint are pending before three courts: this Court, the State Court, and the Second DCA. This Court has already confirmed that the automatic stay does not apply to the issues raised in the Counterclaim, and modified the stay so that the Second DCA could hear all the issues on Appeal in their entirety "for the sake of judicial economy."[5]

29. For these reasons, if the Court were not inclined to dismiss the Complaint with prejudice, the Court should abstain from hearing the claims this proceeding so that the Second DCA and/or the State Court can dispose of these issues in their entirety.

## CONCLUSION

Based on the foregoing, the Complaint should be dismissed because Plaintiff failed to and cannot state a claim for deceptive and unfair lending practices. The Complaint patently fails to plead any facts necessary to bring this claim, and the statutes asserted are either barred or inapplicable to Defendant as a matter of law.

In the alternative, because the Plaintiff has raised the issues brought in the Complaint before the State Court and the Second DCA, and the claims are still currently

---

[5] Doc. 28 at 2, 8:15-00594-CPM.

8

pending before both courts, in the interests of justice, comity with state courts, and out of respect of state law, Defendant requests that this Court exercise discretionary abstention and abstain from this proceeding.

WHEREFORE, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice or, alternatively, abstain from hearing this proceeding, and grant such other and further relief as this Court deems just and proper.

                McGUIREWOODS LLP

\

By   /s/ Courtney A. McCormick
      Daniel F. Blanks (FL Bar No. 88957)
      Emily Y. Rottmann (FL Bar No. 93154)
      Courtney A. McCormick (FL Bar No. 92879)
      50 N. Laura Street, Suite 3300
      Jacksonville, Florida 32202
      (904) 798-3200
      (904) 798-3207 (fax)
      dblanks@mcguirewoods.com
      erottmann@mcguirewoods.com
      cmccormick@mcguirewoods.com

*Attorneys and Trial Counsel for Defendant Wells Fargo Bank, N.A.*

THLF-143

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF on March 20, 2015. I also certify that the foregoing document is being served this day on the following via transmission of Electronic Filing generated by CM/ECF or U.S. Mail:

**VIA U.S. MAIL**

Neelam T. Uppal, *Pro Se Plaintiff*
P.O. Box 1002
Largo, FL 33779

**VIA CM/ECF**

Hywel Leonard, Esq.
Carlton Fields Jorden Burt, P.A.
P.O. Box 3239
Tampa, FL 33601
(813) 223-7000
(813) 229-4133
hleonard@cfjblaw.com
*Attorneys for Defendant Wells Fargo Bank, N.A.*

                                                 /s/ Courtney A. McCormick
                                                      Attorney

65461279_1

THLF-144

3/20/2017                      Middle District of Florida Live Database

**ADV, DISMISSED, CLOSED**

# U.S. Bankruptcy Court
## Middle District of Florida (Tampa)
### Adversary Proceeding #: 8:15-ap-00213-CPM

*Assigned to:* Catherine Peek McEwen           *Date Filed:* 02/18/15
*Lead BK Case:* 15-00594                  *Date Terminated:* 03/22/16
*Lead BK Title:* Neelam Taneja
*Lead BK Chapter:* 13
*Demand:*

*Nature[s] of Suit:* 14 Recovery of money/property - other

*Plaintiff*
-----------------------
**Neelam T. Uppal**                      represented by **Neelam T. Uppal**
P.O. Box 1002                                     PRO SE
Largo, FL 33779
SSN / ITIN: xxx-xx-3845

V.

*Defendant*
-----------------------
**Wells Fargo**                            represented by **Sara F Holladay-Tobias**
                                                   McGuire Woods LLP
                                                   50 North Laura Street
                                                   Suite 3300
                                                   Jacksonville, FL 32202
                                                   (904) 798-2662
                                                   Fax : (904) 360-6317
                                                   Email: sfhollad@mcguirewoods.com

                                                   **Hywel Leonard**
                                                   Carlton Fields Jorden Burt, P.A.
                                                   P O Box 3239
                                                   Tampa, FL 33601
                                                   813-223-7000
                                                   Fax : 813-229-4133
                                                   Email: hleonard@carltonfields.com

                                                   **Courtney A McCormick**
                                                   McGuireWoods LLP
                                                   50 North Laura St, Suite 3300
                                                   Jacksonville, FL 32202-3661
                                                   904-798-3200
                                                   Fax : 904-798-3207
                                                   Email: cmccormick@mcguirewoods.com

THLF-145

3/20/2017                                        Middle District of Florida Live Database

