BY APPOINTMENT:
37 N. ORANGE AVENUE, SUITE 500
ORLANDO, FLORIDA 32801

BY APPOINTMENT:
201 E. GOVERNMENT STREET
PENSACOLA, FLORIDA 32502
TELEPHONE: (850) 439-1001

BY APPOINTMENT:
55 E. BOARDWALK DRIVE, SUITE 424
FORT COLLINS, COLORADO 80525
TELEPHONE: (970) 416-7456
TELEFAX: (866) 203-1464



THE
HEALTH LAW FIRM®
"REPRESENTING HEALTHCARE PROVIDERS"
RESPOND ONLY TO MAIN OFFICE:
1101 DOUGLAS AVENUE
ALTAMONTE SPRINGS, FLORIDA 32714
TELEPHONE: (407) 331-6620
TELEFAX: (407) 331-3030
WWW.THEHEALTHLAWFIRM.COM

GEORGE F. INDEST III, J.D., M.P.A., LL.M.
FLORIDA, LOUISIANA, AND D.C.
BOARD CERTIFIED BY THE FLORIDA
BAR IN HEALTH LAW

MICHAEL L. SMITH, J.D.
FLORIDA
REGISTERED RESPIRATORY THERAPIST
BOARD CERTIFIED BY THE FLORIDA
BAR IN HEALTH LAW

CAROLE C. SCHRIEFER, R.N., J.D.
FLORIDA, COLORADO, AND VIRGINIA
REGISTERED NURSE (COLORADO)

LANCE O. LEIDER, J.D., LL.M.
FLORIDA

MICHELLE BEDOYA, J.D.
FLORIDA

MATTHEW R. GROSS, J.D., P.A.
FLORIDA
(OF COUNSEL)

May 5, 2017

**VIA E-MAIL, TELEFAX, AND EXPRESS (CERTIFIED) MAIL**

Arlene Gordon-Oliver, Esquire
Arlene Gordon-Oliver & Associates, PLLC
199 Main Street , Suite 203
White Plains, New York 10601
Email: ago@gordonoliverlaw.com

Neelam Taneja Uppal
1370 Broadway #504
New York, New York 10018
E-mail: nneelu123@aol.com

  **Re:** Bankruptcy Case No.: 16-bk-12356-jlg
    Adversary Proceeding Case No.: 17-ap-01027-jlg
    Our File No.: 1516/006
    **SERVICE OF RULE 9011 MOTION**

Dear Ms. Gordon-Oliver and Ms. Taneja Uppal:

  Enclosed please find a copy of a motion I am serving pursuant to Rule 9011, Federal Rules of Bankruptcy Procedure.

  You are requested to dismiss the adversary proceeding referenced above with prejudice within twenty-one (21) days from the date of this letter, or be subject to sanctions.

  Thank you very much for your cooperation in this matter.

          THE HEALTH LAW FIRM, by:

          *George F. Indest III*

          GEORGE F. INDEST III, J.D., M.P.A., LL.M.
          Board Certified by The Florida Bar
          in the Specialty of Health Law

encl: Creditor, The Health Law Firm's and George Indest's Motion for Rule 9011 Sanctions,
   Attorney's Fees and Costs and Incorporated Memorandum of Law

EXHIBIT
11

**THLF 156**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x   Case No.: 16-bk-12356-jlg
In re:
                                                               Chapter 13
NEELAM TANEJA,

       Debtor,                                 Adversary Proc. No.: 17-ap-01027-jlg

vs.

