UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

In re:                                                     **Adversary Proceeding No.:**
                                                           **17-ap-01027-cgm**
    NEELAM TANEJA,
                                                           Chapter 13 Case No.:
        Debtor/Plaintiff,          16-bk-12356-cgm

vs.

    THE HEALTH LAW FIRM,
                                                           **Fourth Motion for Judicial Notice**
        Creditor/Defendant.

-----------------------------------------------------------------x

## CREDITOR/DEFENDANT THE HEALTH LAW FIRM'S FOURTH MOTION TO TAKE JUDICIAL NOTICE WITH SUPPORTING MEMORANDUM OF LAW

**COMES NOW**, Creditor/Defendant, The Health Law Firm, and George Indest, an attorney employed by The Health Law Firm, by and through their undersigned counsel, the aforesaid George Indest appearing for limited purposes only and not waiving any right, objection or defense he may have, and moves this Court to take judicial notice in the above-referenced Adversary Proceeding, pursuant to Rule 201, Federal Rules of Evidence, of the following document filed in the United States Bankruptcy Court of the Southern District of New York, Manhattan Division, Case No. 16-bk-12356, styled <u>In Re: Neelam Taneja, a/k/a Neelam Uppal</u>, dated June 6, 2017, and admit the same in the Adversary Proceeding No. 17-ap-01027-cgm:

    **1.**    **Judge Cecelia G. Morris's Order Pursuant to 11 U.S.C. § 362(d)(4) Modifying the Automatic Stay Imposed by 11 U.S.C. § 362(a), entered on June 6, 2017 (attached as Exhibit 1), which finds in relevant part: ". . . the Court [has] determined that the filing of the Debtor's bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that has involved multiple bankruptcy filings by the debtor and affecting property . . . ."**

**The foregoing document shows the fact that Debtor Neelam Taneja Uppal's bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that has involved multiple bankruptcy filings, and lends support to the contentions made by these Creditors/Defendants as stated in their Rule 9011 Motion filed herein. Additionally, such findings by the Court becomes the law of the case.**

**WHEREFORE**, Creditor/Defendants The Health Law Firm and George Indest request this Court to take judicial notice of the foregoing fact and admit as an exhibit in Adversary Proceeding number 17-ap-01027-cgm and the one (1) document attached to this motion as an exhibit, pursuant to Rule 201, Federal Rules of Evidence, and the fact stated above.

### SUPPORTING MEMORANDUM OF LAW

Rule 9017, Federal Rules of Bankruptcy Procedure, states: "The Federal Rules of Evidence . . . apply in cases under the Code."

Rule 201 of the Federal Rules of Evidence states:

> **Judicial Notice of Adjudicative Facts**
>
> **1.(a) Scope.** This rule governs judicial notice of an adjudicative fact only, not a legislative fact.
>
> **(b) Kinds of Facts That May Be Judicially Noticed.** The court may judicially notice a fact that is not subject to reasonable dispute because it:
>
> (1) is generally known within the trial court's territorial jurisdiction; or
> (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.
>
> **(c) Taking Notice**. The court:
>
> (1) may take judicial notice on its own; or
> (2) must take judicial notice if a party

> requests it and the court is supplied with the necessary information.
>
> **(d) Timing.** The court may take judicial notice at any stage of the proceeding. . . .

Rule 201 of the Federal Rules of Evidence is applicable in bankruptcy cases pursuant to Rule 9017, Federal Rules of Bankruptcy Procedure; a bankruptcy court properly takes judicial notice of the contents of the debtor's petition, schedules, statement of affairs, and related documents filed in the bankruptcy. <u>Clark v. Reed (In re Reed)</u>, 293 B.R. 65, 2003 Bankr. LEXIS 812, (Bankr. D. Kan. 2003).

Where a bankruptcy debtor filed an action against creditors, arguing that the creditors' actions had violated state law as an unlawful distribution, and the creditor moved to dismiss, it was permissible for the court to take judicial notice, under Rule 201(b)(2), Federal Rules of Evidence, of extrinsic facts about the debtor. <u>Enron Corp. v. Bear, Stearns Int'l Ltd. (In re Enron Corp.)</u>, 323 B.R. 857, 2005 Bankr. LEXIS 701 (Bankr. S.D.N.Y. 2005).

The bankruptcy court can take judicial notice, pursuant to Rule 201(b)(2) and (c)(1), Federal Rules of Evidence, of state court records. <u>In re Sas</u>, 488 B.R. 178, 2013 Bankr. LEXIS 1223 (Bankr. D. Nev. 2013). Therefore, this Court may take judicial notice of the many prior frivolous filings of the Debtor in various state court proceedings, as well as all of the filings in the state court case that gave rise to the claim that the Debtor is challenging herein.

Accordingly, the Bankruptcy Court in the present proceeding may take judicial notice of its own Order Pursuant to 11 U.S.C. § 362(d)(4) Modifying the Automatic Stay Imposed by 11 U.S.C. § 362(a), signed by the Honorable Cecelia G. Morris, and filed on June 6, 2017.

**WHEREFORE**, Creditor/Defendants The Health Law Firm and George Indest request this

Court to take judicial notice of the foregoing fact and admit as an exhibit in Adversary Proceeding number 17-ap-01027-cgm and the one (1) document attached to this motion as an exhibit, pursuant to Rule 201, Federal Rules of Evidence.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that I have electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will automatically serve each party that is a registered CM/ECF user for this adversary proceeding, including Debtor Neelam Taneja Uppal (pro se); I have also served a copy of this on Debtor Neelam Taneja Uppal (pro se) her via e-mail address: nneelu123@aol.com; I have also served a copy of this on Debtor Neelam Taneja Uppal (pro se) by mailing it via U.S. mail, postage prepaid to her at: 1370 Broadway #504, New York, New York 10018 and at: 17715 Gulf Boulevard, #705, Reddington Shores, Florida 33782; I further certify that I have also served a copy of the foregoing via U.S. mail, postage prepaid, to the following: Bankruptcy Trustee Jeffrey L. Sapir, Esquire/Jody L. Kava, Esquire, at 399 Knollwood Road, Suite 102, White Plains, New York 10603, and electronically at info@sapirch13tr.com; on this 12th day of June 2017.

/s/ George F. Indest III
_____
**GEORGE F. INDEST III, J.D., M.P.A., LL.M.**
Florida Bar No.: 382426
(Admitted Pro Hac Vice)
Primary e-mail: GIndest@TheHealthLawFirm.com
Secondary e-mail: CourtFilings@TheHealthLawFirm.com
**THE HEALTH LAW FIRM**
1101 Douglas Avenue
Altamonte Springs, Florida 32714
Telephone: (407) 331-6620
Telefax: (407) 331-3030
**ATTORNEYS FOR CREDITOR/DEFENDANT,
THE HEALTH LAW FIRM, P.A.**

Attachment(s):
  Exhibit 1: Judge Cecelia G. Morris's Order Pursuant to 11 U.S.C. § 362(d)(4) Modifying the Automatic Stay Imposed by 11 U.S.C. § 362(a), entered on June 6, 2017, in In re: Taneja, Case No. 16-bk-12356, U.S. Bkr.C., S.D. N.Y.

S:\Collections\1516-Uppal, Neelam, MD\006-BR NY\Pleadings-Final\Judicial Notice Fourth w Exhibits\Motion to Take Judicial Notice, Fourth.wpd