**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x      Case No.: 16-bk-12356-jlg

In re:

Chapter 13

NEELAM TANEJA,

      Debtor,      **Adversary Proc. No.: 17-ap-01027-jlg**

vs.

THE HEALTH LAW FIRM,

      Creditor/Defendant.
-----------------------------------------------------------------x

# CREDITOR, THE HEALTH LAW FIRM'S AND GEORGE INDEST'S SUPPLEMENT TO MOTION FOR RULE 9011 SANCTIONS, ATTORNEY'S FEES AND COSTS

    Creditor/Defendant, The Health Law Firm, P.A., f/k/a George F. Indest III, P.A.-The Health Law Firm, a Florida professional service corporation, and George Indest, by and through undersigned counsel, pursuant to Rules 9011, Federal Rules of Bankruptcy Procedure, and Rule 11, Federal Rules of Civil Procedure, file this Supplement to the previously filed Motion for Rule 9011 Sanctions, Attorney's Fees and Costs, stating:

    1.    The Rule 9011 Motion previously filed on May 30, 2017, is incorporated by reference. These additional documents and exhibits are filed with the Court to establish the amount of the Attorney's fees and costs incurred in defending this Adversary Proceeding.

    2.    Creditor and Defendants herein advise the Court that, in connection with this proceeding, for their attorney's fees, they will only be seeking the attorney time spent by attorney George F. Indest III (an attorney of more than 36 years experience, with an LL.M., and who is

Board Certified by The Florida Bar). In order to assist the Court in making a determination and avoid extraneous issues, the time spent by other attorneys and by the Firm's paralegals is not being sought as part of this motion.

    3.    Attached to this Supplement are:

        a.    An Affidavit of Michelle Williams, the Assistant Book Keeper of The Health Law Firm, which contains the invoices for the time spent and costs incurred, as well as a summary of each (Exhibit "18");

        b.    An Affidavit of George F. Indest III, President and Managing Partner of The Health Law Firm, containing a copy of his resume (Exhibit "19");

        c.    Burdge, Ronald L, <u>United States Consumer Law Attorney Fee Survey Report</u> (June 2017) (excerpts), showing attorneys fees for New York, New York, and Orlando, Florida (Exhibit "20").

    4.    Mr. Indest's regular hourly rate is $595. However, for the purpose of this Rule 9011 Motion, we are only claiming a reasonable hourly rate of $475.00 which was Mr. Indest's hourly rate at the time the Debtor Neelam Taneja Uppal, retained him in June 2012.

    5.    The attached attorney's fee survey for New York, New York, and for Orlando, Florida, Exhibit "20," shows that $475.00 per hour is a reasonable hourly rate for Mr. Indest given his credentials and his 36 years of experience.

    6.    The total fee being claimed in this matter is 114.8 hours at $475.00 per hour or $54,530.00 (see Exhibit "18"). The total costs, which include travel costs, are $2,458.80 (see Exhibit "18"). The total of attorney's fees and costs is $57,435.33 (see Exhibit "18"). These include projected amounts (based on the prior fees and costs incurred) through the hearing on July

13, 2017.

## RELIEF REQUESTED

This Creditor/Defendants, The Health Law Firm, and George Indest, request the Court to enter a Final Judgment for Sanctions, Fees and Costs, pursuant to Rule 11, Federal Rules of Civil Procedure, and Rules 7054 and 9011, Federal Rules of Bankruptcy Procedure, against Debtor Neelam Taneja Uppal:

    A.    Finding in favor of these Defendants:

        (1)    That their attorney's fees of $475 per hour and 114.8 hours to be fair, reasonable and necessary;

        (2)    That their costs of $2,458.80 (which include air fair, lodging, meals, taxis, and photocopying) are fair, reasonable and necessary; and

        (3)    That their total fees and costs in the amount of $57,435.33, are fair, reasonable and necessary;

    B.    Awarding the amount of $57,435.33 to Defendants against Plaintiff Neelam Taneja Uppal;

    C.    Specifically stating that the foregoing attorney's fees and costs are sanctions awarded by the court against Debtor/Plaintiff Neelam Taneja Uppal;

    D.    Prohibiting Debtor Neelam Taneja, a/k/a Neelam Taneja Uppal, from filing any further bankruptcy actions again for at least three (3) years; and

    E.    Prohibiting Debtor Neelam Taneja, a/k/a Neelam Taneja Uppal, from filing any further motions, pleadings or other documents against these Defendants

without first filing a motion requesting permission from this Court to do so, with a copy of her proposed filing attached and obtaining authority from this Court to do so.

## MEMORANDUM OF LAW

These Defendants previously filed a Memorandum of Law in Support of their original Rule 9011 Motion, and request that it be incorporated herein by reference.

