UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x    Case No.: 16-bk-12356-jlg

In re:

Chapter 13

NEELAM TANEJA,

        Debtor,    Adversary Proc. No.: **17-ap-01027-cgm**

vs.

THE HEALTH LAW FIRM, et al.,

        Creditor/Defendant.

-----------------------------------------------------------x

## AFFIDAVIT OF MATTHEW GROSS, ESQUIRE, AS TO REASONABLENESS OF ATTORNEY'S FEES AND COSTS FOR ADVERSARY PROCEEDING

Matthew Gross, Esquire, being duly sworn, deposes and says:

1. My name is Matthew Gross, Esquire. I am over eighteen years of age, of sound mind, and otherwise competent to testify to the contents of this affidavit.

2. I am the President of the law firm Matthew R. Gross, J.D., P.A., which has its office located in Altamonte Springs, Florida. I am an attorney at law, authorized to practice law in the State of Florida. I am a member of The Florida Bar. I have been a practicing attorney for over ten years in Seminole County, Florida. I practice primarily in the area of Bankruptcy law.

3. I have been requested to provide an opinion regarding appellate attorney's fees and costs in this case.

4. In connection with forming an opinion in this matter, I have reviewed the following:

    a. All invoices prepared contemporaneously in this matter reflecting the dates, time spent, hourly rates and details of the work performed on the case, specifically in The Health Law Firm's account number 1516/006;

    b. The docket of the Bankruptcy Court in the Adversary Proceeding in this matter;

    c. The docket of the Bankruptcy Court in the main Bankruptcy proceeding;



d. The pleadings file in this matter kept by The Health Law Firm;

e. The Health Law Firm's Motion for Rule 9011 Attorney's Fees and Sanctions filed May 11, 2017;

f. A summary of the attorney's fees and costs incurred by The Health Law Firm in the appeal of this case, prepared by the Book Keeping Department of the firm;

g. The Affidavit of Michelle Williams, the Assistant Book Keeper of The Health Law Firm;

h. Burdge, Ronald L, United States Consumer Law Attorney Fee Survey Report (June 2017), specifically the attorney's fees for New York, New York, and Orlando, Florida (pp. 1-17, 212-213, 294-295) (attached as Exhibit "B");

i. National Law Journal Survey: Billing Rates Across the Country: The National Law Journal's Annual Survey of Law Firm Billing Rates for Partners and Associates (Law Journals Press, New York, Jan. 13, 2014) available at: http://www.nationallawjournal.com/id=1202636785489/Billing-Rates-Across-the-Country?slreturn=20170602163755;

j. Tatum v. City of New York, 2010 U.S. Dist. LEXIS 7748 (S.D.N.Y. 2010) (Case No. 06-cv-4290-PGG-GWG);

k. Lora v. J.V. Carwash Ltd., 2015 U.S. Dist. LEXIS 155954 (S.D.N.Y. 2015 (Case No. 11-cv-9010-LLS-AJP);  and

l. Coalition of Immokaalee Workers, Inc. v. Town of Palm Beach, 2016 U.S. Dist. Lexis 179286 (S.D. Fla. 2016).

5. The professional fees and costs as itemized on the individual invoices are summarized in the Affidavit of Michelle Williams, the Assistant Book Keeper of The Health Law Firm.

6. I note that in this appeal, Mr. Indest charged an hourly rate of $475 per hour. However, I am also aware that Mr. Indest's current hourly rate is $595 per hour. Additionally, the average hourly rate of all legal professionals working on this case was only slightly more than $197.

7. I am familiar with the rates charged by attorneys practicing law in the Orlando, Florida area, including those for Seminole County, Florida, where Mr. Indest's office is located,

and where I am located. The rate of $475.00 per hour for an attorney of Mr. Indest's 36 years of experience for a bankruptcy matter in the local area is considered to be fair and reasonable.

8. I have been retained as and testified as an expert on the issues of attorney's fees and costs in the courts in Central Florida, previously.

9. It is my opinion that, for the Orlando, Florida area, including Seminole County, Florida:

   a. Mr. Indest's hourly rate of $475.00 per hour is fair and reasonable for a matter of this nature, especially given his seniority, experience and credentials;

   b. The amount of time (114.8 hours[1]) billed by Mr. Indest is a fair and reasonable amount of time for defending this matter;

   c. The costs in the amount of $2,905.33[2] are fair and reasonable in connection with defending this matter; and

   d. The total fees and costs of $57,435.33 are fair and reasonable in this matter.

10. I have also researched the fees charged by attorneys in New York, New York, for similar work. This includes researching and reviewing the documents set forth in paragraph 4(h) through (l), above.

11. It is my opinion that, for New York, New York:

   a. Mr. Indest's hourly rate of $475.00 per hour is fair and reasonable for a matter of this nature, especially given his seniority, experience and credentials;

---

[1] I note that this figure includes 11.0 hours of projected time associated with preparing for and attending the scheduled hearing on July 13, 2017, in this matter. If this time is not incurred, then this time should be subtracted from the total.

[2] I note that this figure includes $901.20 in travel expenses projected for attending the scheduled hearing on July 13, 2017, in this matter. If these expenses are not incurred, they should be deducted from the amount of the costs.

  b.  The amount of time (114.8 hours[3]) billed by Mr. Indest is a fair and reasonable amount of time for defending this matter;

  c.  The costs in the amount of $2,905.33[4] are fair and reasonable in connection with defending this matter; and

  d.  The total fees and costs of $57,435.33 are fair and reasonable in this matter.

12. Based on my experience in the practice of bankruptcy litigation and my knowledge of the fees charged for this in the New York, New York, area, the fees charged and costs incurred by Mr. Indest in the Adversary proceeding appear to be fair and reasonable in this case. The rates and hours expended are fair, reasonable and were necessary.

13. I do want to make it clear that I am not a member of the bar in New York.

14. The above is true and based on my personal knowledge and experience.

**FURTHER AFFIANT SAYETH NAUGHT.**

             _____
             MATTHEW GROSS, ESQUIRE
             PRESIDENT
             MATTHEW R. GROSS, J.D., P.A.

## NOTARIZATION

BEFORE ME, the undersigned authority, personally appeared MATTHEW GROSS, who after first being duly sworn/affirmed, deposes and says that the foregoing is true and correct to the best of her knowledge, information and belief, and who is personally known to me.

---

[3] N.1, supra.

[4] N.2, supra.

SWORN/AFFIRMED TO AND SUBSCRIBED before me this 11th day of July 2017.



*Kathryn Watson*
SIGNATURE OF NOTARY PUBLIC

Kathryn Watson
Typed/Printed Name of Notary Public

(SEAL)

NOTARY PUBLIC - STATE OF FLORIDA
AT LARGE

GFI/gi
S:\Collections\1516-Uppal, Neelam, MD\006-BR NY\Pleadings-Final\Rule 9011-Filed\21-Affidavit-Gross-Atty Fees-BR-AP.wpd