UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x    Case No.: 16-bk-12356-jlg
In re:
                                                                   Chapter 13

NEELAM TANEJA,

        Debtor,    Adversary Proc. No.: 17-ap-01027-cgm

vs.

THE HEALTH LAW FIRM, et al.,

        Creditor/Defendant.
-----------------------------------------------------------x


## AFFIDAVIT OF COLIN M. LINSENMAN, ESQUIRE,

## AS TO REASONABLENESS OF ATTORNEY'S FEES AND COSTS

## FOR ADVERSARY PROCEEDING

Colin M. Linsenman, Esquire, being duly sworn, deposes and says:

1.    My name is Colin M. Linsenman, Esquire. I am over eighteen years of age, of sound mind, and otherwise competent to testify to the contents of this affidavit.

2.    I am the President of the Law Office of Colin M. Linsenman, which has its office located in New York, New York. I am an attorney at law, authorized to practice law in the State of New York. I am a member of The New York Bar. I have been a licensed attorney for twelve years, have been a practicing attorney for three years in New York County, New York. I practice primarily in the areas of criminal defense and bankruptcy law.

3.    I have been requested to provide an opinion regarding appellate attorney's fees and costs incurred by George F. Indest III, Esquire, and The Health Law Firm, in the above-captioned Adversary Proceeding, a case with which I am familiar.

4.    In connection with forming an opinion in this matter, I have reviewed the following:

**EXHIBIT 22**

    a.    The Affidavit of Michelle Williams, the Assistant Book Keeper of The Health Law Firm (Exhibit 19), which also included:

        (1)    The invoices of Mr. Indest and The Health Law Firm, reflecting the dates, time spent, hourly rates and details of the work performed on the case; and

        (2)    A summary of each invoice containing the attorney's fees and costs incurred by The Health Law Firm in Adversary Proceeding in this case, prepared by the Book Keeping Department of The Health Law Firm;

    b.    The docket of the Bankruptcy Court in the Adversary Proceeding in this matter;

    c.    The docket of the Bankruptcy Court in the main Bankruptcy proceeding;

    d.    The Health Law Firm's current rate sheet;

    e.    The Affidavit of George F. Indest III, Esquire, containing his resume (Exhibit 20); and

    f.    The Health Law Firm's Motion for Rule 9011 Attorney's Fees and Sanctions filed May 11, 2017, as well as two supplements to it.

5.    The professional fees and costs as itemized on the individual invoices are summarized in the Affidavit of Michelle Williams, the Assistant Book Keeper of The Health Law Firm (Exhibit 19).

6.    I am familiar with the rates charged by attorneys practicing law in New York, New York, and specifically for those practicing bankruptcy law representing creditors.

7.    I note that in this proceeding, Mr. Indest charged an hourly rate of $475 per hour. However, I am also aware that Mr. Indest's current hourly rate is $595 per hour.

8.    In my opinion, the hourly rate of $475.00 per hour for an attorney of Mr. Indest's 36 years of experience for a bankruptcy matter in the local area is considered to be fair and reasonable.

9.  In my opinion, the amount of time (114.8 hours[1]) billed by Mr. Indest is a fair and reasonable amount of time for defending this Adversary Proceeding.

10. In my opinion, the costs in the amount of $2,905.33[2] incurred by Mr. Indest in defending this matter, are fair and reasonable, especially in light of the requirement that he travel from Orlando to New York to attend the hearings in the case.

11. Based on my experience in the practice of civil litigation and my knowledge of the fees charged for this in the New York, New York, area, the fees charged and costs incurred by Mr. Indest in the Adversary Proceeding ($57,435.33), appear to be fair and reasonable in this case. The rates and hours expended are fair, reasonable and were necessary.

12. The above is true and based on my personal knowledge and experience.

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
**COLIN M. LINSENMAN, ESQUIRE**
PRESIDENT
THE LAW OFFICE OF COLIN M. LINSENMAN

**NOTARIZATION**

STATE OF NEW YORK       )
COUNTY OF NEW YORK   )

BEFORE ME, the undersigned authority, personally appeared COLIN M. LINSENMAN, who is personally known to me or who did present proper identification, and who after first being duly sworn/affirmed, did subscribe to the foregoing.

_____

---

[1]  I note that this figure includes 11.0 hours of projected time associated with preparing for and attending the scheduled hearing on July 13, 2017, in this matter. If this time is not incurred, then this time should be subtracted from the total.

[2]  I note that this figure includes $901.20 in travel expenses projected for attending the scheduled hearing on July 13, 2017, in this matter. If these expenses are not incurred, they should be deducted from the amount of the costs.

SWORN/AFFIRMED TO AND SUBSCRIBED before me this ___11th___ day of July 2017.

_____
SIGNATURE OF NOTARY PUBLIC

___Allieson S Book___
Typed/Printed Name of Notary Public

(SEAL)    NOTARY PUBLIC

My Commission Expires: ___May 5, 2018___

```
ALLIESON SYREETA BOOK
Notary Public - State of New York
NO. 01BO6302740
Qualified in Kings County
My Commission Expires May 5, 2018
```

GFI/gi
S:\Collections\1516-Uppal, Neelam, MD\006-BR NY\Pleadings-Final\Rule 9011-Filed\21-Affidavit-Linsenman-rev.wpd

Page 4 of 4