**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x  Case No.:  16-bk-12356-jlg

In re:

Chapter 13

NEELAM TANEJA,

      Debtor,  **Adversary Proc. No.:  17-ap-01027-cgm**

vs.

THE HEALTH LAW FIRM, et al.,

      Creditor/Defendant.

----------------------------------------------------------------x

### AFFIDAVIT OF GEORGE BARRY WILKINSON, ESQUIRE,

### AS TO REASONABLENESS OF ATTORNEY'S FEES AND COSTS

### FOR ADVERSARY PROCEEDING

G. Barry Wilkinson, Esquire, being duly sworn, deposes and says:

1.  My name is G. Barry Wilkinson, Esquire.  I am over eighteen years of age, of sound mind, and otherwise competent to testify to the contents of this affidavit.

2.  I am the President of the law firm G. Barry Wilkinson, P.A., which has its office located in St. Petersburg, Florida.  I am an attorney at law, authorized to practice law in the State of Florida.  I am a member of The Florida Bar.  I have been a practicing attorney for over twenty-nine (29) years in Pinellas County, Florida.  I practice primarily in the areas of real property, probate, tax and bankruptcy law.

3.  I have been requested to provide an opinion regarding the reasonableness of the fees and costs sought by George F. Indest III, Esquire, and The Health Law Firm in the Adversary Proceeding commenced against them by Neelam Taneja Uppal.  I am familiar with the Adversary Proceeding and the main bankruptcy action.

4.  In connection with forming an opinion in this matter, I have reviewed the following:

    a.  The invoices reflecting time spent, hourly rates and details of the work performed on the case, specifically in The Health Law Firm's account number 1516/006;

# EXHIBIT 23

      b.      The docket of the Bankruptcy Court in the Adversary Proceeding in this matter;

      c.      The docket of the Bankruptcy Court in the main Bankruptcy proceeding;

      d.      The pleadings file in this matter filed by The Health Law Firm in the Adversary Proceeding;

      e.      The Health Law Firm's Motion for Rule 9011 Attorney's Fees and Sanctions filed May 11, 2017, as well as the supplements to it;

      f.      A summary of the attorney's fees and costs incurred by The Health Law Firm in the appeal of this case, prepared by the Book Keeping Department of the firm;

      g.      The Affidavit of Michelle Williams, the Assistant Book Keeper of The Health Law Firm; and

      h.      The Affidavit of George F. Indest III, Esquire.

5.      The professional fees and costs as itemized on the individual invoices are summarized in the Affidavit of Michelle Williams, the Assistant Book Keeper of The Health Law Firm.

6.      I note that in this proceeding, Mr. Indest charged an hourly rate of $475 per hour. However, I am also aware that Mr. Indest's current hourly rate is $595 per hour.

7.      I am familiar with the rates charged by attorneys practicing law in Central Florida area, including those for Seminole County, Florida, where Mr. Indest's office is located. The rate of $475.00 per hour for an attorney of Mr. Indest's 36 years of experience for a bankruptcy matter in the local area is considered to be fair and reasonable.

8.      It is my opinion that, for the Central Florida area, including Orlando and Seminole County, Florida:

      a.      Mr. Indest's hourly rate of $475.00 per hour is fair and reasonable for a matter of this nature, especially given his seniority, experience and credentials;

    b.    The amount of time (114.8 hours[1]) billed by Mr. Indest is a fair and reasonable amount of time for defending this matter;

    c.    The costs in the amount of $2,905.33[2] are fair and reasonable in connection with defending this matter; and

    d.    The total fees and costs of $57,435.33 are fair and reasonable in this matter.

9.    Based on my experience in the practice of civil litigation and my knowledge of the fees charged for this in the New York, New York, area, the fees charged and costs incurred by Mr. Indest in the Adversary proceeding appear to be fair and reasonable in this case. The rates and hours expended are fair, reasonable and were necessary.

10.    The above is true and based on my personal knowledge and experience.

**FURTHER AFFIANT SAYETH NAUGHT.**

_[signature]_

**GEORGE BARRY WILKINSON, ESQUIRE**
PRESIDENT
G. BARRY WILKINSON, P.A.

**NOTARIZATION**

BEFORE ME, the undersigned authority, personally appeared GEORGE BARRY WILKINSON, who after first being duly sworn/affirmed, deposes and says that the foregoing is true and correct to the best of her knowledge, information and belief, and who is personally known to me.

---

[1] I note that this figure includes 11.0 hours of projected time associated with preparing for and attending the scheduled hearing on July 13, 2017, in this matter. If this time is not incurred, then this time should be subtracted from the total.

[2] I note that this figure includes $901.20 in travel expenses projected for attending the scheduled hearing on July 13, 2017, in this matter. If these expenses are not incurred, they should be deducted from the amount of the costs.

SWORN/AFFIRMED TO AND SUBSCRIBED before me this \_\_\_12th\_\_\_ day of July 2017.



(SEAL)

_____
SIGNATURE OF NOTARY PUBLIC
\_\_\_ANITA KUHN\_\_\_
Typed/Printed Name of Notary Public
NOTARY PUBLIC - STATE OF FLORIDA
AT LARGE

GFI/gi
S:\Collections\1516-Uppal, Neelam, MD\006-BR NY\Pleadings-Final\Rule 9011-Filed\23-Affidavit-Wilkinson-Atty Fees-BR-AP.wpd