UNITED STATES BANKRUPTCY COURT
OF APPEALS SOUTHERN DISTRICT OF
NEW YORK

------------------------------------------------------------x     Adversary Proc. No.: 17-ap-01027-jlg

In re:

                                            Chapter 13

NEELAM TANEJA,

        Debtor,

vs.                                              Case No.:  16-bk-12356-jlg

THE HEALTH LAW FIRM,

        Creditor/Defendant.

------------------------------------------------------------x

## DEFENDANTS'/APPELLEES' OPPOSITION TO MOTION FOR STAY

      Come Now Defendants/Appellees The Health Law Firm and George Indest, and oppose Plaintiff/Debtor's Motion for Stay [ECF No. 31], stating:

      1.      The Judgment from which Plaintiff/Debtor Neelam Taneja (a/k/a Neelam Taneja Uppal) appeals is one for sanctions, attorney's fees and costs, pursuant to Rule 9011, Federal Rules of Bankruptcy Procedure.

      2.      As determined by the Court, the Plaintiff/Debtor's Adversary Complaint was frivolous and filed in bad faith and for the purpose of delay, as was her original bankruptcy proceeding (Case No. 16-br-012356).

      3.      Plaintiff/Debtor is a prolific abusive pro se filer in both state and federal courts. She has filed for bankruptcy at least four times in the recent past, merely for the purpose of using the automatic stay to delay and harass her creditors.

      4.      Plaintiff/Debtor routinely mass files form documents, using the same document from case to case, often just scratching out a party's name and handwriting in a different party's name, without bothering to attempt to even change the allegations or facts that would be unique to that party.

      5.      She has secreted away assets, hiding them in trusts and transfers to others, and otherwise failed to disclose them to the bankruptcy courts in her filings.  She uses a number of different aliases to attempt to mask her various court filings.

6. She routinely ignores court judgments, ignores court orders and files Motions to Reconsider, even after being instructed by the courts that they will not be considered. (See, e.g., Exhibit "1.")

7. She routinely files frivolous, improper appeals in order to attempt to delay execution of judgments against her by her many creditors. She is doing this in the present case. The Court should expect her to continue to file appeals and Motions for Reconsideration, all the way to the U.S. Supreme Court.[1]

8. To date, she has filed nine (9) adversary proceedings against her creditors in various bankruptcy actions, none of which has been successful.

9. The present Final Judgment from which Plaintiff/Debtor has filed a Notice of Appeal, was awarded based upon a number of documents and affidavits showing the amount awarded by the Bankruptcy Court as fair and reasonable. Furthermore, it was the direct result of the Plaintiff/Debtor's own misconduct, from which she continues to attempt to escape responsibility. In response to the documents and affidavits filed with the Bankruptcy Court, the Plaintiff/Debtor filed no evidence. She produced no evidence to disprove or discount the Defendants/Appellees' evidence.

10. The purpose of the sanctions awarded against Plaintiff/Debtor were, in part, to discourage her from continuing to file frivolous pleadings and undertaking frivolous litigation. Imposing a stay on the Final Judgment awarding sanctions would only reward and encourage the Plaintiff/Debtor.

11. Plaintiff/Debtor is unlikely to succeed on the merits of her appeal.

12. Plaintiff has not provided any of the information or documents required by Rule 8007(b)(3), Federal Rules of Bankruptcy Procedure.

13. Should the Court decide to impose a stay on the Final Judgment that has been entered, it should require Plaintiff/Debtor to file a bond with the Clerk of Court for the full amount of the Final Judgment against her.

## **MEMORANDUM OF LAW**

**Rule 8007.   Stay Pending Appeal; Bonds; Suspension of Proceedings.**

(a)    Initial Motion in the Bankruptcy Court.

---

[1] Yes, this sounds ridiculous, but see Exhibit "2."

      (1)      In General. Ordinarily, a party must move first in the bankruptcy court for the following relief:

            (A)     a stay of a judgment, order, or decree of the bankruptcy court pending appeal;

            (B)     the approval of a supersedeas bond;

            (C)     an order suspending, modifying, restoring, or granting an injunction while an appeal is pending; or

            (D)     the suspension or continuation of proceedings in a case or other relief permitted by subdivision (e). . . .

(b)     Motion in the District Court, the BAP, or the Court of Appeals on Direct Appeal.

      (1)      *Request for Relief.* A motion for the relief specified in subdivision (a)(1)—or to vacate or modify a bankruptcy court's order granting such relief—may be made in the court where the appeal is pending. . . .

      (3)      <u>Additional Content.</u>  The motion <u>must</u> also include:

            (A) the reasons for granting the relief requested and the facts relied upon;

            (B) affidavits or other sworn statements supporting facts subject to dispute; and

            (C) relevant parts of the record.

*    *    *

(c) Filing a Bond or Other Security. The district court, BAP, or court of appeals may condition relief on filing a bond or other appropriate security with the bankruptcy court.

(d) Bond for a Trustee or the United States. The court may require a trustee to file a bond or other appropriate security when the trustee appeals. A bond or other security is not required when an appeal is taken by the United States, its officer, or its agency or by direction of any department of the federal government. . . .

**WHEREFORE**, the Court is requested to deny Plaintiff/Debtor Neelam Taneja's Motion for Stay Pending Appeal or, in the alternative, require bond in the full amount of the judgment.

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will automatically serve each party that is a registered CM/ECF user for this adversary proceeding; I have also served a copy of this on Debtor Neelam Taneja Uppal (pro se) her via e-mail address: nneelu123@aol.com; I have also served a copy of this on Debtor Neelam Taneja Uppal (pro se) by mailing it via U.S. mail, postage prepaid to her at the following addresses:

1) 1370 Broadway #504, New York, New York 10018;
2) 17715 Gulf Boulevard, #705, Reddington Shores, Florida 33782; and
3) Post Office Box 1002, Largo, Florida 33779;

I further certify that I have also served a copy of the foregoing via U.S. mail, postage prepaid, to the following: Bankruptcy Trustee Jeffrey L. Sapir, Esquire/Jody L. Kava, Esquire, at 399 Knollwood Road, Suite 102, White Plains, New York 10603, and electronically at info@sapirch13tr.com; on this 4th day of August 2017.

/s/ George F. Indest
_____
**GEORGE F. INDEST III, J.D., M.P.A., LL.M.**
Florida Bar No.: 382426
(Admitted Pro Hac Vice)
Primary e-mail: GIndest@TheHealthLawFirm.com
Secondary e-mail: CourtFilings@TheHealthLawFirm.com
**THE HEALTH LAW FIRM**
1101 Douglas Avenue
Altamonte Springs, Florida 32714
Telephone: (407) 331-6620
Telefax: (407) 331-3030
**ATTORNEYS FOR CREDITOR/DEFENDANT,
THE HEALTH LAW FIRM, P.A.**

Index to Exhibits and Exhibits

cc:    Judge Cecelia Morris

GFI/tm
S:\Collections\1516-Uppal, Neelam, MD\009-BR Appeals NY\Pleadings-Drafts\Opposition to Motion for Stay.wpd