Filing # 53115129 E-Filed 03/01/2017 09:29:23 AM

# Supreme Court of Florida

WEDNESDAY, MARCH 1, 2017

CASE NO.: SC16-2037
Lower Tribunal No(s).:
5D16-180;
592013CA0037900000XX

NEELAM UPPAL　　　vs.　　THE HEALTH LAW FIRM

Petitioner(s)　　　　　　　Respondent(s)

Because petitioner has failed to show a clear legal right to the relief requested, she is not entitled to mandamus relief. Accordingly, the petition for writ of mandamus is hereby denied. See Huffman v. State, 813 So. 2d 10, 11 (Fla. 2000). No rehearing will be entertained by this Court.

PARIENTE, QUINCE, CANADY, POLSTON, and LAWSON, JJ., concur.

A True Copy
Test:

John A. Tomasino
Clerk, Supreme Court

ca
Served:

GEORGE F. INDEST, III
NEELAM UPPAL
HON. GRANT MALOY, CLERK
HON. JOANNE P. SIMMONS, CLERK



Filing # 53766772 E-Filed 03/15/2017 01:41:42 PM

# IN THE SUPREME COURT OF FLORIDA

NEELAM UPPAL
APPELLANT/DEFENDANT,

vs.                                                    Case No. –SC16-2037

HEALTHLAW FIRM., et al
APPELLEE/PLAINTIFF

_____

APELLANT'S MOTION FOR RE-CONSIDERATION
_____

NEELAM UPPAL, MD
Pro se
P.O. Box 1002
Largo, FL-33779



RECEIVED, 03/15/2017 01:43:25 PM, Clerk, Supreme Court

MOTION

## STATEMENT OF THE ISSUE

The appellant moves for re-consideration as this court has misapprehended the issue. The appellant states her right as a citizen of United Staes she a right to appeal any decision of the lower court especially if it is unjust, based on fraud and violation of the State and Federal laws and case laws. she should not be punished or sanctioned for exercising her right. It would be a prejudice against the people of Florida to punish them for filing an appeal to seek Justice under the constitution and the Florida Statutes.(Refer to the BREIF submitted to the 5 th DCA.

### PRELIMINARY STATEMENT

The Appellant/Defendant below, Neelam Uppal, will be referred to as "Appellant" or Defendant in this brief. Appellee/Plaintiff below, healthlaw firm et al, will be referred to as the "Plaintiff" or "Appellee."

**STATEMENT OF THE CASE AND THE FACTS**

[STRICKEN]

1. The Healthlaw firm and George indest has sued about 200 doctors in the last 2 years with Fraudulant billing in the same circuit and district court and most of them in front of the same judge. The Appellee is abusing its authority, privilege, licence and exploiting the doctor and Public of Florida. (See attached).

2. During the appeal's pendency, the Districtcourt lacks jurisdiction "to modify or amend the judgment on appeal," Brown v. Brown, 931 So. 2d 251, 251 (Fla. 1st DCA 2006), or "entertain . . . motion[s] pursuant to Florida Rule of Civil Procedure 1.540(b)."1 State ex. rel. Schwartz v. Lantz, 440 So. 2d 446, 449 n.3 (Fla. 3d DCA 1983) (citations omitted); see, e.g., Zuckerman v. Alex Hofrichter, P.A., 630 So. 2d 210, 211 (Fla. 3d DCA 1993) ("[A] District court lacks jurisdiction to proceed in action.

## SUMMARY OF THE ARGUMENT

This Court should agree to declare null and void, the order of Fifth DCA sanctioning the petitioner's to file an appeal, dismissing the case and denial of recusal of the judge as it is likely that the underlying issue regarding lower court judges entering judgments on fraudulant bills will recur again

## ARGUMENT ISSUE:

Appelant contends that this Court should exercise its discretion to review the appellate decision of sanctioning the appellant for filing an appeal and allowing payment on a Fraudulant bill entered by fraud in the court.

and denial of recusal of the Judge.

because the "the district court cannot ignore F.S. 68.081031 (1) and reconciled with the previous decision of this Court, and

Appellant holds that Section 1.540(b) Florida Statutes applies to Final Judgement. As a result, this Honorable Court should exercise jurisdiction to entertain this case to allow Appellant of her constitutional rights and that the court hold that the Final Judgment that disposes off the cause is null and void.

