**UNITED STATES BANKRUPTCY COURT OF APPEALS
SOUTHERN DISTRICT OF NEW YORK**

**In Re:**

      **Neelam T. Uppal,**          **Case No.:** 17 - 01027

           **Debtor.**          **Chapter: 13**

**v.**

Healan law firm et al

_____ /

# Omitted  EXHIBITS

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: | . | Case No. 16-12356-JLG |
| | . | |
| NEELAM TANEJA, | . | Chapter 13 |
| | . | |
| Debtor. | . | |
| . . . . . . . . . . . . . . | . | |
| NEELAM UPPAL, | . | Adv. No. 17-01027-cgm |
| | . | |
| Plaintiff, | . | |
| v. | . | |
| | . | One Bowling Green |
| GEORGE INDEST and HEALTH LAW | . | New York, NY 10004 |
| FIRM, et al., | . | |
| | . | |
| Defendants. | . | Thursday, July 13, 2017 |
| . . . . . . . . . . . . . . | . | 10:40 a.m. |

TRANSCRIPT OF HEARING RE: SUPPLEMENTAL MOTION FOR SANCTIONS,
SECOND SUPPLEMENT TO (RELATED DOCUMENT(S) 11, 14)
FILED BY GEORGE F. INDEST III ON BEHALF OF
HEALTH LAW FIRM, GEORGE INDEST [22];
SUPPLEMENTAL MOTION FOR SANCTIONS, THIRD SUPPLEMENTAL
(RELATED DOCUMENT(S) 11, 22, 14) FILED BY GEORGE F. INDEST III
ON BEHALF OF HEALTH LAW FIRM, GEORGE INDEST [23];
SUPPLEMENTAL MOTION FOR SANCTIONS, FOURTH SUPPLEMENT TO MOTION
(RELATED DOCUMENT(S) 23, 11, 22, 14) FILED BY GEORGE F. INDEST
III ON BEHALF OF HEALTH LAW FIRM, GEORGE INDEST [24];
SUPPLEMENTAL MOTION FOR SANCTIONS, FOURTH SUPPLEMENT TO MOTION
FOR SANCTIONS - REFILED PUBLIC RECORD COPY FILED BY GEORGE F.
INDEST III ON BEHALF OF HEALTH LAW FIRM, GEORGE INDEST [25]
**BEFORE THE HONORABLE CECELIA G. MORRIS**
**UNITED STATES BANKRUPTCY COURT JUDGE**

APPEARANCES:

| | |
|---|---|
| For the Debtor: | NEELAM UPPAL, PRO SE |
| | 1370 Broadway, #504 |
| | New York, NY 10018 |

APPEARANCES CONTINUED

| | |
|---|---|
| Audio Operator: | Court Personnel |
| | |
| Transcription Company: | Access Transcripts, LLC |
| | 10110 Youngwood Lane |
| | Fishers, IN 46038 |
| | (855) 873-2223 |

Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

2

APPEARANCES (Continued):

For George Indest and          The Health Law Firm
The Health Law Firm:           By:  GEORGE F. INDEST, III, ESQ.
                               1101 Douglas Avenue
                               Altamonte Springs, FL  32714
                               (407) 331-6620

3

1          (Proceedings commence at 10:40 a.m.)

2              THE COURT:  17-01027, Uppal versus Health Law Firm.

3              MR. INDEST:  Yes, Your Honor.  My name is George F.

4    Indest, III, representing the Health Law Firm, and we're here

5    on a Rule 9011 motion for sanctions.

6              At the last hearing in this case, Your Honor granted

7    our motion to dismiss and ruled in our favor dismissing the

8    case -- the adversary proceeding against us.  Prior to that, on

9    May the 5th, we had served a Rule 9011 motion on Ms. Uppal and

10   given her more than 21 days to respond to it and to correct her

11   deficiencies there by dismissing the adversary proceeding

12   against us.  She failed to do so.  On May the 30th, long after

13   the --

14             THE COURT:  I thought I told you when this motion was

15   filed that this is moot.

16             MR. INDEST:  No, Your Honor.  No.  Because we --

17             THE COURT:  Because you're -- this is over.  I denied

18   both those motions.  And the Court's order speaks for itself.

