UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

In re:                                                            **CHAPTER 7**

   **Neelam Taneja**                                     **CASE NO. 09-37999(CGM)**

                                   Debtor(s).
----------------------------------------------------------X
Neelam Uppal,                                                 Adv. No. 17-01027

                                   Plaintiff,

v.

Health Law Firm, et al.,

                                   Defendant.
----------------------------------------------------------X

## ORDER DENYING MOTION FOR STAY PENDING APPEAL AND DENYING MOTION TO EXTEND TIME TO FILE NOTICE OF APPEAL

      On July 24, 2017, the Plaintiff filed a motion for a stay pending appeal (Dkt. No. 31) and a motion to extend the time to file a notice of appeal (Dkt. No. 32). The motions were opposed. A movant seeking a stay pending appeal under Federal Rule of Bankruptcy Procedure 8005 must demonstrate (1) that he would suffer irreparable injury if a stay were denied; (2) that other parties would suffer no substantial injury if the stay were granted; (3) that the public interest favors a stay; and (4) that there is a substantial possibility of success on the merits of movant's appeal. *See Hirschfeld v. Bd. of Elections*, 984 F.2d 35, 39 (2d Cir.1992). In *Hirschfield*, the Second Circuit eliminated the more onerous requirement of "likelihood of success on appeal." *Country Squire Assocs. of Carle Place, L.P. v. Rochester Cmty. Sav. Bank (In re Country Squire Assocs. of Carle Place, L.P.)*, 203 B.R. 182, 184 (B.A.P. 2d Cir. 1996). The "substantial possibility of success" test is considered an intermediate level between "possible" and "probable" and is "intended to eliminate frivolous appeals." *Id.* Although some

courts in the Second Circuit require that each element be satisfied, "the Second Circuit has consistently treated the inquiry of whether to grant a stay pending appeal as a balancing of factors that must be weighed." *ACC Bondholder Grp. v. Adelphia Commc'ns. Corp. (In re Adelphia Commc'ns. Corp.)*, 361 B.R. 337, 347 (S.D.N.Y. 2007).

The movant's burden is a "heavy" one. *In re Adelphia Commc'ns. Corp.*, 333 B.R. 649, 659 (S.D.N.Y. 2005). LaRoe, as the moving party, "must show 'satisfactory' evidence on all four criteria." *Turner v. Citizens Nat'l Bank of Hammond (In re Turner)*, 207 B.R. 373, 375 (B.A.P. 2d Cir. 1997) (internal quotation omitted).

And the Debtor having failed to state the legal authorities that support the requested relief as required by Local Bankruptcy Rule 9013-1 and having failed to provide any evidence of same; it is hereby

**ORDERED** that the motion for a stay pending appeal be **DENIED**.

As the time to file a notice of appeal ran during the time period when this motion was pending before the Court, it is hereby **ORDERED** that Debtor's motion to extend the time to file a notice of appeal is **GRANTED**; the time to file a notice of appeal is hereby extended an additional 14 days from the date of this Order, pursuant to Federal Rule of Bankruptcy Procedure 8002(d)(3).

**Dated: August 8, 2017**
**Poughkeepsie, New York**

/s/ Cecelia G. Morris
_____
**Hon. Cecelia G. Morris**
**Chief U.S. Bankruptcy Judge**