UNITED STATES BANKRUPTCY COURT

IN THE SOUTHERN DISTRICT OF NEW YORK

IN RE:

NEELAM UPPAL                                    CASE NO: 17-01027-CGM

V.

GEORGE INDEST,

HEALTHLAW FIRM

_____/

## MEMORANDUM OF LAW

### F.R.B.P.7004

(d) Proof of Service.

    (1) *What is Required*. A document presented for filing must contain either:

        (A) an acknowledgment of service by the person served; or

        (B) proof of service consisting of a statement by the person who made service certifying:

            (i) the date and manner of service;

            (ii) the names of the persons served; and

(iii) the mail or electronic address, the fax number, or the address of the place of delivery, as appropriate for the manner of service, for each person served.

### Rules for Motion for Re-Consideration

First of all, a party must move for reconsideration timely. A party may file a motion for reconsideration of a judgment with the bankruptcy court, no later than 10 days after the entry of the judgment, for the court to amend its findings, or make additional findings, and for the court to amend the judgment accordingly. See, Fed. R. Civ. P. 52(b); see also, Fed. R. Bank. P. 7052. Moreover, Rule 9023 of the Federal Rules of Bankruptcy Procedure states that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." See also, Fed. R. Civ. P. 59(e). Secondly, a party may file a motion for reconsideration with the bankruptcy court, within a reasonable time after the entry of a judgment or order, for relief from the final judgment or order for any of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Fed. R. Civ. P. 59; (3) fraud (intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. See, Fed. R. Civ. P. 60(b); see also, Fed. R. Bank. P. 9024 V. Procedures for Obtaining Sanctions.

## Standards for Imposing Sanctions

### V. Procedures for Obtaining Sanctions

Until the 1997 modification of Rule 9 011, upon any violation the court was required to impose an appropriate sanction; it exercised discretion only in deciding what sanction was appropriate under the circumstances. Now, sanctions are discretionary, and there is a safe harbor procedure for serving a sanctions motion and **giving an**

**opportunity to withdraw the offensive document before filing the motion.** The safe harbor does not apply to the filing of a bankruptcy petition, however, given its immediate and serious consequences. Otherwise, it is a mandatory requirement for a Rule 9011 sanctions motion.

   a.

   The party seeking sanctions has a duty to mitigate its damages by using reasonable efforts to resolve disputes by inexpensive means, but need not take actions that would impair its rights. The sanctioned attorney and affected parties may stipulate to a settlement; the court may approve it or may impose more draconian sanctions. The court imposing sanctions is to consider the ability to pay of the sanctioned party or attorney   .

Counsel is entitled to a meaningful opportunity to explain his conduct before sanctions are awarded, generally but not necessarily at a "show cause" hearing. An evidentiary hearing is not required, however. An opportunity to respond by brief or oral argument may suffice. A sanctions award must specify how the fees and expenses were calculated, and how they were caused by the conduct of the parties sanctioned, so the appellate court has sufficient basis to review the decision. Adequate notice is important before any sanctions hearing, but especially important if the severe sanction of disbarment from the bankruptcy court is to be considered. **The prerequisites of adequate notice are: The party seeking sanctions has a duty to mitigate its damages by using reasonable efforts to resolve** disputes by inexpensive means, but need not take actions that would impair its rights. The sanctioned attorney and affected parties may stipulate to a settlement; the court may approve it or may impose more draconian sanctions. The court imposing sanctions is to consider the ability to pay of the sanctioned party or attorney, but only if limited ability to pay is raised in a timely manner.

Counsel is entitled to a meaningful opportunity to explain his conduct before sanctions are awarded, generally but not necessarily at a "show cause" hearing. An evidentiary hearing is not required, however. An opportunity to respond by brief or oral argument may suffice. A sanctions award must specify how the fees and expenses were calculated, and how they were caused by the conduct of the parties sanctioned, so the appellate court has sufficient basis to review the

decision. Adequate notice is important before any sanctions hearing, but especially important if the severe sanction of disbarment from the bankruptcy court is to be considered. The prerequisites of adequate notice are:

1. the fact that sanctions are under consideration,

2. the reasons why (i.e. the conduct alleged to be sanctionable), and

3. the form of sanctions under consideration, generally including the legal rule on which sanctions will be based.

If inadequate notice is given, the error may be cured by an immediate stay of the results and a scheduled reconsideration hearing.

> "whether an objectively reasonable basis for the attorney's contentions was asserted, in deciding on sanctions requests, even if the attorney ultimately lost on the merits. Sanctions may not be imposed against counsel merely because the court finds the client's testimony not credible, or objects to the form of a respectful communication. But a sanctions motion that is itself replete with vituperation and abuse will not be tolerated, even if it asserts a colorable claim. Mitigating and aggravating factors bearing on the type of sanctions to impose include the degree of willfulness involved, **the person's expertise** and prior history and ability to pay,".