**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____x

In re:

NEELAM TANEJA,
a/k/a NEELAM T. UPPAL,
_____x

NEELAM TANEJA,
a/k/a NEELAM UPPAL

      Plaintiff/Debtor,

vs.

THE HEALTH LAW FIRM,
GEORGE F. INDEST III,

      Defendants/Creditor.
_____x

Chapter 13

Case No.:  16-bk-12356-cgm

Adv. Proc. No.:  17-ap-01027-cgm

**Order to Reopen & Register**
**Final Judgment**

## DEFENDANTS'/CREDITOR'S MOTION FOR ORDER TO REGISTER

## FINAL JUDGMENT

    **COME NOW** Defendants/Creditor The Health Law Firm and George Indest, and respectfully request this Court to reopen this case and execute an Exemplification Certificate so that the Final Judgment for Sanctions, Attorney's Fees, and Costs, entered by this Court on July 19, 2017 [Doc. 29], Exhibit "1," may be filed with the U.S. District Court for the Middle District of Florida, pursuant to 26 U.S.C. §1963, stating:

### Vexatious, Abusive Pro Se Litigator Debtor/Plaintiff Taneja

    1.    The Debtor in the bankruptcy case referenced above (Case No. 16-bk-12356-cgm) and Plaintiff in the Adversary Proceeding referenced above (Case No. 17-ap-01027-cgm), Neelam

Taneja, a/k/a Neelam Taneja Uppal (herein referred to as "Taneja"),[1] is a prolific vexatious pro se litigator and a serial bankruptcy filer.

2. Her vexatious litigation history is partially discussed by Chief Judge Colleen McMahon in her decision in Neelam T. Uppal v. Indest, Case No. 17-cv-7072(CM) (S.D.N.Y. Oct. 12, 2017), Exhibit "2." Note that Chief Judge McMahon's decision castigates Debtor/Plaintiff Taneja and prohibits her from filing an appeal as an indigent.

3. Furthermore, it is believed that Debtor/Plaintiff Taneja is not even a resident of New York. She is believed to reside in Pinellas County, Florida, where she has a home, claims homestead exemption on it, and has done so since at least 2015.

4. Defendants and Creditor The Health Law Firm and George Indest are referred to herein collectively as the "Defendants." They both reside in and conduct business in Florida. They have no contacts with the State of New York.

5. After previously filing at least three (3) unsuccessful bankruptcies in a row in the Middle District of Florida, Debtor/Plaintiff Taneja then filed another bankruptcy proceeding in the Southern District of New York (Case No. 16-bk-012356-cgm). Within that bankruptcy, she filed five (5) spurious, meritless adversary proceedings against her various creditors <u>and their individual attorneys</u>, residents of Florida. Eventually all five (5) adversary proceedings were dismissed by this Court, as was the bankruptcy case.

---

[1] Neelam Taneja Uppal, a medical doctor, uses a number of different variations of her name in her many different litigation cases. including, but not limited to, "Neelam Taneja," "Neelam Uppal" and "Neelam Taneja-Uppal."

6. These Defendants obtained the attached Final Judgment (Doc. 29), Exhibit "1," against Debtor/Plaintiff Taneja in one of the adversary proceedings she filed against them.

7. Debtor/Plaintiff Taneja then filed a frivolous appeal of the adverse rulings against her by this Court to the Bankruptcy Appeal Panel (BAP) of the Southern District of New York (Case No. 17-cv-5618 (ER)).

8. After protracted appellate litigation before the BAP, a decision dismissing the appeal of Debtor/Plaintiff Taneja was entered by District Judge Edgardo Ramos [Case No. 17-cv-5618 (ER), Dkt. 68] which also awarded Defendants an additional $5,000 in appellate attorney's fees and costs. Exhibit "3."

9. Further demonstrating the extremes of vexatious litigation to which she would stoop, while the foregoing appeal was pending before the New York BAP, Debtor/Plaintiff Taneja filed her sixth (6th) bankruptcy case in the Bankruptcy Court for the Middle District of Florida on December 6, 2017 (Bankr. M.D. Fla. Case No. 8:17-bk-10140-CPM). It was promptly dismissed by Judge Catherine Peak McEwen, upon the motion of the Bankruptcy Trustee, on January 11, 2018. Exhibits "4" and "5."

