17-01027-cgm    Doc 57-2    Filed 06/04/18    Entered 06/04/18 18:20:25    Exhibit
Exhibit 1 - Final Judgment for Sanctions    Pg 1 of 2

17-01027-cgm    Doc 29    Filed 07/19/17    Entered 07/19/17 15:01:44    Main Document
Pg 1 of 2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

In re:                                              Chapter 13

    NEELAM TANEJA,                          **Adv. Proc. No.: 17-ap-01027-cgm**

                                           Ch. 13 Case No.: 16-bk-12356-jlg

    Debtor,
vs.

    THE HEALTH LAW FIRM, et al.,           **Final Judgment for Sanctions,**
                                           **Attorney's Fees and Costs**

    Creditor/Defendant.
_____x

## FINAL JUDGMENT FOR SANCTIONS, ATTORNEY'S FEES AND COSTS

**THIS MATTER** came before the Court for a hearing on July 13, 2017, on the Creditor(s)/Defendant(s), The Health Law Firm, P.A., f/k/a George F. Indest III, P.A.-The Health Law Firm, and George Indest's, Motion for Rule 9011 Sanctions against Debtor/Plaintiff Neelam Taneja, M.D. (a/k/a Neelam Taneja Uppal, M.D.) (referred to as "Rule 9011 Motion" herein). [ECF Nos. 11, 14, 22, 23 and 25.] Debtor's Rule 9011 Motion, along with supporting documents and an affidavit, was originally served on Debtor/Plaintiff on May 5, 2017, affording Debtor/Plaintiff at least 21 days to remedy the offending conduct. [ECF No. 11.] The Rule 9011 Motion was then filed with the Court on May 30, 2017 [ECF No. 11]. On June 1, 2017, the Court advised all parties that it would be heard on July 13, 2017, in open Court with the Debtor/Plaintiff present. It was then noticed for hearing with notice filed June 8, 2017. [ECF Nos. 13, 17 & 20.] Debtor/Plaintiff Neelam Taneja (pro se) was present at the hearing on July 13, 2017, and her comments were considered by the Court. She had filed no opposition or response to the rule 9011 Motion prior to the hearing.

The Court took judicial notice of the documents in the Court's file as previously requested by the Creditor/Defendants. The Court also considered the affidavits and other documents filed by the Creditor/Defendants [ECF Nos. 11, 14, 22, 23 & 25].

**THE COURT GRANTS** Creditor's/Defendants' Rule 9011 Motion.

**THE COURT FINDS** that Debtor/Plaintiff's Adversary Proceeding Complaint was filed in bad faith, for improper purpose, and solely for the purpose of harassing and delaying these Defendants/Creditors, in violation of Rule 9011, Federal Rules of Bankruptcy Procedure. Debtor/Plaintiff's Adversary Proceeding Complaint contained false statements and was frivolous, having no basis in fact or in law. Furthermore, Debtor/Plaintiff had not dismissed or withdrawn

17-01027-cgm    Doc 57-2    Filed 06/04/18    Entered 06/04/18 18:20:25    Exhibit
Exhibit 1 - Final Judgment for Sanctions    Pg 2 of 2

17-01027-cgm    Doc 29    Filed 07/19/17    Entered 07/19/17 15:01:44    Main Document
Pg 2 of 2

her Adversary Proceeding Complaint after being given more than 21 days advance notice of the Creditor's/Defendants' Rule 11, Motion, and prior to the hearing the Court conducted on June 1, 2017, which resulted in the Court's Dismissal of the Adversary Proceeding Complaint. [ECF No. 15.]

**THE COURT FURTHER FINDS** that sanctions, attorney's fees, and costs are proper to award against Debtor/Plaintiff.

**THE COURT FURTHER FINDS** that the hourly rate charged by Mr. Indest ($475 per hour), the time spent defending in this Adversary Proceeding (114.8 hours), the fees incurred ($54,530.00), and the costs incurred ($2,905.33), to be fair, reasonable and necessary.

**IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:**

**THE COURT AWARDS** the total amount of attorney's fees and costs of $57,435.33, to be designated as sanctions, awarded in favor of Defendants The Health Law Firm and George F. Indest III, 1101 Douglas Avenue, Altamonte Springs, Seminole County, Florida 32714, against Debtor/Plaintiff Neelam Taneja, M.D., a/k/a Neelam Taneja Uppal, M.D., 1370 Broadway #504, New York, New York County, New York 10018 and 17715 Gulf Blvd, #705, Reddington Shores, Pinellas County, Florida 33782.

**FURTHER ADJUDGED**, pursuant to 28 U.S.C. 1961, this Final Judgment shall bear interest at the judicial rate from the date of entry until satisfied.

**FOR WHICH LET EXECUTION ISSUE.**

The Court retains jurisdiction to enforce this Final Judgment and other post-judgment matters including, but not limited to, a determination of any additional attorney's fees or costs owed by Debtor/Plaintiff to Creditor/Defendants.

Dated: July 19, 2017
Poughkeepsie, New York



/s/ Cecelia G. Morris
_____
Hon. Cecelia G. Morris
Chief U.S. Bankruptcy Judge