UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NEELAM T. UPPAL,

                 Plaintiff,

-against-

GEORGE F. INDEST III; HEALTH
LAWFIRM; CHARLENE RODRIQUEZ;
BARRY WILKINSON; SADORF &
WILKINSON; WELLS FARGO;
NATIONSTAR,

                 Defendants.

17-CV-7072 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se,* paid the filing fee to bring this complaint under the Court's federal question jurisdiction.[1] Plaintiff has now filed an order to show cause in which she appears to seek a stay in a bankruptcy proceeding in this District. For the reasons set forth below, the action is dismissed, and the order to show cause is denied as moot.

### STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest

---

[1] Plaintiff filed this action with an incomplete application for leave to proceed *in forma pauperis* (IFP). By order dated September 19, 2017, the Court directed Plaintiff to either file an amended IFP application, or pay the filing fee. Plaintiff paid the filing fee on September 29, 2017.

[claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

On September 15, 2017, Plaintiff Neelam T. Uppal, a medical doctor, filed this complaint, which is not a model of clarity, against George F. Indest III, Health Law Firm, Charlene Rodriguez, Barry Wilkinson, Wilkinson, Sadorf & Wilkinson, Wells Fargo, and Nationstar. Invoking the Court's federal question jurisdiction, Plaintiff asserts claims under "RICO," 18 U.S.C. §§ 1961-1968, and claims of "deceptive tactics" and "false claims" under 18 U.S.C. § 1001.

Indest is counsel for the Health Law Firm, listed as an appellee in Plaintiff's pending bankruptcy appeal in this Court. *See In re: Neelam Taneja aka Neelam Uppal*, No. 17-CV-5618 (ER) (S.D.N.Y. filed July 24, 2017). It is not clear who the other individuals are. According to Plaintiff, Indest "made fabricated bills and false claims" in the bankruptcy court, and "tried to do collections while automatic stay was in effect," and Wilkinson conspired with Indest. The complaint sets forth no allegations against the other defendants. (ECF No. 2 ¶ III.). Plaintiff seeks money damages and to "waive sanction due to perjury have all the false claims paid back." (*Id.* ¶ IV.)

On July 29, 2017, Plaintiff filed in this case an order to show cause asserting that Indest lied to "the Seminole County Judge," and to the Southern District bankruptcy judge. Plaintiff seeks to have this Court hold Indest and the Health Law Firm in contempt "of this court's Order of Stay," and to "grant the order of preliminary injunction against the Creditor and the State Court by entering an injunction against the enforcement of the order entered to collect any judgment and enjoining and refraining the Defendant from taking any further collection or legal actions on the debtor." (ECF No. 5 ¶ 4.)

2

Plaintiff filed in the bankruptcy appeal pending before Judge Ramos a substantially similar order to show cause, and Indest has moved to strike that filing and for sanctions. (17-CV-5618, ECF Nos. 14-16.)

## DISCUSSION

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

In this complaint, Plaintiff seeks relief under the Racketeer Influenced and Corrupt Organizations Act (RICO). RICO was enacted to "'to seek the eradication of organized crime in the United States.'" *Boritzer v. Calloway*, No. 10-CV-6264 (JPO), 2013 WL 311013, at *4 (S.D.N.Y. Jan. 24, 2013) (quoting Pub. L. No. 91452, Title IX, § 901(a) (Oct. 15, 1970)). The civil enforcement provision of RICO provides that "[a]ny person injured in his business or property by reason of a violation of section 1962 . . . may sue therefor in any appropriate United States district court and shall recover threefold the damages…." 18 U.S.C. § 1964(c) (1995). In order to establish a violation of § 1962, a plaintiff must demonstrate: "(1) that the defendant (2) through the commission of two or more acts (3) constituting a "pattern" (4) of "racketeering activity" (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an

3

"enterprise" (7) the activities of which affect interstate or foreign commerce." *Moss v. Morgan Stanley, Inc.*, 719 F.2d 5, 17 (2d Cir. 1983) (quoting 18 U.S.C. § 1962(a)-(c) (1976)). To show conspiracy, Plaintiff must allege that Defendants "agreed to form and associate themselves with a RICO enterprise and that they agreed to commit two predicate acts in furtherance of a pattern of racketeering activity in connection with the enterprise." *Conte v. Newsday, Inc.,* 703 F. Supp. 2d 126, 133 (E.D.N.Y. 2010) (quoting *Cofacredit, S.A. v. Windsor Plumbing Supply Co.,* 187 F.3d 229, 244 (2d Cir. 1999)).

Plaintiff fails to provide any facts that would support a RICO claim. The complaint is devoid of a single fact suggesting that Defendants conspired against her. Plaintiff only mentions RICO in her complaint once, in response to a question in the Court's general complaint form asking "what federal Constitutional, statutory or treaty right is at issue?" (Compl. at 2.) In fact, Plaintiff asserts claims only against Indest, and asserts without factual support that Wilkinson "conspired" with Indest. Moreover, injunctive relief is not available under civil RICO. *See* 18 U.S.C. § 1964 (1995).

