ORDERED.

**Dated: January 11, 2018**

_Catherine M. McEwen_
Catherine Peek McEwen
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Case No.:  8:17-bk-10140-CPM |
| | Chapter:  13 |
| Neelam Taneja, | |
|     aka Neelam Uppal, | |
|     SSN: xxx-xx-3845 | |
|     Debtor, *in propria persona*. | |
| _____/ | |

**ORDER DISMISSING CASE
WITH PREJUDICE BARRING THE DEBTOR FROM
FILING A BANKRUPTCY CASE FOR TWO YEARS**

THIS CASE comes before the Court on December 28, 2017 at 9:30 a.m. to consider and rule upon the United States Trustee's Expedited Motion to Dismiss Case with Injunction, Barring the Debtor from Being a Debtor for Two Years and Providing In Rem Relief for Two Years Against Any Future Bankruptcy Filings. (Doc. No. 16). The Court provided adequate and sufficient notice and opportunity to be heard to all parties. (Doc. Nos. 20 and 24). The Debtor neither appeared at the hearing nor filed a response to the Motion. At the hearing, the Court reviewed the Motion, heard from the parties, and reviewed the Court's records of the Debtor's multiple case filings as a whole.

Upon the findings and conclusions stated upon the record in open court, which constitute the Court's ruling, **IT IS ORDERED** that:

1. The Debtor, Neelam Taneja, constitutes an abusive serial bankruptcy filer, having filed four bankruptcy cases in the last eight years in two jurisdictions—the instant case being filed while the Debtor's bankruptcy case in the Southern District of New York remains pending on multiple appeals.[1]

2. The United States Trustee's Motion to Dismiss Case with Injunction, Barring the Debtor from Being Debtor for Two Years, (Doc. No. 16), is **GRANTED** as follows.

3. The bankruptcy case of *In re Neelam Taneja*, 8:17-bk-10140-CPM is **DISMISSED with prejudice.**

4. In accordance with 11 U.S.C. § 105(a), 349, 707, Fed. R. Bankr. P. 1017, and 9020, the Debtor, Neelam Taneja, or any entity(ies) acting as trustee, guardian, representative, or other third-party by, for, or on his behalf, are jointly and individually **ENJOINED, BARRED,** and **PROHIBITED** from commencing any bankruptcy case petition for **TWO (2) YEARS** from **DECEMBER 28, 2017** through and including **DECEMBER 28, 2019**.

5. None of the Debtor's debts, obligations, or liabilities are discharged.

6. Should the Debtor fail to comply with the above prohibition and file for bankruptcy relief prior to **DECEMBER 28, 2019**, then no automatic stay under 11 U.S.C. § 362 will go into effect with respect to any property owned or occupied by the Debtor at that time and the Court will strike the bankruptcy petition.

---

[1] *Taneja v. The Health Law Firm (In re Taneja),* 1:17-cv-05618-ER (S.D.N.Y.); *Taneja v. Wilkinson (In re Taneja),* 1:17-cv-08510-VSB (S.D.N.Y.); *Taneja v. Sapir (In re Taneja),* 1:17-cv-09429-JGK (S.D.N.Y.)(appeal of bankruptcy court order dismissing bankruptcy case *In re Taneja*, 1:16-bk-12356-cgm (Bankr. S.D.N.Y.)).

7. Should a transferee of the Debtor file for bankruptcy relief prior to **DECEMBER 28, 2019**, then no automatic stay will go into effect with respect to any property transferred from the Debtor to the transferee.

8. **ALL COURT JUDGES AND CLERKS ARE HEREBY NOTIFIED:**

   **THE FILING OF A BANKRUPTCY PETITION FILED BY THE DEBTOR PRIOR DECEMBER 28, 2019, SHALL NOT STOP ANY FORECLOSURE SALE OR OTHER COURT PROCEEDING SCHEDULED PRIOR TO THAT DATE WITH RESPECT TO ANY PROPERTY OWNED OR OCCUPIED BY THE DEBTOR AT THAT TIME.**

   **SIMILARLY, THE FILING OF A BANKRUPTCY PETITION BY A TRANSFEREE OF THE DEBTOR PRIOR TO DECEMBER 28, 2019, SHALL NOT STOP ANY FORECLOSURE SALE OR OTHER COURT PROCEEDING SCHEDULED PRIOR TO THAT DATE WITH RESPECT TO PROPERTY THAT WAS TRANSFERRED FROM THE DEBTOR TO THE TRANSFEREE.**

9. Any party may record a certified copy of this Order in compliance with applicable State laws governing notices of interests or liens by appending to the filing a true and correct legal property description.

10. The Debtor, and any person claiming an interest by and through, and/or under the Debtor, shall be prohibited from filing any future bankruptcies under Title 11 of the United States Bankruptcy Code, an any Bankruptcy Court of the United States of America, for the next TWO (2) YEARS. Any filing in violation of this Order shall be considered NULL and VOID and will neither affect nor act as a stay against any of the Debtor's creditors.

11. The automatic stay of 11 U.S.C. § 362(a) shall not be in effect if any third party purchaser of any of the Debtor's property is not a Bona Fide Purchaser.

12. This Court specifically admonishes the State Court(s) to not halt any proceedings in State Court, should the Debtor attempt to file bankruptcy within the next TWO (2) YEARS.

13. The Trustee shall return to the Debtor any remaining funds on hand not previously disbursed, notwithstanding any other court orders, and shall thereafter file his final report, upon which filing, he will be discharged of his duties as Trustee. The Trustee shall return the aforementioned funds on hand to the Debtor, and in care of the Debtor's attorney, when represented by an attorney.

14. This Court **RETAINS JURISDICTION** to enforce the terms and provisions of this Order.

Clerk's Office to serve order.