ORDERED.

Dated:  January 31, 2018

_____
Catherine Peek McEwen
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
flmb.uscourts.gov

In re

NEELAM TANEJA,                               Case No. 8:17-bk-10140-CPM
                                             Chapter 13
        Debtor.
_____/

**ORDER DENYING MOTION FOR RECONSIDERATION
OF ORDER GRANTING MOTION TO DISMISS CASE WITH PREJUDICE**

THIS CASE came on for consideration of the Debtor's motion (the "Motion for Reconsideration") (Doc. 45) seeking reconsideration of the Court's order (the "Dismissal Order") (Doc. 40), which granted the United States Trustee's motion (the "Motion to Dismiss") (Doc. 16) to dismiss this case with prejudice, following a hearing on December 28, 2017.  The Motion states, among other things, that the Debtor was not served with a copy of the Motion to Dismiss or with a copy of the notice of hearing on the Motion to Dismiss.  However, the Certificate of Service attached to the Motion to Dismiss reflects that the United States Trustee served a copy of that motion on the Debtor at both the physical address and the post office address provided by the Debtor in the petition (Doc. 1), and the Court's Certificate of Notice (Doc. 24) shows that the hearing notice was served by the Bankruptcy Noticing Center on the

Debtor at both addresses.[1] The Court also notes that the post office address provided in the petition is the same address the Debtor gave as her address in the Motion for Reconsideration.

Moreover, the record reflects that the Debtor failed to receive a briefing from an approved credit counseling agency within 180 days *prior* to fling the petition, despite a representation made to the contrary in the Debtor's petition, which she signed under penalty of perjury. The Certificate of Counseling (Doc. 14) filed by the Debtor confirms that she received counseling on December 11, 2017, which is *after* she filed the petition on December 6, 2017. Thus, the Debtor is ineligible to be a debtor under 11 U.S.C. § 109(h), an infirmity the Debtor could not have cured even if she had appeared at the December 28th hearing.

Finally, the record shows that between December 19, 2012, and August 15, 2016, the Debtor filed four prior bankruptcy cases (three in Florida and one in New York) all of which were dismissed without entry of a discharge.[2] Because the Court may take judicial notice of these filings, the Debtor's presence was not necessary for this Court to conclude that the Debtor is an abusive serial filer.

Accordingly, it is

**ORDERED** that the Motion for Reconsideration is DENIED. The Dismissal Order, which bars the Debtor from filing another bankruptcy case within two years from the dismissal date, remains in full force and effect.

The Clerk is directed to serve a copy of this order on the Debtor and all interested non-CM/ECF users.

---

[1] Under long standing common law, a properly mailed item is presumed to have been received by addressee. *See, e.g., Bazemore v. Jefferson Capital Systems, LLC,* 827 F.3d 1325, 1334 n.2 (11th Cir. 2016) (citation omitted).
[2] *See* Case Nos. 12-bk-18946 (filed December 19, 2012, and dismissed on January 11, 2013); 13-bk-05601 (filed April 29, 2013, and dismissed on September 17, 2013), 15-bk-00594 (filed January 22, 2015, and dismissed September 1, 2015); and 16-bk-12356 (filed August 15, 2016, and dismissed on November 22, 2017).