George F. Indest III, Esquire
The Health Law Firm
1101 Douglas Avenue
Altamonte Springs, FL 32714

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____x
In re:

NEELAM TANEJA,
    a/k/a NEELAM T. UPPAL
_____x
NEELAM TANEJA,
a/k/a NEELAM UPPAL

       Plaintiff/Debtor,

vs.

THE HEALTH LAW FIRM,
GEORGE F. INDEST III,

       Defendants/Creditor.
_____x

Chapter 13

Case No.: 16-bk-12356-cgm

Adv. Proc. No.: 17-ap-01027-cgm

**Order to Reopen & Register**
**Final Judgment**

**ORDER TO REGISTER JUDGMENT**

This matter came before the Court on Defendants'/Creditor's The Health Law Firm and George F. Indest III's Motion for Order to Register Final Judgment [Case No. 17-ap-01027-cgm; Doc. 57], pursuant to 28 U.S.C. § 1963. The Final Judgment was entered by this Court on July 19, 2017.[1] [Case No. 17-ap-01027-cgm; Doc. 29]

**THE COURT TAKES JUDICIAL NOTICE** of 1) the Court's file in <u>In re Taneja</u>, Case

---

[1] The Court notes that this was just one (1) of five (5) adversary proceedings that Debtor/Plaintiff Taneja filed against her debtors and against their individual attorneys in this bankruptcy proceeding. None of them were successful.

No. 16-bk-12356-cgm; 2) the five (5) subordinate adversary proceedings filed by the Debtor within it, including Case No. 17-ap-01027-cgm; 3) the unsuccessful appeal Debtor Taneja filed with the Bankruptcy Appeal Panel of the Southern District of New York (Case No. 17-cv-5618 (ER)); and 4) the appeal to the Second Circuit Court of Appeals the debtor has now filed (Case No. 18-225).

**THE COURT FINDS** Plaintiff/Debtor Neelam Taneja, a/k/a Neelam Taneja Uppal (herein "Taneja") originally appealed the Final Judgment to the Bankruptcy Appeals Panel (BAP) of the Southern District of New York (Case No. 17-cv-5618 (ER)). On April 14, 2018, the BAP denied her appeal and awarded Defendants/Creditor The Health Law Firm and George Indest an additional $5,000 in attorney's fees and costs against her.

**THE COURT FINDS** that to further delay enforcement of this Court's Final Judgment [Case No. 17-ap-01027-cgm; Doc. 29], Debtor/Plaintiff Taneja has now appealed to the Second Circuit Court of Appeals (Case No. 18-1225).

**THE COURT FINDS,** in support of the Defendants' motion, that good cause exists in this case for entry of an order to register the Final Judgment [Case No. 17-ap-01027-cgm; Doc. 29] in a foreign district, that:

1. Taneja has no identifiable assets in the State of New York;
2. Taneja does have assets in other districts, specifically the Middle District of Florida;
3. Such assets may be concealed or transferred if prompt registration of the judgment is not permitted by the Court;
4. Taneja failed to post a supersedes bond pending appeal of the Final

Judgment in this adversary action, even though Taneja filed her Motion for Stay Pending Appeal on July 24, 2017;

**THE COURT FINDS** such a showing satisfies the "good cause" requirement of 28 U.S.C. § 1963.

**THE COURT FINDS** that good cause has been shown for registration of a Final Judgment in a foreign jurisdiction while an appeal of the Final Judgment remains pending.  *See* <u>Chicago Down Ass'n v. Chase</u>, 944 F. 2d 366, 372 (7th Cir. 1991) ("good cause" existed where defendant owned no property in district of judgment, defendant owned property in other districts, plaintiff feared that defendant might transfer or conceal such property, and defendant failed to post a supersedes bond); and <u>Johns v. Rozet</u>, 143 F.R.D. 11, 12 (D.D.C. 1992) (same); <u>Associated Business Telephone Sys. Corp. v. Greater Capital Corp</u>, 128 F.R.D. 63, 68 (D.N.J. 1989) ("good cause" shown where defendant had no assets in district of judgment but did have assets in other districts).

**THE COURT FINDS** the Final Judgment [Case No. 17-ap-01027-cgm;  Doc. 29] is currently on appeal, and Taneja has not filed a supercedes bond to stay enforcement of the Final Judgment [Doc. 29].  In <u>Occidental Fire & Cas. Co. of N.C. v. Great Plains Capital Corp.</u>, 912 F.Supp. 515, 519 (S.D. Florida 1995), the Court determined the final judgment could not be registered in a foreign district until the final judgment had become final by appeal or until the Arizona court had ordered registration for good cause shown, ruling that the registration case had been prematurely filed.

**IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:**

**THE COURT GRANTS** Defendants'/Creditor's Motion to reopen the case [Case No. 17-

ap-01027-cgm; Doc. 57] for this limited purpose and it is hereby re-opened for this limited purpose.

**THE COURT GRANTS** Defendants'/Creditor's Motion for an Order to Register Judgment [Case No. 17-ap-01027-cgm; Doc. 57].

**THE COURT ORDERS** the Clerk of Court to: (1) Prepare and execute the Certification of Judgment for Registration in Another District, attaching a certified copy of the Final Judgment entered in this adversary proceeding [Case No. 17-ap-01027-cgm; Doc. 29]; and (2) Submit the Certification and the certified copy of the Final Judgment to the Clerk of Court, U.S. District Court, Middle District of Florida (Tampa Division).

**THE COURT FURTHER FINDS** that attorney's fees and costs are proper to award in favor of Defendants/Creditor The Health Law Firm and George Indest and against Plaintiff/Debtor Neelam Taneja, a/k/a Neelam Taneja Uppal, that were reasonably incurred to obtain this Order.

**THE COURT FURTHER FINDS** that any additional attorney's fees and costs incurred by the Defendants/Creditor to enforce the Final Judgment [Case No. 17-ap-01027-cgm; Doc. 29] are proper to award against Plaintiff/Debtor Neelam Taneja, a/k/a Neelam Taneja Uppal, in this matter.

**THE COURT FURTHER ORDERS,** that the Court shall retain jurisdiction to enforce this Order and other post-judgment matters, including, but not limited to, a determination of any additional attorney's fees or costs owed by Plaintiff/Debtor to Defendants/Creditor.