**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x

| | |
|---|---|
| In re: | **Adversary Proceeding No.:**<br>**17-ap-01027-cgm** |
| NEELAM TANEJA,<br>a/k/a NEELAM T. UUPPAL | Chapter 13 Case No.: |
| Debtor/Plaintiff, | 16-bk-12356-cgm |
| vs. | |
| THE HEALTH LAW FIRM, | **Fifth Motion for Judicial Notice** |
| Creditor/Defendant. | |

---------------------------------------------------------------x

# CREDITOR/DEFENDANT THE HEALTH LAW FIRM'S FIFTH MOTION TO TAKE JUDICIAL NOTICE WITH SUPPORTING MEMORANDUM OF LAW

**COMES NOW**, Creditor/Defendant, The Health Law Firm, and George Indest, an attorney employed by The Health Law Firm, by and through their undersigned counsel, the aforesaid George Indest (who is appearing for limited purposes only and not waiving any right, objection or defense he may have), and moves this Court to take judicial notice in the above-referenced Adversary Proceeding, pursuant to Rule 201, Federal Rules of Evidence, of the following documents, **in support of their Motion to for Order to Register Final Judgment, filed on June 4, 2018 [Doc. 57], and scheduled and noticed to be heard on July 12, 2018**:

    1.    Debtor/Plaintiff Neelam Taneja Uppal's Motion for Extension of Time to File Amended Complaint dated June 13, 2018, in <u>Uppal v. Bank of America, et al.</u>, Case No. 18-cv-3085 (S.D.N.Y.) (Doc. 11) (in which Debtor/Plaintiff Uppal claims she is in the hospital with a heart attack and requires a 180 day extension of time to file a document with the District Court) (Exhibit "1");

  2. Debtor/Plaintiff Neelam Taneja Uppal's 26 page "Motion for Rehearing and Rehearing en Banc," which she filed five (5) days later on June 18, 2018, in Neelam Uppal v. The Health Law Firm, Case No. 5D18-0671 (Fla. 5th Dist Ct. App.) (showing she is not too ill to file lengthy documents in other courts) (Exhibit "2"); and

  3. Debtor/Plaintiff Neelam Taneja Uppal's seven (7) page "Notice to Invoke Discretionary Jurisdiction," which she filed two (2) days later on June 20, 2018, in Neelam Uppal v. The Health Law Firm, Case No. 5D17-3401 (Fla. 5th Dist Ct. App.) (also showing she is not too ill to file lengthy documents with the courts) (Exhibit "3").

The foregoing documents are also being filed to show that Debtor/Plaintiff Neelam Taneja Uppal may attempt to deceive the Court into believing she is too ill to respond to the Motion by the hearing date set months in advance and may attempt to delay the hearing.

**The foregoing documents also show that Debtor Neelam Taneja Uppal continues with her vexatious litigation calculated solely to cause harassment and unnecessary delay.**

**WHEREFORE**, Creditor/Defendants The Health Law Firm and George Indest request this Court to take judicial notice of the foregoing facts and admit as an exhibits in Adversary Proceeding number 17-ap-01027-cgm and the three (3) documents attached to this motion as Exhibits, pursuant to Rule 201, Federal Rules of Evidence.

### SUPPORTING MEMORANDUM OF LAW

Rule 9017, Federal Rules of Bankruptcy Procedure, states:  "The Federal Rules of Evidence . . . apply in cases under the Code."

Rule 201 of the Federal Rules of Evidence states:
**Judicial Notice of Adjudicative Facts**

>**1.(a) Scope.** This rule governs judicial notice of an adjudicative fact only, not a legislative fact.
>
>**(b) Kinds of Facts That May Be Judicially Noticed.** The court may judicially notice a fact that is not subject to reasonable dispute because it:
>
>>(1) is generally known within the trial court's territorial jurisdiction; or
>>(2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.
>
>**(c) Taking Notice**. The court:
>
>>(1) may take judicial notice on its own; or
>>(2) must take judicial notice if a party requests it and the court is supplied with the necessary information.
>
>**(d) Timing.** The court may take judicial notice at any stage of the proceeding. . . .

Rule 201 of the Federal Rules of Evidence is applicable in bankruptcy cases pursuant to Rule 9017, Federal Rules of Bankruptcy Procedure; a bankruptcy court properly takes judicial notice of the contents of the debtor's petition, schedules, statement of affairs, and related documents filed in the bankruptcy. Clark v. Reed (In re Reed), 293 B.R. 65, 2003 Bankr. LEXIS 812, (Bankr. D. Kan. 2003).

Where a bankruptcy debtor filed an action against creditors, arguing that the creditors' actions had violated state law as an unlawful distribution, and the creditor moved to dismiss, it was permissible for the court to take judicial notice, under Rule 201(b)(2), Federal Rules of Evidence, of extrinsic facts about the debtor. Enron Corp. v. Bear, Stearns Int'l Ltd. (In re Enron Corp.),

323 B.R. 857, 2005 Bankr. LEXIS 701 (Bankr. S.D.N.Y. 2005).

The bankruptcy court can take judicial notice, pursuant to Rule 201(b)(2) and (c)(1), Federal Rules of Evidence, of state court records. In re Sas, 488 B.R. 178, 2013 Bankr. LEXIS 1223 (Bankr. D. Nev. 2013). Therefore, this Court may take judicial notice of the many prior frivolous filings of the Debtor in various state court proceedings, as well as all of the filings in the state court case that gave rise to the claim that the Debtor is challenging herein.

## RELIEF REQUESTED

Creditor/Defendants The Health Law Firm and George Indest request this Court to take judicial notice of the foregoing fact and admit as an exhibit in Adversary Proceeding number 17-ap-01027-cgm and the three (3) documents attached to this motion as an exhibit, pursuant to Rule 201, Federal Rules of Evidence.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will automatically serve each party that is a registered CM/ECF user for this adversary proceeding; in addition I have served Debtor/Plaintiff Neelam Taneja Uppal (pro se) electronically at her e-mail address: nneelu123@aol.com; I have also served a copy of this on Debtor Neelam Taneja Uppal (pro se) by mailing it via U.S. mail, postage prepaid to her at:

1. 1370 Broadway #504, New York, New York 10018,
2. 17715 Gulf Boulevard, #705, Redington Shores, Florida 33782, and
3. Post Office Box 1002, Largo, Florida 33779; and

I have also served a copy of the foregoing via U.S. mail, postage prepaid, to the following: Bankruptcy Trustee Krista Preuss, Esquire, at 399 Knollwood Road, Suite 102, White Plains, New

York 10603, and electronically at kpreuss@ch13tr.com;  on this 23rd day of June 2018.

/s/  George F. Indest III
_____
**GEORGE F. INDEST III, J.D., M.P.A., LL.M.**
Florida Bar No.:  382426
(Admitted Pro Hac Vice)
Primary e-mail:  GIndest@TheHealthLawFirm.com
Secondary e-mail: CourtFilings@TheHealthLawFirm.com
**THE HEALTH LAW FIRM**
1101 Douglas Avenue
Altamonte Springs, Florida 32714
Telephone:  (407) 331-6620
Telefax:  (407) 331-3030
**ATTORNEYS FOR CREDITOR/DEFENDANT,
THE HEALTH LAW FIRM, P.A.**

Attachments:  Index to Exhibits and Exhibits

GFI/tm
S:\Collections\1516-Uppal, Neelam, MD\006-BR NY-CLOSED\Pleadings-Drafts\Fifth Judicial Notice\Motion to Take Judicial Notice, Fifth.wpd