**IN THE FIFTH DISTRICT COURT OF APPEALS
DAYTONA BEACH, FLORIDA**

RECEIVED, 6/18/2018 12:40 PM, Joanne P. Simmons, Fifth District Court of Appeal

**FIFTH DCA No.:5D18-0671**

**NEELAM T. UPPAL,**

                **Appellant/ Defendant**

**V.**

**HEALTHLAW FIRM,
GEORGE INDEST**

            **Appellee/Plaintiff**

_____

**<u>MOTION FOR REHEARINGAND REHEARING EN BANC</u>**

Comes Now, appellant, Neelam Uppal, Pro se files a MOTION FOR

REHEARING pursuant to

Rule 1.530(a): "on a motion for rehearing of matters heard without a jury,

including summary judgments, the court may open the judgment if one has been

entered, take additional testimony, and enter a new judgment."

# Exhibit 2

Rule 9.330(a): "state with particularity the points of law or fact that, in the opinion
of the movant, the court has overlooked or misapprehended in its decision, and
shall not present issues not previously raised in the proceeding."

While a Rule 1.530 motion may raise new arguments, Rule 9.330 motions are
limited to mistakes or oversights by the appellate court based on the issues already
raised.

## INTRODUCTION

**The court is in direct contradiction of its orders.**

This a Clear and direct case whereby the Appellee procured this Judgement by
Fraud. Appellee filed a blank unsigned retainer to the complaint for breach
of contract  intentionally to make more money. He then made an
Administrative Order to get Judge Jessica Reckseidler. The Appellee was to
refund the deposited money, which he never did. The Appellee fabricated
bills on cases that he was never retained by getting information from public
data.  He never billed the Appellant. He then filed fabricated bills to the
Judge.   And the Seminole Court Judge entered an ex-parte order and
allowed it.

2.  The Appellant contends that the Appellee violated the laws by artificially

creating fees and costs incurred and then paid by the lower court Judge

through this misleading scheme.

Therefore, this Fraudulently procured Judgment must be specifically declared void.

This court has clearly omitted the evidence and misapprehended the case.

> Supporting such actions of the lower Court would suggest Bias for alterior
> reasons.

STANDARD OF REVIEW

This lawfirm has had Seminole county court take such unlawful Jurisdiction on
over a hundred cases in the last couple of years (App. 5) Pursuant to Fla. Rules of
Civ. Proceeding 1.530, 1.510, 1.210(a) and this court's inherent authority to
control its own  orders and Florida Rules of Civil Procedure

**RULE 1.540 RELIEF FROM JUDGMENT, DECREES, OR ORDERS**

(a) Clerical Mistakes. Clerical mistakes in judgments, decrees, or other parts of the
record and errors therein arising from oversight or omission may be corrected by
the court at any time on its own initiative or on the motion of any party and after
such notice, if any, as the court orders. During the pendency of an appeal such
mistakes may be so corrected before the record on appeal is docketed in the
appellate court, and thereafter while the appeal is pending may be so corrected
with leave of the appellate court.

**1.** (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered
Evidence; Fraud; etc. On motion and upon such terms as are just, the court
may relieve a party or a party's legal representative from a final judgment,
decree, order, or proceeding for the following reasons: (1) mistake,
inadvertence, surprise, or excusable neglect; (2) newly discovered evidence
which by due diligence could not have been discovered in time to move for
a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic
or extrinsic), misrepresentation, or other misconduct of an adverse party; (4)
that the judgment or decree is void; or (5) that the judgment or decree has
been satisfied, released, or discharged, or a prior judgment or decree upon
which it is based has been reversed or otherwise vacated, or it is no longer
equitable that the judgment or decree should have prospective application.
The motion shall be made within a reasonable time, and for reasons (1), (2),
and (3) not more than 1 year after the judgment, decree, order, or
proceeding as entered or taken. A motion under this subdivision does not
affect the finality of a judgment or decree or suspend its operation. This rule
does not limit the power of a court to entertain an independent action to
relieve a party from a judgment, decree, order, or proceeding or to set aside
a judgment or decree for fraud upon the court. Judge has clearly violated
Fla. Const. Art. I, Sec 2, F.S. 77.041, F.S. 222.11

## II. LACK OF JURISDICTION

The lower court clearly lacked Jurisdiction and abused authority to make money
for the Appellee.