**Emily Y Rottmann**
McGuireWoods LLP
50 North Laura Street
Suite 3300
Jacksonville, FL 32202
(904) 798-3224
Fax : (904) 798-3263
Email: erottmann@mcguirewoods.com

| Filing Date | # | Docket Text |
|---|---|---|
| 02/18/2015 | 1 (10 pgs) | Complaint by Neelam T. Uppal against Wells Fargo. Filing Fee Not Required. Nature of Suit: [14 (Recovery of money/property - other)]. (Dianna) (Entered: 02/20/2015) |
| 02/18/2015 | 2 | Summons Issued Summons Issued on Wells Fargo . Answer Due 03/20/2015. If one or more defendants are the United States or an officer or agency thereof, add an additional five days to the Answer Due date. (Dianna) (Entered: 02/20/2015) |
| 03/04/2015 | 3 (2 pgs) | Notice of Appearance and Request for Notice Filed by Hywel Leonard on behalf of Defendant Wells Fargo. (Leonard, Hywel) (Entered: 03/04/2015) |
| 03/04/2015 | 4 (2 pgs) | Statement of Corporate Ownership Filed by Hywel Leonard on behalf of Defendant Wells Fargo. (Leonard, Hywel) (Entered: 03/04/2015) |
| 03/17/2015 | 5 (3 pgs) | Notice of Appearance and Request for Notice Filed by Courtney A McCormick on behalf of Defendant Wells Fargo. (McCormick, Courtney) (Entered: 03/17/2015) |
| 03/17/2015 | 6 (3 pgs) | Notice of Appearance and Request for Notice Filed by Emily Y Rottmann on behalf of Defendant Wells Fargo. (Rottmann, Emily) (Entered: 03/17/2015) |
| 03/18/2015 | 7 (3 pgs) | Notice of Appearance and Request for Notice Filed by Daniel F Blanks on behalf of Defendant Wells Fargo. (Blanks, Daniel) (Entered: 03/18/2015) |
| 03/20/2015 | 8 (10 pgs) | Motion to Dismiss Adversary Proceeding *Against Foreclosure, or in the Alternative, Motion for Abstention* Filed by Courtney A McCormick on behalf of Defendant Wells Fargo (related document(s)1). (McCormick, Courtney) (Entered: 03/20/2015) |
| 04/14/2015 | 9 (2 pgs) | Order *Abating Proceeding Pending Resolution of Debtor's Appeal to Florida's Second DCA* (related document(s)8). Service Instructions: Clerks Office to serve. (JEANINE) (Entered: 04/14/2015) |
| 04/16/2015 | 10 (3 pgs) | BNC Certificate of Mailing - PDF Document. (related document(s) (Related Doc # 9)). Notice Date 04/16/2015. (Admin.) (Entered: 04/17/2015) |

THLF-146

3/20/2017                                        Middle District of Florida Live Database

| | | |
|---|---|---|
| 06/09/2015 | | Substitution of Counsel. Sara F. Holladay-Tobias of McGuire Woods, LLP - Substituted for Daniel F. Blanks of McGuire Woods, LLP. (Sara M.) (Entered: 06/09/2015) |
| 06/24/2015 | 11 (5 pgs) | Motion *for Order to Show Cause to Wells Fargo (Addendum to Adversary Proceeding)* Filed by Plaintiff Neelam T. Uppal. (Lidia) Additional attachment(s) added on 7/9/2015 (Lidia). (Entered: 07/01/2015) |
| 07/16/2015 | 12 (2 pgs) | Order Striking Motion *for Order to Show Cause to Wells Fargo/Addendum to Adversary Proceeding* (Related Doc # 11). Service Instructions: Clerks Office to serve. (Lidia) (Entered: 07/16/2015) |
| 07/18/2015 | 13 (3 pgs) | BNC Certificate of Mailing - PDF Document. (related document(s) (Related Doc # 12)). Notice Date 07/18/2015. (Admin.) (Entered: 07/19/2015) |
| 07/21/2015 | 14 (5 pgs) | Corrective Motion *for Order to Show Cause to Wells Fargo/Addendum to Adversary Proceeding* Filed by Plaintiff Neelam T. Uppal (related document(s)12, 11). (Celli, Lidia ) **(See the "Corrective Action Taken" entry dated 08/05/2015.)** Modified on 08/05/2015 (Lidia). Modified on 8/5/2015 (Lidia). (Entered: 07/24/2015) |
| 08/05/2015 | | **Corrective Action Taken** *(Related Doc: Corrective Motion for Order to Show Cause to Wells Fargo/Addendum to Adversary Proceeding Filed by Plaintiff Neelam T. Uppal (related document(s)12, 11).)* **Deficiency:** The document was incorrectly entered in the case by the Clerk's office. **Solution:** The Clerk's office has entered the correct document in the correct case, if applicable. **No further action required** (related document(s)14). (Lidia) (Entered: 08/05/2015) |
| 09/11/2015 | 15 (2 pgs) | Motion for Reconsideration *of Dismissal of Adversary Proceeding* Filed by Plaintiff Neelam T. Uppal. (Lidia) (Entered: 09/11/2015) |
| 09/25/2015 | 16 (1 pg) | Order Denying Motion for Reconsideration *of Dismissal of Adversary Proceeding* (Related Doc # 15). Service Instructions: Clerks Office to serve. (Lidia) (Entered: 09/25/2015) |
| 09/27/2015 | 17 (2 pgs) | BNC Certificate of Mailing - PDF Document. (related document(s) (Related Doc # 16)). Notice Date 09/27/2015. (Admin.) (Entered: 09/28/2015) |
| 03/22/2016 | | Adversary Case 8:15-ap-213 Closed. (Ryan S.) (Entered: 03/22/2016) |

**PACER Service Center**

THLF-147