THE HEALTH LAW FIRM,

       Creditor/Defendant.
-----------------------------------------------------------x

## CREDITOR, THE HEALTH LAW FIRM'S AND GEORGE INDEST'S MOTION FOR RULE 9011 SANCTIONS, ATTORNEY'S FEES AND COSTS AND INCORPORATED MEMORANDUM OF LAW

Creditor/Defendant, The Health Law Firm, P.A., f/k/a George F. Indest III, P.A.-The Health Law Firm, a Florida professional service corporation, and George Indest, by and through undersigned counsel, pursuant to Rules 9011, Federal Rules of Bankruptcy Procedure, and Rule 11, Federal Rules of Civil Procedure, file this Motion for Sanctions, Attorney's Fees and Costs, stating:

### MOTION FOR RULE 9011 SANCTIONS

#### Background and Facts

1.    Creditor/Defendant, The Health Law Firm was formerly known as George F. Indest III, P.A.-The Health Law Firm. It is now named "The Health Law Firm, P.A."

**THLF 157**

2.   Although George Indest is not a party to the original bankruptcy action and has not been properly made a party to this proceeding, since the Debtor has filed this Adversarial Proceeding against "George Indest," and he has had to defend himself herein, he is also joining in this motion. Mr. Indest makes a limited appearance herein, solely for the purpose of clarifying or challenging this matter, without waiving any right, objection or defense he may have. For the purpose of this Motion, both of these Parties shall be referred to as the Defendants.

3.   The Court is requested to dismiss George Indest, individually, from this matter with prejudice. Otherwise, all arguments stated below are also stated for Mr. Indest.

4.   Debtor Neelam Taneja Uppal, a medical doctor, using the name Neelam Taneja[1] in this bankruptcy proceeding, is an abusive, prolific, serial pro se litigator. She is also a serial bankruptcy filer.

5.   Debtor Neelam Taneja Uppal files spurious, incoherent pleadings, including the present one, and lies with impunity, as she has done in the present Adversary Proceeding Complaint.

6.   Examples of the Debtor's prior abusive litigation history are contained in Exhibits "1" and "2" and are incorporated herein by reference.

7.   These Defendants also incorporate by reference the Opposition of Nationstar Mortgage to Debtor's Motion for Continuation of the Automatic Stay (Main Bank. Proceeding, Doc. # 77), in the main bankruptcy filing, as it also sets forth a number of the Debtor's prior abuses.

---

[1]   Debtor Neelam Taneja Uppal has used a number of different aliases and variations of her name in the past, including in her many court filings.

8. The facts relating to this debt first arose in June 2012. Debtor Neelam Taneja Uppal hired Creditor, George F. Indest III, P.A.-The Health Law Firm ("The Health Law Firm" herein), a Florida professional service corporation, to represent her in defending her Florida Medical License against actions by the Florida Board of Medicine to revoke it.

9. Debtor Neelam Taneja Uppal incurred attorney's fees and costs with The Health Law Firm from approximately June through December 2012. It has only been because of the Debtor's contumacious and meritless litigation throughout every forum she could access (and now this Court), that has increased the total amount she owes this Creditor.

10. A lien for unpaid attorney's fees and costs in amount of $18,118.82, pursuant to state law, was recorded in February 7, 2013. Exhibit "3."

11. Creditor The Health Law Firm brought suit against Debtor Neelam Taneja Uppal in the Florida Circuit Court for the Eighteenth Judicial Circuit, Seminole County, Florida, to collect the attorney's fees and costs owed on October 23, 2013.

12. A Final Judgment was entered against Debtor on December 22, 2015, Florida Circuit Court for the Eighteenth Judicial Circuit, Seminole County, Florida (The Health Law Firm vs. Neelam Taneja Uppal, Florida 18th Jud. Cir. Case No. 13-CA-3790-15).

13. The Florida Supreme Court never issued a Petition for Writ of Mandamus, contrary to the false statements that Debtor Neelam Taneja Uppal has made to this Court. See Exhibits "4," "5" and "6."

14. Instead, on March 1, 2017, the Florida Supreme Court issued a decision denying Debtor Neelam Taneja Uppal's request for a petition for writ of mandamus. Exhibits "5" and "6."