In addition, in Tatum v. City of New York, 2010 U.S. Dist. LEXIS 7748 (S.D.N.Y. 2010) (Case No. 06-cv-4290-PGG-GWG), the District Court for the Southern District of New York reviewed the claims of several attorneys for their attorneys fees and costs in a Section 1983 case. In that case, the court found an hourly rate of $450 to a senior attorney who litigated the case, was fair and reasonable; and this was over seven (7) years ago. Tatum at 39. The court allowed time for discovery, legal research, and travel among others. Tatum at 26. The court also fund that costs allowable included "photocopying, travel and telephone costs" which included meals as part of the travel costs. Tatum at 41.

In Lora v. J.V. Carwash Ltd., 2015 U.S. Dist. LEXIS 155954 (S.D.N.Y. 2015) (Case No. 11-cv-9010-LLS-AJP), District Court for the Southern District of New York, considered attorney's fees and costs being claimed in an employment law case that the court specifically noted also included the work of the attorneys in a related bankruptcy case. Lora at 20-22. The court found that $500 an hour was a reasonable rate for the attorneys involved who had 28 years of experience. Lora at 16. The court also found that the rates that the attorneys charged their current clients was persuasive evidence of a fair and reasonable rate. It is noted that George F. Indest III's

current rate he charges his clients is $595 per hour, although he is only claiming $475 per hour in the present case.

In <u>Coalition of Immokaalee Workers, Inc. v. Town of Palm Beach,</u> 2016 U.S. Dist. Lexis 179286 (S.D. Fla. 2016), the federal court faced the issue of reasonable attorney's fees for both Florida lawyers and a New York lawyer. The case involved a challenge of the constitutionality of certain city ordinances in Palm Beach. The court allowed a fee of $500 per hour for a New York attorney with 40 years experience and a rate of $450 per hour for a Florida attorney with 34 years experience. <u>Coalition of Immokaalee</u>, at 13-14. Th Court also allowed the out-of-town attorneys' travel, expenses including "airfare, taxi rides, meals, and lodging." <u>Coalition of Immokaalee</u>, at 23-24.

Of specific note, in <u>Coalition of Immokaalee</u>, the court considered evidence of surveys of attorney's fees for the New York attorney.[1] <u>Coalition of Immokaalee</u>, at 12. In the present case the survey these Defendants are relying upon (Exhibit 20) is a comprehensive, well-established survey, which shows that the hourly rate claimed by Defendants, $475 per hour, is reasonable whether based on New York New York, rates or Orlando, Florida, rates.

**WHEREFORE,** these Defendants request this Court to enter Final Judgment against Plaintiff/Debtor Neelam Taneja Uppal finding in favor of these Defendants and that their attorney's fees of $475 per hour and 114.8 hours are fair, reasonable and necessary; that their costs of $2,458.80 (which include air fair, lodging, meals, taxis, and photocopying) are fair, reasonable and necessary; and that their total fees and costs in the amount of $57,435.33, are

---

[1] However, the court found the argument of counsel to be misleading as to what the survey actually demonstrated in that case.

fair, reasonable and necessary, as well as the other relief requested above.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will automatically serve each party that is a registered CM/ECF user; I further certify that I have also served a copy of the foregoing via U.S. mail, postage prepaid, to the following: Bankruptcy Trustee Jeffrey L. Sapir at 399 Knollwood Road, Suite 102, White Plains, New York 10603 and electronically at info@sapirch13tr.com; I have also served a copy of the foregoing via U.S. mail, postage prepaid, Debtor/Plaintiff, Neelam Taneja Uppal, at:

   1370 Broadway #504, New York, New York 10018;
   at P.O. Box 1002, Largo, Florida 33779; and
   at 17715 Gulf Blvd, #705, Reddington Shores, Florida 33782;

additionally I have also served a copy of the foregoing via e-mail on Debtor/Plaintiff, Neelam Taneja Uppal, nneelu123@aol.com; on this 6th day of July 2017.

/s/ George F. Indest III
_____
**GEORGE F. INDEST III, J.D., M.P.A., LL.M.**
Florida Bar No.: 382426
(Admitted Pro Hac Vice)
Primary e-mail: GIndest@TheHealthLawFirm.com
Secondary e-mail: CourtFilings@TheHealthLawFirm.com
**THE HEALTH LAW FIRM**
1101 Douglas Avenue
Altamonte Springs, Florida 32714
Telephone: (407) 331-6620
Telefax: (407) 331-3030
**ATTORNEYS FOR CREDITOR,**
**THE HEALTH LAW FIRM, P.A.**

**Attachment(s):**

   **INDEX OF EXHIBITS & EXHIBITS**

GFI/mw
S:\Collections\1516-Uppal, Neelam, MD\006-BR NY\Pleadings-Final\Rule 9011-To Be Filed\Supplement to Rule 9011 Motion-Final.wpd