Additionally, Fla. R. of Civil 1.560, this provides another basis for this this court to invoke Jurisdiction.

Consequently, the likely recurrence that this issue will arise again, it would behoove the Court to accept jurisdiction in this case in order to render a clear binding prospective opinion on all Florida courts.

3. The Appellant requests that this Court to grant her writ pursuant to Art. V, § 4(b) (1) and 3(b)(3), Florida Constitution that this order thwarts petioner's right to appeal and (i.e., expressly declares valid a state statute and expressly construes a provision of the state or federal constitution under the 7th and 14th amendments.

4. The petioner's requests to preserve her right to appeal as a fundamental safeguard against injustice and to allow her the review for errors of facts and law of the court of the lower tribunal, by cancelling the sanctions.

5. Wherefore, I request this court to recuse e    cancel the sanctions by the 5th DCA and declare all orders of the Circuit court of the eighteenth Judicial null and void.

Respectfully submitted

s/Neelam Uppal

**STRICKEN**

**NEELAM UPPAL, PRO, SE**

*P.O BOX 1002.*

*LARGO, FL-33779*

*PH. - (727)-403-0022*
*E-mail- nneelu123@aol.com*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT a true copy of the foregoing was furnished by U.S. Mail to Carlton Fields at 525 okeechobee rd, West palm beach, FL-34902

**CERTIFICATE OF COMPLIANCE**
I HEREBY CERTIFY THAT the instant pleading was produced in Times New Roman 14-point font.

s/ Neelam Uppal

03/15/2017



STRICKEN

Filing # 53856488 E-Filed 03/17/2017 08:30:54 AM



# Supreme Court of Florida

FRIDAY, MARCH 17, 2017

CASE NO.: SC16-2037
Lower Tribunal No(s).:
5D16-180;
592013CA0037900000XX

NEELAM UPPAL            vs.    THE HEALTH LAW FIRM

Petitioner(s)                          Respondent(s)

The "Motion for Re-Consideration" has been treated as a motion for rehearing. Pursuant to this Court's order dated March 1, 2017, the motion for rehearing is hereby stricken as unauthorized.

A True Copy
Test:



John A. Tomasino
Clerk, Supreme Court

ca
Served:

GEORGE F. INDEST, III
NEELAM UPPAL
HON. GRANT MALOY, CLERK
HON. JOANNE P. SIMMONS, CLERK

# Florida Supreme Court Cases for Party UPPAL, NEELAM

07/28/2017 12:33

| Case | Status | Filed | Type | Style | Disposed |
|---|---|---|---|---|---|
| SC11-1133 | Closed | 05/26/2011 | Statutory or Constitutional Invalidity | NEELAM UPPAL v. CHARLENE RODRIGUEZ | 06/10/2011 |
| SC11-1205 | Closed | 06/13/2011 | Statutory or Constitutional Invalidity | NEELAM UPPAL, ETC. v. CLS BILLING SERVICES, INC. | 06/20/2011 |
| SC12-1985 | Closed | 09/07/2012 | Statutory or Constitutional Invalidity | NEELAM UPPAL v. CHARLENE RODRIGUEZ | 10/02/2012 |
| SC16-322 | Closed | 02/10/2016 | Statutory or Constitutional Invalidity | NEELAM UPPAL v. WELLS FARGO BANK, N.A. | 02/23/2016 |
| SC16-366 | Closed | 02/24/2016 | Direct Conflict of Decisions | NEELAM UPPAL v. WELLS FARGO BANK, N.A. | 03/01/2016 |
| SC16-883 | Closed | 05/20/2016 | Direct Conflict of Decisions | NEELAM UPPAL v. WELLS FARGO BANK, N.A. | 05/23/2016 |
| SC16-886 | Closed | 05/20/2016 | Direct Conflict of Decisions | NEELAM UPPAL v. FLORIDA DEPARTMENT OF HEALTH BOARD OF MEDICINE | 05/23/2016 |
| SC16-2037 | Closed | 11/07/2016 | Mandamus | NEELAM UPPAL v. THE HEALTH LAW FIRM | 03/01/2017 |
| **Total Cases 8** | | | | | |