19             MR. INDEST:  Your Honor did not say that or instruct

20   that.  In fact, we had that conversation here in the court that

21   it would not be moot because we still had incurred the expenses

22   and costs surrounding having to come up here and defend on that

23   motion.  And you said it would be continued until today and it

24   could be heard today.  Now, we did have --

25             THE COURT:  I granted the summary judgment in your

4

1   favor.

2            MR. INDEST:  Yes, ma'am.

3            THE COURT:  And then you filed a motion for

4   attachment in which you asked the Court to take judicial notice

5   of its own order.  I don't have to take judicial notice --

6            MR. INDEST:  Right.

7            THE COURT:  -- of my own order.  It's there.  But you

8   filed it two days ago.  You know you can't file sanctions

9   motions at that point.

10           MR. INDEST:  No, Your Honor.  We filed the motion and

11  the motion -- I'll tell you the ECF document number here in

12  just a minute -- Document Number 11.

13           THE COURT:  So you want the 9011 to relate back to

14  the motion.  You can't do that.  You've got to file your 9011

15  saying -- I'm sorry.  I'm confused.  But you've got to file

16  your 9011 saying if you don't withdraw this.  Is that what

17  you --

18           MS. UPPAL:  He never did that, Your Honor.

19           MR. INDEST:  We --

20           THE COURT:  Ma'am, I'm talking to him.  It's his

21  motion.

22           MR. INDEST:  We served that on her on May the 5th and

23  gave her the 21 days' safe harbor --

24           THE COURT:  Before May 5th.

25           MR. INDEST:  May the 5th we served it on her.  We

5

1   filed --

2          MS. UPPAL:  No, Your Honor.

3          MR. INDEST:  We filed it with the Court on May 30th.
4   And that's ECF Number 11.

5          THE COURT:  And so what are you asking her to
6   withdraw?  Because you now have -- you've been ruled in your
7   favor, correct?

8          MR. INDEST:  Right.  She had the opportunity to
9   withdraw her motion before we had to incur the expenses of
10   coming up here and defending it at the last hearing and she
11   failed to do so.

12          MS. UPPAL:  No, Your Honor.  He never served me with
13   any --

14          THE COURT:  Ma'am, he's got it on the record he
15   served it.  If you've got the address in your petition, that's
16   the address.

17          MS. UPPAL:  Yes, Your Honor.  He served me the motion
18   but not any notice to withdraw.

19          THE COURT:  Show me what you served.  This is what I
20   did.  The Court grants the creditor defendant's request to
21   withdraw the portion of the creditor's motion which requests
22   attorney fees without prejudice.  That's what my order says.

23          MR. INDEST:  If I may remind the Court?  Part of my
24   original motion to dismiss requested attorney's fees under
25   911 -- 9011.

ACCESS TRANSCRIPTS, LLC          1-855-USE-ACCESS (873-2223)

6

1      THE COURT:  And I said no.

2      MR. INDEST:  And --

3      THE COURT:  But I did it without prejudice.

4      MR. INDEST:  We withdrew it.  Correct.  Because we

5 said we had another motion filed, a 9011 motion filed anyway.

6 And you said that's fine, we could hear it today.

7      THE COURT:  Okay.  We're looking it up.

8      MR. INDEST:  May I approach the bench?  This is

9 what --

10     THE COURT:  Tell us what docket number it is.

11     MR. INDEST:  Oh, it's ECF Number 11.

12     MS. UPPAL:  Judge, may I enter a clarification?  He

13 did send papers to the attorney.  And I didn't know what was

14 sent to the attorney.  He did not send me as pro se any notice.

15     THE COURT:  Did you file a notice of -- a service

16 notice?

17     MR. INDEST:  Absolutely, Your Honor.  So both her and

18 her attorney at multiple different addresses.  On one of our

19 motions for judicial notice we have receipts filed, express

20 mail receipts, email receipts, and all sorts of receipts

21 showing service on both her and her attorney.

22     MS. UPPAL:  Your Honor, I do have the email and I was

23 only served the motion, not any notice.

24     MR. INDEST:  As part of the motion, we demanded that

25 she withdraw her adversary proceeding and she failed to do so.