10. Note that Judge McEwen's decision castigates Debtor/Plaintiff Taneja, labels her as an abusive, serial bankruptcy filer, and prohibits her from filing another bankruptcy proceeding "ANYWHERE [in the world"] for a period of two (2) years. Exhibit "4."

11. However, such decisions and court orders do not dissuade vexatious pro se litigator Taneja, whatsoever.

12. Although Debtor/Plaintiff Taneja has filed yet another appeal of the underlying action, this one to the U.S. Second Circuit Court of Appeals, it is extremely unlikely that she will

prevail on the merits, given the prior adverse rulings against her on this.

**Necessity for Registration of this Court's Final Judgment**

13.     This Court entered the Final Judgment for Sanctions, Attorney's Fees and Costs [Case No. 17-ap-1027-cgm, Doc. 29] on July 19, 2017 (the "Final Judgment"), against Plaintiff/Debtor Taneja, favor of Defendants/Creditor The Health Law Firm and George Indest, awarding attorney's fees and costs for an aggregate sum of $57,435.33, plus accruing interest, in the adversary proceeding initiated by Taneja.

**14.     Rather than allow vexatious litigant Debtor/Plaintiff Taneja to succeed in further causing unnecessary delay, it is respectfully requested that this Court allow the Final Judgment against her to be registered so that enforcement action may take place.**

**15.     The Final Judgment, Exhibit "1," provides that this Court expressly retains jurisdiction to enforce the Final Judgment and other post-judgment matters.**

16.     28 U.S.C. § 1963 provides in relevant part:

> **§ 1963.    Registration of judgments for enforcement in other districts.** A judgment . . . entered in any . . . bankruptcy court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal <u>or when ordered by the court that entered the judgment</u> for good cause shown. . . . A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.  [Emphasis supplied]

17.     As stated above, the Final Judgment of this Court, Exhibit "1," has been further

appealed by Debtor/Plaintiff Taneja, solely to delay its enforcement and that appeal is not yet final.

    18.    Therefore, registration should be granted by this Court.

### Good Cause Exists for Registration of this Court's Final Judgment

    19.    In support of the Defendants' position that good cause exists in this case for entry of an order to register the Final Judgment in a foreign district, the Defendants show as follows:

    a.    Taneja apparently has no identifiable assets in the State of New York;

    b.    Taneja does have assets in other districts, specifically in the State of Florida, including real property, bank accounts and bank safety deposit boxes;

    c.    Defendants believe that such assets may be concealed or transferred if prompt registration of the Final Judgment is not permitted so that they can execute it in Florida;

    d.    Taneja has failed to post a supersedeas bond pending appeal of this Court's Final Judgment in this adversary action;

    e.    Taneja filed another new Chapter 13 Bankruptcy Petition in the U.S. Bankruptcy Court, Middle District of Florida (Tampa Division), Case 8:17-bk-10140-CPM, on December 6, 2017, <u>In re Neelam Taneja a/k/a Neelam Uppal</u>, which Chapter 13 Case has already been dismissed with prejudice [Doc. 40] (Exhibits "4" and "5"); and

    f.    Taneja continues to file notices and motions in this case and in other cases,

notwithstanding the January 11, 2018, order entered in <u>In Re Neelam Taneja a/k/a Neelam Uppal</u>, U.S. Bankruptcy Court, Middle District of Florida (Tampa Division) Court's Order Dismissing Case With Prejudice Barring the Debtor From Filing a Bankruptcy Case for Two Years [Doc. 40] (Exhibit "4"), which states, in part:

> The Debtor, Neelam Taneja, constitutes an abusive serial bankruptcy filer, having filed four bankruptcy cases in the last eight years in two jurisdictions--the instant case being filed with the Debtor's bankruptcy case in the Southern District of New York remains pending on multiple appeal. . . . This Court specifically admonishes the State Court(s) to not halt any proceedings in State Court, should Debtor attempt to file bankruptcy within the next TWO (2) YEARS.

(Emphasis in original)

20.    The Defendants respectfully request that this Court enter an Order which determines that the Defendants have shown good cause for registration of the Final Judgment in the Middle District of Florida while the above-described appeal remains pending, in accordance with 28 U.S.C. §1963, and that registration of the Final Judgment in Florida is appropriate in this case.

21.    The Defendants further request that this Court award additional costs and fees incurred by the Defendants in this matter to enforce the Final Judgment at issue herein.