Plaintiff also cites to 18 U.S.C. § 1001, the federal false statement statute. That statute, however, does not provide for a private right of action. *See, e.g. Momot v. Dziarcak*, 208 F. Supp. 3d 450, 460 (N.D.N.Y. 2016) (holding that 18 U.S.C. § 1001 does not create a private right of action); *Faraldo v. Kessler*, No. 08-CV-0261, 2008 WL 216608, at *6 (E.D.N.Y. Jan. 23, 2008) (holding that 18 U.S.C. § 1001 does not allow for a private civil action); *Bender v. General Services Admin.,* No. 05-CV-6459 (PKC), 2006 WL 988241, at * 1 (S.D.N.Y. Apr. 14, 2006) (same); *Clements v. Miller*, No. 10-CV-2455, 2005 WL 2085497, at *4 (D. Colo. Aug. 29, 2005), aff'd, 189 F. App'x 688 (10th Cir. 2006).

4

In short, Plaintiff is attempting to relitigate in this Court, under the guise of a RICO action, state court and bankruptcy court matters, which she cannot do. *See Curtis & Assoc., P.C. v. Law Office of David M. Bushman, Esq.,* 758 F. Supp. 2d 153, 170 (E.D.N.Y. 2010) (state court claim should not be "re-litigated in federal court under the guise of a RICO action"). *See also* Federal Rule of Bankruptcy Procedure Rule 8002(a)(1) (to appeal an order of a Federal Bankruptcy Court in a Federal District Court, a party must file a notice of appeal in the Bankruptcy Court within fourteen days of the entry of the order being appealed). For these reasons, Plaintiff's complaint fails to state a claim on which relief may be granted.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because amendment would not cure the deficiencies in Plaintiff's complaint, the Court declines to grant Plaintiff an opportunity to amend.[2]

## LITIGATION HISTORY

Plaintiff is no stranger to federal court. According to PACER, Plaintiff has filed more than twenty-five cases in federal and circuit courts in New York, New Jersey, and Florida.[3] *See, e.g. Uppal v. NYS Dep't of Health*, No. 16-CV-3038 (VSB) (S.D.N.Y. filed Apr. 25, 2015) (motion to dismiss pending); *Uppal v. Florida Board of Medicine, et al.*, No. 14-CV-9024 (ER) (S.D.N.Y. Jan. 5, 2015) (denying order to show cause and transferring matter to the United States

---

[2] In any event, Plaintiff's order to show cause and claims against Indest are pending in the bankruptcy appeal before Judge Ramos.

[3] The Court may consider matters that are subject to judicial notice, including court records. *See* Fed. R. Evid. 201(b)-(c); *Schenk v. Citibank/Citigroup/ Citicorp,* No. 10-CV-5056 (SAS), 2010 WL 5094360, at *2 (S.D.N.Y. Dec. 9, 2010) (citing *Anderson v. Rochester–Genesee Reg'l Transp. Auth.,* 337 F.3d 201, 205 n.4 (2d Cir. 2003)).

5

District Court for the Middle District of Florida); *Uppal v. Hospital Corp. of America*, No. 09-CV-634, 2011 WL 2631869 (M.D. Fla. July 5, 2011) (granting motion to dismiss Title VII claims), *aff'd Uppal v. Hospital Corp. of America*, 482 F. App'x 394 (11th Cir. June 13, 2012). Plaintiff has previously been warned against pursuing frivolous litigation. *Uppal v. Uppal*, No. 10-CV- 2566, 2011 WL 2516676 (M.D. Fla. June 23, 2011) (dismissing action as "repetitive, vexatious, and frivolous," and warning Plaintiff against pursuing frivolous litigation). In addition, a judge of this Court has already alerted Plaintiff that applications for relief must be made in the first instance in the bankruptcy court, after which a notice of appeal may be filed. *See In re: Neelam Taneja*, No. 17-CV-6608 (KBF) (S.D.N.Y. Sept. 27, 2017) (dismissing for lack of jurisdiction emergency motion for recusal of bankruptcy judge; motion based in part on alleged false filings of Indest).

      The exact degree of solicitude that should be afforded to a *pro se* litigant in any given case depends upon a variety of factors, including the procedural context and relevant characteristics of the particular litigant. *Tracy v. Freshwater*, 623 F.3d 90 (2d Cir. 2010). In light of Plaintiff's litigation history, the Court finds that Plaintiff was, or should have been, aware when she filed this case that it lacked merit. *See Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements). Plaintiff is warned that further frivolous or duplicative litigation in this Court will result in an order barring her from filing new actions in this Court, regardless of whether she pays the filing fee or seeks leave to proceed *in forma pauperis*, without prior permission. *See* 28 U.S.C. § 1651.

6

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. The Court dismisses this action for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). The Court denies the order to show cause as moot.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: October 12, 2017
New York, New York

COLLEEN McMAHON
Chief United States District Judge

7