1.  The Bankruptcy adversary case was still pending in The United States

    District Court See  1:cv-18-1225 and 1:cv-17-9429.

2.  These issues are pending in United States District Court and United States

    Court of Appeals. See 1:17-cv-3362 for these same issues. Lower Court did

    not have Jurisdiction at that time.This is in violation of **28 U.S.C. 1334 (a).**

    **28 U.S. Code § 1334 - Bankruptcy cases and proceedings(a)**

3.  **Except as provided in subsection (b) of this section, the district courts**

    **shall have <u>original and exclusive</u> jurisdiction of all cases under title 11.**

Which States.        18 USC 1334 (e), The  Jurisdiction is in bankruptcy continues

until the case is closed

*(e)The district court in which a case under title 11 is commenced or is **pending***

*shall have exclusive jurisdiction—*

*(1)of all the property, wherever located, of the debtor as of the commencement of*

*such case, and of property of the estate; and*

2.  The Seminole County Court did not have Jurisdiction such that the orders

    entered must not be executed and to prevent the enforcement of orders

    already entered. See *Dix v. Richardson, 427 S.2d 1067, 1068 (Fla. Dist. App.*

    *1st 1983); Columbo v. Legendre, 397 S.2d 1043, 1044 (Fla. Dist. App. 5th*

    *1981); see generally English, 348 S.2d at 297* (holding that prohibition is

    appropriate when the order entered is void for lack of jurisdiction.


3.  Pursuant to the rule 9.600, & 18 USC1334 this court does not have

    Jurisdiction.   18 USC 1334 (a), 'The  Jurisdiction is in bankruptcy *continues*

    *until the case is closed.'* The Appellee has  filed claim in the the defendant's

    bankruptcy case. This, also, constitutes prohibition under the *Doctrine of*

    *Collateral estopelle.*

4.  Compare the state court decisions holding that a order with lack of

    jurisdiction that divests rights or attempts to transfer the possession of

    property is not only erroneous but void. *State ex rel. Reynolds v. Graves, 66*

    *Neb. 17, 21, 92 N.W. i44, 145 (1902); Tawas & Bay County R.R. v. Circuit*

    *Judge, 44 Mich. 479, 482, 7 N.W. 65, 66 (1880); cf.-Weaver v. Toney, 107*

*Ky. 419, 54 S.W. 732 (x899); People ex rel. Port Huron & Gratiot Ry. Co. v.*

*Judge of St. Clair Circuit, 31 Mich. 456 (1875).*

5. A judgment may not be rendered in violation of constitutional protections.

The validity of a judgment may be affected by a failure to give the

constitutionally required due process notice and an opportunity to be heard.

*Earle v. McVeigh, 91 US 503, 23 L Ed 398. See also Restatements,*

*Judgments ' 4(b). Prather vLoyd, 86 Idaho 45, 382 P2d 910.*

6. A void judgment is not entitled to the respect accorded a valid adjudication,

but may be entirely disregarded, or declared inoperative by any tribunal in

which effect is sought to be given to it. It is attended by none of the

consequences of a valid adjudication. It has no legal or binding force or

efficacy for any purpose or at any place. ... It is not entitled to enforcement ...

All proceedings founded on the void judgment are themselves regarded as

invalid. 30A Am Jur Judgments "

7. It is a fundamental doctrine of law that a party to be affected by a personal

judgment must have his day in court, and an opportunity to be heard. *Renaud*

*v. Abbott, 116 US 277, 29 L Ed 629, 6 S Ct 1194.*

8. Every person is entitled to an opportunity to be heard in a court of law upon every question involving his rights or interests, before he is affected by any judicial decision on the question. *Earle v McVeigh, 91 US 503, 23 L Ed 3*98.

**No Opportunity to Be Heard**

The Appellant was not given an Opportunity to be heard, no Continuance or phone hearing allowed even when she got stranded by Hurricane IRMA.

A judgment of a court without hearing the party or giving him an opportunity to be heard is not a judicial determination of his rights. *Sabariego v Maverick, 124 US 261, 31 L Ed 430, 8 S Ct 461,* and is not entitled to respect in any other tribunal.