### Facts Rendering Debtor's Adversarial Proceeding Complaint, Frivolous, Meritless, Without Any Basis and Subject to Rule 9011

15.   The present Adversary Proceeding, called "Adversary Proceeding for Violation of Stay & False Claim" [sic] by Debtor Neelam Taneja Uppal fails to give any specifics regarding any of her meritless allegations. It fails to state a cause of action.

16.   Debtor Neelam Taneja Uppal's pleading lacks any basis in fact or in law. It is spurious and is filed solely for the purposes of delay and harassment.

17.   The Debtor's Complaint is a form Complaint, obviously previously used by either her or someone else for some other purpose. It has handwritten changes and additions to it (in violation of the Court's Rules), portions crossed out, and is not even specifically nor correctly addressed to any alleged wrong doing of this Creditor. She even addresses herself as "he," "him" or "his" in a number of places.

18.   There is no allegation made as to any specific act taken by this Creditor that violates any stay of this Court. Debtor Neelam Taneja Uppal states no specific date any act took place, just making general, vague, false allegations impossible to answer

19.   Allegations made by Debtor Neelam Taneja Uppal, as to "false claims" and "false bills" lack the specificity required by Rule 9(b), Federal Rules of Civil Procedure and Rule 7009, Federal Rules of Bankruptcy Procedure. She also fails to allege any special damages with the specificity required by Rule 9(g), Federal Rules of Civil Procedure.

20.   Additionally, the allegations made by Debtor Neelam Taneja Uppal, as to "false claims" (paragraph 17 of Complaint for Adversary Proceeding), "deliberately making false filings" (paragraph 22 of Complaint for Adversary Proceeding), and "violating the False Claims Act

(paragraph 22 of Complaint for Adversary Proceeding)," and other allegations of wrongdoing by this Creditor, have previously been raised and litigated in the Florida courts, trial and appellate, referred to above. These are completely false allegations. Regardless, the doctrines of <u>res judicata</u> and <u>collateral estoppel</u> bar their being raised again and litigated again in this Court.

21. Debtor Neelam Taneja Uppal's pleading contains a number of brazen lies making the entire pleading incredible. Examples of her false statements include but are not limited to:

a. In paragraph 12 on the second page[2] of her pleading, Debtor alleges that she had her[3] "account debited without any prior authorization." This is a totally false statement. No account of the Debtor's has been "debited" by either of these Defendants.

b. In paragraph 17, amended in handwritten script at the top of the fourth page of her pleading, Debtor states: "A Writ of Mandamus was issued by Florida Supreme Court." This is a totally false statement as shown by Exhibits "6" "7" and "8." No such Writ was ever issued by the Florida Supreme Court.

c. In the first paragraph at the top of the fourth page of her pleading, and her paragraphs 17-19, although largely indecipherable, Debtor Neelam Taneja Uppal has made handwritten comments alleging that Creditor filed pleadings in her appellate case while the automatic stay was in place. This is not true. All motions and pleadings were filed prior to August 15, 2016. Exhibits "1" and "2."

d. In paragraph 22 on the fourth page of her pleading, Debtor Neelam Taneja

---

[2] Debtor Neelam Taneja Uppal's "Adversary Proceeding" pleading contains no page numbers, also in violation of the Court's Rules, thus making exact references difficult.

[3] Debtor actually used the word "his" in this paragraph, referring to herself.

Page 5 of 13

THLF 161

Uppal falsely alleges that Defendant [Creditor] has violated "the False Claims Act." Yet Debtor Neelam Taneja Uppal, a medical doctor, knows that there have been no claims presented to the government in the underlying case. Nor does the Debtor make any specific allegation of any kind to even attempt to support this vague, unfounded conclusion of law.

    e.    In paragraph 26 on the fifth page of her pleading, Debtor Neelam Taneja Uppal falsely states: "Defendant [referring to these Defendants] has . . . collected a debt." This statement is false. However, in fact, these Defendants have collected no part of the debt owed by Debtor Neelam Taneja Uppal from the trial court's Final Judgment in the case, nor any attorney's fees, costs or sanctions imposed against her by any court.