7

1      MS. UPPAL:  That's what I'm saying.  He agrees he --

2      THE COURT:  The certificate of service is at Number

3  11 where you say you served it?

4      MR. INDEST:  Yes, Your Honor.  It's in Number 11.

5      MS. UPPAL:  Judge, he has the paperwork.  It's only

6  the motion.  It doesn't say a notice for withdrawal.

7      THE COURT:  We're looking at it.  What's the caption

8  on that?  God bless you.

9      MR. INDEST:  Creditor The Health Law Firms and George

10  Indest's Motion for Rule 9011 Sanctions, Attorney's Fees, and

11  Costs and Incorporated Memorandum of Law.

12      THE COURT:  And he has filed that notice of -- he

13  certified that he served the foregoing electronically in

14  accordance with Rule 7004 and 9011(c), Federal Rule of

15  Bankruptcy Procedure, via email, U.S. Mail, postage prepaid to

16  Neelam Tajeen [sic] Uppal, 1370 Broadway, Number 504, New York,

17  10018, and has also served her by filing a copy electronically

18  with the Clerk of Court.  I will grant your motion.

19      MS. UPPAL:  Judge, can I object to that?

20      THE COURT:  Yes, you can.  But I've already ruled.

21      MS. UPPAL:  Judge, to begin with, the proceeding is

22  filed according to the 7001 Rule on paragraph 2 and paragraph

23  8.  And it was appropriately filed.  Your Honor, to begin with,

24  his bill was fraudulent.  And he is filing a judgment which is

25  on appeal in the state court, so --

8

1          THE COURT:  That doesn't make any difference to me.

2    He filed it properly.  You did not withdraw it.  And I'm going

3    to grant your motion.

4          MR. INDEST:  Your Honor, we filed affidavits with the

5    Court as to the amount of attorney's fees and costs.

6          THE COURT:  How much was it?

7          MR. INDEST:  And we filed several different

8    attorney's fees affidavit and a survey of attorney's fees for

9    the New York area and the Orlando, Florida area.  I expended --

10   and what I did, I did not charge any time for paralegals or

11   legal assistants to try to keep this simple.  I just charged my

12   own time.  I have 100 --

13         THE COURT:  Is that for the bankruptcy proceeding?

14         MR. INDEST:  No.  This is for the adversary

15   proceeding alone.

16         THE COURT:  Oh, the adversary proceeding alone?

17         MR. INDEST:  Adversary proceeding alone.

18         THE COURT:  Okay.

19         MR. INDEST:  114.8 hours.  We charged an hourly rate

20   of $475 an hour, which is less than our ordinary rate.  That

21   comes up to a total of $54,530.  We have costs in the amount of

22   $2,905.33.  And that includes travel expenses to and from

23   Orlando up to and including this hearing.  The total is

24   $57,435.33.

25         THE COURT:  I'll grant your fees.

ACCESS TRANSCRIPTS, LLC          1-855-USE-ACCESS (873-2223)

9

1        MS. UPPAL:  Your Honor, I had filed a motion for

2   reconsideration because my response was not docketed and Your

3   Honor did not look at the evidence and granted the summary

4   motion despite the fact there was materials --

5        THE COURT:  It's already been denied on the record

6   and there's already an order.

7        MR. INDEST:  And, Your Honor, as Your --

8        MS. UPPAL:  Judge, I will request that -- to give a

9   stay on this and to allow my motion to reconsideration be

10  heard.

11       THE COURT:  Denied.

12       MR. INDEST:  Your Honor, as Your Honor knows, Rule

13  9011 requires the specific incidents of misconduct to be

14  specified by the Court.  May I suggest that the Court include

15  failure to dismiss her adversary proceeding, the claims that

16  she included against me, which are the same she included

17  against everybody else about payment deductions from her

18  account when she didn't even have an account with us, and the

19  fraudulent claims which have been brought up with everybody

20  over and over again even though these were disposed of by the

21  lower court previously.