## MEMORANDUM OF LAW

The Court which entered the Final Judgment is the only court that is authorized to determine whether good cause has been shown for registration of a Final Judgment in a foreign

jurisdiction while an appeal of the Final Judgment remains pending. See Chicago Down Ass'n v. Chase, 944 F. 2d 366, 372 (7th Cir. 1991) ("good cause" existed where defendant owned no property in the district of the judgment, defendant owned property in other districts, plaintiff feared that defendant might transfer or conceal such property, and defendant failed to post a supersedeas bond); Johns v. Rozet, 143 F.R.D. 11, 12 (D.D.C. 1992); Associated Bus. Telephone Sys. Corp. v. Greater Capital Corp., 128 F.R.D. 63, 68 (D.N.J. 1989) ("good cause" was shown where the defendant had no assets in the district of the judgment but did have assets in other districts).

In Monge v. Rojas, 150 F.Supp.3d 1244, 1250 (D.N.M. 2015), the court expressly held that the court entering the final judgment has the authority to authorize registration of the final judgment in a foreign jurisdiction while an appeal remains pending. Monge referenced both Chicago Downs Ass'n, Inc. v. Chase and Johns v. Rozet, holding: "The good cause provision therefore protects the judgment creditors from being prejudiced by the debtor's acts during the delay between judgment and expiration of appeal." 150 Id., F. Supp. 3d at 1249. The Court in Hassett v. Goetzmann, 1992 U.S. Dist. LEXIS 13218, at 4 (N.D.N.Y. Aug. 27, 1992), also held: "[the] statute explicitly states that the court that entered the judgment may order registration for good cause shown."

The Court in the present matter should be guided by the cases cited herein because the facts are similar. Taneja has no assets in New York; Taneja has assets in Florida; Taneja has failed to post a supersedeas bond in connection with the pending appeal of the Final Judgment at issue herein; and the Defendants are fearful that Taneja will conceal or dispose of the Florida assets.

The Defendants respectfully seek this protection from the acts of Taneja, and seek an order

to register a certified copy of the Final Judgment and an Exemplification of the Final Judgment entered herein with the U.S. District Court of the Middle District of Florida. A copy of the proposed order is attached hereto as Exhibit "6."

## RELIEF REQUESTED

Defendants request entry by this Court of an Order:

A. That finds that these Defendants have shown that good cause exists for this Court to order registration of the Final Judgment with the U.S. District Court for the Middle District of Florida at this time, even though the appeal of the Final Judgment remains pending, for the reasons set forth above;

B. That directs the Clerk of Court of this Court to:

(1) Prepare and execute the Certification of Judgment for Registration in Another District, attaching a certified copy of the Final Judgment entered in this adversary proceeding; and

(2) Submit the Certification and the certified copy of the Final Judgment to the Clerk of Court, U.S. District Court, Middle District of Florida (Tampa Division); and

C. That awards legal costs and legal fees incurred by Defendants in this enforcement action against Debtor/Plaintiff Taneja a/k/a Neelam Taneja Uppal.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have electronically filed this Motion and Memorandum of Law, along with its Index and Exhibits, with the Clerk of Court using the CM/ECF System, which

will automatically serve each party that is a registered CM/ECF user for this case; I have also served a complete copy on Debtor Neelam Taneja Uppal (pro se), via her e-mail address: nneelu123@aol.com; I have also served a complete copy on Debtor Neelam Taneja Uppal (pro se) by mailing it via U.S. mail, postage prepaid to her at the following addresses:

1) 17715 Gulf Boulevard, #705, Redington Shores, Florida 33782; and
2) Post Office Box 1002, Largo, Florida 33779;

on this 4th day of June 2018.

/s/ George F. Indest III

_____
**GEORGE F. INDEST III, J.D., M.P.A., LL.M.**
Florida Bar No.: 382426
(Pro Hac Vice)
Primary e-mail: GIndest@TheHealthLawFirm.com
Secondary e-mail: CourtFilings@TheHealthLawFirm.com
**THE HEALTH LAW FIRM**
1101 Douglas Avenue
Altamonte Springs, Florida 32714
Telephone: (407) 331-6620
Telefax: (407) 331-3030
**ATTORNEYS FOR DEFENDANTS/
CREDITOR THE HEALTH LAW FIRM
AND GEORGE F. INDEST III**

Attachment: Index and Exhibits

GFI/pa
S:\Collections\1516-Uppal, Neelam, MD\006-BR NY-CLOSED\Pleadings-Drafts\Mot to Register FJ\Mot for Order to Reg FJ-Final-Final.wpd