"A judgment which is void upon its face, and which requires only an inspection of the judgment roll to demonstrate its wants of vitality is a dead limb upon the judicial tree, which should be lopped off, if the power to do so exists*." People v. Greene, 71 Cal. 100 [16 Pac. 197, 5 Am. St. Rep. 448]. "If a court grant*s relief, which under the circumstances it hasn't any authority to grant, its judgment is to that extent void." *(1Freeman on Judgments, 120c.)* **An illegal order is forever void**.

**Orders Exceeding Jurisdiction**

An order that exceeds the jurisdiction of the court is void, and can be attacked in any proceeding.

## Orders Exceeding Jurisdiction

An order that exceeds the jurisdiction of the court is void, and can be attacked in any proceeding in any court where the validity of the judgment comes into issue. (See *Rose v. Himely (1808) 4 Cranch 241, 2 L ed 608; Pennoyer v. Neff (1877) 95 US 714, 24 L ed 565; Thompson v. Whitman (1873) 18 Wall 457, 21 l ED 897; Windsor v. McVeigh (1876) 93 US 274, 23 L ed 914; McDonald v. Mabee (1917) 243 US 90, 37 Sct 343, 61 L ed 608.*

"If a court grants relief, which under the circumstances it hasn't any authority to grant, its judgment is to that extent void." (*1 Freeman on Judgments*, 120c.)  "A void judgment is no judgment at all and is without legal effect." (*Jordon v. Gilligan, 500 F.2d 701, 710 (6th Cir. 1974*) "a court must vacate any judgment entered in excess of its jurisdiction." (*Lubben v. Selective Service System Local Bd. No. 27, 453 F.2d 645 (1st Cir. 1972).*

.

## Authorities on Void Judgments

Black's Law Dictionary, Sixth Edition, page 1574

Void judgment. One which has has no legal force or effect, invalidity of which may be asserted by any person whose rights are affected at any time and at any place directly or collaterally. *Reynolds v. Volunteer State Life Ins. Co.,*

*Tex.Civ.App., 80 S.W.2d 1087, 1092*. One which from its inception is and forever continues to be absolutely null, without legal efficacy, ineffectual to bind parties or support a right, of no legal force and effect whatever, and incapable of confirmation, ratification, or enforcement in any manner or to any degree. Judgment is a "void judgment" if court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process. *Klugh v. U.S., D.C.S.C., 610 F.Supp. 892, 901*.

**Other Authorities on Void Judgments**:

Void judgments are those rendered by a court which lacked jurisdiction on the parties. See:

*Wahl v. Round Valley Bank, 38 Ariz. 411, 300 P.955 (1931) Tube City Mining & Milling Co. v. Otterson, 16 Ariz. 305, 146 P. 203 (1914) Milliken v. Meyer, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 2d 278 (1940)*

A void judgment which includes judgment entered by a court which lacks jurisdiction over the parties or the subject matter, or lacks inherent power to enter the particular judgment, or an order procured by fraud, can be attacked at any time, in any court, either directly or collaterally, provided that the party is properly before the court. See *Long v. Shorebank Development Corp., 182 F.3d 548 (C.A. 7 Ill. 1999)*

A void judgment is one which, from its inception, was a complete nullity and without legal effect. *See Lubben v. Selective Service System Local Bd. No. 27, 453 F.2d 645, 14 A.L.R. Fed. 298 (C.A. 1 Mass. 1972*)

A void judgment is one which from the beginning was complete nullity and without any legal effect. See *Hobbs v. U.S. Office of Personnel Management, 485 F.Supp. 456 (M.D. Fla. 1980).*

Void judgment is one that, from its inception, is complete nullity and without legal effect. *Holstein v. City of Chicago, 803 F.Supp. 205, reconsideration denied 149 F.R.D. 147, affirmed 29 F.3d 1145 (N.D. Ill. 1992).*

Void judgment is one where court lacked personal or subject matter jurisdiction or entry of order violated due process, *U.S.C.A. Const. Amend. 5-Triad Energy Corp. v. McNell, 110 F.R.D. 382 (S.D.N.Y. 1986*).

Judgment is a void judgment if court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process, *Fed Rules Civ. Proc., Rule 60(b)(4), 28 U.S.C.A.; U.S.C.A. Const Amend.* A void judgment is one which, from its inception, was a complete nullity and without legal effect, *Rubin v. Johns, 109 F.R.D. 174 (D. Virgin Islands 1985*).