    f.    In her paragraph "b)" on the sixth page of her pleading, Debtor Neelam Taneja Uppal falsely states: "The Creditor is charging $10,000.00 for his attorney's fees for one court appearance." This statement is just made out of whole cloth and is fiction meant to inflame the Court. It is another false statement made by Debtor.

    g.    In her paragraph "d)" on the sixth page of her pleading, Debtor Neelam Taneja Uppal falsely alleges that there have been "funds taken from him [sic] by Defendant." There have been no funds of any kind taken from Debtor Neelam Taneja Uppal, since the litigation began in 2013.

22.    Debtor Neelam Taneja Uppal's false and defamatory statements are also scandalous. They violate Rule 9018, Federal Rules of Bankruptcy Procedure

23.    As shown, in part, by Exhibits "4," "5" and "6," it is Debtor Neelam Taneja Uppal who has committed misconduct and wrongful acts, making false and fraudulent statements, and who should be disciplined by this Court.

THLF 162

24. Debtor Neelam Taneja Uppal's pleading is inconsistent, incomprehensible and does not even request relief against this Creditor. It fails to request relief against these Defendants.

25. In addition to the foregoing, Debtor Neelam Taneja Uppal's pleading inconsistently goes back and forth between claiming this is a Chapter 7 Bankruptcy proceeding (see, e.g., paragraphs 14 & "e)" on her sixth page) and a Chapter 13 proceeding (paragraphs 3, 4 & 17).

26. Debtor also refers to herself as "he," "his" or "him" further showing she has just copied someone else's pleading without taking any appropriate steps to ensure that it was accurate or that it correctly stated any claims against these Defendants. For example, see paragraphs 11 ("him"), 12 ("his"), 17 ("his"), 25 ("he"), top of sixth page ("his"), paragraph "d)" on sixth page ("his"), and paragraph "e)" on sixth page ("he").

27. The Debtor's pleading contains numerous conclusions of law without factual support being alleged to support any of them.

28. In addition to the foregoing grounds, Debtor has failed to include the statement required by Rule 7008, Federal Rules of Bankruptcy Procedure.

29. Debtor's disregard for the legal process, her disrespect for the courts and attorneys, and her abuse of litigation solely for the purpose of needlessly delaying and harassing her creditors is shown again by her recent filings in the Florida Supreme Court. The Florida Supreme Court's Order of March 1, 2017, denying her Petition for a Writ of Mandamus, specifically advised Debtor: "No rehearing will be entertained by this Court." Exhibit "5."

30. Despite this, Debtor filed one, anyway. The Florida Supreme Court, on March 17, 2017, struck it as "unauthorized. Exhibit "6."

31. Plaintiff's many bankruptcy filings in the Middle District of Florida are shown in Exhibit "7."

32. Documentation on several of the prior Adversary Proceedings filed by this Debtor in bankruptcy actions, all of which were dismissed, is contained in Exhibit "8."

33. Further demonstrating the Debtor's spurious filings and dilatory tactics are here most recent filings with this Court. On April 25, 2017, Debtor filed a document with this Court indicating that she had been in the hospital, unconscious, and too ill to assist with her own bankruptcy filing. Exhibit "9." (Doc. No. 152).

34. Yet during the same period of time she apparently was not too ill to prepare and serve a completely frivolous filing with the U.S. Supreme Court on April 20, 2017. Exhibit "10."

35. In accordance with the rules, Debtor's counsel is also equally responsible in that she did not take action to remedy this situation and correct the deficiency when notified of it and continued to prosecute a meritless proceeding.