22       THE COURT:  I think I've already wrote that --

23       MR. INDEST:  Okay,

24       THE COURT:  I've already written that.

25       MR. INDEST:  Yes, ma'am.

ACCESS TRANSCRIPTS, LLC        1-855-USE-ACCESS (873-2223)

1    THE COURT:  That's already in a previous order.

2    MR. INDEST:  Right.  It is.  Thank you.

3    THE COURT:  So all I'm doing is following up with

4 the -- what has already --

5    MR. INDEST:  Right.

6    THE COURT:  -- been written and --

7    MR. INDEST:  Yes, ma'am.

8    THE COURT:  -- making it of the record.

9    MR. INDEST:  Thank you very much, Your Honor.

10    MS. UPPAL:  Your Honor, can I again -- that there was

11 no 21-day notice given because --

12    THE COURT:  There was 21-day notice.  We have the

13 certificate of service on it when it was filed.  So I will deny

14 what you've said.

15    (Proceedings concluded at 10:49 a.m.)

16    * * * * *

17

18

19

20

21

22

23

24

25

1

# C E R T I F I C A T I O N

2

3       I, Liesl Springer, court-approved transcriber,

4   certify that the foregoing is a correct transcript from the

5   official electronic sound recording of the proceedings in the

6   above-entitled matter.

7

8   *Liesl Springer*

9

10  LIESL SPRINGER, AAERT NO. 685       DATE:   July 21, 2017

11  ACCESS TRANSCRIPTS, LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been

served by

Regular U.S. Mail on _____ day of _____, 2017 to:


**NEELAM UPPAL, PRO, SE**
*P.O BOX 1002.*
*LARGO, FL-33779*
*PH. - (646)740-9141*
*E-mail- nneelu123@aol.com*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been

served by

Regular U.S. Mail on _____ day of _____, 2017 to:

*N. uppal*

**NEELAM UPPAL, PRO, SE**
*P.O BOX 1002.*
*LARGO, FL-33779*
*PH. - (646)740-9141*
*E-mail- nneelu123@aol.com*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

In re:

NEELAM TANEJA,

                Debtor,

vs.

THE HEALTH LAW FIRM,

                Creditor/Defendant.
-------------------------------------------------------x

Case No.:  16-bk-12356-jlg

Chapter 13

Adversary Proc. No.: 17-ap-01027-jlg

Motion for Rule 9011 Sanctions

## CREDITOR, THE HEALTH LAW FIRM'S AND GEORGE INDEST'S

## MOTION FOR RULE 9011 SANCTIONS, ATTORNEY'S FEES AND COSTS

## AND INCORPORATED MEMORANDUM OF LAW

Creditor/Defendant, The Health Law Firm, P.A., f/k/a George F. Indest III, P.A.-The Health Law Firm, a Florida professional service corporation, and George Indest, by and through undersigned counsel, pursuant to Rules 9011, Federal Rules of Bankruptcy Procedure, and Rule 11, Federal Rules of Civil Procedure, file this Motion for Sanctions, Attorney's Fees and Costs, stating:

## MOTION FOR RULE 9011 SANCTIONS

### Background and Facts

1.    Creditor/Defendant, The Health Law Firm was formerly known as George F. Indest III, P.A.-The Health Law Firm.  It is now named "The Health Law Firm, P.A."

2.      Although George Indest is not a party to the original bankruptcy action and has not been properly made a party to this proceeding, since the Debtor has filed this Adversarial Proceeding against "George Indest," and he has had to defend himself herein, he is also joining in this motion.  Mr. Indest makes a limited appearance herein, solely for the purpose of clarifying or challenging this matter, without waiving any right, objection or defense he may have.  For the purpose of this Motion, both of these Parties shall be referred to as the Defendants.

3.      The Court is requested to dismiss George Indest, individually, from this matter with prejudice.  Otherwise, all arguments stated below are also stated for Mr. Indest.

4.      Debtor Neelam Taneja Uppal, a medical doctor, using the name Neelam Taneja[1] in this bankruptcy proceeding, is an abusive, prolific, serial pro se litigator.  She is also a serial bankruptcy filer.

5.      Debtor Neelam Taneja Uppal files spurious, incoherent pleadings, including the present one, and lies with impunity, as she has done in the present Adversary Proceeding Complaint.

6.      Examples of the Debtor's prior abusive litigation history are contained in Exhibits "1" and "2" and are incorporated herein by reference.