A void judgment is one which, from its inception, is and forever continues to be absolutely null, without legal efficacy, ineffectual to bind the parties or to support a

right, of no legal force and effect whatever, and incapable of enforcement in any manner or to any degree. *Loyd v. Director, Dept. of Public Safety, 480 So.2d 577 (Ala.Civ.App. 1985).* A judgment shown by evidence to be invalid for want of jurisdiction is a void judgment or at all events has all attributes of a void judgment, *City of Los Angeles v. Morgan, 234 P.2d 319 (Cal.App. 2 Dist. 1951).*

Void judgment which is subject to collateral attack, is simulated judgment devoid of any potency because of jurisdictional defects, *Ward. v. Terriere, 386 P.2d 352 (Colo. 1963). A* void judgment is a simulated judgment devoid of any potency because of jurisdictional defects only, in the court rendering it and defect of jurisdiction may relate to a party or parties, the subject matter, the cause of action, the question to be determined, or relief to be granted, *Davidson Chevrolet, Inc. v. City and County of Denver, 330 P.2d 1116, certiorari denied 79 S.Ct. 609, 359 U.S. 926, 3 L.Ed. 2d 629 (Colo. 1958).*

Void judgment is one entered by court without jurisdiction of parties or subject matter or that lacks inherent power to make or enter particular order involved and such a judgment may be attacked at any time, either directly or collaterally, *People v. Wade, 506 N.W.2d 954 (Ill. 1987).*

Void judgment may be defined as one in which rendering court lacked subject matter jurisdiction, lacked personal jurisdiction, or acted in manner inconsistent with due process of law *Eckel v. MacNeal, 628 N.E.2d 741 (Ill. App.Dist. 1993).*

Void judgment is one entered by court without jurisdiction of parties or subject matter or that lacks inherent power to make or enter particular order involved; such judgment may be attacked at any time, either directly or collaterally *People v. Sales, 551 N.E.2d 1359 (Ill.App. 2 Dist. 1990).*

Void judgment is one which, from its inception is complete nullity and without legal effect In re *Marriage of Parks, 630 N.E.2d 509 (Ill.App. 5 Dist. 1994*).

Void judgment is one entered by court that lacks the inherent power to make or enter the particular order involved, and it may be attacked at any time, either directly or collaterally; such a judgment would be a nullity. *People v. Rolland, 581 N.E.2d 907 (Ill.APp. 4 Dist. 1991).*

Void judgment under federal law is one in which rendering court lacked subject matter jurisdiction over dispute or jurisdiction over parties or acted in manner inconsistent with due process of law or otherwise acted unconstitutionally in entering judgment, *U.S.C.A. Const. Amend. 5, Hays v. Louisiana Dock Co., 452 N.E.2d 1383 (Ill App. 5 Dist. 1983).*

A void judgment has no effect whatsoever and is incapable of confirmation or ratification, *Lucas v. Estate of Stavos, 609 N.E.2d 1114, rehearing denied, and transfer denied (Ind. App. 1 Dist. 1993).*

Void judgment is one that from its inception is a complete nullity and without legal effect *Stidham v. Whelchel, 698 N.E.2d 1152 (Ind. 1998).*

Relief from void judgment is available when trial court lacked either personal or subject matter jurisdiction*, Dusenberry v. Dusenberry, 625 N.E.2d 458 (Ind.App. 1 Dist. 1993).*

Void judgment is one rendered by court which lacked personal or subject matter jurisdiction or acted in manner inconsistent with due process, *U.S.C.A. Const. Amends. 5, 14, Matter of Marriage of Hampshire, 896 P.2d 58 (Kan.1997)*

Judgment is void if court that rendered it lacked personal  jurisdiction; void judgment is nullity and may be vacated at any time*, Matter of Marriage of Welliver, 869 P.2d 653 (Kan. 1994).*

A void judgment is one rendered by a a court which lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process, In *re. Estate of Wells, 983 P.2d 279, (Kan.App. 1999).*

A void judgment is one rendered in absence of jurisdiction over the parties, *Lange v. Johnson, 204 N.W.2d 205 (Minn. 1973).*