36. The actions of both Debtor and her counsel in continuing to prosecute this matter are frivolous and in bad faith.

37. These Defendants specifically allege regarding the claims and allegations of Debtor Neelam Taneja Uppal in this proceeding, and specifically, the proceeding itself and the continued prosecution of it:

    a. The claims and allegations of Debtor are being presented for an improper purpose, including but not limited to, harassing, causing unnecessary delay, and needlessly increasing the cost of litigation;

    b. The claims and allegations of Debtor are not warranted by existing law or

by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

c. The factual contentions of the Debtor do not have evidentiary support and will not have evidentiary support after a reasonable opportunity for further investigation or discovery;

d. Any denials of factual contentions made by the Debtor are not warranted based on the evidence nor reasonably based on belief or a lack of information; and

e. The factual contentions made by the Defendants are based on actual, provable facts and have evidentiary support which provide a complete defense to Debtor's claims.

38. At the present time, Arlene Gordon-Oliver, Esquire, has not filed a notice of appearance in this adversary proceeding. Therefore, it is unclear whether she intends to represent the Debtor in it. In an overabundance of caution, the Debtor is being personally served in accordance with the provisions of Rules 7004 and 9011(c), Federal Rules of Bankruptcy Procedure, contemporaneously with the service on Ms. Gordon-Oliver.

39. This Motion, Memorandum of Law and all attachments have been served more than 21 days before its filing, and in accordance with Rules 7004 and 9011(c), Federal Rules of Bankruptcy Procedure.

40. A Memorandum of Law in support of this motion is incorporated herein.

### RELIEF REQUESTED

This Creditor/Defendants, The Health Law Firm, and George Indest, request the Court to enter an Order, pursuant to Rule 11, Federal Rules of Civil Procedure, and Rules 7054 and 9011,

Federal Rules of Bankruptcy Procedure, against both Debtor Neelam Taneja Uppal and her counsel and counsel's law firm:

    A.    Dismissing "George Indest," individually, as a party in this matter, with prejudice.

    B.    Dismissing Debtor's Adversary Proceeding, in accordance with Rules 7012, 9018, and 9011, Federal Rules of Bankruptcy Procedure, with prejudice, and sealing the same.

    C.    Awarding these Defendants their Attorney's fees, costs and sanctions jointly against Debtor Neelam Taneja, a/k/a Neelam Taneja Uppal, together with her counsel and her counsel's law firm, pursuant to Rules 11 and 54, Federal Rules of Civil Procedure, and Rules 7054 and 9011, Federal Rules of Bankruptcy Procedure.

    D.    Prohibiting Debtor Neelam Taneja, a/k/a Neelam Taneja Uppal, from filing any further bankruptcy actions again for at least three (3) years.

    E.    Prohibiting Debtor Neelam Taneja, a/k/a Neelam Taneja Uppal, from filing any further motions, pleadings or other documents against these Defendants without first filing a motion requesting permission from this Court to do so, with a copy of her proposed filing attached and obtaining authority from this Court to do so.

THLF 166

## MEMORANDUM OF LAW

Rule 11, Federal Rules of Civil Procedure, states in relevant part:

> (b) **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> >
> > (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> >
> > (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.
>
> (c) **Sanctions**.
>
> > (1) In General. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee. . . .

Rule 9011, Federal Rules of Bankruptcy Procedure, is similar to the above, stating, in the relevant

part:

> (b) **Representations to the Court.** By presenting to the court (whether by signing, filing, submitting, <u>or later advocating</u>) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances. . . .

(Emphasis added.)

Where a debtor commences a bankruptcy in bad faith and merely for the purpose of frustrating her creditors, as Debtor has done in this case, sanctions under Rule 9011 against the Debtor and her attorney are appropriate. In re Intercorp Int'l, Ltd., 309 B.R. 686, 693-695 (Bankr. S.D.N.Y. 2004). Accord, Desiderio v. Parikh (In re Parikh), 508 B.R. 572, 584 (Bankr. E.D.N.Y. 2014), "The imposition of civil contempt sanctions may serve the dual purposes of compelling future compliance with court orders, and compensating the aggrieved party."

Additionally, counsel for debtor has notice or should have notice of the Debtor's wrongful, abusive, frivolous filings from documents filed by other parties in these proceedings and from the public record, giving her adequate notice of the sanctionable conduct.