7.      These Defendants also incorporate by reference the Opposition of Nationstar Mortgage to Debtor's Motion for Continuation of the Automatic Stay (Main Bank. Proceeding, Doc. # 77), in the main bankruptcy filing, as it also sets forth a number of the Debtor's prior abuses.

---

[1]      Debtor Neelam Taneja Uppal has used a number of different aliases and variations of her name in the past, including in her many court filings.

8.     The facts relating to this debt first arose in June 2012.  Debtor Neelam Taneja

Uppal hired Creditor, George F. Indest III, P.A.-The Health Law Firm ("The Health Law Firm"

herein), a Florida professional service corporation, to represent her in defending her Florida

Medical License against actions by the Florida Board of Medicine to revoke it.

9.     Debtor Neelam Taneja Uppal incurred attorney's fees and costs with The Health

Law Firm from approximately June through December 2012.  It has only been because of the

Debtor's contumacious and meritless litigation throughout every forum she could access (and now

this Court), that has increased the total amount she owes this Creditor.

10.    A lien for unpaid attorney's fees and costs in amount of $18,118.82, pursuant to

state law, was recorded in February 7, 2013.  Exhibit "3."

11.    Creditor The Health Law Firm brought suit against Debtor Neelam Taneja Uppal

in the Florida Circuit Court for the Eighteenth Judicial Circuit, Seminole County, Florida, to

collect the attorney's fees and costs owed on October 23, 2013.

12.    A Final Judgment was entered against Debtor on December 22, 2015, Florida

Circuit Court for the Eighteenth Judicial Circuit, Seminole County, Florida (The Health Law Firm

vs. Neelam Taneja Uppal, Florida 18th Jud. Cir. Case No. 13-CA-3790-15).

13.    The Florida Supreme Court never issued a Petition for Writ of Mandamus, contrary

to the false statements that Debtor Neelam Taneja Uppal has made to this Court.  See Exhibits

"4," "5" and "6."

14.    Instead, on March 1, 2017, the Florida Supreme Court issued a decision denying

Debtor Neelam Taneja Uppal's request for a petition for writ of mandamus.  Exhibits "5" and "6."

### Facts Rendering Debtor's Adversarial Proceeding Complaint, Frivolous, Meritless, Without Any Basis and Subject to Rule 9011

15.     The present Adversary Proceeding, called "Adversary Proceeding for Violation of Stay & False Claim" [sic] by Debtor Neelam Taneja Uppal fails to give any specifics regarding any of her meritless allegations.  It fails to state a cause of action.

16.     Debtor Neelam Taneja Uppal's pleading lacks any basis in fact or in law.  It is spurious and is filed solely for the purposes of delay and harassment.

17.     The Debtor's Complaint is a form Complaint, obviously previously used by either her or someone else for some other purpose.  It has handwritten changes and additions to it (in violation of the Court's Rules), portions crossed out, and is not even specifically nor correctly addressed to any alleged wrong doing of this Creditor.  She even addresses herself as "he," "him" or "his" in a number of places.

18.     There is no allegation made as to any specific act taken by this Creditor that violates any stay of this Court.  Debtor Neelam Taneja Uppal states no specific date any act took place, just making general, vague, false allegations impossible to answer

19.     Allegations made by Debtor Neelam Taneja Uppal, as to "false claims" and "false bills" lack the specificity required by Rule 9(b), Federal Rules of Civil Procedure and Rule 7009, Federal Rules of Bankruptcy Procedure.  She also fails to allege any special damages with the specificity required by Rule 9(g), Federal Rules of Civil Procedure.

20.     Additionally, the allegations made by Debtor Neelam Taneja Uppal, as to "false claims" (paragraph 17 of Complaint for Adversary Proceeding), "deliberately making false filings" (paragraph 22 of Complaint for Adversary Proceeding), and "violating the False Claims Act

(paragraph 22 of Complaint for Adversary Proceeding)," and other allegations of wrongdoing by this Creditor, have previously been raised and litigated in the Florida courts, trial and appellate, referred to above.  These are completely false allegations.  Regardless, the doctrines of <u>res judicata</u> and <u>collateral estoppel</u> bar their being raised again and litigated again in this Court.