A void judgment is one which has merely semblance, without some essential

element, as when court purporting to render it has no jurisdiction, *Mills v.*

*Richardson, 81S.E.2d 409 (N.C. 1954).*

A void judgment is one which has a mere semblance, but is lacking in some of the

essential elements which would authorize the court to proceed to judgment,

*Henderson v. Henderson, 59 S.E.2d 227, (N.C. 1950).*

Void judgment is one entered by court without jurisdiction to enter such judgment,

*State v. Blankenship, 675 N.E.2d 1303, (Ohio App. 9 Dist. 1996).*

Void judgment, such as may be vacated at any time is one whose invalidity appears

on face of judgment roll, *Graff v. Kelly, 814 P.2d 489 (Okl. 1991).*

A void judgment is one that is void on face of judgment roll, *Capital Federal*

*Savings Bank v. Bewley, 795 P.2d 1051 (Okl. 1990).*

A void judgment is one in which the judgment is facially invalid because the court

lacked jurisdiction or authority to render the judgment, *State v. Richie, 20 S.W.3d*

*624 (Tenn. 2000).*

Void judgment is one which shows upon face of record want of jurisdiction in

court assuming to render judgment, and want of jurisdiction may be either of

persons, subject matter generally, particular question to be decided or relief

assumed to be given, *State ex re. Dawson v. Bomar, 354 S.W.2d 763, certiorari denied, (Tenn. 1962).*

A void judgment is one which shows upon face of record a want of jurisdiction in court assuming to render judgment, *Underwood v. Brown, 244 S.W.2d 168 (Tenn. 1951).*

Void judgment is one which has no legal force or effect whatever, it is an absolute nullity, its invalidity may be asserted by any person whose rights are affected at any time and at any place and it need not be attacked directly but may be attacked collaterally whenever and wherever it is interposed, *City of Lufkin v. McVicker, 510 S.X.2d 141 (Twx.Civ.App.-Beaumone 1973).*

A void judgment, insofar as it purports to be pronouncement of court, is an absolute nullity, *Thompson v. Thompson, 238 S.W.2d 218 (Tex.Civ.App.-Waco 1951).*

A void judgment is one that has been procured by extrinsic or collateral fraud, or entered by court that did not have jurisdiction over subject matter or the parties, *Rook v. Rook, 353 S.E. 2d 756 (Va. 1987).*

A void judgment is a judgment, decree, or order entered by a court which lacks jurisdiction of the parties or of the subject matter, or which lacks the inherent

power to make or enter the particular order involved, State ex re. *Turner v. Briggs, 971 P.2d 581 (Wash.App.Div. 1999).*

A void judgment or order is one that is entered by a court lacking jurisdiction over the parties or the subject matter, or lacking the inherent power to enter the particular order or judgment, or where the order was procured by fraud, In re *Adoption of E.L., 733 N.E.2d 846, (Ill. APp. 1 Dist. 2000).*

Void judgments are those rendered by court which lacked jurisdiction, either of subject matter or parties*, Cockerham. v. Zikratch, 619 P.2d 739 (Ariz. 1980).*

Void judgments generally fall into two classifications, that is, judgments where there is want of jurisdiction of person or subject matter, and judgments procured through fraud, and such judgments may be attacked directly or collaterially, *Irving v. Rodriquez, 169 N.E.2d 145, (Ill. app. 2 Dis. 1960).*

Invalidity needs to appear on face of judgment alone that judgment or order may be said to be intrinsically void or void on its face, if lack of jurisdiction appears from the record, *Cockett Oil Co. v. Effie, 374 S.W.2d 154 (Mo.App. 1964).*

Void order which is one entered by court which lacks jurisdiction over parties or subject matter, or lacks inherent power to enter judgment, or order procured by fraud, can be attacked at any time, in any court, either directly or collaterally,

provided that party is properly before court, *People ex. re. Brzica v. Village of Lake Barrington, 644 N.E.2d 66 (Ill.App.2 Dist. 1994).*

Florida courts give great weight to federal courts' interpretations of Federal Rule of Civil Procedure governing motion for releif from judgment in interpreting identical text of Florida staute 1.540.