**WHEREFORE,** the Court is requested to grant this motion and enter sanctions against Debtor and her counsel as requested above.

<u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that I have served (but not filed) the foregoing electronically via e-mail, telefax and via U.S. certified mail, postage prepaid, to the following: Arlene Gordon-

Oliver, Esquire (Counsel for Debtor), Arlene Gordon-Oliver & Associates, PLLC, 199 Main Street, Suite 203, White Plains, New York 10601, telefax: (914) 683-9754, e-mail: ago@gordonoliverlaw.com; and Debtor, Neelam Taneja Uppal, at 1370 Broadway #504, New York, New York 10018; on this 5th day of May 2017.

/s/ George F. Indest III
_____
**GEORGE F. INDEST III, J.D., M.P.A., LL.M.**
Florida Bar No.: 382426
(Admitted Pro Hac Vice)
Primary e-mail: GIndest@TheHealthLawFirm.com
Secondary e-mail: CourtFilings@TheHealthLawFirm.com
**THE HEALTH LAW FIRM**
1101 Douglas Avenue
Altamonte Springs, Florida 32714
Telephone: (407) 331-6620
Telefax: (407) 331-3030
**ATTORNEYS FOR CREDITOR,
THE HEALTH LAW FIRM, P.A.**

Attachment(s):

INDEX OF EXHIBITS

Exhibits "1" through "10"

GFI/mw
S:\Collections\1516-Uppal, Neelam, MD\006-BR NY\Pleadings-Drafts\Rule 11\Rule 11 Motion-8-Final.wpd

THLF 169

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x   Case No.: 16-bk-12356-jlg
In re: NEELAM TANEJA,

                  Chapter 13

      Debtor,

                  Adversary Proceeding
                  No.: 17-ap-01027-jlg

## INDEX TO MOTION EXHIBITS

| Exhibit | Description | Pages |
|---|---|---|
| 1. | Motion to Dismiss or, Alternately, To Strike Appellant's Brief filed June 21, 2016, in Neelam Uppal v. The Health Law Firm, Fla. Fifth Dist. Ct. of App., Case No. 5D16-180 | THLF 001 to 076 |
| 2. | Motion for Attorney's Fees and Sanctions filed June 22, 2016, in Neelam Uppal v. The Health Law Firm, Fla. Fifth Dist. Ct. of App., Case No. 5D16-180 | THLF 077 to 113 |
| 3. | Notice of Attorney's Fees Lien filed and recorded against Debtor Uppal on February 2, 2013 | THLF 114 to 116 |
| 4. | Docket Report, Neelam Uppal v. The Health Law Firm, Florida Supreme Court, Case No. SC16-2037 | THLF 117 to 119 |
| 5. | Order of Florida Supreme Court, dated March 1, 2017, denying Neelam Taneja Uppal's Petition for Writ of Mandamus in Case No. SC16-2037 | THLF 120 to 121 |
| 6. | Order of Florida Supreme Court, dated March 17, 2017, denying Neelam Taneja Uppal's Motion for Re-consideration [sic] as unauthorized, in Case No. SC16-2037 | THLF 122 to 123 |
| 7. | List of Debtor Neelam Taneja Uppal's bankruptcy filings | THLF 124 to 127 |
| 8. | Documents on Debtor Neelam Taneja Uppal's Adversary Proceedings filed in Bankruptcy Cases (excerpts) | THLF 128 to 147 |
| 9. | Arlene Gordon-Oliver, Esquire, Letter of April 25, 2017, Counsel for Debtor (Doc. No. 152) | THLF 148 to 151 |
| 10. | Debtor Neelam Taneja Uppal's "Notice of Writ of Certoriari [sic]" filed with U.S. Supreme Court dated April 20, 2017 | THLF 152 to 155 |

[Note: Excerpted, Exhibits not furnished with this copy attached to Motion.]

**THLF 170**