21.    Debtor Neelam Taneja Uppal's pleading contains a number of brazen lies making the entire pleading incredible.  Examples of her false statements include but are not limited to:

a.    In paragraph 12 on the second page[2] of her pleading, Debtor alleges that she had her[3] "account debited without any prior authorization."  This is a totally false statement.  No account of the Debtor's has been "debited" by either of these Defendants.

b.    In paragraph 17, amended in handwritten script at the top of the fourth page of her pleading, Debtor states:  "A Writ of Mandamus was issued by Florida Supreme Court."  This is a totally false statement as shown by Exhibits "6" "7" and "8."  No such Writ was ever issued by the Florida Supreme Court.

c.    In the first paragraph at the top of the fourth page of her pleading, and her paragraphs 17-19, although largely indecipherable, Debtor Neelam Taneja Uppal has made handwritten comments alleging that Creditor filed pleadings in her appellate case while the automatic stay was in place.  This is not true.  All motions and pleadings were filed prior to August 15, 2016.  Exhibits "1" and "2."

d.    In paragraph 22 on the fourth page of her pleading, Debtor Neelam Taneja

---

[2]    Debtor Neelam Taneja Uppal's "Adversary Proceeding" pleading contains no page numbers, also in violation of the Court's Rules, thus making exact references difficult.

[3]    Debtor actually used the word "his" in this paragraph, referring to herself.

Uppal falsely alleges that Defendant [Creditor] has violated "the False Claims Act." Yet Debtor Neelam Taneja Uppal, a medical doctor, knows that there have been no claims presented to the government in the underlying case. Nor does the Debtor make any specific allegation of any kind to even attempt to support this vague, unfounded conclusion of law.

e.      In paragraph 26 on the fifth page of her pleading, Debtor Neelam Taneja Uppal falsely states: "Defendant [referring to these Defendants] has . . . collected a debt." This statement is false. However, in fact, these Defendants have collected no part of the debt owed by Debtor Neelam Taneja Uppal from the trial court's Final Judgment in the case, nor any attorney's fees, costs or sanctions imposed against her by any court.

f.      In her paragraph "b)" on the sixth page of her pleading, Debtor Neelam Taneja Uppal falsely states: "The Creditor is charging $10,000.00 for his attorney's fees for one court appearance." This statement is just made out of whole cloth and is fiction meant to inflame the Court. It is another false statement made by Debtor.

g.      In her paragraph "d)" on the sixth page of her pleading, Debtor Neelam Taneja Uppal falsely alleges that there have been "funds taken from him [sic] by Defendant." There have been no funds of any kind taken from Debtor Neelam Taneja Uppal, since the litigation began in 2013.

22.      Debtor Neelam Taneja Uppal's false and defamatory statements are also scandalous. They violate Rule 9018, Federal Rules of Bankruptcy Procedure

23.      As shown, in part, by Exhibits "4," "5" and "6," it is Debtor Neelam Taneja Uppal who has committed misconduct and wrongful acts, making false and fraudulent statements, and who should be disciplined by this Court.

24.    Debtor Neelam Taneja Uppal's pleading is inconsistent, incomprehensible and does not even request relief against this Creditor.  It fails to request relief against these Defendants.

25.    In addition to the foregoing, Debtor Neelam Taneja Uppal's pleading inconsistently goes back and forth between claiming this is a Chapter 7 Bankruptcy proceeding (see, e.g., paragraphs 14 & "e)" on her sixth page) and a Chapter 13 proceeding (paragraphs 3, 4 & 17).

26.    Debtor also refers to herself as "he," "his" or "him" further showing she has just copied someone else's pleading without taking any appropriate steps to ensure that it was accurate or that it correctly stated any claims against these Defendants.  For example, see paragraphs 11 ("him"), 12 ("his"), 17 ("his"), 25 ("he"), top of sixth page ("his"), paragraph "d)" on sixth page ("his"), and paragraph "e)" on sixth page ("he").

27.    The Debtor's pleading contains numerous conclusions of law without factual support being alleged to support any of them.

28.    In addition to the foregoing grounds, Debtor has failed to include the statement required by Rule 7008, Federal Rules of Bankruptcy Procedure.