When rule providing for relief from void judgments is applicable, relief is not discretionary matter, but is mandatory, *Orner. V. Shalala, 30 F.3d 1307 (Colo. 1994).*

Judgments entered where court lacked either subject matter or personal jurisdiction, or that were otherwise entered in violation of due process of law, must be set aside*, Jaffe and Asher v. Van Brunt, S.D.N.Y.1994, 158 F.R.D. 278.*

A "void" judgment, as we all know, grounds no rights, forms no defense to actions taken thereunder, and is vulnerable to any manner of collateral attack (thus here, by). No statute of limitations or repose runs on its holdings, the matters thought to be settled thereby are not res judicata, and years later, when the memories may have grown dim and rights long been regarded as vested, any disgruntled litigant may reopen old wound and once more probe its depths. And it is then as though trial and adjudication had never been*. Fritts v. Krugh, Supreme Court of Michigan, 92 N.W.2d 604, 354 Mich. 97 (10/13/58).*

.

When the complaint is devoid of the jurisdictional allegations required for service,

the defendant cannot be properly served under the service statute. Id. (citing *Drake*

*v. Scharlau, 353 So.2d 961, 964 (Fla. 2d DCA 1978)*). Where, as here, the

complaint only alleges that the defendants were residents of Dade

County, the defendants are only subject to personal service. See *Drake v. Scharlau,*

*353 So.2d 961, 964 (Fla. 2d DCA 1978)*. Since the plaintiff did not personally

serve the defendants and  service was defective, the trial court should have

granted the defendants' motion to quash service of process. As the trial court did

not have personal jurisdiction over the defendants, the verdict must be set aside

and the matter remanded.

 A judgment that is "void" may be attacked by motion under rule 60(b), regardless

of whether the motion is made within one year or is made later[1], by an

independent suit in equity if for some reason the motion under 60(b) would not

provide adequate relief[2]; or by denying the validity of the judgment when it is

relied on in a subsequent action. A void judgment cannot create a right or

obligation, as it is not binding on anyone. See *Fischbeck, 162 Wis. at 17, 154 N.W.*

*at 703*. Florida courts have long drawn a distinction between a "void" judgment

and a "voidable" judgment.  A void judgment is one entered in the absence of the

court's jurisdiction over the person.  See, e.g., *Sterling Factors Corp. v. U.S. Bank Nat'l Ass'n, 968 So. 2d 658, 665 (Fla. 2d DCA 2007); Palmer v. Palmer, 479 So. 2d 221, 221 (Fla. 5th DCA 1985)* ("If a court has subject matter jurisdiction and that jurisdiction has been properly invoked by pleadings and properly perfected by service of process, its judgments, although erroneous as to law or fact and subject to reversal on appeal, are nevertheless not void.").

A void judgment is one that has been procured by extrinsic or collateral fraud, or entered by court that did to have jurisdiction over subject matter or the parties, *Rook v. Rook, 353 S.E. 2d 756, (Va. 1987).*

Void judgments generally fall into two classifications, that is, judgments where there is want of jurisdiction of person or subject matter, and judgments procured through fraud, and such judgments may be attacked directly or collaterally, *Irving v. Rodriquez, 169 N.E.2d 145, (Ill.app. 2 Dist. 1960)*

## **FRAUD ON COURT**

Florida courts have long recognized the principle that a party who has been guilty of fraud or misconduct in the prosecution or defense of a civil proceeding should not be permitted to continue to employ the very institution it has subverted to achieve his or her ends. *Carter v. Carter, 88 So.2d 153, 157 (Fla. 1956).* This

"fraud on the court" can and should result in the case being dismissed with

prejudice.

Ten years ago, the fraud on the court doctrine was infused with decisions which

took an increasingly harsh stance on fraud committed by personal injury plaintiffs.

As the Fifth District Court of Appeal stated *in Cox v. Burke, 706 So.2d 43, 47 (Fla.*

*5th DCA 1998):*

The integrity of the civil litigation process depends on truthful disclosure of facts.

A system that depends on an adversary's ability to uncover falsehoods is doomed to

failure, which is why this kind of conduct must be discouraged in the strongest

possible way.

A void judgment is one that has been procured by extrinsic or collateral fraud, or

entered by court that did not have jurisdiction over subject matter or the parties,

Rook v. Rook, 353 S.E. 2d 756 (Va. 1987). 31.    A void judgment is not entitled

to the respect accorded a valid adjudication, but may be entirely disregarded, or

declared inoperative by any tribunal in which effect is sought to be given to it. It is

attended by none of the consequences of a valid adjudication. It has no legal or

binding force or efficacy for any purpose or at any place. ... It is not entitled to

enforcement ... All proceedings founded on the void judgment are themselves

regarded as invalid. 30A Am Jur Judgments "

It is a fundamental doctrine of law that a party to be affected by a personal

judgment must have his day in court, and an opportunity to be heard. Renaud v.