29.    Debtor's disregard for the legal process, her disrespect for the courts and attorneys, and her abuse of litigation solely for the purpose of needlessly delaying and harassing her creditors is shown again by her recent filings in the Florida Supreme Court.  The Florida Supreme Court's Order of March 1, 2017, denying her Petition for a Writ of Mandamus, specifically advised Debtor:  "No rehearing will be entertained by this Court."  Exhibit "5."

30.    Despite this, Debtor filed one, anyway.  The Florida Supreme Court, on March 17, 2017, struck it as "unauthorized.  Exhibit "6."

31.    Plaintiff's many bankruptcy filings in the Middle District of Florida are shown in Exhibit "7."

32.    Documentation on several of the prior Adversary Proceedings filed by this Debtor in bankruptcy actions, all of which were dismissed, is contained in Exhibit "8."

33.    Further demonstrating the Debtor's spurious filings and dilatory tactics are here most recent filings with this Court. On April 25, 2017, Debtor filed a document with this Court indicating that she had been in the hospital, unconscious, and too ill to assist with her own bankruptcy filing. Exhibit "9." (Doc. No. 152).

34.    Yet during the same period of time she apparently was not too ill to prepare and serve a completely frivolous filing with the U.S. Supreme Court on April 20, 2017. Exhibit "10."

35.    In accordance with the rules, Debtor's counsel is also equally responsible in that she did not take action to remedy this situation and correct the deficiency when notified of it and continued to prosecute a meritless proceeding.

36.    The actions of both Debtor and her counsel in continuing to prosecute this matter are frivolous and in bad faith.

37.    These Defendants specifically allege regarding the claims and allegations of Debtor Neelam Taneja Uppal in this proceeding, and specifically, the proceeding itself and the continued prosecution of it:

a.    The claims and allegations of Debtor are being presented for an improper purpose, including but not limited to, harassing, causing unnecessary delay, and needlessly increasing the cost of litigation;

b.    The claims and allegations of Debtor are not warranted by existing law or

Page 8 of 13

by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

      c.      The factual contentions of the Debtor do not have evidentiary support and will not have evidentiary support after a reasonable opportunity for further investigation or discovery;

      d.      Any denials of factual contentions made by the Debtor are not warranted based on the evidence nor reasonably based on belief or a lack of information;  and

      e.      The factual contentions made by the Defendants are based on actual, provable facts and have evidentiary support which provide a complete defense to Debtor's claims.

38.      This Motion, Memorandum of Law and all attachments have been previously served individually on the Debtor Neelam Teneja Uppal (pro se) more than 21 days before its filing, and in accordance with Rules 7004 and 9011(c), Federal Rules of Bankruptcy Procedure.  Debtor has failed to correct the deficiencies or conduct that gave rise to this Motion.

39.      This Motion, Memorandum of Law and all attachments are being served individually on the Debtor Neelam Teneja Uppal (pro se) in accordance with the provisions of Rules 7004 and 9011(c), Federal Rules of Bankruptcy Procedure, contemporaneously with the service on Ms. Gordon-Oliver.

40.      A Memorandum of Law in support of this motion is incorporated herein.

## **RELIEF REQUESTED**

This Creditor/Defendants, The Health Law Firm, and George Indest, request the Court to enter an Order, pursuant to Rule 11, Federal Rules of Civil Procedure, and Rules 7054 and 9011, Federal Rules of Bankruptcy Procedure, against both Debtor Neelam Taneja Uppal and her

counsel and counsel's law firm:

    A.    Dismissing Defendants, including "George Indest," individually, as parties in this matter, with prejudice.

    B.    Dismissing Debtor's Adversary Proceeding, in accordance with Rules 7012, 9018, and 9011, Federal Rules of Bankruptcy Procedure, with prejudice, and sealing the same.

    C.    Awarding these Defendants their Attorney's fees, costs and sanctions jointly against Debtor Neelam Taneja, a/k/a Neelam Taneja Uppal, together with her counsel and her counsel's law firm, pursuant to Rules 11 and 54, Federal Rules of Civil Procedure, and Rules 7054 and 9011, Federal Rules of Bankruptcy Procedure.