Abbott, 116 US 277, 29 L Ed 629, 6 S Ct 1194.

Every person is entitled to an opportunity to be heard in a court of law upon

every question involving his rights or interests, before he is affected by any judicial

decision on the question. Earle v McVeigh, 91 US 503, 23 L Ed 398.

The Fifth District Court of Appeal decided *Bologna v. Schlanger, 995 So.2d 526*

*(Fla. 5th DCA 2008)*. Without conducting an evidentiary hearing, the trial court

granted a motion to dismiss Bologna's case with prejudice after finding that she

committed fraud on the court by intentionally failing to disclose her previous

treatment for the same conditions for which she sought damages.

The Fifth District Court of Appeal reversed after going to great lengths to

reexamine the records and testimony about *Bologna's p*rior injury. The court also

criticized the defense attorney for what it characterized as a "fraud" strategy, "If a

plaintiff denies a particular prior injury or treatment or pattern of pain, rather than

probe in detail - which may risk the jogging of the plaintiff's memory - the

questioning on this point just stops until the inevitable motion to dismiss for fraud is ruled on."

More recently, the Third District Court of Appeal has reversed an order dismissing a case with prejudice for fraud on the court in *Laurore v. Miami Automotive Retail, Inc., 34 Fla. L. Weekly D1160a (Fla. 3rd DCA June* 10, 2009). There, the court took a new stance in reversing the trial court's dismissal, remanding the case for consideration of whether the injured plaintiff's misrepresentations warranted the striking of some of his damage claims, but not his entire case. Again, it appears that the appellate court is hesitant to apply the ultimate sanction of dismissal. Judge Shepherd noted in his dissent, "[I]f this record is sufficient to sanction *Laurore* for concealment of his damage claim, it necessarily is sufficient to sanction him for concealment of evidence related to liability," and the Judge also warned that the appellate court cannot substitute its own judgment for that of the trial judge, who is in the best position to analyze the evidence.

Thus, the *Bologna and Laurore* cases are two examples of recent appellate decisions in Florida serving to reverse lower courts' dismissals of cases based upon a finding of fraud on the court. There would appear to be an unsettling trend of similar decisions overturning dismissals

*Lett v. State, 805 S.2d 950, 951* (Fla. Dist. App. 2d 2001) (granting review based on conflict with another case).

.       A judgment may not be rendered in violation of constitutional protections. The validity of a judgment may be affected by a failure to give the constitutionally required due process notice and an opportunity to be heard. Earle v. McVeigh, 91 US 503, 23 L Ed 398. See also Restatements, Judgments ' 4(b). Prather vLoyd, 86 Idaho 45, 382 P2d 910.

In *State v. Navarro,108* the court granted the appellant's motion for rehearing en banc, and in reversing, adopted the dissenting opinion of the original panel decision. Additionally, in *Teca, Incorporated v. WM-Tab, Incorporated*, although the appellant moved only for rehearing, the court decided sua sponte to hear the case en banc after the court noticed a discrepancy in its own case law.

## CONCLUSION:

Wherefore, the Appellant prays to this court that based on the foregoing arguments and citations, that this court grant her appeal by declaring the orders signed by the Trial Court Judge Reckseidler, in error an Void.

___s/ Neelam Uppal_____-

**NEELAM UPPAL, PRO, SE**
*P.O BOX 1002.*

*LARGO, FL-33779*
*PH. - (727)-403-0022*
*E-mail- nneelu123@aol.com*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been

served by

CERTIFICATE OF SERVICE

The aforesaid pleading has been served to Mr. George Indest, Healthlaw firm,
1101 Douglas Ave,

Altamonte Springs, Florida-32714.

s/Neelam Uppal

_____

on 25th day of May, 2018

s/Neelam Uppal___

**NEELAM UPPAL, PRO, SE**

*P.O BOX 1002.*
*LARGO, FL-33779*
*PH. - (727)-403-0022*
*E-mail- nneelu123@aol.com*