    D.    Prohibiting Debtor Neelam Taneja, a/k/a Neelam Taneja Uppal, from filing any further bankruptcy actions again for at least three (3) years.

    E.    Prohibiting Debtor Neelam Taneja, a/k/a Neelam Taneja Uppal, from filing any further motions, pleadings or other documents against these Defendants without first filing a motion requesting permission from this Court to do so, with a copy of her proposed filing attached and obtaining authority from this Court to do so.

## <u>MEMORANDUM OF LAW</u>

Rule 11, Federal Rules of Civil Procedure, states in relevant part:

> (b) **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, <u>or later advocating it</u>—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>> (1)   it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>>
>> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>>
>> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>>
>> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.
>
> (c) **Sanctions.**
>
>> (1) <u>In General</u>.  If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee. . . .

Rule 9011, Federal Rules of Bankruptcy Procedure, is similar to the above, stating, in the relevant

Page 11 of 13

part:

> **(b) Representations to the Court.** By presenting to the court
> (whether by signing, filing, submitting, <u>or later advocating</u>) a
> petition, pleading, written motion, or other paper, an attorney or
> unrepresented party is certifying that to the best of the person's
> knowledge, information, and belief, formed after an inquiry
> reasonable under the circumstances. . . .

(Emphasis added.)

Where a debtor commences a bankruptcy in bad faith and merely for the purpose of
frustrating her creditors, as Debtor has done in this case, sanctions under Rule 9011 against the
Debtor and her attorney are appropriate. <u>In re Intercorp Int'l, Ltd.</u>, 309 B.R. 686, 693-695
(Bankr. S.D.N.Y. 2004). <u>Accord, Desiderio v. Parikh (In re Parikh)</u>, 508 B.R. 572, 584 (Bankr.
E.D.N.Y. 2014), "The imposition of civil contempt sanctions may serve the dual purposes of
compelling future compliance with court orders, and compensating the aggrieved party."

Additionally, counsel for debtor has notice or should have notice of the Debtor's wrongful,
abusive, frivolous filings from documents filed by other parties in these proceedings and from the
public record, giving her adequate notice of the sanctionable conduct.

**WHEREFORE,** the Court is requested to grant this motion and enter sanctions against
Debtor and her counsel as requested above.

## CERTIFICATE OF PRIOR SERVICE

I hereby certify that this Motion, Memorandum of Law and all attachments have been
previously served individually on the Debtor Neelam Teneja Uppal (<u>pro se</u>) on May 5, 2017, more

than 21 days before its filing, and in accordance with Rules 7004 and 9011(c), Federal Rules of

Bankruptcy Procedure.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have served the foregoing electronically in accordance with

Rules 7004 and 9011(c), Federal Rules of Bankruptcy Procedure, via e-mail and via U.S. mail,

postage prepaid, on Debtor, Neelam Taneja Uppal (pro se), at 1370 Broadway #504, New York,

New York 10018, and have also served her by filing a copy electronically with the Clerk of Court,

which also causes the Debtor to be served, this 30th day of May 2017.


/s/ George F. Indest III

**GEORGE F. INDEST III, J.D., M.P.A., LL.M.**
Florida Bar No.: 382426
(Admitted Pro Hac Vice)
Primary e-mail: GIndest@TheHealthLawFirm.com
Secondary e-mail: CourtFilings@TheHealthLawFirm.com
**THE HEALTH LAW FIRM**
1101 Douglas Avenue
Altamonte Springs, Florida 32714
Telephone: (407) 331-6620
Telefax: (407) 331-3030
**ATTORNEYS FOR CREDITOR,**
**THE HEALTH LAW FIRM, P.A.**


Attachment(s):

INDEX OF EXHIBITS

Exhibits "1" through "10"

GFI/mw
S:\Collections\1516-Uppal, Neelam, MD\006-BR NY\Pleadings-Final\Rule 11\Rule 9011 Motion-Final.wpd

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been

served to

*Health Law firm*
*1101 Douglas Ave*
*Altamonte Springs, FL-32714*

Regular U.S. Mail and email on _9____ day of ___August, 2017 to:

_____ N. *uppal*

NEELAM UPPAL, M.D.
1370, Broadway, #504
New York, NY-10018
646-740-9141

2